# EXHIBIT A

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TAPESTRY, INC.,<br><br>and<br><br>CAPRI HOLDINGS LIMITED,<br><br>Defendants. | Case No. 1:24-cv-03109-JLR<br><br>**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER** |

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited (collectively, "Defendants") respectively submit this Proposed Case Management and Scheduling Order.

A.  **TEMPORARY RESTRAINING ORDER.**  The FTC and Defendants stipulated to a temporary restraining order on April 22, 2024, which the Court so ordered on April 24, 2024.  Under that temporary restraining order, the Defendants have agreed not to close their transaction until after 11:59 PM Eastern Time on the fifth business day after the Court rules on the Plaintiff's request for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), or until after the date set by the Court, whichever is later.

B.  **DISCOVERY**

1.  Initial Disclosures.  The parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by May 7, 2024.  The

1

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information (or in the alternative, the relevant information for that individual's counsel, if known)—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action.  If the parties need to supplement or correct their disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2.  <u>Fact Discovery.</u>  The parties shall commence fact discovery upon the filing of this Joint Stipulated Case Management Order and complete it in accordance with Exhibit A.

3.  <u>Discovery Conference.</u>  This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4.  <u>Third-Party Discovery.</u>  The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service.  Every documentary subpoena to a third party shall include a cover letter requesting that (1) the third party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party.  If a third party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the third-party subpoena, as well as all materials received voluntarily in lieu of a subpoena, including declarations or

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

affidavits obtained from a third party, to all other parties within three (3) business days of receiving those materials.  Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe.  The parties shall serve document requests to third parties by the deadlines in Exhibit A.

5. <u>Limitations on Party and Third-Party Declarations or Letters</u>.  No party may submit as evidence a declaration, letter, or affidavit from a party or third-party fact witness if such declaration, letter, or affidavit was executed or served less than three (3) business days prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration, letter, or affidavit may be submitted as evidence if it was executed or served fewer than seven (7) calendar days before the close of fact discovery.  Declarations, letters, or affidavits produced after this date shall not be admitted into evidence or used at the preliminary injunction hearing absent agreement of the parties or with leave of the Court for good cause shown.

6. <u>Document Requests and Production.</u>  No more than 25 requests for production shall be served on any party.  The parties agree to make good faith efforts to produce documents on a rolling basis, prioritizing data requests, and shall make a good-faith effort to substantially comply with requests for production no later than thirty (30) calendar days after the date of service.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer

in a good faith attempt to resolve the objections.  The parties also agree to make a good faith effort to substantially produce documents for a deponent three (3) calendar days before the deponent's deposition, provided the deposition is noticed for a date no fewer than thirty (30) calendar days after service of objections to the corresponding document requests.  In response to any document requests, the parties need not produce to each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of Tapestry, Inc.'s proposed acquisition of Capri Holdings Limited, FTC File No. 231-0133.

a)  Document Productions shall be sent to the attention of:

    i.   <u>To the FTC:</u>

        Danielle Quinn (dquinn@ftc.gov)
        Nicole Lindquist (nlindquist@ftc.gov)
        Laura Antonini (lantonini@ftc.gov)
        Peter Colwell (pcolwell@ftc.gov)
        Andrew Lowdon (alowdon@ftc.gov)
        Blake Risenmay (brisenmay@ftc.gov)
        Tim Singer (tsinger@ftc.gov)
        Steven Powell (spowell@ftc.gov)
        Mary Karikari (mkarikari@ftc.gov)

    ii.   <u>To Tapestry:</u>

        Andrew.Paik@lw.com
        Mary.Casale@lw.com
        Chris.Brown@lw.com
        David.Johnson@lw.com
        Kimon.Triantafyllou@lw.com
        Ivy.Ziedrich@lw.com
        Charlotte.Yeung@lw.com
        Brian.Nowak@lw.com
        Patrick.Dezil@lw.com
        TLSPM_Latham_Sunrise@transperfect.com

    iii.   <u>To Capri:</u>

        JMMoses@WLRK.com
        EPGolin@WLRK.com

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

> DGDidden@wlrk.com
> ALGoodman@wlrk.com
> KRHaigh@wlrk.com
> BAFish@wlrk.com
> JCKaplan@wlrk.com
> MJSicilian@wlrk.com
> capriservice@wlrk.com

7. <u>Requests for Admission.</u>  The parties shall serve no more than 20 requests for admission, including subparts, per side, not including those related solely to the authenticity of a document or the admissibility of documents, data, or other evidence.

8. <u>Interrogatories.</u>  The parties shall serve no more than ten (10) interrogatories per side, only five (5) of which can be contention interrogatories, served later in the discovery period pursuant to Local Rule 33.3.  The parties shall serve objections to interrogatories no later than ten (10) calendar days after the date of service.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties shall serve substantive responses no later than fourteen (14) days after service of objections to the interrogatories.

9. <u>Deadline to Issue Written Discovery to Parties.</u>  Document requests, requests for admission, and interrogatories must be served no later than the dates as set out in Exhibit A.

10. <u>Expert Reports.</u>  Plaintiff and Defendants shall serve expert reports, rebuttal expert reports, and reply expert reports on the dates set forth in Exhibit A.

11. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

a)       Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials, and the Parties shall not be obligated to include such information on any privilege log:

      i.     any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves, unless such communications relate to assumptions that the party's counsel provided and that the expert relied on in forming the opinions to be expressed;

      ii.     any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

      iii.     expert's notes, unless the expert expressly relies upon and/or cites such notes;

      iv.     drafts of expert reports, affidavit, declaration, exhibits, analyses, or other work product; or

      v.     data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 11(b).

b)    The parties agree that they will disclose the following materials with all expert reports:

      i.     a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

    ii.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial or raw data.

12. Notwithstanding anything to the contrary, the testifying expert may be presented at deposition or the hearing with documents, testimony, or other materials not contained in his or her expert report(s) and questioned about whether the testifying expert saw or considered such documents, testimony, or other materials; the reasons why the testifying expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the testifying expert to alter his or her opinions in any respect.

13. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing</u>.

    a)   *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists in accordance with Exhibit A.  Preliminary fact witness lists shall be limited to twenty-five (25) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's preliminary witness list may be included on that party's final witness list, unless opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery, absent agreement of the parties or with leave of the Court for good cause shown.

    b)   *Final Fact Witness Lists:* Final fact witness lists shall be exchanged in accordance with Exhibit A.  The final fact witness list shall identify all fact

witnesses the producing party expects that it may present at the evidentiary hearing. Final fact witness lists shall be limited to twenty (20) per side and shall summarize the general topics of each witness's anticipated testimony. Each side's final fact witness list shall be limited to witnesses who appeared on either side's preliminary fact witness list and up to ten (10) others, provided that any witness not appearing on a preliminary fact witness list must have otherwise been deposed or the opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery in connection with this federal court preliminary injunction proceeding absent agreement of the parties or with leave of the Court for good cause shown. Additional witnesses may be added to either side's final fact witness list after the date identified in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.

14. Depositions.

    a)    Number of Fact Depositions. The parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate. Each side may depose a witness who (i) is listed on either side's preliminary fact witness list or (2) provides a declaration, note of support or opposition, or affidavit in connection with this matter. In addition, each side may take a maximum of twenty-five (25) depositions of individuals beyond those listed on either side's preliminary fact witness lists and/or who provide a declaration, note of support or opposition, or affidavit. Each 30(b)(6) deposition notice counts as one deposition for purposes of this paragraph even if the noticed

entity designates multiple individuals to provide testimony.  Cross-notices of depositions will not count against the above totals.  To the extent a deposition involves a non-party and is not cross-noticed, the party who did not notice the deposition will have 30 minutes available to them and the party seeking the deposition will have 6 hours and 30 minutes.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b) <u>Allocation of time.</u>  All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven hours.  For the avoidance of doubt, one deposition notice issued pursuant to Rule 30(b)(6) shall last no more than seven hours even if more than one individual is designated to provide testimony.  If both Plaintiff and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time evenly between them.  For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses.  Unused time in any side's allocation of deposition time shall not transfer to the other side.

c) <u>Notice</u>.  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

deposition.  The parties shall use reasonable efforts to reduce the burden

on witnesses noticed for depositions and to accommodate the witness's

schedule.  If a party serves a non-party subpoena for the production of

documents or electronically stored information and a subpoena

commanding attendance at a deposition, the deposition date must be at

least seven (7) calendar days after the original return date for the

document subpoena.

d) <u>Deposition Designations</u>.  The parties agree to work in good faith to reach

agreement regarding the need, and, if appropriate, a procedure for deposition

designations by the close of fact discovery.

e) <u>Remote Depositions</u>.  All party and non-party depositions in this matter shall

be conducted remotely, except that expert witness depositions may be

conducted in-person at deposing counsel's option.  The parties agree to meet

and confer regarding remote depositions and the protocol that would govern

any such depositions.

15. <u>Expert Depositions.</u>  Each side may take one deposition of each of the other side's

testifying experts.  Unless the parties agree or the Court orders otherwise, expert

depositions must be completed before the close of expert discovery, as set forth in

Exhibit A.

16. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in

connection with any Part 3 administrative proceeding.  Only discovery obtained by a

party in any Part 3 administrative proceeding before the close of fact discovery in this

proceeding may be used as part of this litigation, except by agreement of the parties

or by leave of the Court for good cause shown.

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**C.**     **MOTIONS AND BRIEFING SCHEDULE**

1. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 35 pages.

2. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 40 pages.

3. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 20 pages.

4. Any motions *in limine* or *Daubert* motions, shall be filed by the date set in Exhibit A. Any responses to any such motions shall be filed by the date set in Exhibit A.  Any briefs in support of, or in opposition to, *motions in limine* shall not exceed 5 pages. Any briefs in support of, or in opposition to, *Daubert* motions shall not exceed 15 pages.

5. Each side's prehearing proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 50 pages.  Each side's post-hearing proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 100 pages.

**D.**     **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

1. The parties propose an evidentiary hearing of twenty (20) hours per side on the date set in Exhibit A.  Time spent conducting a direct examination shall count against the side conducting that direct examination; time spent conducting a cross-examination shall count against the side conducting that cross-examination.  Time spent arguing an objection shall count against the side that loses the objection.  Plaintiff and Defendants will each tally the time consumed by each side and confer on a daily basis

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

on the total time each side has consumed.  Plaintiff may reserve a portion of their

time for rebuttal.  Unused time does not transfer to the other side.

E.    **OTHER MATTERS**

1.  <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery

requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic

mail to the following individuals designated by each party:

        i.    <u>For FTC:</u>

            Abby Dennis (adennis@ftc.gov)
            Peggy Bayer Femenella (pbayerfemenella@ftc.gov)
            Danielle Quinn (dquinn@ftc.gov)
            Nicole Lindquist (nlindquist@ftc.gov)
            Laura Antonini (lantonini@ftc.gov)
            Peter Colwell (pcolwell@ftc.gov)
            Andrew Lowdon (alowdon@ftc.gov)
            Blake Risenmay (brisenmay@ftc.gov)
            Tim Singer (tsinger@ftc.gov)
            Steven Powell (spowell@ftc.gov)
            Mary Karikari (mkarikari@ftc.gov)

       ii.    <u>For Tapestry:</u>

            Sean.Berkowitz@lw.com
            Chris.Brown@lw.com
            Lawrence.Buterman@lw.com
            Mary.Casale@lw.com
            Lindsey.Champlin@lw.com
            Ian.Conner@lw.com
            Jennifer.Giordano@lw.com
            David.Johnson@lw.com
            Andrew.Paik@lw.com
            Al.Pfeiffer@lw.com
            Amanda.Reeves@lw.com
            Chris.Yates@lw.com
            Brian.Nowak@lw.com
            Patrick.Dezil@lw.com

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

        iii.    <u>For Capri:</u>

            JMMoses@wlrk.com
            EPGolin@wlrk.com
            DGDidden@wlrk.com
            ALGoodman@wlrk.com
            KRHaigh@wlrk.com
            BAFish@wlrk.com
            JCKaplan@wlrk.com
            MJSicilian@wlrk.com
            capriservice@wlrk.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served.  For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Response to Complaint.</u>  Defendants shall answer the complaint or file another response pursuant to the Federal Rules on or before the date set in Exhibit A.

3. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and evidentiary hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the evidentiary hearing of a deposition taken in this action.

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

4. <u>Protective Order Concerning Confidentiality</u>.  The parties anticipate requesting entry of a Protective Order Concerning Confidentiality.

5. <u>Privilege Logs</u>.  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this case (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation) for the following categories of documents:

    a) Documents or communications sent solely between or among external counsel for the Defendants, including any persons employed by counsel or acting on their behalf, on the one hand, and employees or agents of the Defendants, on the other hand;

    b) Documents or communications sent solely between or among counsel for Plaintiff, including any persons employed by counsel or acting on their behalf, on the one hand, and employees or agents of Plaintiff, on the other hand;

    c) Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

    d) Documents or communications sent solely within Plaintiff's organization (including persons employed by or acting on behalf of the Plaintiff);

    e) Documents or communications sent solely between or among experts retained for purposes of this matter (including the Federal Trade Commission's investigation of this matter), on the one hand, and counsel for any Party or Parties, employees of the parties, the experts themselves, or persons acting

under the supervision of or on behalf of those experts in connection with the expert's work on this matter, on the other; and

a) Materials exempted from disclosure under the Expert Materials provision of Paragraph 11 of this Order.

Defendants may provide a metadata only privilege log for documents or communications sent solely between or among in-house counsel for the Defendants, including any persons employed by counsel or acting on their behalf, on the one hand, and employees or agents of the Defendants, on the other.  This Paragraph shall not alter either party's right to challenge any privilege claims made by either party.

6. <u>Inadvertent Production of Privileged Material.</u>  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within a reasonable period of time of learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a privilege log entry for the identified information or documents.

7. <u>Attorney Work-Product.</u> The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, or recitation of information contained in such

notes or memoranda, created by any party's Counsel, except as specified in Paragraph 11.  Nothing in this Order requires the production of any party's attorney work-product; confidential attorney-client communications; communications with or information provided to any potentially or actually retained expert; communications between counsel for the FTC, its Commissioners, and/or persons employed by the FTC; or materials subject to the deliberative-process privilege or any other privilege.

8. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

   a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

   b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI.  However, if a party desires to use such technologies that materially differ from the technologies used in connection with Defendants' response to the Second Request, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

   c) All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.  However, the parties need not produce color images of documents during production.  If a party requests color images of specific

documents, then the receiving party shall provide it within three (3) business days.

9. <u>Evidentiary Presumptions.</u>

   a) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0133, are presumed to be authentic. All documents produced by non-parties from their files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. If a party serves a specific written objection to a document's authenticity, the presumption of authenticity shall no longer apply to that document, and the parties shall promptly meet and confer to attempt to resolve the objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

   b) Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

10. <u>Modification of Scheduling and Case Management Order.</u> Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

## EXHIBIT A - PROPOSED SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | Upon filing of this Proposed Joint Stipulated Case Management Order with the Court |
| Response to Complaint | May 6, 2024 |
| Parties Serve Initial Disclosures | May 7, 2024 |
| Plaintiff Serves Preliminary Fact Witness Lists | May 10, 2024 at 5 p.m. ET |
| Defendants Serve Preliminary Fact Witness List | May 15, 2024, at 5 p.m. ET |
| Deadline to Serve Written Discovery, excluding Contention Interrogatories | May 17, 2024 |
| Deadline to Serve Contention Interrogatories | June 26, 2024 |
| Good-faith Commitment to Complete Party Depositions | July 19, 2024 |
| Close of Fact Discovery | July 26, 2024 |
| Plaintiff Serves Initial Expert Report(s) | July 26, 2024 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | August 6, 2024 |
| Defendants Serve Rebuttal Expert Report(s) | August 7, 2024 |
| Plaintiff Serves Expert Rebuttal/Reply Report(s) | August 14, 2024 |
| Defendants' Opposition to Preliminary Injunction Motion | August 20, 2024 |
| Close of Expert Discovery | August 20, 2024 |
| Exchange of Final Witness Lists | August 21, 2024 at 5 p.m. ET |
| Exchange of Exhibit Lists and Deposition Designations (to the extent necessary) | August 23, 2024 at 5 p.m. ET |

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Date(s) |
|---|---|
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party (to the extent necessary) | August 23, 2024 |
| Deadline for Motions *In Limine* and Daubert Motions | August 26, 2024 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | August 27, 2024 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations (to the extent necessary) | August 27, 2024 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations (to the extent necessary) | August 29, 2024 |
| Deadline for Oppositions to Motions *In Limine* and Daubert Motions | August 30, 2024 |
| Proposed Findings of Fact and Conclusions of Law | August 30, 2024 |
| Non-parties provide notice whether they object to the potential public disclosure at hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August 30, 2024 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on hearing exhibit lists and deposition designations (to the extent necessary) | August 30, 2024 (and as required thereafter) |
| Parties meet and confer regarding admissibility of hearing exhibits | August 30, 2024 (and as required thereafter) |
| Joint submission regarding disputes about admissibility of hearing exhibits | September 4, 2024 |
| Joint submission regarding disputes about confidentiality of Party and non-party documents on hearing exhibit lists to be filed | September 4, 2024 |
| Evidentiary Hearing Begins | September 9, 2024 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | 7 days after the evidentiary hearing concludes |

*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

STIPULATED AND AGREED:

S/ *Abby Dennis* _____          May 1, 2024 _____
Counsel for Federal Trade Commission          Date


*S/ Alfred C. Pfeiffer* _____          May 1, 2024 _____
Counsel for Tapestry, Inc.          Date


*S/ Elaine P. Golin* _____          May 1, 2024 _____
Counsel for Capri Holdings Limited          Date


**This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.**


**IT IS SO ORDERED,** this _____ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE