UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>    v.<br><br>TAPESTRY, INC.,<br><br>   and<br><br>CAPRI HOLDINGS LIMITED,<br><br>      Defendants. | Case No. 1:24-cv-03109-JLR<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited, by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the terms of this Stipulated Protective Order. Discovery in this action may yield documents and information of a sensitive and confidential nature, including business, commercial, financial, and trade secret information of Defendants or third parties. The Court finds that good cause exists for entry of a protective order in this action (the "Litigation") to prevent unauthorized disclosure and use of such sensitive and confidential material during and after the course of the Litigation.

**IT IS HEREBY ORDERED THAT** this Stipulated Protective Order shall govern the handling of all Confidential Material, as hereafter defined.

  1.  As used in this Order:

    a. "Confidential Material" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ.

1

        P. 26(c)(1)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available, including Sensitive Personal Information.

    b. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records.

    c. "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

    d. "Parties" shall refer to the Defendants and the Plaintiff.

    e. "Protected Person" shall refer to any party or nonparty that produces information designated as Confidential Material.

    f. "FTC Administrative Action" means *In the Matter of Tapestry, Inc. and Capri Holdings Limited.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9429, and any related investigation by the Federal Trade Commission.

2.    Any Document or portion thereof submitted by a Defendant or a nonparty during an FTC investigation, the FTC Administrative Action, or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or

information that discloses the substance of the contents of any Confidential Materials derived from a Document subject to this Protective Order, shall be treated as Confidential Material for purposes of this Protective Order.

3. The Parties and any nonparties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this proceeding, may designate any responsive Document or portion thereof as Confidential Material, including Documents obtained by them from nonparties pursuant to discovery or as otherwise obtained.

4. The Parties, in conducting discovery from nonparties, shall provide to each nonparty a copy of this Stipulated Protective Order so as to inform each such nonparty of their rights herein.

5. A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6. Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL," "CONFIDENTIAL – FTC v. TAPESTRY/CAPRI", "CONFIDENTIAL–FTC v. TAPESTRY, et al., Case No. 1:24-cv-03109", or any other appropriate notice, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL," "CONFIDENTIAL – FTC v. TAPESTRY/CAPRI", "CONFIDENTIAL–

FTC v. TAPESTRY, et al., Case No. 1:24-cv-03109", or any other appropriate notice, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

      7.      Confidential Material shall be disclosed only to: (a) the Court presiding over this proceeding and personnel assisting the Court, including its support staff; (b) the Administrative Law Judge presiding over the FTC Administrative Action, and staff and personnel assisting the Administrative Law Judge; (c) Plaintiff and their employees; (d) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter or the FTC Administrative Action; (e) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (f) anyone retained to assist outside counsel of record for any Defendant in the preparation or hearing of this proceeding or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not employees of a Defendant and have signed Exhibit A; (g) anyone retained to assist the FTC in the preparation or hearing of this proceeding or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they have signed Exhibit A, (h) any witness or deponent who may have authored or received the

information in question or who had access to the material in the ordinary course of their employment; and (i) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action. Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or to anyone it deems proper.

8.  Disclosure of Confidential Material to any person described in Paragraph 7 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding and the FTC Administrative Action, or any appeal of either proceeding, and any legitimate law enforcement purpose, and for no other purpose whatsoever; provided, however, that Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by the FTC's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.  In the event that any Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7 or 9. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record a copy of the paper containing redactions,

such that the public version does not reveal Confidential Material within two business days of the sealed filing.

10. <u>Party Exhibits</u>.  If a Party includes exhibits on its exhibit list that contain or discuss information that has been designated as Confidential Material by a Party, at the time designated in Exhibit A to the Case Management Order, the Party must also provide redacted versions of those exhibits.  At the time designated in Exhibit A to the Case Management Order, each Party must also (a) provide redacted versions of any exhibits on the opposing Party's exhibit list that contain information that the Party previously designated as Confidential Material and (b) exchange objections to the redacted evidentiary hearing exhibits that were provided with the exhibit lists. The Parties must exchange objections to those redactions in accordance with the Case Management Order.  The Parties' joint proposal regarding this Confidential Material and any disputes will be raised to the Court in the Parties' joint submission in accordance with the Case Management Order.

11. Nonparty Confidential Material at Evidentiary Hearing. If counsel plans to introduce into evidence at the hearing any Document or transcript containing Confidential Material produced by a nonparty, they shall provide advance notice to the nonparty for purposes of allowing that Protected Person to seek an order that the Document or transcript be granted protection from public disclosure. If that Protected Person wishes to obtain protection from public disclosure for the Document or transcript, the Protected Person shall file an appropriate motion with the Court within seven (7) days after it receives such notice. Except where such an order is granted, Documents and transcripts shall be part of the public record. Where such protection is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

12.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the Protected Person of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and served to the Protected Person at least fifteen (15) business days before production, and shall include a copy of this Protective Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the Protected Person's efforts to challenge the disclosure of Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13.     At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential material. At the conclusion of this proceeding and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation except as follows: (a) the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12; and (b) Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and evidentiary hearing transcripts, evidentiary hearing exhibits, and work

product, as may be required by the Rules of Professional Conduct provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Material except pursuant to Court order or an agreement with the party that produced the Confidential Material or as otherwise permitted by this Order.

14. The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Material, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.

STIPULATED AND AGREED:

S/ *Abby L. Dennis*            May 1, 2024
Counsel for Federal Trade Commission        Date

S/ *Alfred C. Pfeiffer*          May 1, 2024
Counsel for Tapestry, Inc.            Date

S/ *Elaine P. Golin*            May 1, 2024
Counsel for Capri Holdings Limited       Date

SO ORDERED:

Dated: May 1, 2024

                                        *Jennifer Rochon*
                                        UNITED STATES DISTRICT JUDGE
                                        The Honorable Jennifer L. Rochon

## EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *Federal Trade Commission v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____