# EXHIBIT C

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

        Plaintiff,

        v.

TAPESTRY, INC.,

        and

CAPRI HOLDINGS LIMITED,

        Defendants.

Case No. 1:24-cv-03109-JLR

**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited (collectively, Defendants") respectively submit this Proposed Case Management and Scheduling Order.

A.   **TEMPORARY RESTRAINING ORDER.** The FTC and Defendants stipulated to a temporary restraining order on April 22, 2024, which the Court so ordered on [X]**April 24, 2024**. Under that temporary restraining order, the Defendants have agreed not to close their transaction until after 11:59 PM Eastern Time on the fifth business day after the Court rules on the Plaintiffs' request for a preliminary injunction **pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b),** or until after the date set by the Court, whichever is later.

B.   **DISCOVERY**

1.   Initial Disclosures. The parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by May 6**8**, 2024. The

Commented [A1]: Note to FTC: We are amendable to discussing waiving the exchange of initial disclosures.

1

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

disclosures shall include the name and, if known, the address and telephone number

of each individual likely to have discoverable information **(or in the alternative, the**

**relevant information for that individual's counsel, if known)**—along with the

subjects of that information—that the disclosing party may use to support its claim or

defenses in this action. If the parties need to supplement or correct their disclosures

during the pendency of this action, they will do so pursuant to Federal Rule of Civil

Procedure 26(e).

2. <u>Fact Discovery.</u>  The parties shall commence fact discovery upon the filing of this

Joint Stipulated Case Management Order and complete it ~~by July 3, 2024~~**in**

**accordance with Exhibit A**.

3. <u>Discovery Conference.</u>  This stipulated Order relieves the parties of their duty under

Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery

plan.

4. <u>Third-Party Discovery.</u>  The notice requirements of Federal Rule of Civil Procedure

45(a)(4) shall apply. No party issuing a third-party subpoena for the production of

documents or electronically stored information shall request a return date sooner than

seven (7) calendar days after service.  Every documentary subpoena to a third party

shall include a cover letter requesting that (1) the third party Bates-stamp each

document with a production number and any applicable confidentiality designation

prior to producing it and (2) the third party provide to the other parties copies of all

productions at the same time as they are produced to the requesting party. If a third

party fails to provide copies of productions to the other parties, the requesting party

shall produce all materials received pursuant to the third-party subpoena, as well as

all materials received voluntarily in lieu of a subpoena, including declarations or

2

> **Commented [A2]:** Note to FTC: We made this universal edit to make Exhibit A the single source of dates instead of having two references that could conflict.

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

affidavits obtained from a third party, to all other parties within three (3) business

days of receiving those materials. Production shall occur in the format the materials

were received, except that in the event a non-party produces documents or electronic

information that are non-Bates-stamped, the party receiving the documents shall

promptly Bates-stamp the documents or electronic information and produce them in

an appropriate timeframe. ~~Each side shall serve subpoenas for the production of~~

~~documents upon no more than five entities or individuals, except that each side~~

~~may serve subpoenas for the production of documents on any:~~

> ~~a. Entities or individuals who appeared on either side's preliminary~~
> ~~witness list or supplemental witness list; or sat for an investigational~~
> ~~hearing during Plaintiff's investigation (FTC File No. 231-0133); or~~
> ~~who received an FTC Civil Investigative Demand during Plaintiff's~~
> ~~investigation (FTC File No. 231-0133); or~~
>
> ~~b. Entities affiliated with the entities or individuals identified in the~~
> ~~immediately preceding subsection (a).~~

The parties shall serve document requests to third parties by ~~May 17, 2024~~**the deadlines**

**in Exhibit A, or such other date agreed to in writing by the parties**.

~~5. Limitations on Party and Third-Party Declarations or Letters.~~ ~~No party may~~

~~submit as evidence a declaration, letter, or affidavit from a party or third party~~

~~witness if such declaration, letter, or affidavit was executed or served less than~~

~~four (4) business days prior to his or her agreed-to deposition date.~~ ~~In any event,~~

~~no party or third-party declaration, letter, or affidavit may be submitted as~~

~~evidence if it was executed or served fewer than fourteen (14) calendar days~~

~~before the close of fact discovery.~~ ~~Declarations, letters, or affidavits produced~~

3

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

~~after this date shall not be admitted into evidence or used at the preliminary injunction hearing.~~

**5.** ~~6.~~ Document Requests and Production.  No more than 25 requests for production shall be served on any party.  The parties agree to **make good faith efforts to** produce documents on a rolling basis, prioritizing data requests.  The parties shall serve any objections to requests for the production of documents no later than ~~seven~~**ten** (~~7~~**10**) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections.  The parties ~~shall substantially comply with requests for production no later than twenty (20) calendar days after the date of service.  The parties~~ also agree to make a good faith effort to substantially produce documents for a deponent ~~seven~~**three** (~~7~~**3**) calendar days before the deponent's deposition**, provided the deposition is noticed for a date no fewer than [30] calendar days after service of objections to the corresponding document requests**. In response to any document requests, the parties need not produce each other in discovery in this case any documents previously produced by Defendants to the FTC in the course of the investigation of Tapestry, Inc.'s proposed acquisition of Capri Holdings Limited, FTC File No. 231-0133.

    a)  Document Productions shall be sent to the attention of:

          i.   To the FTC:  [NAME]

          ii.   To Tapestry:  [NAME]

          iii.   To Capri:  [NAME]

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

~~7. Requests for Admission.  The parties shall not serve any requests for admission, with the exception of those related solely to the authenticity of a document or the admissibility of documents, data, or other evidence.~~

**6.** ~~8.~~ Interrogatories.  The parties shall serve no more than ten (10) interrogatories per side. ~~Interrogatories shall seek only factual information; the parties shall not serve any~~**, only 5 of which can be** contention interrogatories, ~~nor shall any party seek information that it could otherwise obtain through a contention interrogatory by using any other means of discovery, including deposition. For purposes of this provision, an interrogatory requesting a refresh or update of a specification in the Second Requests issued to the Defendants in the FTC's investigation of the proposed acquisition (FTC File No. 231-0133) will count as a single interrogatory request in this proceeding, even if the specification contains subparts~~**served later in the discovery period.** .  The parties shall serve objections ~~and responses~~ to interrogatories no later than ~~fourteen (14)~~**10** calendar days after the date of service. Within ~~three (3)~~ calendar days of service of any such objections, the parties shall meet and confer in a good faith attempt to resolve the objections. **The parties shall serve substantive responses no later than 14 days after service of objections to the interrogatories.**

**7.** ~~9.~~ Deadline to Issue Written Discovery to Parties. ~~The parties shall serve document~~**Document** requests and interrogatories ~~to parties by~~**must be served** no later than ~~May 17, 2024~~**the dates as set out in Exhibit A**.

**8.** ~~10.~~ Expert Reports.  Plaintiff and Defendants shall serve expert reports, **and** rebuttal ~~expert reports, and reply~~ expert reports on the dates set forth in ~~the schedule herein~~**Exhibit A**.

5

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

9. 11. Expert Materials Not Subject to Discovery. Expert disclosures, including each

side's expert reports, shall comply with the requirements of Federal Rule of Civil

Procedure 26(a)(2), except as modified herein:

a) Neither side must preserve or disclose, including in expert deposition

testimony, the following documents or materials, **and the Parties shall**

**not be obligated to include such information on any privilege log**:

i. any form of communication or work product shared between any of

the parties' counsel and their expert(s) or consultants, or between

any of the experts themselves, **unless such communications relate**

**to assumptions that the party's counsel provided and that the**

**expert relied on in forming the opinions to be expressed**;

ii. any form of communication or work product shared between an

expert(s) and persons assisting the expert(s);

iii. expert's notes, unless the expert expressly relies upon and/or cites

such notes;

iv. drafts of expert reports, **affidavit, declaration, exhibits,** analyses, or

other work product; or

v. data formulations, data runs, data analyses, or any database-related

operations not relied upon by the expert in the opinions contained in

his or her final report, except as set forth in 11(b).

b) The parties agree that they will disclose the following materials with all expert

reports:

6

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

    i.    a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

    ii.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial or raw data.

~~12. **Limitation on and Disclosure of Experts.**  Each side may disclose no more than three expert witnesses.~~

**10. Notwithstanding anything to the contrary, the testifying expert may be presented at deposition or trial with documents, testimony, or other materials not contained in his or her expert report(s) and questioned about whether the testifying expert saw or considered such documents, testimony, or other materials; the reasons why the testifying expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the testifying expert to alter his or her opinions in any respect.**

**11.** ~~13.~~ Exchange of Lists of Fact Witnesses to Appear at Hearing.

    a)    *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists ~~no later than 5:00 p.m. Eastern time on May 10, 2024~~**in accordance with Exhibit A**. Preliminary fact witness lists shall be limited to ~~twenty~~**twenty-five** (~~20~~**25**) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's

7

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

preliminary witness list may be included on that party's final witness list,

unless the opposing parties have been provided a reasonable opportunity to

take the witness's deposition.

**b)** ~~a)~~ *Final Fact Witness Lists:* Final fact witness lists shall be exchanged ~~on or~~

~~before 5:00 p.m. Eastern time on August 5, 2024~~**in accordance with**

**Exhibit A**. The final fact witness list shall identify all fact witnesses the

producing party expects that it may present at the evidentiary hearing. Final

fact witness lists shall be limited to ~~fifteen~~**twenty** (~~15~~**20**) per side and shall

summarize the general topics of each witness's anticipated testimony. Each

side's final fact witness list shall be limited to witnesses who appeared on

either side's preliminary fact witness list and up to ~~five~~**ten** (~~5~~**10**) others,

provided that any witness not appearing on a preliminary fact witness must

otherwise have been deposed or ~~have submitted a declaration or~~

~~affidavit~~**the opposing party was provided a reasonable opportunity to**

**take the witness's deposition** in connection with this federal court

preliminary injunction proceeding. Additional witnesses may be added to

either side's final fact witness list after ~~July 29, 2024~~**the date identified in**

**Exhibit A** only by agreement of the parties or with leave of the Court for

good cause shown.

**12.** ~~14.~~ Depositions.

a)      Number of Fact Depositions. The parties agree that relief from the

limitation on the number of depositions set forth in Federal Rule of Civil

Procedure 30(a)(2) is necessary and appropriate. Each side may depose a

witness who (i) is listed on either side's preliminary fact witness list or (2)

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

provides a declaration, note of support **or opposition**, or affidavit in connection with this matter. In addition, each side may take a maximum of ~~five~~**twenty-five** (~~5~~**25**) depositions of individuals beyond those listed on either side's preliminary fact witness lists and/or who provide a declaration, note of support **or opposition**, or affidavit.  A 30(b)(6) deposition counts as one deposition for purposes of this paragraph even if the noticed entity designates multiple individuals to provide testimony. Cross-notices of depositions will not count against the above totals**.  To the extent a deposition involves a non-party and is not cross-noticed, the party who did not notice the deposition will have 30 minutes available to them and the party seeking the deposition will have 6 hours and 30 minutes**.  Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b)    <u>Allocation of time.</u>  All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven hours.  For the avoidance of doubt, a deposition pursuant to Rule 30(b)(6) ~~may~~**shall** last **no** more than seven hours **even** if more than one individual is designated to provide testimony.  If both Plaintiffs and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time

9

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

evenly between them.  For purposes of this Order, former employees,

consultants, agents, contractors, or representatives of the parties are

considered party witnesses. Unused time in any side's allocation of

deposition time shall not transfer to the other side.

c)    <u>Notice</u>.  The parties may not serve a deposition notice with fewer than

seven (7) calendar days' notice.  The parties shall consult with each other

prior to confirming any deposition to coordinate the time and place of the

deposition.  The parties shall use reasonable efforts to reduce the burden

on witnesses noticed for depositions and to accommodate the witness's

schedule.  If a party serves a non-party subpoena for the production of

documents or electronically stored information and a subpoena

commanding attendance at a deposition, the deposition date must be at

least seven (7) calendar days after the original return date for the

document subpoena.

d)  <u>Deposition Designations</u>.  ~~Full transcripts of investigational hearings or~~

~~depositions taken in the litigation shall be admitted into evidence in this~~

~~case.  The parties shall not designate portions of investigational hearings~~

~~or depositions taken in the litigation, except to the extent that a party~~

~~wishes to play video deposition testimony during the evidentiary hearing,~~

~~in which case the parties shall meet and confer regarding a designation~~

~~process. Notwithstanding the foregoing, to the extent that a party cites~~

~~investigational hearing or deposition testimony in support of a proposed~~

~~finding of fact, the Court may assess any objections made on the record at~~

~~the investigational hearing or deposition in determining whether to~~

10

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

~~accept that proposed finding of fact.~~ **The parties agree to work in good faith to reach an agreement on deposition designations by the close of discovery.**

    e) <u>Remote Depositions</u>. All ~~party and~~ non-party depositions in this matter shall be conducted remotely, except that expert witness depositions may be conducted in-person at deposing counsel's option. The parties agree to meet and confer regarding remote depositions and the protocol that would govern any such depositions.

**<u>13.</u>** ~~1.~~ <u>Expert Depositions.</u>  Each side may take one deposition of each of the other side's testifying experts.  Unless the parties agree or the Court orders otherwise, expert depositions must be completed on or before ~~August 14, 2024~~**the dates in Exhibit A**.

**<u>14.</u>** ~~2.~~ <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding. Only discovery obtained by a party in any Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

**C.**    **<u>MOTIONS AND BRIEFING SCHEDULE</u>**

11

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**1.** ~~3.~~ Plaintiff will file its memorandum in support of its motion for a preliminary injunction by ~~July 26, 2024~~**the date set in Exhibit A**. This brief is not to exceed ~~50~~**35** pages.

**2.** ~~4.~~ Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by ~~August 9, 2024~~**the date set in Exhibit A**. This brief is not to exceed ~~50~~**35** pages.

~~5. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by August 16, 2024. This brief is not to exceed 30 pages.~~

**3.** ~~6.~~ Any motions *in limine*~~, including any~~ **or** *Daubert* motions, shall be filed by ~~August 16, 2024~~**the date set in Exhibit A**.  Any responses to any such motions shall be filed by ~~August 21, 2024.~~**the date set in Exhibit A.**  Any briefs in support of, or in opposition to, *motions in limine*~~, including any *Daubert* motions,~~ shall not exceed ~~10~~**5** pages.  **Any briefs in support of, or in opposition to, *Daubert* motions shall not exceed 15 pages.**

**4.** ~~7.~~ The parties' proposed findings of fact and conclusions of law ~~within seven (7) calendar days of the conclusion of the evidentiary hearing. Each~~**will be filed by the date in Exhibit A and shall not exceed 100 pages.  Each side will also have an opportunity to file a response to the other** side's proposed findings of fact and conclusions of law~~, collectively,~~ **consistent with the dates in Exhibit A and such response** shall not exceed ~~100~~**25** pages.

**D.**    **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

**5.** ~~8.~~ The parties propose an evidentiary hearing of ~~fifteen~~**twenty-five** (~~15~~**25**) hours per side on or around ~~August 26, 2024~~**the date set in Exhibit A**, if convenient for the Court. Time spent conducting a direct examination shall count against the side

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

conducting that direct examination; time spent conducting a cross-examination shall

count against the side conducting that cross-examination.  **Time spent arguing an**

**objection shall count against the side that loses the objection.**  Plaintiff and

Defendants will each tally the time consumed by each side and confer on a daily basis

on the total time each side has consumed.  Plaintiff may reserve a portion of their

time for rebuttal.  Unused time does not transfer to the other side.

**E.    OTHER MATTERS**

6. ~~9.~~ Service.  Service of any documents not filed via ECF, including pleadings,

discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure,

and delivery of all correspondence, whether under seal or otherwise, shall be by

electronic mail to the following individuals designated by each party:

     i.    For FTC:

        1.  [NAMES]

     ii.   For Tapestry:

        1.  [NAMES]

     iii.  For Capri:

        1.  [NAMES]

In the event the volume of served materials is too large for email and requires

electronic data transfer by file transfer protocol or a similar technology, or overnight

delivery if agreed by the parties, the serving party will telephone or email the other

side's principal designee when the materials are sent to provide notice that the

materials are being served.  For purposes of calculating discovery response times

under the Federal Rules of Civil Procedure, electronic delivery shall be treated the

same as hand delivery.

13

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**7.** ~~10.~~ Answer.  Defendants shall answer the complaint on or before ~~May 6, 2024~~**the date set in Exhibit A**.

**8.** ~~11.~~ Nationwide Service of Process.  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and evidentiary hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the evidentiary hearing of a deposition taken in this action.

**9.** ~~12.~~ Protective Order Concerning Confidentiality.  The parties anticipate requesting entry of a Protective Order Concerning Confidentiality.

**10.** ~~13.~~ Privilege Logs.  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this case (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation) for the following categories of documents:

**a)** **Documents or communications sent solely between or among counsel for the Defendants, including any persons employed by counsel or acting on their behalf, and employees or agents of the Defendants;**

**b)** **Documents or communications sent solely between or among counsel for Plaintiff, including any persons employed by counsel or acting on their behalf, and employees or agents of Plaintiff**

14

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

c) ~~a)~~ Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

d) ~~b)~~ Documents or communications sent solely between in-house counsel (acting solely in a legal capacity), or between in-house counsel (acting solely in a legal capacity) and outside counsel for either Defendant (or persons employed by or acting on behalf of such counsel);

e) ~~c)~~ Documents or communications sent solely within the Plaintiffs' organizations (including persons employed by or acting on behalf of the Plaintiffs);

f) ~~d)~~ Documents or communications sent ~~between any Plaintiff and any state, local, or federal government agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure; and~~ **solely between or among experts retained for purposes of this matter (including the Federal Trade Commission's investigation of this matter), and counsel for any Party or Parties, employees of the parties, the experts themselves, or persons acting under the supervision of or on behalf of those experts in connection with the expert's work on this matter**

a) ~~e)~~ Materials exempted from disclosure under the Expert Materials provision of Paragraph ~~11~~**9** of this Order.

15

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

~~Notwithstanding the above, Defendants shall log any withheld communications between in-house counsel and any party employees or agents, regardless of whether in-house counsel was acting solely in a legal capacity.~~ This Paragraph shall not alter either party's right to challenge any privilege claims made by either party.

**11.** ~~14.~~ Inadvertent Production of Privileged Material.  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within ~~three (3) business days of~~**a reasonable period of time of** learning of the inadvertent production.  When a party determines that it has inadvertently produced such material, it will notify other parties, who will promptly return, sequester, or delete the protected material from their document management systems.  Within two (2) business days of identifying inadvertently produced information or documents(s), the party seeking claw-back of such materials shall provide a ~~revised~~ privilege log **entry** for the identified information or documents.

**12.** ~~15.~~ Attorney Work-Product. The parties will neither request nor seek to compel the production of any interview notes, interview memoranda, or recitation of information contained in such notes or memoranda, or recitation of information contained in such notes or memoranda, created by any party's Counsel, except as specified in Paragraph ~~11~~**9**.  Nothing in this Order requires the production of any party's attorney work-product; confidential attorney-client communications; communications with or information provided to any potentially or actually retained expert; communications

16

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

between ~~the FTC and other domestic or foreign regulatory agencies; communications between~~ counsel for the FTC, its Commissioners, and/or persons employed by the FTC; or materials subject to the deliberative-process privilege or any other privilege.

**13.** ~~16.~~ Electronically Stored Information.  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

a)  All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

b)  All Parties agree that the use of Technology Assisted Review tools may assist in the efficient production of ESI.  However, if a party desires to use such technologies **that materially differ from the technologies used in connection with Defendants' response to the Second Request**, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

c)  All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.  **However, the parties need not produce color images of documents during production because doing so results in signficiantly higher costs and burden on the producing parties.  If a party requests color images of specific documents, then the receiving party shall provide it within a reasonable period of time.**

17

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**14.** ~~17.~~ Evidentiary Presumptions.

    a)  All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0133, are presumed to be authentic.  All documents produced by non-parties from their files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901.  If a party serves a specific written objection to a document's authenticity, the presumption of authenticity shall no longer apply to that document, and the parties shall promptly meet and confer to attempt to resolve the objection.  **The Court will resolve any objections that are not resolved through this means or through the discovery process.**

    b)  Any party may challenge the authenticity or admissibility of a document ~~for good cause shown~~, and if necessary may take discovery related solely to authenticity or admissibility of documents.

**15.** ~~18.~~ Modification of Scheduling and Case Management Order.  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**EXHIBIT A - PROPOSED SCHEDULE**

| Event | Plaintiff's Date(s) | Defendant's Date(s) |
|---|---|---|
| Discovery Commences | Upon filing of this Proposed Joint Stipulated Case Management Order with the Court | **Upon filing of this Proposed Joint Stipulated Case Management Order with the Court** |
| Parties Serve Initial Disclosures | May 6, 2024 | **May 8, 2024** |
| Defendants' Answer to Plaintiffs' Complaint | May 6, 2024 | **May 6, 2024** |
| Exchange of Preliminary Fact Witness Lists | May 10, 2024 at 5 p.m. Eastern | **N/A (see below split)** |
| **Plaintiff Serves Preliminary Fact Witness Lists**<br><br>**Defendants Serve Preliminary Fact Witness List** | **[see above]** | **May 10, 2024 at 5 p.m. ET**<br><br>**May 15, 2024, at 5 p.m. ET** |
| Deadline to Serve Written Discovery**, excluding Contention Interrogatories** | May 17, 2024 | **May 17, 2024** |
| **Deadline to Serve Contention Interrogatories** | **[see above]** | **June 14, 2024** |
| Close of Fact Discovery | July 3, 2024 | **July 26, 2024** |
| Plaintiff Serves Initial Expert Report(s) | July 12, 2024 | **Aug. 5, 2024** |
| Defendants Serve Rebuttal Expert Report(s) | July 26, 2024 | **Aug. 14, 2024** |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | July 26, 2024 | **Aug. 21, 2024** |
| Plaintiff Serves Expert Rebuttal/Reply Report(s) | August 5, 2024 | **None** |
| **Defendants' Opposition to Preliminary Injunction Motion** | **August 9, 2024** | **Aug. 30, 2024** |

19

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Plaintiff's Date(s) | Defendant's Date(s) |
|---|---|---|
| **Close of Expert Discovery** | **August 14, 2024** | **Aug. 20, 2024** |
| Exchange of Final Witness Lists | August 5, 2024 at 5 p.m. Eastern | **Sept. 3, 2024 at 5 p.m. Eastern** |
| ~~Defendants' Opposition to Preliminary Injunction Motion~~ | ~~August 9, 2024~~ | |
| Exchange of Exhibit Lists | August 9, 2024 at 5 p.m. Eastern | **Sept. 3, 2024 at 5 p.m. Eastern** |
| **Exchange of Deposition Designations** | | **Sept. 3, 2024 at 5 p.m. Eastern** |
| ~~Close of Expert Discovery~~**Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party** | ~~August 14, 2024~~ | **Sept. 4, 2024** |
| Deadline for Motions *In Limine* and Daubert Motions | August 16, 2024 | **Sept. 4, 2024** |
| **Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations** | | **Sept. 7, 2024 at 5 pm ET** |
| **Objections to Exhibits** | **August 16, 2024** | **N/A – part of Sept. 7, 2024 date above** |
| Plaintiffs' Reply to Defendants' Opposition to Preliminary Injunction Motion | August 16, 2024 | **None** |
| **Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations** | | **Sept 9, 2024 at 5 pm ET** |

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Plaintiff's Date(s) | Defendant's Date(s) |
|---|---|---|
| ~~Objections to Exhibits~~**Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit lists** | ~~August 16, 2024~~ | **Sept. 10, 2024** |
| **Parties meet and confer regarding admissibility of deposition designations** | | **Sept. 10, 2024** |
| **Parties meet and confer regarding admissibility of trial exhibits** | | **Sept. 10, 2024** |
| **Non-parties provide notice whether they object to the potential public disclosure at trial of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible** | | **Sept. 11, 2024** |
| Responses to Motions *In Limine* and Daubert Motions due | August 21, 2024 | **Sept. 11, 2024** |
| **Joint submission regarding disputes about admissibility of trial exhibits and deposition designations** | | **Sept. 12, 2024** |
| **Joint submission regarding disputes about confidentiality of Party and non-party documents on trial exhibit lists to be filed** | | **Sept. 12, 2024** |
| **Final Prehearing conference** | | **Sept. 13, 2024** |
| Evidentiary Hearing Begins | August 26, 2024, or at the Court's earliest convenience thereafter | **September 16, 2024, or at the Court's earliest convenience thereafter** |
| Proposed Findings of Fact and Conclusions of Law | 7 days after the evidentiary hearing concludes | **7 days after the evidentiary hearing concludes** |

*DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Plaintiff's Date(s) | Defendant's Date(s) |
|---|---|---|
| Responses to Proposed Findings of Fact and Conclusions of Law | | 7 days after submission of findings of fact and conclusions of law |

**This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.**

**IT IS SO ORDERED,** this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE

22