EXHIBIT F

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>            Plaintiff,<br><br>        v.<br><br>TAPESTRY, INC.,<br><br>        and<br><br>CAPRI HOLDINGS LIMITED,<br><br>            Defendants. | Case No. 1:24-cv-03109-JLR<br><br>**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER** |

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited (collectively, Defendants") respectively submit this Proposed Case Management and Scheduling Order.

A.    **TEMPORARY RESTRAINING ORDER.**  The FTC and Defendants stipulated to a temporary restraining order on April 22, 2024, which the Court so ordered on April 24, 2024.  Under that temporary restraining order, the Defendants have agreed not to close their transaction until after 11:59 PM Eastern Time on the fifth business day after the Court rules on the Plaintiff's request for a preliminary injunction pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), or until after the date set by the Court, whichever is later.

B.    **DISCOVERY**

1.    Initial Disclosures.  The parties shall serve upon each other initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by May  7, 2024. The

Commented [A1]: Note to FTC: We are amendable to discussing waiving the exchange of initial disclosures.

Commented [A2]: We should discuss.

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

disclosures shall include the name and, if known, the address and telephone number

of each individual likely to have discoverable information (or in the alternative, the

relevant information for that individual's counsel, if known)—along with the subjects

of that information—that the disclosing party may use to support its claim or defenses

in this action. If the parties need to supplement or correct their disclosures during the

pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure

26(e).

2.  <u>Fact Discovery.</u>  The parties shall commence fact discovery upon the filing of this

Joint Stipulated Case Management Order and complete it in accordance with Exhibit

A.

3.  <u>Discovery Conference.</u>  This stipulated Order relieves the parties of their duty under

Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery

plan.

4.  <u>Third-Party Discovery.</u>  The notice requirements of Federal Rule of Civil Procedure

45(a)(4) shall apply. No party issuing a third-party subpoena for the production of

documents or electronically stored information shall request a return date sooner than

seven (7) calendar days after service.  Every documentary subpoena to a third party

shall include a cover letter requesting that (1) the third party Bates-stamp each

document with a production number and any applicable confidentiality designation

prior to producing it and (2) the third party provide to the other parties copies of all

productions at the same time as they are produced to the requesting party. If a third

party fails to provide copies of productions to the other parties, the requesting party

shall produce all materials received pursuant to the third-party subpoena, as well as

all materials received voluntarily in lieu of a subpoena, including declarations or

2

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

affidavits obtained from a third party, to all other parties within three (3) business

days of receiving those materials. Production shall occur in the format the materials

were received, except that in the event a non-party produces documents or electronic

information that are non-Bates-stamped, the party receiving the documents shall

promptly Bates-stamp the documents or electronic information and produce them in

an appropriate timeframe.  The parties shall serve document requests to third parties

by the deadlines in Exhibit A, or such other date agreed to in writing by the parties.

5.  Limitations on Party and Third-Party Declarations or Letters.  No party may submit

as evidence a declaration, letter, or affidavit from a party or third-party **fact** witness if

such declaration, letter, or affidavit was executed or served less than ~~four~~**three** (~~4~~**3**)

business days prior to his or her agreed-to deposition date.  In any event, no party or

third-party declaration, letter, or affidavit may be submitted as evidence if it was

executed or served fewer than ~~fourteen~~**seven** (~~14~~**7**) calendar days before the close of

fact discovery.  Declarations, letters, or affidavits produced after this date shall not be

admitted into evidence or used at the preliminary injunction hearing**, absent a**

**showing of good cause, agreement between the Parties, or Court order.**            | Commented [A3]: ~~To discuss~~

6.  Document Requests and Production.  No more than 25 requests for production shall

be served on any party.  The parties agree to make good faith efforts to produce

documents on a rolling basis, prioritizing data requests, and shall make a good-faith

effort to substantially comply with requests for production no later than thirty (30)

calendar days after the date of service.  The parties shall serve any objections to

requests for the production of documents no later than ten (10) calendar days after the

date of service of the document requests to which they assert objections.  Within three

(3) calendar days of service of any such objections, the parties shall meet and confer

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

in a good faith attempt to resolve the objections.  The parties also agree to make a

good faith effort to substantially produce documents for a deponent three (3) calendar

days before the deponent's deposition, provided the deposition is noticed for a date no

fewer than [30] calendar days after service of objections to the corresponding

document requests. In response to any document requests, the parties need not

produce to each other in discovery in this case any documents previously produced by

Defendants to the FTC in the course of the investigation of Tapestry, Inc.'s proposed

acquisition of Capri Holdings Limited, FTC File No. 231-0133.

   a) Document Productions shall be sent to the attention of:

      i.   To the FTC:  [NAME]

      ii.  To Tapestry:  [NAME]

      iii. To Capri:  [NAME]

7. Requests for Admission.  The parties shall ~~not~~ serve ~~any~~ **no more than 20** requests

for admission~~, with the exception of~~ **per side, not including** those related solely to

the authenticity of a document or the admissibility of documents, data, or other

evidence.

> **Commented [A4]:** ~~To discuss~~

8. Interrogatories.  The parties shall serve no more than ten (10) interrogatories per side,

only 5 of which can be contention interrogatories, served later in the discovery period

pursuant to Local Rule 33.3.  The parties shall serve objections to interrogatories no

later than ten (10) calendar days after the date of service. Within three (3) calendar

days of service of any such objections, the parties shall meet and confer in a good

faith attempt to resolve the objections. The parties shall serve substantive responses

no later than 14 days after service of objections to the interrogatories.

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

9. <u>Deadline to Issue Written Discovery to Parties.</u> Document requests and interrogatories must be served no later than the dates as set out in Exhibit A.

10. <u>Expert Reports.</u> Plaintiff and Defendants shall serve expert reports, rebuttal expert reports, and reply expert reports on the dates set forth in Exhibit A.

11. <u>Expert Materials Not Subject to Discovery.</u> Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a)    Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials, and the Parties shall not be obligated to include such information on any privilege log:

        i.    any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves, unless such communications relate to assumptions that the party's counsel provided and that the expert relied on in forming the opinions to be expressed;

        ii.    any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

        iii.    expert's notes, unless the expert expressly relies upon and/or cites such notes;

        iv.    drafts of expert reports, affidavit, declaration, exhibits, analyses, or other work product; or

        v.    data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 11(b).

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

    b)  The parties agree that they will disclose the following materials with all expert reports:

        i.  a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

        ii.  for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial or raw data.

12. Notwithstanding anything to the contrary, the testifying expert may be presented at deposition or the hearing with documents, testimony, or other materials not contained in his or her expert report(s) and questioned about whether the testifying expert saw or considered such documents, testimony, or other materials; the reasons why the testifying expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the testifying expert to alter his or her opinions in any respect.

13. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing</u>.

    a)  *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists in accordance with Exhibit A. Preliminary fact witness lists shall be limited to ~~twenty~~ twenty-five (~~20~~25) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's preliminary witness list may be included on that party's final witness

> **Commented [A5]:** ~~To discuss~~

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

list, unless identified within a reasonable time prior to the close of fact

discovery, and the opposing party was provided a reasonable opportunity to

take the witness's deposition prior to the close of fact discovery~~.~~ **absent good**

**cause or agreement of the parties.**

b) *Final Fact Witness Lists:* Final fact witness lists shall be exchanged in

accordance with Exhibit A. The final fact witness list shall identify all fact

witnesses the producing party expects that it may present at the evidentiary

hearing.  Final fact witness lists shall be limited to ~~fifteen~~twenty (~~15~~20) per

side and shall summarize the general topics of each witness's anticipated

testimony.  Each side's final fact witness list shall be limited to witnesses who

appeared on either side's preliminary fact witness list and up to ten (10)

others, provided that any witness not appearing on a preliminary fact witness

must otherwise have been identified within a reasonable time prior to the close

of fact discovery, and the opposing party was provided a reasonable

opportunity to take the witness's deposition prior to the close of fact discovery

in connection with this federal court preliminary injunction proceeding **absent**

**good cause or agreement of the parties**.  Additional witnesses may be added

to either side's final fact witness list after the date identified in Exhibit A only

by agreement of the parties or with leave of the Court for good cause shown.

14. <u>Depositions.</u>

a)     <u>Number of Fact Depositions.</u> The parties agree that relief from the

limitation on the number of depositions set forth in Federal Rule of Civil

Procedure 30(a)(2) is necessary and appropriate.  Each side may depose a

witness who (i) is listed on either side's preliminary fact witness list or (2)

7

> **Commented [A6]:** ~~To discuss~~

> **Commented [A7]:** ~~To discuss~~

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

provides a declaration, note of support or opposition, or affidavit in

connection with this matter. In addition, each side may take a maximum of

~~fifteen~~twenty-five (~~15~~25) depositions of individuals beyond those listed

> Commented [A8]: ~~To discuss~~

on either side's preliminary fact witness lists and/or who provide a

declaration, note of support or opposition, or affidavit. A 30(b)(6)

deposition counts as one deposition for purposes of this paragraph even if

the noticed entity designates multiple individuals to provide testimony.

Cross-notices of depositions will not count against the above totals. To

the extent a deposition involves a non-party and is not cross-noticed, the

party who did not notice the deposition will have 30 minutes available to

them and the party seeking the deposition will have 6 hours and 30

minutes. Additional depositions of fact witnesses shall be permitted only

by agreement of the parties or by leave of the Court for good cause shown.

The parties shall consult with each other prior to confirming any

deposition to coordinate the time and place of the deposition. The parties

shall use reasonable efforts to reduce the burden on witnesses noticed for

depositions and to accommodate the witness's schedule.

b)      <u>Allocation of time.</u> All depositions, including depositions of individual

fact and expert witnesses, shall last no more than seven hours. For the

avoidance of doubt, a ~~party taking a~~ deposition pursuant to Rule 30(b)(6)

shall ~~use good-faith efforts to conduct the deposition within~~<u>last no</u>

<u>more than</u> seven hours even if more than one individual is designated to

provide testimony. If both Plaintiff and Defendants issue a subpoena to

depose the same third-party fact witness, they shall allocate the time

8

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

evenly between them.  For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses. Unused time in any side's allocation of deposition time shall not transfer to the other side.

c)    Notice.  The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.

d)    Deposition Designations.  The parties agree to work in good faith to reach agreement regarding the need, and, if appropriate, a procedure for deposition designations by the close of fact discovery.

e)    Remote Depositions.  All party and non-party depositions in this matter shall be conducted remotely, except that expert witness depositions may be conducted in-person at deposing counsel's option. The parties agree to meet and confer regarding remote depositions and the protocol that would govern any such depositions.

Commented [A9]: To discuss

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

15. <u>Expert Depositions.</u>  Each side may take one deposition of each of the other side's testifying experts.  Unless the parties agree or the Court orders otherwise, expert depositions must be completed on or before the dates in Exhibit A.

16. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding. Only discovery obtained by a party in any Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

## C.    **MOTIONS AND BRIEFING SCHEDULE**

1. Plaintiff will file its memorandum in support of its motion for a preliminary injunction by the date set in Exhibit A. This brief is not to exceed 35 pages.

2. Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by the date set in Exhibit A. This brief is not to exceed ~~35~~**40** pages.

3. Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by the date set in Exhibit A. This brief is not to exceed 20 pages.

4. Any motions *in limine* or *Daubert* motions, shall be filed by the date set in Exhibit A. Any responses to any such motions shall be filed by the date set in Exhibit A.  Any briefs in support of, or in opposition to, *motions in limine* shall not exceed 5 pages. Any briefs in support of, or in opposition to, *Daubert* motions shall not exceed 15 pages.

5. The parties' prehearing proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 50 pages.  The parties' post-hearing

10

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

proposed findings of fact and conclusions of law will be filed by the date in Exhibit A

and shall not exceed 100 pages.

**D.    PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

6.    The parties propose an evidentiary hearing of twenty (20) hours per side on the date

set in Exhibit A. Time spent conducting a direct examination shall count against the

side conducting that direct examination; time spent conducting a cross-examination

shall count against the side conducting that cross-examination.  Time spent arguing

an objection shall count against the side that loses the objection.  Plaintiff and

Defendants will each tally the time consumed by each side and confer on a daily basis

on the total time each side has consumed.  Plaintiff may reserve a portion of their

time for rebuttal. Unused time does not transfer to the other side.

**E.    OTHER MATTERS**

7.    <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery

requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic

mail to the following individuals designated by each party:

  i.    <u>For FTC:</u>

          1.  [NAMES]

  ii.    <u>For Tapestry:</u>

          1.  [NAMES]

  iii.    <u>For Capri:</u>

          1.  [NAMES]

In the event the volume of served materials is too large for email and requires

electronic data transfer by file transfer protocol or a similar technology, or overnight

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

delivery if agreed by the parties, the serving party will telephone or email the other

side's principal designee when the materials are sent to provide notice that the

materials are being served.  For purposes of calculating discovery response times

under the Federal Rules of Civil Procedure, electronic delivery shall be treated the

same as hand delivery.

8. <u>Answer.</u>  Defendants shall answer the complaint on or before the date set in Exhibit

A.

9. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the

geographic dispersion of potential witnesses in this action, the parties will be allowed

nationwide service of process of discovery and evidentiary hearing subpoenas

pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this

Court that may run into any other federal district requiring witnesses to attend this

Court.  The availability of nationwide service of process, however, does not make a

witness who is otherwise "unavailable" for purposes of Federal Rule of Civil

Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding

the use at the evidentiary hearing of a deposition taken in this action.

10. <u>Protective Order Concerning Confidentiality</u>.  The parties anticipate requesting entry

of a Protective Order Concerning Confidentiality.

11. <u>Privilege Logs</u>.  The parties agree to suspend the obligations of Federal Rule of Civil

Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this

case (excluding Defendants' productions made during the course of the FTC's pre-

complaint investigation) for the following categories of documents:

    a)  Documents or communications sent solely between ~~outside~~**or among**

       **external** counsel for **the** Defendants ~~(or~~**, including any** persons employed by

| Commented [A10]: ~~To discuss~~ |
|---|

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

**counsel** or acting on **their** behalf ~~of such counsel~~**, and employees or agents of the Defendants;**

**b)** ~~)~~ **or** **Documents or communications sent** solely between **or among** counsel for Plaintiff ~~(or,~~ **including any** persons employed by **counsel** or acting on **their** behalf ~~of such counsel~~**, and employees or agents of Plaintiff**;

**c)** ~~b)~~ Documents or communications sent solely between ~~in-house counsel (acting solely in a legal capacity), or between in-house counsel (acting solely in a legal capacity) and~~ outside counsel for ~~either Defendant~~**Defendants** (or persons employed by or acting on behalf of such counsel) **or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel)**;

**d)** ~~c)~~ Documents or communications sent solely within the Plaintiff's organization (including persons employed by or acting on behalf of the Plaintiff);

~~d) Documents or communications sent between any Plaintiff and any state, local, or federal government agencies subject to common interest privilege, law enforcement investigatory privilege, joint prosecution privilege, the work product doctrine, or any other applicable privilege or protection from disclosure;~~

e) Documents or communications sent solely between or among experts retained for purposes of this matter (including the Federal Trade Commission's investigation of this matter), on the one hand, and counsel for any Party or Parties, employees of the parties, the experts themselves, or persons acting under the supervision of or on behalf of those experts in connection with the

13

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

expert's work on this matter, on the other, ~~not relied on by the expert in forming any opinions in their final report~~; and

Commented [A11]: ~~To discuss~~

a) Materials exempted from disclosure under the Expert Materials provision of Paragraph 11 of this Order.

~~Notwithstanding the above, Defendants shall log any withheld communications between in-house counsel and any party employees or agents, regardless of whether in-house counsel was acting solely in a legal capacity.  This Paragraph shall not alter either party's right to challenge any privilege claims made by either party.~~

**Defendants may provide a metadata only privilege log for documents or communications sent solely between or among in-house counsel for the Defendants, including any persons employed by counsel or acting on their behalf, and employees or agents of the Defendants.  [Alternatively: Notwithstanding the above, no Party shall be required to log any document created after November 3, 2023 [the date of the Second Request].] .  This Paragraph shall not alter either party's right to challenge any privilege claims made by either party.**

12. Inadvertent Production of Privileged Material.  In accordance with Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within a reasonable period of time of learning of the inadvertent production.  When a party determines that it has inadvertently produced such

14

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

material, it will notify other parties, who will promptly return, sequester, or delete the

protected material from their document management systems.  Within two (2)

business days of identifying inadvertently produced information or documents(s), the

party seeking claw-back of such materials shall provide a privilege log entry for the

identified information or documents.

13. <u>Attorney Work-Product.</u> The parties will neither request nor seek to compel the

production of any interview notes, interview memoranda, or recitation of information

contained in such notes or memoranda, or recitation of information contained in such

notes or memoranda, created by any party's Counsel, except as specified in Paragraph

11.  Nothing in this Order requires the production of any party's attorney work-

product; confidential attorney-client communications; communications with or

information provided to any potentially or actually retained expert; communications

between counsel for the FTC, its Commissioners, and/or persons employed by the

FTC; or materials subject to the deliberative-process privilege or any other privilege.

14. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the

preservation and production of electronically stored information ("ESI"):

    a) All Parties have established litigation holds to preserve ESI that may be

       relevant to the expected claims and defenses in this case.  In addition, the

       Parties have taken steps to ensure that automatic deletion systems will not

       destroy any potentially relevant information.

    b) All Parties agree that the use of Technology Assisted Review tools may assist

       in the efficient production of ESI.  However, if a party desires to use such

       technologies that materially differ from the technologies used in connection

       with Defendants' response to the Second Request, it shall meet and confer

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

with the other side and negotiate in good faith on the reasonable use of such

technology.

c) All parties will request ESI in the form or forms that facilitate efficient review

of ESI.  In general, the parties shall produce ESI according to the same ESI

technical specifications used by Defendants in the FTC's pre-complaint

investigation.  However, the parties need not produce color images of

documents during production..  If a party requests color images of specific

documents, then the receiving party shall provide it within three **business** (3)

days.

15. <u>Evidentiary Presumptions.</u>

a) All documents produced by a Defendant either in response to document

requests in this litigation or in the course of the FTC's pre-complaint

investigation of the proposed acquisition, FTC File No. 231-0133, are

presumed to be authentic.  All documents produced by non-parties from their

files shall be presumed to be authentic within the meaning of Federal Rule of

Evidence 901.  If a party serves a specific written objection to a document's

authenticity, the presumption of authenticity shall no longer apply to that

document, and the parties shall promptly meet and confer to attempt to resolve

the objection.    The Court will resolve any objections that are not resolved

through this means or through the discovery process.

b) Any party may challenge the authenticity or admissibility of a document, and

if necessary may take discovery related solely to authenticity or admissibility

of documents.

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

16. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek

modification of this Order for good cause, except that the parties may also modify

discovery and expert disclosure deadlines by agreement.

17

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

## EXHIBIT A - PROPOSED SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | Upon filing of this Proposed Joint Stipulated Case Management Order with the Court |
| Parties Serve Initial Disclosures | May ~~5~~ **7**, 2024 |
| Defendants' Answer to Plaintiff's Complaint | May 6, 2024 |
| Plaintiff Serves Preliminary Fact Witness Lists | May 10, 2024 at 5 p.m. ET |
| Defendants Serve Preliminary Fact Witness List | May 15, 2024, at 5 p.m. ET |
| Deadline to Serve Written Discovery, excluding Contention Interrogatories | May 17, 2024 |
| Deadline to Serve Contention Interrogatories | June 26, 2024 |
| Good-faith Commitment to Complete Party Depositions | July 19, 2024 |
| Close of Fact Discovery | July 26, 2024 |
| Plaintiff Serves Initial Expert Report(s) | July 26, 2024 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | August 6, 2024 |
| Defendants Serve Rebuttal Expert Report(s) | August 7, 2024 |
| Plaintiff Serves Expert Rebuttal/Reply Report(s) | August 14, 2024 |
| Exchange of Final Witness Lists | August ~~19~~**21**, 2024 at 5 p.m. ET |
| Exchange of Exhibit Lists  **and Deposition Designations (to the extent necessary)** | August ~~19~~**23**, 2024 at 5 p.m. ET |
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party for playing by video in court during the evidentiary hearing **(to the extent necessary)** | August ~~20~~**24**, 2024 |

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Date(s) |
|---|---|
| Defendants' Opposition to Preliminary Injunction Motion | August 20, 2024 |
| Close of Expert Discovery | August 20, 2024 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | August 27, 2024 |
| Deadline for Motions *In Limine* and Daubert Motions | August 26, 2024 |
| Deadline for Oppositions to Motions *In Limine* and Daubert Motions | August 30, 2024 |
| **Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations (to the extent necessary)** | **August 28, 2024** |
| **Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations (to the extent necessary)** | **August 31, 2024** |
| Parties meet and confer regarding disputes about confidentiality of Party documents on hearing exhibit lists **and deposition designations (to the extent necessary)** | ~~August 28~~September 3, 2024 |
| Parties meet and confer regarding admissibility of hearing exhibits | ~~August 28~~September 3, 2024 |
| Non-parties provide notice whether they object to the potential public disclosure at hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August ~~28~~31, 2024 |
| Joint submission regarding disputes about admissibility of hearing exhibits | August 30, 2024 |
| Joint submission regarding disputes about confidentiality of Party and non-party documents on hearing exhibit lists to be filed | August 30, 2024 |
| Proposed Findings of Fact and Conclusions of Law | August 30, 2024 |

*4/30 DRAFT – FOR DISCUSSION PURPOSES*
*[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER*

| Event | Date(s) |
|---|---|
| Evidentiary Hearing Begins | September 9, 2024 |
| Proposed Findings of Fact and Conclusions of Law | 7 days after the evidentiary hearing concludes |

**This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.**

**IT IS SO ORDERED,** this _____ day of _____, 20_____.

_____
UNITED STATES DISTRICT JUDGE