# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> *Plaintiff,* <br><br> v. <br><br> TAPESTRY, INC. and CAPRI HOLDINGS LIMITED, <br><br> *Defendants*. | Case No. 1:24-cv-03109-JLR-BCM |

## DEFENDANT TAPESTRY, INC.'S
## RULE 26(a) INITIAL DISCLOSURES

Pursuant to the Court's May 1, 2024 Case Management and Scheduling Order (ECF No. 71), Defendant Tapestry, Inc. ("Tapestry") by and through undersigned counsel, hereby submits these Initial Disclosures under Federal Rules of Civil Procedure ("FRCP") 26(a)(1) and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules").

## INITIAL DISCLOSURE QUALIFICATIONS

1. These Initial Disclosures are based on information reasonably available to Tapestry as of the date of these Disclosures and are provided without prejudice to producing, during discovery, information or documents that are subsequently: (1) discovered; (2) determined to be relevant for any purpose; or (3) determined to have been omitted from these Initial Disclosures.

2. Tapestry makes no representation, concession, or admission regarding any allegation in the Complaint filed in this case or in any other proceeding. Tapestry makes no representation or admission that any individual or entity, or any category of individuals or entities,

identified herein possesses, has possessed, or will possess any document or information that is relevant, admissible, or discoverable, or that is responsive to any discovery request served upon Tapestry.

3. Tapestry makes no representation or admission regarding the relevant knowledge or competency to testify of any individual identified in these Initial Disclosures and reserves the right to object to any deposition or testimony of any or all such individuals.

4. Tapestry reserves all objections to the use for any purpose of these Initial Disclosures or any of the information or documents referenced herein in this case or in any other proceeding.

5. To date, Tapestry has made no claims for monetary damages. Tapestry reserves the right to seek costs, expenses, and attorneys' fees if appropriate at a later stage in this litigation.

## INITIAL DISCLOSURES

Consistent with FRCP 26(a)(1)(E), these disclosures are based on information currently reasonably available to Tapestry and represent its good-faith efforts to identify (1) persons likely to have discoverable information that may be used to support Tapestry's claims or defenses in this action, and (2) documents and electronically stored information in Tapestry's possession, custody, or control that may be used to support its claims or defenses.[1]

Tapestry continues to reserve the right to supplement or amend these disclosures under FRCP 26(e)(1) as discovery proceeds. These disclosures are not intended to waive any objections

---

[1] As described in more detail in Defendants' Motion for a More Definite Statement, the FTC's Complaint failed to define what constitutes a "handbag." Accordingly, Tapestry will interpret handbag to mean "women's and men's handbags, backpacks, duffel bags, cross-body bags, business bags, and other small bags," which was the definition used by the FTC during its investigation. Tapestry's interpretation of this term does not, and is not intended to, constitute an admission that the FTC's definition is accurate or constitutes an appropriate relevant product market for antitrust purposes.

2

that Tapestry may have regarding the use or admissibility of any disclosed information, whether during discovery, the preliminary injunction hearing, or any subsequent proceeding, and these disclosures do not constitute a waiver of attorney–client privilege, attorney work product, or any other applicable privilege or protection.

Under FRCP 26(a)(1)(A)(i) and (ii), Part I identifies those entities and related individuals known to Tapestry at this time who likely have discoverable information that Tapestry may use to support its defenses, and Part II lists the documents and electronically stored information held by Tapestry that it may use to support its defenses. These initial disclosures do not include expert disclosures under FRCP 26(a)(2).

Tapestry is not seeking damages in this action and does not have insurance agreements relevant to this matter and therefore has no disclosures under FRCP 26(a)(1)(A)(iii) or (iv).

## I.    INDIVIDUALS – RULE 26(a)(1)(A)(i)

Subject to the limitations and explanations set forth above, Tapestry provides a list of individuals that Tapestry at this time believes are likely to have discoverable information that Tapestry may use to support its defenses.[2] By indicating the general subject matter of information these individuals may possess, Tapestry is not limiting the right to call any individual listed to testify concerning other subjects. Provision of this information is for reference only and none of the individuals listed below have consented to the jurisdiction of this Court. With respect to

---

[2] At the evidentiary hearing, Tapestry reserves the right to call in person or by deposition any person not listed here, or in any supplemental disclosure, but who has been identified through discovery or investigation during this action or who has been deposed or cross-noticed for deposition; any person who has been listed by any other party as an expert or fact witness; and any person identified in documents produced, introduced, or offered by any party or nonparty. Tapestry also reserves the right to call any appropriate rebuttal witnesses regarding fact or expert witnesses designated by the FTC.

individuals who are current or former employees of Capri Holdings, Tapestry incorporates by reference individuals identified in Capri Holdings' initial disclosures.

| # | *Name* | *Position* | *Subject* | *Contact Information* |
|---|---|---|---|---|
| 1 | Joanne Crevoiserat | Chief Executive Officer of Tapestry, Inc. | Competition for handbag sales; rationale and procompetitive benefits of the proposed transaction | Latham & Watkins LLP (Attn: Amanda P. Reeves), 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004, (202) 637-2200. |
| 2 | Todd Kahn | Chief Executive Officer and Brand President of Coach for Tapestry, Inc. | Competition for handbag sales | Latham & Watkins LLP (Attn: Amanda P. Reeves), 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004, (202) 637-2200. |

As detailed in the Defendants' Motion for More Definite Statement, Tapestry is unable to meaningfully determine the third parties that are likely to have discoverable information that Tapestry may use to support its defenses without additional details regarding the relevant market alleged in the Complaint. Tapestry will supplement these disclosures pursuant to FRCP 26(e) if the relevant information "has not otherwise been made known to [the FTC] during the discovery process or in writing." However, in the spirit of transparency, Tapestry provides below certain general categories of third parties that Tapestry may use to support its defenses at trial:

1. Handbag sellers that compete to provide handbags and individuals employed by such sellers.
2. Wholesalers that sell handbags and individuals employed by such wholesalers.
3. Resale platforms that sell handbags and individuals employed by such resale platforms.
4. Handbag manufacturers and individuals employed by such manufacturers.
5. Data providers that collect or provide data regarding handbag sales and individuals employed by such providers.

4

6. Entities and individuals with expertise in the fashion, retail, marketing, branding, and/or handbag industries and individuals employed by such entities.

## II. DOCUMENTS – RULE 26(a)(1)(A)(ii)

Without waiving any objections to relevance, privilege, or admissibility of these materials, and without agreeing that they are required to be disclosed pursuant to FRCP 26(a)(1)(A)(ii), Tapestry provides the following descriptions, by category, of documents, data compilations, and tangible things that Tapestry has in its possession, custody, or control and may use to support its defenses in this lawsuit. All of these materials are accessible electronically from Tapestry, which has its headquarters at 10 Hudson Yards, New York, NY 10001-2158.

1. Documents, communications, reports, and other data held by Tapestry regarding the proposed transaction with Capri Holdings.

2. Documents regarding manufacturing, sales, pricing, marketing, and distribution of handbags.

3. Documents regarding competition for sale of handbags, including entry and expansion.

4. Documents regarding, or produced as part of, the investigation of the proposed transaction by antitrust authorities.

5. Internal reports, including but not limited to internal analyses, documents, databases, and other financial information related to handbag sales and marketing.

Tapestry reserves the right to supplement or amend this disclosure.

Dated: May 7, 2024
       Washington, D.C.

Respectfully Submitted,

**LATHAM & WATKINS LLP**

*/s/ Amanda P. Reeves*
_____
Amanda P. Reeves
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Fax: (202) 637-2201
Email: amanda.reeves@lw.com

*Attorney for Defendant Tapestry, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May 2024, the following counsel of record have been served by electronic mail with a true and correct copy of the foregoing, including:

Danielle C. Quinn
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave NW
Washington, DC 20580
Tel: (202) 326-2494
dquinn@ftc.gov

_____
Amanda P. Reeves

LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-22001
amanda.reeves@lw.com

*Attorney for Defendants Tapestry, Inc.*