# EXHIBIT H

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                *Plaintiff*,

v.

TAPESTRY, INC.,

   and

CAPRI HOLDINGS LIMITED,

                *Defendants*.

Case No. 1:24-cv-03109-JLR

## DEFENDANT CAPRI HOLDINGS LIMITED'S
## RULE 26(a) INITIAL DISCLOSURES

Pursuant to the Court's May 1, 2024 Case Management and Scheduling Order (ECF No. 71), Defendant Capri Holdings Limited ("Capri"), by and through undersigned counsel, hereby submits these Initial Disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the Southern District of New York.

## INITIAL DISCLOSURE QUALIFICATIONS

1. These Initial Disclosures are based on information reasonably available to Capri as of the date of these Disclosures and are provided without prejudice to producing, during discovery, information or documents that are subsequently: (1) discovered; (2) determined to be relevant for any purpose; or (3) determined to have been omitted from these Initial Disclosures.

-2-

2. Capri makes no representation, concession, or admission regarding any allegation in the complaint filed in this case or in any other proceeding. Capri makes no representation or admission that any individual or entity, or any category of individuals or entities, identified herein possesses, has possessed, or will possess any document or information that is relevant, admissible, or discoverable, or that is responsive to any discovery request served upon Capri.

3. Capri makes no representation or admission regarding the relevant knowledge or competency to testify of any individual identified in these Initial Disclosures, and reserves the right to object to any deposition or testimony of any or all such individuals.

4. Capri reserves all objections to the use for any purpose of these Initial Disclosures or any of the information or documents referenced herein in this case or in any other proceeding.

5. To date, Capri has made no claims for monetary damages. Capri reserves the right to seek costs, expenses, and attorneys' fees if appropriate at a later stage in this litigation.

## INITIAL DISCLOSURES

Consistent with FRCP 26(a)(1)(E), these disclosures are based on information currently reasonably available to Capri and represent its good-faith efforts to identify (1) persons likely to have discoverable information that may be used to support Capri's claims or defenses in this action, and (2) documents and electronically stored information in Capri's possession, custody, or control that may be used to support its claims or defenses.[1]

---

[1] As described in more detail in Defendants' Motion for a More Definite Statement, the FTC's Complaint failed to define what constitutes a "handbag." Accordingly, Capri will interpret handbag to mean "women's and men's handbags, backpacks, duffel bags, cross-body bags, business bags, and other small bags," which was the definition used by the FTC during its investigation. Capri's interpretation of this term does not, and is not intended to, constitute an admission that the FTC's definition is accurate or constitutes an appropriate relevant product market for antitrust purposes.

Capri continues to reserve the right to supplement or amend these disclosures under FRCP 26(e)(1) as discovery proceeds. These disclosures are not intended to waive any objections that Capri may have regarding the use or admissibility of any disclosed information, whether during discovery, the preliminary injunction hearing, or any subsequent or other proceeding, and these disclosures do not constitute a waiver of attorney–client privilege, attorney work product, or any other applicable privilege or protection.

Under FRCP 26(a)(1)(A)(i) and (ii), Part I identifies those entities and related individuals known to Capri at this time who likely have discoverable information that Capri may use to support its defenses, and Part II lists the documents and electronically stored information held by Capri that it may use to support its defenses. These initial disclosures do not include expert disclosures under FRCP 26(a)(2).

Capri is not seeking damages in this action and does not have insurance agreements relevant to this matter and therefore has no disclosures under FRCP 26(a)(1)(A)(iii) or (iv).

I.      INDIVIDUALS – RULE 26(a)(1)(A)(i)

Subject to the limitations and explanations set forth above, Capri provides a list of individuals that Capri at this time believes are likely to have discoverable information that Capri may use to support its defenses.[2] By indicating the general subject matter of information these individuals may possess, Capri is not limiting its right to call any individual listed to testify concerning other subjects. Provision of this information is for reference only and none of the individuals listed below have consented to the jurisdiction of this Court. With respect to

---

[2] At the evidentiary hearing, Capri reserves the right to call in person or by deposition any person not listed here, or in any supplemental disclosure, but who has been identified through discovery or investigation during this action or who has been deposed or cross-noticed for deposition; any person who has been listed by any other party as an expert or fact witness; and any person identified in documents produced, introduced, or offered by any other party or nonparty. Capri also reserves the right to call any appropriate rebuttal witnesses regarding fact or expert witnesses designated by the FTC.

individuals who are current or former employees of Tapestry, Inc., Capri incorporates by reference individuals identified in Tapestry, Inc.'s initial disclosures.

1. **John Idol**
   Chief Executive Officer
   Capri Holdings Limited

   c/o Jonathan M. Moses
   Elaine P. Golin
   Wachtell, Lipton, Rosen & Katz
   51 West 52nd Street
   New York, NY 10019
   (212) 403-1000

   Mr. Idol is likely to have discoverable information relevant to the allegations of the FTC's Complaint, to the proposed relief, or to Capri's defenses, unless solely for impeachment.

2. **Jenna Hendricks**
   Chief People Officer
   Capri Holdings Limited

   c/o Jonathan M. Moses
   Elaine P. Golin
   Wachtell, Lipton, Rosen & Katz
   51 West 52nd Street
   New York, NY 10019
   (212) 403-1000

   Ms. Hendricks is likely to have discoverable information relevant to the allegations of the FTC's Complaint, to the proposed relief, or to Capri's defenses, unless solely for impeachment.

3. **Philippa Newman**
   President of Accessories and Footwear, Michael Kors
   Capri Holdings Limited

   c/o Jonathan M. Moses
   Elaine P. Golin
   Wachtell, Lipton, Rosen & Katz
   51 West 52nd Street
   New York, NY 10019
   (212) 403-1000

>Ms. Newman is likely to have discoverable information relevant to the allegations of the FTC's Complaint, to the proposed relief, or to Capri's defenses, unless solely for impeachment.

As detailed in the Defendants' Motion for More Definite Statement, Capri is unable to meaningfully determine the third parties that are likely to have discoverable information that Capri may use to support its defenses without additional details regarding the relevant market alleged in the Complaint. Capri will supplement these disclosures pursuant to FRCP 26(e) if the relevant information "has not otherwise been made known to [the FTC] during the discovery process or in writing." However, in the spirit of transparency, Capri provides below certain general categories of third parties that Capri may use to support its defenses at trial:

| Category | Contact Information |
| --- | --- |
| Handbag sellers that compete to provide handbags and individuals employed by such sellers. | Chief Legal Officer or General Counsel's office for each entity. |
| Wholesalers that sell handbags and individuals employed by such wholesalers. | Chief Legal Officer or General Counsel's office for each entity. |
| Resale platforms that sell handbags and individuals employed by such resale platforms. | Chief Legal Officer or General Counsel's office for each entity. |
| Handbag manufacturers and individuals employed by such manufacturers. | Chief Legal Officer or General Counsel's office for each entity. |
| Data providers that collect or provide data regarding handbag sales and individuals employed by such providers. | Chief Legal Officer or General Counsel's office for each entity. |
| Entities and individuals with expertise in the fashion, retail, marketing, branding, and/or handbag industries and individuals employed by such entities. | Chief Legal Officer or General Counsel's office for each entity. |

## II.   DOCUMENTS – RULE 26(a)(1)(A)(ii)

Without waiving any objections to relevance, privilege, or admissibility of these materials, and without agreeing that they are required to be disclosed pursuant to FRCP 26(a)(1)(A)(ii), Capri provides the following descriptions, by category, of documents, data

-6-

compilations, and tangible things that Capri has in its possession, custody, or control and may use to support its defenses in this lawsuit. All of these materials are accessible electronically from Capri or subsidiaries of Capri, 11 West 42nd Street, New York, NY 10036, or at other locations within the control of Capri, Capri subsidiaries, or their affiliates:

1. Documents, communications, reports, and other data held by Capri regarding the proposed transaction with Tapestry, Inc.

2. Documents regarding manufacturing, sales, pricing, marketing, and distribution of handbags.

3. Documents regarding competition for sale of handbags, including entry and expansion.

4. Documents regarding, or produced as part of, the investigation of the proposed transaction by antitrust authorities.

5. Internal reports, including but not limited to internal analyses, documents, databases, and other financial information related to handbag sales and marketing.

Capri reserves the right to supplement or amend this disclosure.

-7-

| | |
|---|---|
| Dated: May 7, 2024<br>New York, New York | WACHTELL, LIPTON, ROSEN & KATZ<br>/s/ Jonathan M. Moses<br>Jonathan M. Moses<br>Elaine P. Golin<br>Adam L. Goodman<br>Brittany A. Fish<br>51 West 52nd Street<br>New York, New York 10019<br>(212) 403-1000<br>JMMoses@wlrk.com<br>EPGolin@wlrk.com<br>ALGoodman@wlrk.com<br>BAFish@wlrk.com<br><br>*Attorneys for Defendant Capri Holdings Limited* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May 2024, the following counsel of record have been served by electronic mail with a true and correct copy of the foregoing, including:

    Abby Dennis (adennis@ftc.gov)
    Peggy Bayer Femenella (pbayerfemenella@ftc.gov)
    Danielle Quinn (dquinn@ftc.gov)
    Nicole Lindquist (nlindquist@ftc.gov)
    Laura Antonini (lantonini@ftc.gov)
    Peter Colwell (pcolwell@ftc.gov)
    Andrew Lowdon (alowdon@ftc.gov)
    Blake Risenmay (brisenmay@ftc.gov)
    Tim Singer (tsinger@ftc.gov)
    Steven Powell (spowell@ftc.gov)
    Mary Karikari (mkarikari@ftc.gov)
    FEDERAL TRADE COMMISSION
    600 Pennsylvania Ave NW
    Washington, DC 20580
    Tel: (202) 326-2494

    */s/* Jonathan M. Moses
    Jonathan M. Moses
    Elaine P. Golin
    Adam L. Goodman
    Brittany A. Fish
    WACHTELL, LIPTON, ROSEN & KATZ
    51 West 52nd Street
    New York, New York 10019
    (212) 403-1000
    JMMoses@wlrk.com
    EPGolin@wlrk.com
    ALGoodman@wlrk.com
    BAFish@wlrk.com

    *Attorney for Defendant Capri Holdings Limited*