IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                 Plaintiff,<br>   v.<br><br>TAPESTRY, INC.,<br><br>and<br><br>CAPRI HOLDINGS LIMITED,<br><br>                 Defendants. | Civil Action No. 1:24-cv-03109-JLR |

**DECLARATION OF DAVID JOHNSON IN SUPPORT OF DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO REQUIRE PLAINTIFF TO ANSWER ONE CONTENTION INTERROGATORY**

1. I am a member in good standing of the bar of the State of Virginia and the District of Columbia. I am admitted pro hac vice to practice before this Court. I am an attorney with the law firm Latham & Watkins LLP, counsel for Tapestry, Inc. ("Tapestry"), in the above-captioned action in the U.S. District Court for the Southern District of New York, *Federal Trade Commission v. Tapestry, Inc., et al.*, No. 1:24-cv-03109-JLR (S.D.N.Y.). I make this declaration in support of the Reply In Further Support of Defendants' Motion for More Definite Statement Or, In The Alternative, To Require Plaintiff To Answer One Contention Interrogatory (the "Motion"). I have personal knowledge of the facts set forth in this declaration.

2. I have been involved in Tapestry's efforts to obtain discovery from third-parties in this action, including meeting and conferring with third-parties about subpoenas *duces tecum* that Tapestry has served seeking the production of documents and materials from third-parties. During those meetings, third-parties have raised questions about the meaning and scope of the FTC's alleged product market in this litigation. For example, one attorney representing a seller of handbags in the United States remarked that he did not understand what "accessible luxury" means.

Further, he stated that he would listen in to the Monday, May 13, 2024 hearing on the Motion in the hope of learning more about what the FTC means by "accessible luxury." During Defendants' discovery meetings with third-parties, attorneys representing U.S. handbag sellers have also stated that they do not understand how the FTC's use of the phrase "accessible luxury" applies to the scope of materials being requested in this litigation, such as whether "accessible luxury" includes a price range or other defining characteristics, or how the FTC's use of the term "handbag" applies to the scope of materials being requested in this litigation, including whether backpacks are a handbag.

3. As of May 10, 2024, at 5:00 pm ET, the FTC has issued 34 subpoenas to third-parties requesting the production of various documents concerning, among other things, "competition in the manufacture or sale of handbags," "business strategy for the manufacture or sale of handbags," or "monthly handbags sales" information. All of those subpoenas use the term "handbag" in at least one request, but none of those FTC subpoenas define the term "handbag."

4. Attached as **Exhibit 1** is a true and correct copy of the FTC's subpoena *duces tecum* requests and accompanying definitions to one U.S. handbag supplier, with the third-party's identifying information redacted. The definitions in Exhibit 1 are representative of the definitions in subpoenas the FTC has issued to other third-parties.

5. Attached as **Exhibit 2** is a true and correct excerpt from a copy of the FTC's Request for Additional Information and Documentary Material ("Second Request") to Tapestry. Definition D 11 states, "The term 'Handbags' means women's and men's bags and cases used for common everyday purposes, such as handbag, backpacks, duffel bags, cross-body bags, business bags, and other small bags."

6. Attached as **Exhibit 3** is a true and correct excerpt from a copy of the FTC's Second Request to Capri. Definition D 11 states, "The term 'Handbags' means women's and men's bags and cases used for common everyday purposes, such as handbag, backpacks, duffel bags, cross-body bags, business bags, and other small bags."

7. Attached as **Exhibit 4** is a true and correct copy of the webpage for Interview of Pauline Brown, Former Chairman LVMH North America, *The Party Is Dying Down For Luxury Retail: Fmr. LVMH Chair* (Yahoo! Finance Apr. 23, 2024), https://finance.yahoo.com/video/party-dying-down-luxury-retail-215520001.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAJkj4XoYjxXoI25Xjh74UQ1F7WTaN_lFW2rlUt1qtWDmW4hADOcLc6lb8AKOfVCtjR3CTpKnCQn5aWJaJikB07Tb2tmKRWMP2bAhL2ig0o1iV-P0i2f_suSOYYpha2SqETfZigx_9OUnTafenNrOuqnX71DTsZfVPSAZgQdJ1Q6p.

8. Attached as **Exhibit 5** is a true and correct copy of Madeleine Schulz, *These Brands Are Reinventing Accessible Luxury. Just Don't Call It That* (Vogue Business May 1, 2024), https://www.voguebusiness.com/story/fashion/these-brands-are-reinventing-accessible-luxury-just-dont-call-it-that.

9. Attached as **Exhibit 6** is a true and correct copy of Pamela N. Danziger, *"Accessible Luxury" On Trial As FTC Moves To Block Tapestry From Acquiring Capri* (Forbes May 8, 2024), https://www.forbes.com/sites/pamdanziger/2024/05/08/accessible-luxury-on-trial-as-ftc-moves-to-block-tapestry-from-acquiring-capri/.

10. Attached as **Exhibit 7** is a true and correct copy of Jenna Greene, *In Michael Kors, Coach Merger Challenge, FTC's Case Is Not In The Bag* (Reuters Apr. 25, 2024), https://www.reuters.com/legal/government/column-michael-kors-coach-merger-challenge-ftcs-case-is-not-bag-2024-04-25/.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 10th day of May, 2024 in Washington, D.C.

*David L. Johnson*
David L. Johnson