# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**TAPESTRY, INC., and**<br>**CAPRI HOLDINGS LIMITED,**<br><br>Defendants. | Case No. 1:24-cv-03109-JLR |

**ATTACHMENT A TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION ISSUED TO** ▮

**REQUESTS**

1. All documents produced to Tapestry or Capri in this Litigation or the Administrative Proceeding pursuant to any document or information request, whether voluntarily provided or pursuant to legal process.

2. All documents requested by all Specifications in the subpoena issued to the Company by Tapestry in this Litigation around May 9, 2024.

3. All documents and/or communications concerning the Proposed Transaction, the Investigation, Administrative Proceeding, or this Litigation.

4. Documents sufficient to show competition in the manufacture or sale of handbags in the United States, including, but not limited to, competition in pricing, discounting, promotions, marketing, product quality, innovation, labor, or other competitive factors.

5. Documents sufficient to show the Company's pricing, marketing, and business strategy for the manufacture or sale of handbags in the United States.

6. Documents sufficient to identify the name of the manufacturer(s), manufacturing locations, manufacturing volume by manufacturer, concerning the Company's handbags sold in the United States, separately by each brand of the Company.

7. Documents sufficient to identify the Company's U.S. handbag sales revenues, cost of goods sold, margins, and marketing (including advertising) spend by month and by year, or in the narrowest time interval that that the Company maintains in the ordinary course of business, separately for each brand of the Company and separately by each sales channel.

8. From January 1, 2019 to the present, documents sufficient to identify the Company's monthly handbag sales in the United States in dollars and units, stated separately for each SKU by Company store, separately by each physical and each online store.

**DEFINITIONS**

These Requests incorporate the definitions and rules of construction established in Local Civil Rule 26.3, Uniform Definitions in Discovery Requests, of the United States District Court for the Southern District of New York. The following remaining terms shall have the meanings set forth below whenever used in these Requests.

A. The term "Administrative Proceeding" means the administrative proceeding at the Federal Trade Commission relating to the Proposed Transaction (*In the Matter of Tapestry, Inc., and Capri Holdings Limited*, Docket No. 9429).

B. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

C. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D. Number. The use of the singular form of any word includes the plural and vice versa.

E. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

F. The term "the Company" means ▮▮▮▮▮▮▮▮ its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, and representatives of the foregoing. The terms "subsidiary,"

"affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between the Company and any other Person.

G. Concerning. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

H. The term "Capri" means Capri Holdings Limited; its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, representatives of the foregoing, and other Persons acting on behalf of Capri Holdings Limited, its divisions, subsidiaries, or affiliates. The terms "subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between the Capri and any other Person. Capri includes the brands Versace, Jimmy Choo, and Michael Kors.

I. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

J. Identify (with respect to Persons). When referring to a Person, "to identify" means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

K.  Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L.  The term "Investigation" means any review, assessment, or investigation of the Proposed Transaction occurring prior to the filing of the Complaint in the Administrative Proceeding.

M.  The term "Litigation" means the federal court proceedings (*Federal Trade Commission v. Tapestry, Inc., and Capri Holdings Limited*, Case No. 1:24-cv-03109-JLR) filed in the U.S. District Court for the Southern District of New York, including any subsequent change in court venue for purposes of these proceedings.

N.  Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

O.  Person. The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

P.  The term "Proposed Transaction" means the proposed acquisition of Capri Holdings Limited by Tapestry, Inc., or any other proposed, contemplated, discussed, or related transaction between Tapestry and Capri.

Q. The terms "relating to" and "related to" mean in whole or in part constituting, containing, concerning, discussing, showing, explaining, summarizing, describing, analyzing, identifying, addressing, having any legal or factual connection to, or stating the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter. A document "relating to" an agreement or contract includes the agreement or contract itself.

R. The term "Tapestry" means Tapestry, Inc.; its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, representatives of the foregoing, and other Persons acting on behalf of Tapestry, Inc., its divisions, subsidiaries, or affiliates. The terms "subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between Tapestry and any other Person. Tapestry includes the brands Coach, Kate Spade, and Stuart Weitzman.

S. The term "Wholesale Customer" means any customer that buys any handbag from the Company for resale and includes, but is not limited to, department stores and third-party distributors.

T. Any word or term that the Company considers vague or insufficiently defined has the meaning most frequently assigned to it by the Company in the ordinary course of business.