# EXHIBIT 7

**News**Room

4/25/24 Reuters News 20:34:42

Reuters News
Copyright (c) 2024 Thomson Reuters

April 25, 2024

Column: In Michael Kors, Coach merger challenge, FTC's case is not in the bag

Jenna Greene

April 25 (Reuters)

(The opinions expressed here are those of the author, a columnist for Reuters.)

By Jenna Greene

April 25 (Reuters) - When it comes to handbags, there's a sweet spot for sensible middle-aged people like me: Not cheap, but also not too pricey. Stylish, but not too trendy. Quality material, but not too fancy.

"Accessible luxury" is how the Federal Trade Commission in a new antitrust lawsuit seeking to block the merger of Tapestry, which owns the Coach and Kate Spade brands, and Capri, which owns Michael Kors, classifies such purses, which typically retail for a few hundred dollars.

But is this somewhat subjective category -- sandwiched between the vast universe of cheaper, mass-market bags and the rarified stratosphere of high fashion offerings -- a viable market definition for the FTC to prove that the $8.5 billion merger is anti-competitive?

After speaking with antitrust lawyers and fashion experts (two groups that don't typically see much overlap), I'm skeptical.

"There's so much the FTC didn't consider," Susan Scafidi, director of the Fashion Law Institute at Fordham University School of Law, told me, including how today's handbag consumers shop, the blurred market segment lines and the impact of new competitors. "The case simply doesn't make logical sense in many ways."

The FTC on Monday sued to block the Tapestry/ Capri combination, filing a (sealed) lawsuit seeking a preliminary injunction in Manhattan federal court to stop the deal from proceeding as well as an in-house administrative complaint aiming to scuttle it permanently.

In its heavily redacted administrative complaint, the FTC alleges that the merger would "eliminate fierce competition between Coach, Kate Spade, and Michael Kors."

The agency says the three companies, which have a "laser-like focus on each other," dominate the accessible luxury handbag market. Their merger would likely lead to higher prices, fewer discounts and decreased innovation for higher-end handbags. The agency also alleges that the combination would harm the two companies' combined 33,000 employees by depressing wages and benefits.

An FTC spokesperson declined additional comment.

Tapestry in a statement said it has "full confidence in the merits and pro-competitive nature of this transaction." The company is being represented by a team from Latham & Watkins led by antitrust practice chair Amanda Reeves. A firm spokesperson declined comment.

Capri, which did not respond to requests for comment, said in a news release that it "intends to vigorously defend this case in court alongside Tapestry and complete the pending acquisition."

There is scant precedent for merger challenges in the fashion industry, which tends to be too fragmented and competitive to foster traditional monopolies.

But the Tapestry/Capri challenge reminds me of another FTC case that also revolved around affluent consumers and a narrow market definition: the agency's bid in 2007 to block the merger of Whole Foods and Wild Oats.

In that case, which as a reporter I covered extensively at the time, the FTC asserted that the merger between Whole Foods, with 194 stores, and Wild Oats, with 110, would create a near-monopoly -- never mind that there were about 34,000 other grocery stores in the U.S.

With mixed success, the FTC argued that Whole Food and Wild Oats dominated a far smaller market, the "premium natural and organic supermarket," and that made their union anti-competitive.

Likewise, within the $1.5 trillion apparel industry, Tapestry (which also owns the Stuart Weitzman brand) and Capri (which owns Versace and Jimmy Choo) are among thousands of companies that make clothes, shoes and accessories.

French conglomerate LVMH, for example, leads the luxury market with 2023 revenue of 86.2 billion euros, or about $92 billion, compared with $6.6 billion for Tapestry and $5.6 billion for Capri.

The FTC's antitrust concerns center on handbags. But even this sub-segment is huge. On Amazon, for example, a search for women's purses generates more than 50,000 items for sale. How can combining three brands under one roof be a substantial loss of competition?

In the Whole Foods/Wild Oats case, a key issue was protecting what D.C. Circuit Judge Janice Rogers Brown termed "core" customers, who were so wedded to the stores that they would shop there even if post-merger prices spiked absent competition. (The matter ultimately settled, and Whole Foods was bought by Amazon in 2017.)

That same concept is likely to come into play in the Tapestry/Capri case, Abiel Garcia, an antitrust partner at Kesselman, Brantly & Stockinger, told me. Garcia points to the government's new merger guidelines released last year, which include discussion of targeted consumers, who won't switch to alternative products even if prices are raised. "The products sold to those customers form a relevant market," the guidelines state.

"For the FTC, it will be crucial to show there are customers who only look" for certain higher-end handbags, Garcia said.

The FTC – which in its complaint notes the term "accessible luxury" was coined by Coach itself more than 20 years ago to differentiate its products from mass market items on one hand and "true luxury" products on the other – argues there is such a "distinct" customer base. That is, "middle and lower-income consumers who seek out high-quality items at affordable prices."

Which to me describes just about every shopper. Don't we all want high-quality items at affordable prices?

There is, however, one key difference between the Whole Foods case and the Tapestry/Capri fight.

Groceries are a basic necessity. Nice new purses? Hmmm.

Or as Baker Botts antitrust partner Jeffrey Oliver put it, "Nobody is harmed by not being able to buy a luxury handbag, even an 'accessible luxury' one."

(Reporting by Jenna Greene) ((jenna.greene@thomsonreuters.com;))

Column: In Michael Kors, Coach merger challenge, FTC's case is not in the bag

---- **Index References** ----

Company: LATHAM & WATKINS LLP; FEDERAL TRADE COMMISSION; Capri Holdings Limited

News Subject: (Antitrust Regulatory (1AN52); Monopolies (1MO68); Regulatory Affairs (1RE51))

Industry: (Apparel (1AP19); Apparel & Textiles (1AP20); Clothing Accessories (1CL17); Consumer Products & Services (1CO62); Fashion Industry (1FA88); Financial Services (1FI37); Luxury Items (1LU28); Retail (1RE82); Apparel & Textiles (1AP20); Luxury Items (1LU28); Apparel (1AP19); Consumer Products & Services (1CO62))

Region: (USA (1US73); Americas (1AM92))

Language: EN

Other Indexing: (Latham & Watkins; Federal Trade Commission; Michael Kors)

Keywords: GREENE; PURSES; FTC; Luxury goods; Tapestry, Inc.; Handbag; Competition law; Whole Foods Market; Federal Trade Commission; Capri Holdings; Anti-competitive practices; Health food stores

Word Count: 941

**End of Document**    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**NewsRoom**