**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

FEDERAL TRADE COMMISSION,

                                        Plaintiff,

                    v.                                      Case No. 1:24-cv-03109-JLR

TAPESTRY, INC.,

            and

CAPRI HOLDINGS LIMITED,

                                        Defendants.

**CAPRI HOLDINGS LIMITED'S ANSWER TO PLAINTIFF'S COMPLAINT**

Jonathan M. Moses                    WACHTELL, LIPTON, ROSEN & KATZ
Elaine P. Golin                          51 West 52nd Street
Adam L. Goodman                      New York, New York 10019
*Of Counsel*                              (212) 403-1000
                                              *Attorneys for Defendants*

Dated:  May 16, 2024

Defendant Capri Holdings Limited ("Capri"), by and through its undersigned counsel, hereby answers Plaintiff Federal Trade Commission's ("Plaintiff" or the "FTC") Complaint for a Temporary Restraining Order and Preliminary Injunction Pursuant to Section 13(b) of the Federal Trade Commission Act dated April 22, 2024 (the "Complaint") as follows:

## INTRODUCTION

The FTC seeks to block the proposed acquisition of Capri by Tapestry, Inc. ("Tapestry"), alleging that the transaction will have substantial anticompetitive effects in a purported market for "accessible luxury" handbags.  In doing so, the FTC elevates theory above factual reality:  this action is nothing more than an improper attempt to expand antitrust law at the expense of a lawful transaction in an industry famous for dynamic competition.  Even a quick department store visit, search online, skim of a fashion magazine, scroll of a social media feed, browse of a fashion resale website, or stroll down a city street or through a mall shatters the notion that this transaction will be anticompetitive.  *Far more than 150 handbag brands, across prices and categories, compete today with Tapestry and Capri.*[1]  When this Court applies its "independent judgment" in assessing

---

[1]     This reference to far more than 150 brands is no exaggeration.  It is actually very conservative, as there are at least that many brands offering leather handbags on popular department store or other websites today, with far more offering handbags of other materials.  That very conservative list includes at least the following brands, each of which markets numerous handbags, in alphabetical order:  3.1 Phillip Lim, A.P.C., Acne Studios, Aerin, Aimee Kestenberg, Akris, Alexander McQueen, Alexander Wang, Alexis Bittar, AllSaints, Altuzarra, Anima Iris, Anine Bing, Anne Klein, Anya Hindmarch, Aqua, ASHYA, ATP Atelier, Aupen, Balenciaga, Balmain, Béis, Bembien, Bendetta Bruzziches, BOSS, Botkier, Bottega Veneta, Brahmin, Brandon Blackwood, BTB Los Angeles, Burberry, By Far, Callista, Calvin Klein, Chloé, Christian Louboutin, Clare V., Cole Haan, Comme des Garçons, Coperni, COS, Cult Gaia, Cuyana, Daana Saakena, Dagne Dover, DeMellier, DIESEL, Dior, DKNY, Dolce & Gabbana, Donna Karan, Dooney & Bourke, Dragon Diffusion, Dries Van Noten, Elleme, Emporio Armani, Everlane, Fendi, Ferragamo, Filson, Frame, Frances Valentine, Frankie Shop, Free People, Freja New York, Frye, Gabriela Hearst, Ganni, Gerard Darel, GiGi New York, Givenchy, Golden Goose, Gucci, Guess, Hammitt, Hereu, Hermès, Herschel, Hobbs London, HOBO, Isabel Marant, Jacquemus, Jil Sander, JW Anderson, JW Pei, Khaite, Ksubi, Kurt Geiger London, Le Tanneur, L'alingi, Larroude, Lele Sadoughi, Liselle Kiss, Little Liffner, Loeffler Randall, Longchamp, Louis Vuitton, Luar, Lusso, Madewell, Maison Margiela, Maje, Mango, Mansur Gavriel, Marc Jacobs, Marine Serre, Marni, MCM, Moncler, Montblanc, Moschino, Mulberry, MZ Wallace, NEOUS, Nine West, Off-White, Oroton, Oryany, Parker Clay, Petit Kouraj, Pinko, Polène, Polo Ralph Lauren, Prada, Proenza Schouler, Puppets & Puppets, Rabanne, Rag & Bone, Rebecca Minkoff, Ree Projects, Reformation, Reiss, Roberto Cavalli, ROYCE New York, Sacai, Saint Laurent, Samsonite, Sandro, Savette, SC103, Senreve, Sézane, Shinola, Silver & Riley, Simkhai, Simone Rocha, Sophia Webster, St. Agni, Stand Studio, Staud, Stella McCartney, Steve Madden, Strathberry, Ted Baker, Teddy Blake, Telfar, Theory, The Kooples, Timbuk2, Tom Ford, Tory Burch, TOTEME, Tumi, Ugg, Valentino, Valentino Garavani, Victoria Beckham, Vidakush,

whether the FTC has raised "serious and substantial questions" as to anticompetitive effects in a relevant market, *FTC* v. *IQVIA Holdings Inc.*, No. 23-06188, 2024 WL 81232, at *8, 24 (S.D.N.Y. Jan. 8, 2024), it will conclude that the FTC has not done so.  There is no conceivable harm to the consumer from this transaction.

Capri consists of three brands:  Michael Kors, Jimmy Choo, and Versace.  The origins of Capri lie in the eponymous brand founded by Michael Kors in 1981 in New York City.  From its founding, the brand has defined jet-set American luxury through its products spanning footwear, apparel, watches, eyewear, accessories, and handbags.

But Michael Kors is not the brand it once was.  Pummeled by fierce competition from a crowded field of competitors, with a wave of new entrants vying for and capturing the consumer's attention, Michael Kors' handbag sales have been in decline for a decade, with annual revenues down 37.6% since 2015.  In an industry where consumers set the price based on emotions and trends, and where numerous companies sell functionally indistinguishable handbags at a wide range of prices, the Michael Kors brand no longer resonates with consumers as it once did.

On August 10, 2023, Capri agreed to be acquired by Tapestry, which consists of the brands Coach, Kate Spade, and Stuart Weitzman, for $57 per share.  In acquiring Capri, Tapestry intends to reinvigorate the Michael Kors brand and better connect with consumers—a result that will be procompetitive.  It also intends to leverage the groups' international footprint to bring iconic American fashion products to more consumers around the world, particularly in Europe and Asia.

As will be shown at the evidentiary hearing, this transaction poses no risk of anticompetitive harm to any handbag consumer.  That is why, contrary to many cases the FTC

---

Vince, Vince Camuto, Wandler, We-AR4, Weekend Max Mara, Whistles, Yuzefi, Yvonne Koné, Zadig & Voltaire, and Zara.

brings, it has not produced a complaint against the transaction from a single industry participant. That is why seven other regulators reviewed the deal and agreed that the transaction did not pose a threat to competition, with the European Commission explicitly finding after a months-long investigation that the handbag industry is "constantly evolving and characterized by low barriers to entry and frequent entry of new players."  The European Commission also explained that "the relevance of Michael Kors is declining," that even "relatively small" competitors can constrain prices of larger companies, and that "independent brands and new entrants would be able to compete effectively with the Parties' post-merger."  Indeed, as the below graphic—charting just a selection of the parties' competitors—illustrates, there are myriad brands offering handbags across a wide and essentially continuous spectrum of pricing.



In the face of this market reality that handbag manufacturers and consumers experience every day, the FTC relies in the Complaint on cherry-picked sound bites, while completely ignoring important and relevant context, to allege that Michael Kors, Coach, and Kate Spade are dominant handbag brands available in a so-called "accessible luxury" market and are purportedly each other's closest competitors.  In one of the grossest examples, the Complaint cites a page in

one Capri document that, unremarkably, compares Coach and Michael Kors, among others, but ignores a chart just eight pages earlier in the exact same document that compares Michael Kors to a host of other brands ranging from Louis Vuitton and Gucci to Guess and Zara.  Compl. ¶ 36. And that doesn't include the extensive evidence permeating the investigative record of the many competitors these parties face.

The FTC cannot demonstrate, as is its burden, that there is a so-called "accessible luxury" handbag market—nor has the FTC done the work to clearly define such a market despite seven months of investigation.  The Complaint fails to make any consistent effort to describe the limits of that "market" as to price or even who participates in it other than Michael Kors, Coach, and Kate Spade.[2]  For example, the Complaint alleges that the "parties recognize" that "mass-market" handbags "typically fall" below $100, and that luxury handbags have "entry points of $1,000+." Compl. ¶ 33.  But just three paragraphs earlier the Complaint cites to a different Tapestry document referring to products "between $150–500" in North America.  *Id.* ¶ 30.  Those are very different ranges and could lead to different sets of competitors and, of course, different market share calculations.  Even the FTC is unsure of the boundaries of its contrived "market," including even whether it includes men's products.[3]  Instead, the FTC relies on marketing terms such as

---

[2]     At a May 13, 2024 hearing, counsel for the FTC represented that the FTC would answer, even before any deadline for contention interrogatories, an interrogatory requiring the FTC to "identify each person you have included as a competitor of Coach, Michael Kors, and Kate Spade in the relevant antitrust market in your complaint."  May 13, 2024 Hrg. Tr. 21:3–14.  Defendants served just such an interrogatory on the FTC on May 14, 2024, and eagerly await the FTC's response.  *See also id.* at 27:11–17 (counsel for FTC representing that "if they propound interrogatory like most defendants do asking for the information, certainly with the list of competitors, we'd provide that").

[3]     Indeed, twice during the May 13, 2024 hearing, the FTC's lead trial counsel—who has been involved in the investigation since it began—expressed confusion as to whether the "market" forming the basis for the Complaint includes products geared towards half of the U.S. population.  *See* May 13, 2024 Hrg. Tr. 25:11–17; 33:3–6.

"aspirational luxury," "European luxury," "high-end luxury," "accessible luxury," "luxury," "mass market," "affordable luxury," and "true luxury," instead of the economic tests required to identify an antitrust market.

Nor does the FTC explain why particular price points matter.  In fact, over the past several years—as the parties' documents clearly show—consumers have been opting for higher-end brands; choosing to save up to buy a $1,500 Gucci bag instead of a $500 Coach bag, for example. This reality of consumer behavior doesn't fit the FTC's theory, and so the FTC simply dismisses it with conclusory, and patronizing, assumptions about what it perceives consumers are willing or able to spend based on their income levels.  Meanwhile, lower-priced offerings available at less than $100, such as handbags from Lululemon, JW Pei, and Mango, have likewise gained popularity.  Without being clear on who is and is not within the market, the FTC has no ability to reliably calculate market shares or the impact of the transaction on concentration.  "Determination of the relevant market is a necessary predicate to a finding of a violation of the Clayton Act," *United States* v. *E.I. du Pont de Nemours & Co.*, 353 U.S. 586, 593 (1957), but the FTC fails to articulate a viable market, and will not be able to cure that failure at the evidentiary hearing. Simply put, the FTC cannot pass Go—it cannot begin to set forth its case, let alone show undue concentration that is likely to result in substantial competitive harm—without a clear assessment of which products are included and which are excluded from the competitive set.

The FTC's case will fail for the additional independent reason that, in any properly defined market, the combined share of Tapestry's and Capri's handbag brands is not large enough to show any likelihood of harm to consumers, much less a likelihood of ultimate success.  Showing "undue concentration" in the relevant market is part of the FTC's *prima facie* case.  *FTC* v. *RAG-Stiftung*, 436 F. Supp. 3d 278, 310 (D.D.C. 2020).  But as economic analysis will show at trial, in any

properly defined market, Coach, Kate Spade, and Michael Kors would represent less than 30 percent of sales, which does not give rise to any presumption of likely harm in this highly dynamic and differentiated industry.  *See United States* v. *Oracle Corp.*, 331 F. Supp. 2d 1098, 1123 (N.D. Cal. 2004) ("A presumption of anticompetitive effects from a combined share of 35% in a differentiated products market is unwarranted.  Indeed, the opposite is likely true.").  The combined trends of declining Michael Kors sales and the increasing sales and shares of competing products further demonstrate that the merged entity will not have power to harm consumers.[4]  Rather than grapple with the implications of this problem for its theory, the FTC attempts an end-run around established antitrust law requiring it to define a market.  It tries to use its own newly promulgated 2023 Merger Guidelines to suggest that, regardless of whether there is a market, anticompetitive effects should be presumed, as Michael Kors, Coach, and Kate Spade are purportedly one another's closest competitors.  But that is not the law:  the FTC must show a likelihood of substantial anticompetitive effects in a properly defined market.

The FTC's claims about closeness of competition between the parties to the exclusion of others is also not true.  Michael Kors lost significant market share in handbags over the past five years, but so did Coach and Kate Spade.  The brands that primarily picked up share—Louis Vuitton, Gucci, and Saint Laurent, all owned by massive European conglomerates with handbag

---

[4]     The FTC's allegations about market concentration reveal that it did not have data sufficient to perform reliable share calculations when it filed this lawsuit—another defect of its inadequate investigation.  Instead of presenting actual market-share or Herfindahl-Hirschman Index ("HHI") calculations, the Complaint baldly claims that those calculations (whatever they are) are "considerably more than 30 percent" market share and "above" the HHI levels that the FTC considers problematic, Compl. ¶ 75, based on what the FTC has since called a "preliminary estimate," May 13, 2024 Hrg. Tr. at 32:24–33:2.  The data source and methodology the FTC employed to reach those undisclosed estimates remain murky (other than that it included men's and women's handbags), but the FTC certainly did not include data from the more than 150 brands currently selling handbags in competition with Tapestry and Capri in the United States.

sales, revenues and market caps at many multiples of the parties—did so by connecting with consumers and offering so-called "aspirational luxury" products. And in stores like Macy's, where Coach has a limited presence, Michael Kors competes every day with a multitude of brands offering similarly priced and less expensive products such as Guess, Nine West, DKNY, Steve Madden, Kurt Geiger, and Calvin Klein, to name just a few.

Regardless, that Michael Kors may compete with Coach and Kate Spade is of no moment unless the transaction will result in undue concentration and substantial anticompetitive effects in a properly defined antitrust market. There is no legal support for the theory that loss of head-to-head competition violates Section 7 of the Clayton Act absent undue concentration and substantial anticompetitive effects in a properly defined market. As recently as four years ago, a court found in another FTC merger challenge that there was not "a single case in which a court has enjoined a merger, even at this preliminary stage, where the Government failed to show undue concentration *in a relevant market* as its prima facie case requires, almost always through an HHI or similar metric." *RAG-Stiftung*, 436 F. Supp. 3d at 310 (emphasis added). The law has not changed, as it was the Supreme Court that laid down the requirement that "[d]etermination of the relevant market is a necessary predicate to a finding of a violation of the Clayton Act because the threatened monopoly must be one which will substantially lessen competition within the area of effective competition," *E.I. du Pont de Nemours*, 353 U.S. at 593 (internal quotation marks omitted), a standard the FTC has acknowledged.[5]

_____

[5]    The FTC has previously acknowledged that "[t]he government must show that the merger would produce 'a firm controlling an undue percentage share of the relevant market, and [would] result[] in a significant increase in the concentration of firms in that market.'" FTC Mem. in Supp., *FTC* v. *Tronox Ltd.*, No. 18-cv-1622 (D.D.C. Aug. 3, 2018), ECF No. 91 (quoting *FTC* v. *H.J. Heinz*, 246 F.3d 708, 715 (D.C. Cir. 2001)); *see also* FTC Mem. of Points & Authorities, *FTC* v. *Meta Platforms, Inc.*, No. 22-cv-04325 (N.D. Cal. Oct. 31, 2022), ECF No. 164 ("Determination

The FTC also completely ignores that the handbag industry is known for significant ease of entry. *See United States* v. *Waste Mgmt., Inc.*, 743 F.2d 976, 983 (2d Cir. 1984) (finding no anticompetitive effect from 48.8% market share where there was "easy" entry "into the relevant product and geographic market by new firms or by existing firms"). New brands that have emerged only in the past 10 years, but which have nonetheless achieved significant brand awareness and popularity with consumers and increased their presence across various channels, include, among many others, Dagne Dover, Khaite, By Far, Strathberry, Mansur Gavriel, Staud, and Telfar. One brand—Aupen—was founded in 2022 and reached meteoric popularity during the very course of the FTC's investigation, all because Taylor Swift was photographed wearing an Aupen handbag. The reasons for this ease of entry, to name a few, include: online shopping, which makes all brands—new and old alike—accessible at the click of a button; social media, which as Aupen's story demonstrates, provides a quick and explosive way for brands to become widely known and coveted by consumers; and, equally important, the large volume of third-party manufacturers that are "one-stop shops," which are able to source materials, craft prototypes, and deliver fully finished bags to designer specifications at prices that new entrants can readily afford. In fact, the parties' handbags are all manufactured by third parties who simultaneously produce products for a number of other competitors.

Finally, in an attempt to make some theory stick, the FTC suggests that its case is also about protecting Tapestry's and Capri's employees. But the FTC makes no effort to demonstrate the existence of any relevant market for labor, nor could it. Instead, the Complaint emphasizes a single instance when Tapestry announced an increase of its minimum wage to $15 an hour in July

---

of the relevant product and geographic markets is a necessary predicate [to] deciding whether a merger contravenes the Clayton Act." (citation omitted)).

2021, and Michael Kors later increased its minimum wage to $15 effective in October 2021. Compl. ¶¶ 9, 61–62.  The Complaint omits any reference to the fact that because of the nationwide retail-labor shortages brought about by the pandemic, huge numbers of retailers moved to a $15 minimum wage in 2020 and 2021.  The Complaint also omits that Capri's documents—produced to the FTC during its investigation—unambiguously show that Capri began planning to increase its minimum wage to $15 well before Tapestry's announcement.  Capri values its employees and maintains comprehensive benefits and compensation packages to attract, retain, and award its employee population, and will continue to do so.  The notion that the transaction will have anticompetitive effects on wages or benefits is fictitious and, without pleading a relevant labor market, nothing more than political grandstanding.

In short, when the Court reviews the market realities and applies well-settled law to assess whether the FTC has satisfied its burden of proof, it will conclude that the FTC has failed to do so.

## ANSWER

All allegations not expressly admitted herein are denied.  Though included herein for reference, Capri does not interpret the headings and subheadings throughout the Complaint as well-pleaded allegations to which any response is required.  To the extent such a response is required, Capri denies all allegations in the headings and subheadings of the Complaint.  Use of certain terms or phrases defined in the Complaint is not an acknowledgment or admission of any characterization the FTC may ascribe to the defined terms.  Unless otherwise defined, capitalized terms shall refer to the capitalized terms defined in the Complaint, but any such use is not an acknowledgment or admission of any characterization the FTC may ascribe to the capitalized terms.

Capri does not concede the truthfulness of third-party sources quoted or referenced in the Complaint.  To the extent a response is required, Capri denies all allegations of the third-party

sources quoted in or referenced in the Complaint.  Unless expressly acknowledged below, Capri further does not concede the accuracy or completeness of alleged quotations from Capri employees or documents, which are provided without the appropriate context or proffered in part to assert truth in a manner that may not be consistent with the declarant's intent.  Capri reserves the right to amend and/or supplement this answer at a later stage of the proceedings.  Each paragraph below corresponds to the same-numbered paragraph in the Complaint.

The preamble to the Complaint characterizes this action.  To the extent that a response is deemed necessary, Capri admits that the FTC purports to bring an action under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 U.S.C. § 26.  Capri further admits that the FTC purports to bring an action under Sections 7 and 11 of the Clayton Act, 15 U.S.C. §§ 18, 21, and Section 5 of the FTC Act, 15 U.S.C. § 45 to prevent Tapestry from acquiring Capri in the administrative proceedings, *In the Matter of Tapestry, Inc. and Capri Holdings Limited,* Docket No. 9429 (the "FTC Administrative Action").

Capri denies that the FTC has any legitimate claim against Defendants, that the Proposed Acquisition violates the Clayton Act or FTC Act, that the FTC has any likelihood of success on the merits, or that the FTC is entitled to any relief, including for all of the reasons articulated in Capri's and Tapestry's Answers filed in the FTC Administrative Action on May 7, 2024.  Capri denies in all other respects the allegations in the preamble to the complaint.

## NATURE OF THE CASE

1.      Capri admits that Tapestry proposes to acquire Capri in a Proposed Acquisition valued at $8.5 billion.  Capri further admits that if the Proposed Acquisition closes, Coach, Kate Spade, and Michael Kors would be owned by Tapestry.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Tapestry contained in Paragraph 1 and denies those allegations on that basis.  In addition, Paragraph 1 asserts legal

conclusions to which no response is required.  To the extent a further response is required, Capri denies that the Proposed Acquisition would harm consumers; instead, it will lead to innovation and benefit consumers.  Capri denies the remaining allegations in Paragraph 1.

2.      Paragraph 2 contains legal argument and conclusions to which a response is not required.   To the extent a response is required, Capri denies the allegations contained in Paragraph 2, except admits that it sells high-quality products from clothing to eyewear to shoes and competes with numerous sellers of those products.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of the FTC's proposed market.  Capri further denies the FTC's characterization of Capri and Tapestry's combined market share, that the Proposed Acquisition will result in a colossus that will dwarf all other market players, and that Capri and Tapestry currently operate a duopoly.

3.      Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.[6] Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 3 and denies the allegations on that basis.   The remaining allegations are general background allegations and legal argument and conclusion that do not relate to Capri, to which no response is required.  To the extent a response is required, Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and denies those allegations on that basis.

4.      Capri admits that it has used the phrase "accessible luxury," but denies that "'accessible luxury' handbags" constitutes a product market and lacks sufficient information to

---

[6]      Capri lacks sufficient knowledge or information regarding the FTC's definition of the term "accessible luxury," and denies each and every allegation in which that term appears in the Complaint on that basis.

understand the contours of the FTC's proposed market.  Capri admits that it has also used the phrases "luxury" and "true luxury," but denies that these are a separate product market for antitrust purposes.  Paragraph 4 otherwise asserts general background allegations and legal argument that do not relate to Capri, to which no response is required.  To the extent a response is required, Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and denies those allegations on that basis.

5.       Paragraph 5 purports to characterize the contents of particular consumer surveys, and Capri respectfully refers the Court to those surveys for a complete and accurate view of their contents.  To the extent the allegations contained in Paragraph 5 are inconsistent with those surveys, Capri denies the allegations.  Capri denies the remaining allegations contained in Paragraph 5.

6.       Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the first and third sentences of Paragraph 6 and denies the allegations on that basis.  The allegations in the second sentence of Paragraph 6 purport to characterize the contents of a Capri document, and Capri respectfully refers the Court to that document for a complete and accurate view of its content.  To the extent the allegations contained in the second sentence of Paragraph 6 are inconsistent with that document, Capri denies the allegations.  The final sentence of Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in the final sentence of Paragraph 6.

7.       The second sentence of Paragraph 7 asserts a legal conclusion to which no response is required.  To the extent a response is required, Capri denies the allegations.  Capri further denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.

Capri denies the allegations contained in the penultimate and final sentences of Paragraph 7. The remaining allegations in Paragraph 7 assert legal conclusions to which no response is required. To the extent a response is required, Capri denies the remaining allegations in Paragraph 7.

8.      Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 8 and denies the allegations on that basis. The first and third sentences of Paragraph 8 assert legal arguments and conclusions to which no response is required. To the extent a response is required, Capri denies the allegations.

9.      Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the first sentence of Paragraph 9 and denies the allegations on that basis. The remaining allegations purport to characterize the contents of Capri emails, and Capri respectfully refers the Court to those emails for a complete and accurate statement of their contents. To the extent the allegations contained in Paragraph 9 are inconsistent with those emails, Capri denies the allegations. By way of further response, Capri admits that Michael Kors announced a $15 per hour minimum wage, effective October 3, 2021, like many other retailers. Capri denies any remaining allegations in Paragraph 9.

10.     Capri denies the allegations contained in the first sentence of Paragraph 10. Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Tapestry contained in Paragraph 10 and denies the allegations on that basis.

11.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 11 and denies the allegations on that basis. The remaining allegations contained in Paragraph 11 assert legal conclusions to which no response is required. To the extent a response is required, Capri denies the remaining allegations contained in Paragraph 11.

12.     Paragraph 12 asserts legal conclusions and argument to which no response is required.  To the extent that a response is deemed necessary, Capri denies that "'accessible luxury' handbags" constitutes an antitrust product market and lacks sufficient information to understand the contours of the FTC's proposed market.  Capri denies the remaining allegations contained in Paragraph 12.

13.     Paragraph 13 asserts legal conclusions and argument to which no response is required.  To the extent that a response is deemed necessary, Capri denies that "'accessible luxury' handbags" constitutes an antitrust product market and lacks sufficient information to understand the contours of the FTC's proposed market.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 13 and denies the allegations on that basis.  Capri further denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.  Capri denies any remaining allegations in Paragraph 13.

14.     Paragraph 14 asserts legal arguments and conclusions to which no response is required.  To the extent a response is required, Capri denies that "'accessible luxury' handbags" constitutes an antitrust product market and lacks sufficient information to understand the contours of the FTC's proposed market.  Capri denies the allegations in the second and third sentences of Paragraph 14.  By way of further response, Capri states that entry and expansion are easy and ongoing, contributing to a dynamic marketplace.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 concerning Sunrise Brands and Rebecca Minkoff and denies the allegations on that basis.

15.     Paragraph 15 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 15.

16.     Capri admits that on April 22, 2024, the Commission held a vote on the Proposed Acquisition, and initiated an administrative proceeding to determine the antitrust merits of the Proposed Acquisition.  The rest of Paragraph 16 asserts legal arguments and conclusions that do not warrant a response.  To the extent a response is required, Capri denies the allegations.

17.     Paragraph 17 purports to characterize the temporary restraining order stipulated by the parties, and Capri respectfully refers the Court to that document for a complete and accurate statement of its contents.  To the extent the allegations in Paragraph 17 are inconsistent with that document, Capri denies the allegations.

18.     Paragraph 18 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 18.

## JURISDICTION AND VENUE

19.     Capri admits that Defendants are engaged in activities affecting commerce.  Capri further admits that the Federal Trade Commission filed this proceeding.  Capri denies any implication that this civil action is appropriate.  Capri further denies any remaining allegations in Paragraph 19.

20.     Paragraph 20 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 20.

21.     Capri admits that Defendants are engaged in activities affecting commerce.

22.     Capri admits that venue is proper, and that this Court has personal jurisdiction of Capri for this action.

## THE PARTIES AND THE PROPOSED ACQUISITION

23.     Paragraph 23 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri admits that FTC is an agency of the United States government.

24.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and denies the allegations on that basis.

25.     Capri admits the first, second, and third sentences of Paragraph 25 and that it owns the Michael Kors, Versace and Jimmy Choo brands.  Capri further admits the final three sentences of Paragraph 25.  Capri admits the first sentence of the "Michael Kors" sub-bullet of Paragraph 25. Capri lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of the "Michael Kors" sub-bullet of Paragraph 25, which are general in nature, and denies the allegations on that basis.  By way of further response, Capri avers that over 50% of Michael Kors' sales come from its MICHAEL Michael Kors line.   The third sentence of the "Michael Kors" sub-bullet of Paragraph 25 purports to characterize public filings, and Capri respectfully refers the Court to those filings for a complete and accurate statement of their contents. To the extent the allegations set forth in that sentence are inconsistent with those filings, Capri denies the allegations.  Capri lacks knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of the "Jimmy Choo" sub-bullet of Paragraph 25 and denies the allegation on that basis, except admits that Jimmy Choo sells women's footwear and also sells accessories, handbags, and small leather goods.  Capri admits the remainder of the allegations contained in Paragraph 25, except that Capri was named Michael Kors Holdings Limited when it acquired Jimmy Choo in 2017.

26.     Capri admits the allegations contained in Paragraph 26.

### THE MARKET FOR "ACCESSIBLE LUXURY" HANDBAGS

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations including that a relevant antitrust market in which the Proposed Acquisition may substantially lessen competition, or tend to create a monopoly, is "accessible luxury" handbags sold in the United States.  Capri lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27, which purport to characterize accessible luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.

### A. The Parties Compete in a Relevant Market for "Accessible Luxury" Handbags.

28.     Capri admits that it has used the phrase "accessible luxury" and admits that it sells handbags in the United States.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28, which purports to characterize the "accessible luxury" industry broadly, and denies the allegations on that basis.  Capri denies the allegations contained in the second sentence of Paragraph 28.  Capri denies any remaining allegations in Paragraph 28.

29.     Capri admits that it has used the phrases "accessible luxury," "aspirational luxury," and other terms.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 29 and denies the allegations on that basis.  The second sentence of Paragraph 29 purports to characterize presentation material, and Capri respectfully refers the Court to that material for a complete and accurate statement of its contents.  To the extent the allegations contained in the second sentence of Paragraph 29 are inconsistent with the material, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 29.

30.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 30 and denies the allegations on that basis.  Capri denies any remaining allegations in Paragraph 30.

31.     Capri admits that it has used the phrase "accessible luxury."  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  The remaining allegations in Paragraph 31 purport to characterize strategy documents and public filings, and Capri respectfully refers the Court to those documents and filings for a complete and accurate statement of their contents.  To the extent the allegations set forth in Paragraph 31 are inconsistent with those documents and filings, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 31.

32.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  Paragraph 32 asserts general background allegations and legal argument and conclusion that do not relate to Capri, to which no response is required.  To the extent a response is required, Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and denies those allegations on that basis.

33.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry and other industry participants contained in Paragraph 33 and denies the allegations on that basis.  Capri denies the remaining allegations in Paragraph 33.

34.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 34 and denies the allegations on that basis.

35.     Capri denies the allegations in Paragraph 35.   Capri further states that Paragraph 35's use of quotations from unidentified sources renders Paragraph 35's allegations incapable of further response as written.

36.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  The first sentence of Paragraph 36 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in the first sentence of Paragraph 36.  The second and third sentences of Paragraph 36 purport to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations set forth in the second and third sentences of Paragraph 36 are inconsistent with those documents, Capri denies the allegations.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the fourth and final sentences of Paragraph 36 and denies the allegations on that basis.  Capri denies any remaining allegations in Paragraph 36.

37.     Paragraph 37 purports to characterize the contents of a document, and Capri respectfully refers the Court to the document for a complete and accurate statement of its contents. To the extent the allegations set forth in Paragraph 37 are inconsistent with the spreadsheet, Capri denies the allegations.

38.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38, which purport to characterize accessible luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.

39.    Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fourth sentences of Paragraph 39, which purport to characterize accessible luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the second sentence of Paragraph 39 and denies the allegations on that basis.  The allegations contained in the third and fifth sentences of Paragraph 39 purport to characterize documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents as well as the entire record before China's State Administration for Market Regulation which determined not to oppose the transaction.  To the extent the allegations set forth in the third and fifth sentences of Paragraph 39 are inconsistent with those materials, Capri denies the allegations.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 39, which purport to characterize true luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.  Capri denies any remaining allegations in Paragraph 39.

40.    Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and fourth sentences of Paragraph 40, which purport to characterize accessible luxury and true luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the second and third sentences of

Paragraph 40 and denies the allegations on that basis.  Capri denies any remaining allegations in Paragraph 40.

41.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41, which purports to characterize accessible luxury and true luxury (which the Complaint has defined only vaguely) and which purport to concern parties other than Capri, and denies the allegations on that basis.  Capri denies any remaining allegations in Paragraph 41.

42.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42, which purports to characterize accessible luxury (which the Complaint has defined only vaguely), and denies the allegations on that basis.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and final sentences of Paragraph 42, which do not relate to Capri, and denies the allegations on that basis.  The third sentence of Paragraph 42 purports to characterize a draft slide deck, and Capri respectfully refers the Court to that draft slide deck for a complete and accurate statement of its contents.  To the extent the allegations set forth in the third sentence of Paragraph 42 are inconsistent with that draft slide deck, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 42.

43.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  The

first and second sentences of Paragraph 43 assert legal conclusions to which no response is required. To the extent a response is required, Capri denies the allegations contained in the first and second sentences of Paragraph 43. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in the third and fourth sentences of Paragraph 43 and denies those allegations on that basis. The final sentence of Paragraph 43 purports to characterize the contents of regulatory filings, and Capri respectfully refers the Court to those filings for a complete and accurate statement of their contents. To the extent the allegations set forth in the final sentence of Paragraph 43 are inconsistent with those filings, Capri denies the allegations. Capri denies any remaining allegations in Paragraph 43.

44.     Paragraph 44 asserts legal conclusions to which no response is required.

45.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri further denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law. Paragraph 45 asserts legal conclusions to which no response is required. To the extent a response is required, Capri denies the allegations contained in Paragraph 45.

**B.     The Parties Compete in a Relevant Geographic Market of the United States.**

46.     Paragraph 46 asserts legal conclusions to which no response is required. To the extent a response is required, Capri admits that it sells handbags in the United States and that it has U.S.-specific marketing. Capri lacks sufficient knowledge to form a belief as to the truth of the allegations regarding the marketing practices and business strategies of undefined or vaguely defined other "industry participants" and denies those allegations on that basis. Capri denies the remaining allegations in Paragraph 46.

47.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Paragraph 47 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 47.

**THE PROPOSED ACQUISITION WILL ELIMINATE
DIRECT HEAD-TO-HEAD COMPETITION**

48.     Paragraph 48 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 48.

49.     Paragraph 49 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 49.

50.     Paragraph 50 asserts legal conclusions to which no response is required.  Capri denies the allegations contained in Paragraph 50.

**A.      Coach, Kate Spade, and Michael Kors Are Close Competitors.**

51.     The fourth and fifth sentences of Paragraph 51 purport to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations contained in the fourth and fifth sentences of Paragraph 51 are inconsistent with those documents, Capri denies the allegations. Capri lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Tapestry contained in Paragraph 51 and denies the allegations on that basis. Capri denies any remaining allegations in Paragraph 51.

52.     The first and final sentences of Paragraph 52 purport to characterize the contents of Capri's consumer research, and Capri respectfully refers the Court to that research for a complete and accurate statement of its contents.  To the extent the allegations contained in the first and final sentences of Paragraph 52 are inconsistent with that research, Capri denies the allegations.  Capri

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Tapestry contained in Paragraph 52 and denies the allegations on that basis. Capri denies any remaining allegations in Paragraph 52.

**B.      There Is a Reasonable Probability That the Proposed Acquisition Will Eliminate Head-to-Head Competition Between Coach, Kate Spade, and Michael Kors.**

53.      Capri denies the allegations contained in the first and final sentences of Paragraph 53.  Capri further denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Capri denies the remaining allegations in Paragraph 53.

54.      Paragraph 54 purports to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations set forth in Paragraph 54 are inconsistent with those documents, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 54.

55.      Paragraph 55 purports to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations set forth in Paragraph 55 are inconsistent with those documents, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 55.

56.      Paragraph 56 purports to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations set forth in Paragraph 56 are inconsistent with those documents, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 56.

57.      Paragraph 57 purports to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their

contents.  To the extent the allegations contained in the remainder of Paragraph 57 are inconsistent with those documents, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 57.

58.     Capri lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58, which are general in nature and which characterize entities other than Capri, and denies the allegations on that basis.  By way of further response, Capri avers that it sells handbags through digital and brick-and-mortar channels, including in Capri's own retail stores and certain department stores, among other channels, and that digital sales are an important and growing part of its business.  Capri denies that a strong brick-and-mortar presence is necessary to compete.  Capri denies any remaining allegations in Paragraph 58.

59.     The first sentence of Paragraph 59 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in the first sentence of Paragraph 59.  The remainder of Paragraph 59 purports to characterize various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations set forth in the remainder of Paragraph 59 are inconsistent with those documents, Capri denies the allegations.  Capri denies any remaining allegations in Paragraph 59.

60.     The first sentence of Paragraph 60 contains legal argument and conclusion to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 60.  Capri denies the allegations contained in the second sentence of Paragraph 60, except to admit that Michael Kors launched its "Pre-Loved" program in August 2022.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of Paragraph 60 regarding Tapestry and denies the allegations on that basis.

61.     The first sentence of Paragraph 61 contains legal argument and conclusion to which no response is required.  To the extent a response is required, Capri denies the allegations contained in the first sentence of Paragraph 61.  Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 61 regarding Tapestry and denies the allegations on that basis.  Capri denies any remaining allegations, except to admit that it values its employees and the contribution they make to its business.

62.     The allegations contained in Paragraph 62 purport to characterize the contents of various documents, and Capri respectfully refers the Court to those documents for a complete and accurate statement of their contents.  To the extent the allegations contained in Paragraph 62 are inconsistent with those documents, Capri denies the allegations.  By way of further response, Capri avers that it raised its minimum wage to $15 per hour, effective October 3, 2021, which was estimated to cover 2,453 employees at an estimated cost of $4.77 million in FY 2023.

63.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry and a third party contained in the first, second, third, and fourth sentences of Paragraph 63 and denies the allegations on that basis.  The fifth sentence of Paragraph 63 purports to characterize the content of public filings, and Capri respectfully refers the Court to those filings for a complete and accurate statement of their contents.  To the extent the allegations contained in the fifth sentence of Paragraph 63 are inconsistent with those filings, Capri denies the allegations.  Capri denies the allegations contained in the final two sentences of Paragraph 63.

**C.**     **Tapestry Intends to Raise Michael Kors' Prices Post-Transaction by Reducing Discounts and Pulling Back from Wholesale.**

64.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 64 and denies the allegations on that basis.

65.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 65 and denies the allegations on that basis.

66.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 66 and denies the allegations on that basis.

67.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry and Morgan Stanley contained in Paragraph 67 and denies the allegations on that basis.  Capri denies the remaining allegations contained in Paragraph 67.

68.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 68 and denies the allegations on that basis.

69.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 69 and denies the allegations on that basis.

70.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 70 and denies the allegations on that basis.

**THE PROPOSED ACQUISITION IS PRESUMPTIVELY UNLAWFUL
BECAUSE IT SIGNIFICANTLY INCREASES CONCENTRATION**

71.    Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.  The allegations contained in the first and final sentences of Paragraph 71 assert legal conclusions to which no response is required.  To the extent a response is required, Capri denies those allegations.  Capri denies the allegations contained in the second sentence of Paragraph 71.

72.    Paragraph 72 asserts legal arguments and conclusions to which no response is required.  To the extent that a response is required, Capri denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.

73.    Paragraph 73 purports to characterize the Merger Guidelines, and no response is required.  To the extent that a response is required, Capri denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.  Any remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Capri denies the remaining allegations in Paragraph 73.

74.    Capri denies the allegations contained in the first sentence of Paragraph 74.  The remainder of Paragraph 74 purports to characterize the Merger Guidelines, and Capri denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law. Any remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Capri denies the remaining allegations in Paragraph 74.

75.    Paragraph 75 asserts legal arguments and conclusions that do not require a response.  To the extent that a response is required, Capri denies that "'accessible luxury' handbags" constitutes an antitrust product market and lacks sufficient information to understand

the contours of that proposed market.  Capri further denies the remaining allegations in Paragraph 75.

### THE PROPOSED ACQUISITION IS PART OF TAPESTRY'S STRATEGY OF SERIAL ACQUISITIONS

76.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 76 and denies the allegations on that basis.  By way of further response, Capri avers that it owns the Michael Kors, Versace, and Jimmy Choo brands.  Capri denies any remaining allegations in Paragraph 76.

77.     Paragraph 77 purports to characterize the Merger Guidelines, and no response is required.  To the extent a response is required, Capri denies that the FTC's 2023 Merger Guidelines have any relevance and denies that they are binding law.

78.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 78 and denies the allegations on that basis.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Capri denies the remaining allegations in Paragraph 78.

79.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 79 and denies the allegations on that basis.  The remaining allegations are legal conclusions to which no response is required.  To the extent a response is required, Capri denies the remaining allegations in Paragraph 79.

80.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.

Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 80 and denies the allegations on that basis.

81.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 81 and denies the allegations on that basis.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.

82.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 82 and denies the allegations on that basis.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.

83.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 83 and denies the allegations on that basis.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.

84.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Tapestry contained in Paragraph 84 and denies the allegations on that basis.  The remaining allegations in Paragraph 84 are legal conclusions to which no responses is required.   To the extent a response is required, Capri denies the remaining allegations in Paragraph 84.  Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market.

## THERE ARE NO COUNTERVAILING FACTORS TO JUSTIFY THE PROPOSED ACQUISITION

85.     Capri lacks sufficient information to form a belief as to the truth of the allegations contained in the second to last sentence of Paragraph 85 regarding Rebecca Minkoff and denies

the allegations on that basis.  The rest of Paragraph 85 asserts legal arguments and conclusions to which no response is required.  To the extent that a response is required, Capri denies the allegations, and further states that entry and expansion are easy and ongoing, such that it completes in a dynamic marketplace.

86.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 86 regarding Tapestry and denies the allegations on that basis.  The remainder of Paragraph 86 asserts general background information that does not relate to Capri, to which no response is required.  To the extent a response is required, Capri lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 86, and denies the allegations on that basis.  Capri further states that there are numerous ways to sell products including through online channels, which makes consumers highly accessible for new entrants.  Additionally, wholesale retailers carry a large variety of brands in both their brick-and-mortar and online stores, which allows entrants to expand their exposure and reach even more consumers.

87.     Capri denies that "'accessible luxury' handbags" constitutes a relevant product market and lacks sufficient information to understand the contours of FTC's proposed market. Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 regarding Tapestry and denies the allegations on that basis.  Capri denies the remainder of the allegations contained in Paragraph 87, except to admit that Capri has personnel devoted to marketing and advertising its products, invests in marketing, and participates in certain events.

88.     Capri lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and fourth sentences of Paragraph 88 regarding Tapestry

(including the entire quotation) and denies the allegations on that basis.  The first and final sentences of Paragraph 88 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in the first and final sentences of Paragraph 88.  Capri admits that it maintains consumer data that it utilizes to develop and market its brands and products, and otherwise denies the remaining allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent that a response is required, Capri denies the allegations.  Capri further states that there are no significant barriers to procuring manufacturing services.  There are many manufacturers of fashion products, and entrants can work with any of them to manufacture their products.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent that a response is required, Capri denies the allegations.

## LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF THE EQUITIES, AND NEED FOR RELIEF

91.     Paragraph 91 asserts legal conclusions to which no response is required.  To the extent a response is required, Capri denies the allegations contained in Paragraph 91.

92.     Capri denies the allegations contained in Paragraph 92.

93.     Capri denies the allegations contained in Paragraph 93.

94.     Capri denies the allegations contained in the first sentence of Paragraph 94.  The remainder of Paragraph 94 is a request for relief to which no response is required.  To the extent a response is required, Capri denies that the FTC is entitled to the relief requested in Paragraph 94 or elsewhere in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Capri asserts the following defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests on the

FTC.  Capri has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action.  Capri reserves the right to amend, or seek to amend, its Answer, including its affirmative and other defenses.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The alleged market definition fails as a matter of both fact and law.

### THIRD DEFENSE

The Complaint fails to allege any plausible harm to competition, consumers, or consumer welfare.

### FOURTH DEFENSE

The Complaint fails to allege undue share in any plausibly defined relevant market.

### FIFTH DEFENSE

Any alleged harm to competition is not actionable.

### SIXTH DEFENSE

The Complaint fails to state a claim because new entrants to the relevant market were (and are) timely, likely, and sufficient to offset any alleged anticompetitive effects of the Proposed Acquisition.

### SEVENTH DEFENSE

The Proposed Acquisition is procompetitive, and will result in merger-specific efficiencies, cost synergies, product-quality improvements, and other procompetitive effects that benefit consumers.  The benefits outweigh any alleged anticompetitive effects.

**EIGHTH DEFENSE**

The combination of Respondents' businesses is not likely to substantially lessen

competition under the analytical framework set forth in the Clayton Act.

**NINTH DEFENSE**

Neither the filing of this action nor the contemplated relief is in the public interest,

pursuant to 15 U.S.C. § 45.

**TENTH DEFENSE**

The FTC's claims under Section 5 of the Federal Trade Commission Act are

nonactionable to the extent the Commission purports to apply Section 5 beyond the boundaries

of the Clayton Act.

**ELEVENTH DEFENSE**

The FTC fails to allege a time frame for the alleged anticompetitive effects.

**TWELFTH DEFENSE**

The Complaint fails to state a claim against Capri because Section 7 of the Clayton Act,

15 U.S.C. § 18, applies only to acquirers in a transaction and cannot give rise to liability against

sellers.

Respectfully submitted,

WACHTELL, LIPTON, ROSEN & KATZ

 /s/ Jonathan M. Moses

| | |
|---|---|
| Jonathan M. Moses | Jonathan M. Moses |
| Elaine P. Golin | Elaine P. Golin |
| Adam L. Goodman | Adam L. Goodman |
| *Of Counsel* | 51 West 52nd Street |
| Dated:  May 16, 2024 | New York, New York  10019 |
| New York, New York | (212) 403-1000 |
| | JMMoses@wlrk.com |
| | EPGolin@wlrk.com |
| | ALGoodman@wlrk.com |

*Attorneys for Defendant Capri Holdings Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May 2024, the following counsel of record have

been served by electronic mail with a true and correct copy of the foregoing, including:

Abby Dennis (adennis@ftc.gov)
Peggy Bayer Femenella (pbayerfemenella@ftc.gov)
Danielle Quinn (dquinn@ftc.gov)
Nicole Lindquist (nlindquist@ftc.gov)
Laura Antonini (lantonini@ftc.gov)
Peter Colwell (pcolwell@ftc.gov)
Andrew Lowdon (alowdon@ftc.gov)
Blake Risenmay (brisenmay@ftc.gov)
Tim Singer (tsinger@ftc.gov)
Steven Powell (spowell1@ftc.gov)
Mary Karikari (mkarikari@ftc.gov)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave NW
Washington, DC 20580
Tel: (202) 326-2494

/s/ Jonathan M. Moses
Jonathan M. Moses
Elaine P. Golin
Adam L. Goodman
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
(212) 403-1000
JMMoses@wlrk.com
EPGolin@wlrk.com
ALGoodman@wlrk.com

*Attorneys for Defendant Capri Holdings Limited*