555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS** LLP

May 24, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
U.S. District Court for the
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Fed. Trade Comm'n v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109-JLR <u>Sealing Portions of FTC's Complaint</u>

Dear Judge Rochon:

    Tapestry, Inc. ("Tapestry") and Capri Holdings Limited ("Capri") (together, "Defendants") jointly write the Court pursuant to Rules 4(B)(ii) and 4(B)(iii) of Your Honor's Individual Civil Practice to explain the need to seal portions of the Complaint.

    When the Federal Trade Commission ("FTC") filed the Complaint, it filed a Motion for Leave to File Case Under Seal. *Fed. Trade Comm'n v. Tapestry, Inc. et al.*, No. 1:24-mc-00193 (JGK), Motion for Leave to File Case Under Seal, ECF No. 1. Honorable John G. Koeltl granted this motion on April 23, 2024, "without prejudice to any other by the Judge to whom this case is assigned." *Fed. Trade Comm'n v. Tapestry, Inc. et al.*, Case No. 24-mc-00193 (JGK), Order, ECF No. 3. On April 29, 2024, during the initial conference, this Court inquired the Parties as to the status of unsealing the Complaint.

    Consistent with Rule 4(B)(iii)(a) of Your Honor's Individual Civil Practice, on May 9, May 15, and May 20, 2024, Defendants met and conferred with the FTC to discuss unsealing portions of the Complaint, mindful of the public right of access to judicial records. Through this process, and incorporating input from the FTC, Defendants significantly narrowed the scope of the redactions in the Complaint and now ask that the Court maintain under seal a small subset of the original redactions that contain competitively sensitive information (the "Proposed Redactions"). A public version of the complaint containing the Proposed Redactions is attached as Exhibit A to this letter, and a confidential version with the Proposed Redactions highlighted is attached as Exhibit B (filed under seal). The FTC does not oppose the Proposed Redactions.

    "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *D.J.C.V. v. U. S.*, No. 20-cv-5747, 2023 WL 3775283, at *1 (S.D.N.Y. June 2, 2023) (citing *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007)). The Court must first determine whether the documents at issue are "judicial

documents." *Id.* Second, the Court must determine the "'weight of the presumption' of public access." *Id.* Third, the Court must balance "countervailing interests against the presumption." *Id.* This court also characterizes these countervailing interests as "higher values." *Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-cv-3235 (JPO)(KHP), 2024 WL 990073, at *2 (S.D.N.Y. Mar. 6, 2024).

Defendants acknowledge that the Complaint is a judicial document with a presumption of public access. However, sealing the Proposed Redactions is appropriate because the "higher value" of protecting "competitively sensitive business information" outweighs the presumption. *Id.* Here, Defendants have narrowly tailored the Proposed Redactions to cover only portions of the Complaint that contain confidential and competitively sensitive information regarding (i) forward-looking competitive strategy plans; (ii) competitively sensitive pricing analyses; and (iii) proprietary analyses of customer demographic information, customer shopping habits, and workplace conditions. These categories of information, if revealed, would harm the "'competitive standing'" of Defendants. *Iacovacci v. Brevet Holdings, LLC*, No. 18- cv-08048 (MKV), 2022 WL 101907, at *2 (S.D.N.Y. Jan. 11, 2022).

Courts routinely permit sealing forward-looking strategic plans that detail competitively sensitive information, such as the information proposed to be redacted in paragraphs 30, 34, 68, 69, 83, and 84 of the Complaint, because if revealed, they may "'provide valuable insights into a company's current business practices that a competitor would seek to exploit.'" *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Similarly, detailed information proposed to be redacted in paragraphs 33 and 69 of the Complaint regarding "internal pricing strategies" and "competitive pricing data" also warrant redaction because of their competitive sensitivity. *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017). Finally, competitively sensitive information relating to proprietary analyses of customer demographic information, customer shopping habits, and workplace conditions proposed to be redacted in paragraphs 5, 6, 36, 40, 52, 63, and 70 should also be redacted because "[n]on-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, No. 19-cv-010125 (ALC), 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020); *see also Nielson*, 2024 WL 990073, at *2 (finding that "customer list" and "research methodology" are "both categories of information typically protected from disclosure").

Accordingly, Defendants respectfully request that the Court order that the Proposed Redactions be maintained under seal.

Respectfully Submitted,

*/s/ Alfred C. Pfeiffer*
Alfred C. Pfeiffer
of LATHAM & WATKINS LLP

*Counsel for Defendant Tapestry, Inc.*

May 24, 2024
Page 3

**LATHAM & WATKINS**LLP

/s/ *Elaine P. Golin*
Elaine P. Golin[1]
of WACHTELL, LIPTON, ROSEN & KATZ

*Counsel for Defendant Capri Holdings Limited*

Enclosures
cc:     All Counsel of Record (via ECF (with enclosures))

---

[1] Defendants use electronic signatures with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.