EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

           Plaintiff,

       v.

TAPESTRY, INC., and
CAPRI HOLDINGS LIMITED,

           Defendants.

Case No. 1:24-cv-03109-JLR

### STIPULATION AND [PROPOSED] ORDER
### REGARDING REMOTE DEPOSITIONS

WHEREAS Plaintiff Federal Trade Commission ("Plaintiff") and Defendants Tapestry, Inc. ("Tapestry") and Capri Holdings Limited ("Capri") (each a "Party," and collectively, the "Parties"), have agreed that the terms of this Remote Deposition Protocol shall apply to all remote fact (both Party and Non-party), 30(b)(6), and expert depositions in the above-captioned action.[1]

WHEREAS the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

I.    **DEFINITIONS**

    1.    "Witness's Counsel" means the legal counsel, including in-house counsel, of the Witness whose deposition has been noticed pursuant to this Protocol.

---

[1] Pursuant to the Case Management and Scheduling Order, "expert witness depositions may be conducted in-person at the deposing counsel's option." Case Mgmt. & Scheduling Or. ¶ 14(e), ECF No. 71. Thus, this Stipulation applies only to those expert depositions that are conducted remotely. Nothing herein amends or in any way changes the deposing counsel's option to conduct an expert witness testimony in-person.

2. "Deposing Party Counsel" means the legal counsel of the Party or Parties noticing the deposition pursuant to this Protocol.

3. "Deposition Participant" means any person attending a Remote Deposition either in-person or remotely.

4. "Participating Counsel" means Witness's Counsel, Deposing Party Counsel, and any other counsel for a Party or non-Party, including in-house counsel, who are participating in a deposition. Defendants' in-house counsel will not participate in non-Party Witness depositions, unless that Witness is a former employee of either of the Defendants. If questioning of a former employee covers Confidential material of a non-party, Defendants' in-house counsel will not participate in that portion of the deposition.

5. "Platform" means the video-conferencing or file sharing computer application that the Parties have agreed to utilize to enable a Remote Deposition in accord with this Protocol.

6. "Primary Counsel" means counsel designated by the Parties and the Witness at the beginning of the Remote Deposition as provided in Paragraph VI.4.

7. "Remote Deposition" means a deposition conducted pursuant to Federal Rules of Civil Procedure 30 or 45 using a Platform as agreed to under this Protocol that allows for the Deposition Participants to participate in a deposition without attending the deposition in person.

8. "Witness" means the person, including non-Parties, whose Remote Deposition has been noticed in this litigation, or any person designated to appear to give testimony

on behalf of a Party or non-Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

II.    **GENERAL GUIDELINES AND SCOPE**

1.    This Stipulated Order Governing Remote Deposition Practices and Protocols (the "Remote Deposition Protocol" or "Protocol") will govern, subject to Court approval, the taking of Remote Depositions in the above-captioned matter as a supplement to the Federal Rules of Civil Procedure, the Case Management and Scheduling Order ("CMSO"), and the Protective Order.

2.    This Protocol does not modify the governing rules for the taking of depositions imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the CMSO except to the extent those rules are specifically modified herein.

3.    A copy of this Protocol shall be provided to each Witness or the Witness's Counsel.  The requirements of Federal Rule of Civil Procedure 45(c)(1)(A) shall be waived for Remote Depositions of non-Parties conducted pursuant to Federal Rule of Civil Procedure 45.

4.    The Parties agree that, as used in Rule 28(a)(1)(A) of the Federal Rules of Civil Procedure, the "place of examination" is the physical location of the Witness.

5.    A Remote Deposition will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer (who may also be the court reporter) attends the deposition via the same Platform used to connect all other Deposition Participants, and so long as the Primary Counsel, the Witness, the court reporter, and the officer can clearly hear and be heard by all other Deposition Participants.  An officer who is authorized to provide

the oath in any state will be deemed authorized to administer the oath to the
Witness remotely.

6.    The Parties expressly waive all objections to the admissibility of any testimony
given during a Remote Deposition based solely on the fact that it was given at a
Remote Deposition.  This, however, does not limit or waive any Party's right to
object to such testimony or any video recording of such testimony on any other
basis and the Parties reserve all other objections to the use at the hearing or in
other court proceedings of any testimony or video recording from a remote
deposition.

7.    The Deposing Party Counsel is responsible for arranging, and covering the cost of,
the court reporter, videographer, and any other vendor retained to assist with the
Remote Deposition and needed to comply with the terms of this Protocol.  For any
non-Party depositions where both Plaintiff and Defendants have noticed a
Witness's Remote Deposition for the same day, the Party who first noticed the
Witness's deposition shall arrange for the above, except that the Parties will split
the costs evenly for the Remote Deposition services that they both request.

8.    All Party and non-Party depositions in this action, with the exception of expert
depositions, shall be Remote Depositions unless otherwise agreed to by the Parties
and/or non-Party, or unless otherwise ordered by the Court.  In the event a non-
Party Witness raises a reasonable objection to a Remote Deposition, the Deposing
Party Counsel and the relevant non-Party shall negotiate in good faith about the
format of the deposition.

### III.    DEPOSITION TECHNOLOGY

1.    The court reporter will make a real-time live feed of the deposition transcript
available to all Deposition Participants other than the Witness, who is not permitted to
use a real-time live feed, with each Deposition Participant bearing its own costs for its
use of any real-time live feed.  The court reporter may participate in the Remote
Deposition remotely and will not be required to be physically present in the same
room as the Witness.

2.    All Deposition Participants will use secure, end-to-end encryption videoconferencing.
Audio dial-in through the Platform will be available for Deposition Participants
unable to participate via videoconferencing, provided that the Witness and Primary
Counsel must participate with their video feed switched on.  Deposition Participants
will be provided virtual break-out rooms that may be utilized during breaks, only if
the vendor providing the videoconferencing services can provide them at no extra
cost, or if the Deposition Participants requesting a break out room bear their own
costs for a break-out room.

3.    The secure videoconferencing Platform will be hosted by the court reporting service.
Hosting or co-hosting privileges will not be given to the other Deposition
Participants.

4.    Deposition Participants are responsible for ensuring that they have the proper
hardware, software, and other equipment to participate in the Remote Deposition.

5.    The Witness's Counsel, the Witness (or his/her designee), and/or Deposing Party
Counsel may participate in a scheduled technology "test run" on prior to each
scheduled deposition to ensure that the videoconferencing software functions

properly.  The Witness's Counsel, the Witness (or his/her designee), and Deposing Party Counsel may schedule test runs at different times.  The Witness's Counsel and Deposing Party Counsel will notify the other of any unresolved technological issues that arise during the test run so that they can be remedied in advance of the Remote Deposition.

6.     Remote Depositions subject to this Remote Deposition Protocol shall be recorded by stenographic means, with expenses allocated as described in Paragraph II.7 above and in this Paragraph.  The Remote Deposition also may be recorded by audiovisual means at the election of either side, at the electing side's expense.  Each Party will bear its own costs for any transcripts and video recordings, as well as any real time services.  The only recording of the Remote Deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporter to record only when the Remote Deposition is on the record.  The court reporter will disable any other "record" function in the secure videoconferencing Platform, and the Parties will not use any other means to record the Remote Deposition.  The court reporter will certify the accuracy of the video recording.

## IV.    TECHNICAL DIFFICULTY

1.     The court reporter will provide a telephone number for the Primary Counsel to use in the event that any of them become disconnected or are otherwise experiencing technical difficulties during the Remote Deposition.  The Parties and/or Primary Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

2.      If technical difficulties result in the inability of any Primary Counsel or the Witness to receive either the audio or video feed of a Remote Deposition or to share exhibits electronically during the Remote Deposition, the Remote Deposition shall be suspended.  Any remaining Deposition Participant(s) shall note any such disconnection on the record as soon as they become aware of it.  The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the CMSO.  The Remote Deposition must immediately be suspended until all disconnected Primary Counsel and the Witness have re-joined the Remote Deposition and have full access to both audio and video.  Any portion of the Remote Deposition that has been transcribed while a Primary Counsel was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in his or her absence.  If the technical difficulties cannot be resolved, then the Remote Deposition shall be suspended until the concerns are resolved by the Parties or, if necessary, by order of the Court.

3.      If at any time the court reporter indicates that he or she is unable to transcribe the Remote Deposition due to technical difficulties, the Remote Deposition shall be suspended and the Parties shall attempt to resolve those issues.  The suspended time will not count against the hours allowed for a deposition under the Federal Rules of Civil Procedure or the Scheduling Order.  If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the Remote Deposition shall be suspended.

4. Each Primary Counsel reserves the right to halt the deposition due to technical issues or disruption and, after making a good faith effort to resolve the issue or disruption, continue the deposition at a later date or time, subject to the requirements of the CMSO.

5. If technical difficulties arise during the taking of a Remote Deposition, Primary Counsel for the Parties and the Witness must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties arise which make the completion of a Remote Deposition impracticable, Participating Counsel and the Witness shall resume the Remote Deposition at the earliest mutually convenient opportunity.

## V.    EXHIBITS

1. The Parties agree that the preferred method of marking and using exhibits for a Remote Deposition is through the Platform enabled for Remote Depositions, which shall enable the Deposing Party Counsel to share exhibits electronically with the Witness, court reporter, and Deposition Participants.

2. Any exhibits used during the examination of the Witness are to be introduced and viewed digitally using the Platform. In the event the exhibits are not pre-marked for identification, the preferred method of marking any exhibits is through the Platform.

3. The Parties will use a Platform that will allow the Witness and Primary Counsel to have a complete electronic copy and personal control of each exhibit when it is introduced remotely via the Platform. The Witness may access the exhibits electronically during the deposition, and Deposing Counsel may direct the Witness's

attention to particular portions of the documents.  The Witness's access to the exhibits will include the ability to view and download each exhibit in its entirety and to control which portions of the document he or she is viewing, and the witness may view the document in its entirety as would be the case in an in-person deposition.  If a Witness downloads exhibits during the deposition, the Witness's Counsel must ensure that the downloaded exhibits are deleted at the conclusion of the deposition.

4.  Further, the Parties agree that any objections that could have been made during the Remote Deposition had Primary Counsel had a complete copy and personal control of an exhibit are preserved and may be asserted by serving notice of such objections within 24 hours of receiving the complete exhibit from the Deposing Party Counsel as set forth in Paragraph V.3 above.

5.  The Parties may request that their Party Witness receive paper exhibits.  The Deposed Party must notify the Deposing Party at least seven (7) business days prior to the deposition that paper exhibits are requested.  Any request for paper exhibits must be made in good faith.  If the Deposed Party is provided with paper exhibits for the Witness to use during the deposition, the Parties agree that the Deposing Party will introduce exhibits on the Platform, as described in Paragraph V.1 and 2. The Deposing Party will make a good faith effort to include all exhibits that will be used during the deposition. For any deposition with paper exhibits, the Deposed Party shall provide to the Deposing Party the name of a local vendor it has retained and with whom the Deposing Party may work to facilitate the production of paper exhibits, with costs of such vendor being borne by the Deposed Party. The Deposing Party shall provide electronic versions of the exhibits to be used in the deposition to the

local vendor no later than 12 p.m. ET two (2) business days prior to the deposition, so that the paper exhibits will be made available in a sealed box at the deposition location at least one (1) business day prior to the deposition. The sealed exhibit box shall be opened by the Witness only at the deposition on the record and on video when instructed to do so by the Deposing Party. Any sealed box that contains confidential business information and/or Personal Data shall be marked as "CONTAINING CONFIDENTIAL BUSINESS INFORMATION AND/OR PERSONAL DATA, SUBJECT TO THE PROTECTIVE ORDER," or similar designation.

6. The hard copy version of the exhibits provided to the Witness are courtesy copies and shall be destroyed immediately after the deposition is concluded. The official record of the deposition will be maintained by the court reporter, and the official record copy of all exhibits will be the electronic version submitted via the Platform during the deposition.

7. If the Witness annotates a paper exhibit, annotations must be shared in real time with the other Deposition Participants by showing on video each completed annotation. Any such paper exhibit annotations shall be transmitted to the court reporting service no later than one (1) business day following the deposition.

## VI. DEPOSITION CONDUCT

1. The Parties agree to meet and confer in good faith regarding the start times for any Remote Depositions.

2. No later than 72 hours in advance of a Remote Deposition, any Participating Counsel, Witness's Counsel, or Witness (if not represented) shall provide to the

Party arranging the Remote Deposition: (1) name of the Witness if the Witness is scheduled to give testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); (2) the location of the Witness during the deposition; (3) the deposition start time; and (4) names and email addresses of any Participating Counsel. The Party arranging the Remote Deposition shall be responsible for providing the participant information to the court reporter. Nothing in this section shall prevent counsel from changing, adding, or removing Participating Counsel later than 72 hours before the deposition, as long as any changes are communicated to the Party arranging the Remote Deposition within a reasonable amount of time in advance of the deposition to allow that Party to inform the court reporter to ensure logistics are in place.

3.    The Deposing Party Counsel will instruct the court reporting service to contact the Deposition Participants in advance of the deposition, and provide the secure videoconferencing login information and audio dial-in. Only Deposition Participants will be permitted to enter the secure videoconference, which will require a unique code comprised of alphanumeric characters. The Witness and/or his or her counsel will promptly notify the Deposing Party Counsel of any revisions to the participating counsel list.

4.    On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel. Similarly, if the Witness is a non-Party, then the Witness or Witness's Counsel shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition. All Primary Counsel and the

Witness will be individually logged onto the Platform with their cameras on and visible at all times during the Remote Deposition.

5. Witness's Counsel may be in the same location as the Witness and each is required to state on the record that he or she is in the same location as the Witness. The Witness and anyone who is in the room with the Witness (including for technical support) will be individually logged onto the Platform during the deposition with a camera (or cameras) capturing both the Witness and Primary Counsel, on and visible at all times through video feed during the Remote Deposition except during breaks. If the Primary Counsel for the Witness is not visible on the same camera along with the Witness, the Primary Counsel for the Witness is required to be visible on a different camera. If all other Witness's Counsel in the room with the Witness are on individual cameras and there is a camera showing everyone in the room, all other Witness's Counsel will turn off their cameras and set their audio to "mute" when the deposition is on the record.

6. All Deposition Participants in a separate room from the Witness, other than the Primary Counsel, will set their audio to "mute" and turn their video camera off to reduce connectivity issues.

7. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Remote Deposition, including any person receiving a live feed or live transcript of the Remote Deposition, must be identified for the record. Any person joining the Remote Deposition after its beginning must be identified at the next break after his or her arrival.

8.    While the Remote Deposition is on the record, the Witness may communicate only with Deposition Participants, and such communications must be made orally.  The Witness will not communicate with the Witness's Counsel or any other person by chat, email, text message, or any other means while the Remote Deposition is on the record.  When the Remote Deposition is off the record, including during breaks, the Witness and the Witness's Counsel may communicate by any means as they would be permitted during an in-person deposition.

9.    With the exception of hardware necessary to view exhibits introduced during the Remote Deposition, the Witness will not have before her or him any hardware, such as a mobile phone or tablet, that is not required to participate in the Remote Deposition, and will close all other windows and programs on her or his computer other than software required to participate in the Remote Deposition.

10.    The Witness may not, without the express consent of counsel for all Parties, review, read, have before them, or otherwise access any document, including handwritten notes, email, text messages, web pages, apps, video, audio, or other material, except (i) expert Witnesses may have copies of their expert submissions; (ii) corporate designees may have copies of materials used to prepare them on the noticed topics, provided that copies of any such materials that the corporate designee may refer to are provided to counsel for all Parties at the beginning of the Remote Deposition; and (iii) documents presented to the Witness as exhibits during the Remote Deposition.

11.    During the Remote Deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, the Internet, text

or instant messaging services, emails, chats, blogs, or websites to obtain information in connection with his or her testimony without the express consent of counsel for all Parties.

## VII.    MISCELLANEOUS PROVISIONS

1.    Based on their experience under this Protocol and the needs of Witnesses, (a) the Parties, or the Parties and any non-Party Witness, may stipulate to modifications of this Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Protocol applicable to all Remote Depositions.

2.    All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply.  All persons attending depositions taken pursuant to this Order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.  In addition, all persons attending Remote Depositions taken pursuant to this Order shall ensure that they can do so in a space that is relatively free from distractions that would interfere with the Remote Deposition.

3.    If a Party or Witness's Counsel for a non-Party Witness learns that a Witness violated this Protocol during the course of the Remote Deposition by either (a) communicating with any counsel or other person in violation of this Protocol; or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Protocol, any counsel aware of the violation agrees to notify all Primary Counsel and to re-open the Remote Deposition.  The Parties, as well as Witness's Counsel, shall produce to the Parties any communications with the Witness in violation of this Protocol or sources

the Witness consulted in violation of this Protocol.  For the avoidance of doubt, communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the Witness and Witness's Counsel during breaks do not violate this Protocol.

4.      By entering into this stipulation and agreement the Parties do not intend to limit their rights to seek relief from the Court if, at any time, any one or all of them determine that Remote Depositions are or have become impractical or prejudicial.

SO ORDERED THIS ___ DAY OF _____, 2024

_____
Honorable Jennifer L. Rochon
United States District Judge

15