**LATHAM & WATKINS** LLP

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

July 1, 2024

<u>**VIA ECF**</u>

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

>        RE:    *FTC v. Tapestry, Inc., et al.* No. 1:24-cv-03109-JLR:  Motion To Compel
>        Subpoena *Duces Tecum* Compliance And To Expedite Briefing

Dear Judge Rochon:

We write on behalf of Defendant Tapestry, Inc. ("Tapestry") to respectfully move the Court to compel non-party handbag seller Cole Haan LLC ("Cole Haan") to produce certain documents and data responsive to Tapestry's May 14, 2024 subpoena *duces tecum* (the "Subpoena"), as narrowed during the meet and confer process.  *See* Ex. A (Tapestry Compromise Ltr. to Cole Haan); Ex. B (Tapestry's Subpoena to Cole Haan).

Cole Haan is indisputably a competitor, which possesses information relevant to this case. Although we have worked with Cole Haan to address its concerns and offered limits and concessions over the last month, Cole Haan refuses to produce *any materials* whatsoever based on unspecified claims of burden and confidentiality concerns.  Cole Haan has not provided any plausible justification for why it should be treated differently from the more than 80 non-parties that have already complied with their legal obligations and produced documents and data in response to subpoenas issued by the merging parties and the FTC.  Consistent with the Court's acknowledgement that "there is some significant discovery that needs to take place," that parties should receive "all the information that they need in order to present this matter to me fully and fairly," and that discovery disputes should be resolved in a manner that "keep[s] the case moving very quickly," Apr. 29, 2024 Hrg. Tr. at 20:3-6, 31:8-13, ECF No. 86, we respectfully request that the Court compel production of the four categories of materials described below by July 15, 2024. We further request that the Court require Cole Haan to file any opposition by July 3, 2024.

### A.    Cole Haan's Documents and Data Are Highly Relevant

In this action, the Federal Trade Commission ("FTC") seeks to preliminarily enjoin Tapestry's proposed merger with Capri Holdings Limited ("Capri") under the theory that their combination will substantially lessen competition in the alleged market for "accessible luxury handbags."  Compl. ¶¶ 1-2, 10, ECF No. 97-1.  The FTC's case requires the FTC to establish a relevant market consisting of "accessible luxury handbags" and that the proposed merger is likely to substantially lessen competition in that market by enabling the merged entity to increase the

Hon. Jennifer L. Rochon
July 1, 2024
Page 2

LATHAM&WATKINS LLP

prices consumers pay for handbags. *See* Mot. for More Definite Statement at 1, ECF No. 74. Information from Defendants' competitors regarding their handbag sales, the competitive landscape, and how they think about competition in the ordinary course of business are crucial to assessing those issues. *See FTC v. Thomas Jefferson Univ.*, 2020 WL 3034809, at *2 (E.D. Pa. June 5, 2020) (noting that information from competitors is "relevant to evaluating [] the product [] market"); *United States v. U.S. Sugar Corp.*, 2022 WL 4544025, at *22 (D. Del. Sept. 28, 2022) (relying on evidence that "many suppliers in the industry view [certain entities] as competitors" when assessing the competitive impact of a merger).

Here, there is no dispute as to whether Cole Haan's handbags compete with those of the merging parties: Cole Haan is concerned about confidentiality because it competes with Defendants, and Cole Haan lists over 70 handbags in numerous styles on its website with listed prices ranging from $110 to $550. The FTC likewise considered Cole Haan to be Tapestry's competitor in its Complaint, along with over 230 other companies, according to a recent FTC interrogatory response. *See* Ex. D, FTC's Supplemental Interrog. Resp. at 7, 9-10 (listing Cole Haan as "a competitor of Coach, Michael Kors, and Kate Spade in the relevant antitrust market"). Indeed, the FTC issued a subpoena to Cole Haan as well, which Cole Haan has refused to comply with. There is also no dispute as to the relevance of its data and documents to this case, as Cole Haan has not objected on relevance grounds. Cole Haan cannot simply ignore Tapestry's Subpoena in this matter.

## B.    Defendants Diligently Attempted to Secure Compliance with the Subpoena

Prior to filing this Motion, Defendants met and conferred with Cole Haan on multiple occasions regarding the Subpoena in an attempt to narrow the scope and reduce Cole Haan's burden. *See* Ex. A at 2-3; Ex. E. Cole Haan asserted blanket general objections to producing any materials in a May 27, 2024 Letter (Ex. C), and has maintained those objections. Tapestry conferred with Cole Haan by phone on June 3, narrowed its discovery requests on June 4 as a compromise, and conferred by phone again on June 11. But on June 24, Cole Haan reasserted that it "is not producing information to either Defendant or the FTC due to the confidentiality and burdensomeness concerns" stated in its May 27 Letter. Ex. E at 5. On June 25, 2024, Tapestry proposed further limiting the scope of the Subpoena and offered to deem compliance with the Subpoena satisfied if Cole Haan produced materials responsive to these four narrowed requests:

1.  **Request 1**: Data, as maintained in the ordinary course, sufficient to show Your U.S. handbag sales on a monthly basis, in units and revenue, from January 1, 2019 through April 31, 2024. If maintained in the ordinary course, that data should also be separated by sales channel, and provide sufficient information to identify revenues net of returns and discounts.

2.  **Request 2**: The findings of any U.S. handbag consumer survey, focus group, or other consumer study on purchasing habits, brand positioning, or consumer preferences from January 2022 to the present.

3.  **Request 3**: Documents sufficient to show the results of any formal assessment of competition for the sale of Your handbags in the United States from January 2022 to the

LATHAM&WATKINS LLP

present. If such presentations were prepared in connection with any fundraising effort, those would fall within the scope of this narrowed request.

4. **Request 4**: Documents sufficient to show the countries in which Your handbags are manufactured and assembled, and the percentage of Your handbags manufactured and assembled in each country.

On July 28, Cole Haan again asserted in writing that it would not produce any materials in response to the subpoena absent a Court order. *See* Ex. E at 1.

### C.    Cole Haan Lacks Any Basis To Withhold Responsive Documents

Information about competitors' products and sales is plainly relevant to assessing market definition, market shares, and competitive effects in a merger litigation. *See supra* Part A. And the FTC has put at issue handbag manufacturing locations by alleging that plays a role in whether a handbag fits the FTC's view of an "accessible luxury" product. *See* Compl. ¶¶ 3, 42. As the objecting party, Cole Haan must "demonstrate an undue burden" would arise from complying with the four narrow requests above; it must "explain the manner and extent of the burden, as well as the consequences of compliance." *In re Novartis & Par Antitrust Litig.*, 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020). Cole Haan's less-than-two-page objection letter does none of that. It is instead a textbook example of using "[b]oilerplate objections that include unsubstantiated claims of undue burden . . . while producing 'no documents,'" which is "a paradigm of discovery abuse." *Freydl v. Meringolo*, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011). Cole Haan also does not deny that it possesses responsive information. Instead, Cole Haan refuses to produce any materials based on two objections: (1) burden; and (2) confidentiality. Neither objection has merit.

As to undue burden, the above requests are tailored to seek easily locatable materials maintained in the ordinary course by businesses that make and sell handbags. More than 80 non-parties have produced materials responsive to these four requests or similar requests, often in less than two or three weeks after receiving a subpoena. Those experiences, combined with Cole Haan's failure to articulate any specific or detailed burden, defeat this objection. *See Macklin v. Sparta Ins. Co.*, 2022 WL 4592803, at *14 (S.D.N.Y. Sept. 30, 2022) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient . . . .").

As to confidentiality, bald claims that the Court's Protective Order would not safeguard the confidentiality of third-party materials are no basis to refuse to comply with the Subpoena. *See, e.g.*, *Dial Corp. v. News Corp.*, 2015 WL 3778533, at *13 (S.D.N.Y. May 19, 2015) (finding protective order was "sufficient" to protect the interests of a competitor third party); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004) (finding the "presence of the confidentiality agreement and protective order" obviated third-party's confidentiality concern in antitrust action).

For the foregoing reasons, Tapestry respectfully requests that the Court compel Cole Haan to promptly produce documents in response to Request Nos. 1 through 4 above.

Hon. Jennifer L. Rochon
July 1, 2024
Page 4

**LATHAM&WATKINS** LLP

Respectfully submitted,

/s/   *Alfred C. Pfeiffer*

Alfred C. Pfeiffer (admitted *pro hac vice*)
of LATHAM & WATKINS LLP

*Counsel for Defendant Tapestry, Inc.*

CC:
- All Counsel of Record (via ECF);
- Matthew A. Braunel (mbraunel@thompsoncoburn.com), Counsel for Cole Haan

Enclosure:
- Ex. A, June 25, 2024 Letter from Tapestry to Cole Haan
- Ex. B, May 14, 2024 Subpoena from Tapestry to Cole Haan
- Ex. C, May 27, 2024 Subpoena Response Letter from Cole Haan
- Ex. D, May 31, 2024 FTC Suppl. Objs. & Resps. to Defs.' First Interrogatory
- Ex. E, Email Correspondence Between M. Braunel (Cole Haan) and D. Johnson (Tapestry)