# EXHIBIT A

**LATHAM & WATKINS LLP**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

June 25, 2024

<u>VIA E-Mail</u>

Matthew A. Braunel
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101

      RE:    <u>*Federal Trade Commission v. Tapestry, Inc., et al.* No. 1:24-cv-03109-JLR (S.D.N.Y.) – Subpoena *Duces Tecum* To Cole Haan LLC</u>

Counsel:

      We write on behalf of Defendant Tapestry, Inc. ("Tapestry") regarding the subpoena *duces tecum* it served upon Cole Haan LLC ("Cole Haan") on May 14, 2024 (the "Subpoena"). To date, Cole Haan has not produced materials responsive to the Subpoena that are highly relevant to the above-captioned antitrust merger proceeding, including certain handbag sales data, competitive assessments, consumer studies, and handbag manufacturing location information. We have discussed these requests on multiple occasions, by phone and in writing, in an effort to resolve Cole Haan's objections, but Cole Haan has informed us that it will not voluntarily produce these materials in response to the Subpoena, absent a Court order. We write in a final attempt to avoid burdening the Court with this issue and avoiding a motion to compel.

      Information from Tapestry's competitors is undoubtedly relevant to this merger litigation. *See, e.g.*, Ltr. Or. at 1, *FTC v. Hackensack Meridian Health, Inc.*, No. 20-cv-18140 (D.N.J. Mar. 11, 2021), ECF No. 120 (denying motion to quash third-party competitor subpoena in merger litigation); *see also FTC v. Chemence, Inc.*, 209 F. Supp. 3d 981, 987 n.2 (N.D. Ohio 2016) (stating that "market information from third-party competitors [is] relevant to . . . whether [ ] mergers would be anti-competitive and violate antitrust law"). Cole Haan does not dispute that it is one of Tapestry's competitors, as it has voiced concerns in meet and confers with Tapestry over disclosing "competitive information" to a "competitor." Moreover, Cole Haan publicly touts a wide selection of "shoulder bags for women, including over the shoulder bags, leather shoulder bags and more," products that squarely compete with Tapestry's handbags. The FTC likewise believes that Cole Haan is a Tapestry competitor, noting in its Supplemental Responses and Objections to Defendants' First Interrogatory that Cole Haan is a "a competitor of Coach, Michael Kors, and Kate Spade in the relevant antitrust market."

      Although Tapestry has already offered to narrow its Subpoena, in the spirit of cooperation, Tapestry is willing to narrow its Subpoena requests even further in an effort to avoid motion

practice. Tapestry will consider its Subpoena fully satisfied if Cole Haan produces materials responsive to the following four narrowed requests:[1]

1. **Request 1**: Data, as maintained in the ordinary course, sufficient to show Your U.S. handbag sales on a monthly basis, in units and revenue, from January 1, 2019 through April 31, 2024. If maintained in the ordinary course, that data should also be separated by sales channel, and provide sufficient information to identify revenues net of returns and discounts.

2. **Request 2**: The findings of any U.S. handbag consumer survey, focus group, or other consumer study on purchasing habits, brand positioning, or consumer preferences from January 2022 to the present.

3. **Request 3**: Documents sufficient to show the results of any formal assessment of competition for the sale of Your handbags in the United States from January 2022 to the present. If such presentations were prepared in connection with any fundraising effort, those would fall within the scope of this narrowed request.

4. **Request 4:** Documents sufficient to show the countries in which Your handbags are manufactured and assembled, and the percentage of Your handbags manufactured and assembled in each country.

Tapestry makes these final narrowed requests after multiple prior efforts to obtain Cole Haan's compliance with the Subpoena voluntarily. An account of those efforts is set forth below.

- On May 14, 2024, Tapestry served the Subpoena via process server.

- On May 27, 2024, Cole Haan submitted responses and objections to the Subpoena, noting that it would refuse to produce documents on grounds of overbreadth, burden, and confidentiality. Cole Haan did not articulate with any specificity the burden or expense associated with complying with the Subpoena. In addition, Cole Haan did not represent that there were no materials in its possession, custody, or control responsive to any Subpoena Request.

- On June 3, 2024, Tapestry and Cole Haan met and conferred by phone regarding the Subpoena Requests. In response to Cole Haan's concerns over the confidentiality of materials produced pursuant to the Subpoena, Tapestry confirmed that non-party materials designated "Confidential" may not be shared with Cole Haan's competitors, including Capri and Tapestry, pursuant to the Protective Order that the Court has entered in this case. Furthermore, to reduce any burden on Cole Haan complying with the Subpoena, Tapestry noted that a very targeted production of data and documents created in the ordinary course of business responsive to Subpoena Request Nos. 1–4, 6–7, 10, and 15 would suffice to

---

[1] Unless otherwise modified, words in these Requests that are defined in the Subpoena carry the meaning set out in the Subpoena.

2

- substantially comply with the Subpoena. Cole Haan's counsel agreed to consider this proposal.

- On June 4, 2024, Tapestry committed in writing, by email, its positions on the narrowed scope of the Subpoena and the confidentiality of any materials that Cole Haan produces in response to the Subpoena.

- On June 11, 2024, Tapestry and Cole Haan meet and conferred again by phone again. Tapestry reiterated that any materials that Cole Haan produces and designates Confidential would not be shared with Cole Haan's competitors under the plain terms of the Protective Order. Tapestry also confirmed that ordinary-course data and documents responsive to Subpoena Request Nos. 1–4, 6–7, 10, and 15 would suffice to substantially comply with the Subpoena.

- On June 13, 2024, Cole Haan's counsel emailed Tapestry, stating that it was considering Tapestry's proposal and would respond shortly.

Despite the attempts described above to obtain Cole Haan's voluntary compliance with the Subpoena, Cole Haan informed us on June 24, 2024, that it will not produce any responsive materials. If Tapestry's offer to consider the Subpoena fully satisfied in exchange for compliance with the four narrowed Requests described above changes Cole Haan's position, or if Cole Haan has a counterproposal, we are available to meet at your convenience on Wednesday, June 26, 2024. Please let us know if that is the case.

If we do not hear from you, we will assume that Cole Haan maintains that it will not produce any materials in response to the Subpoena.

We look forward to hearing from you.

Sincerely,

*/s/ David L. Johnson*
David L. Johnson
of LATHAM & WATKINS LLP

*Counsel for Defendant Tapestry, Inc.*