# EXHIBIT B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Federal Trade Commission ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:24-cv-03109-JLR |
| Tapestry, Inc., and Capri Holdings Limited ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Cole Haan LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020 | Date and Time:<br>05/28/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2024

CLERK OF COURT                                    OR    *David L Johnson*
_____                        _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Tapestry, Inc. , who issues or requests this subpoena, are:

David L. Johnson, 555 Eleventh Street NW Suite 1000 Washington, D.C. 20004-1304 david.johnson@lw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03109-JLR

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DOCUMENTS REQUIRED TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

From January 1, 2019 to the present, Documents sufficient to show any competition with, plan to compete with, or competitive monitoring of any Capri Handbag, any Tapestry Handbag, any Handbag marketed as "accessible luxury," "affordable luxury," "aspirational luxury," "approachable luxury," "mass market," "true luxury," "European luxury" or any similar segmentation terminology, or any Handbag with a list price of $3,000 or less.

**REQUEST FOR PRODUCTION NO. 2:**

From January 1, 2019 to the present, all Documents between or amongst You and Your financial advisors, investment bankers, rating agencies, board of directors, shareholders, owner-members, or other investors relating to competition for the sale or manufacture of Handbags in the United States, the strengths or weaknesses of Your Handbag business, Handbag supply, demand, or market share, or efforts to expand or increase Your Handbag sales, product quality, brand awareness, brand value, price, or market share.

**REQUEST FOR PRODUCTION NO. 3:**

From January 1, 2019 to the present, any survey, polling, focus group, study, or analysis of Your Handbag Customers' income demographics, purchasing habits or preferences, path to purchase, purchasing considerations, brand or product loyalty, brand or product preferences, brand awareness, brand valuation, or price sensitivity.

**REQUEST FOR PRODUCTION NO. 4:**

From January 1, 2019 to the present, Documents sufficient to show the percentage of Your customers or customers of any other Handbag brands associated with ranges of household income, including, but not limited to, customers who earn less than $75,000 a year, customers who earn less than $80,000 a year, and customers who earn in excess of $100,000 a year.

**REQUEST FOR PRODUCTION NO. 5:**

From January 1, 2019 to the present, Documents sufficient to show Your strategy, if any, with respect to the frequency, timing, and amount of discounts to Your Handbags and the factors considered in setting discounting strategy, including Handbags sold through disposition, discount, or outlet channels.

**REQUEST FOR PRODUCTION NO. 6:**

From January 1, 2019 to the present, Documents sufficient to identify Your total monthly Handbags sales in volume and in dollars, stated separately for each SKU and separately for sales to Wholesale Customers and non-Wholesale Customers.

**REQUEST FOR PRODUCTION NO. 7:**

From January 1, 2019 to the present, for Your Handbag sales, sales data as maintained in the ordinary course of Your business sufficient to identify: (1) SKU sales; (2) units sold; (3) sale price; (4) value of discounts applied, if applicable; (5) net price; (6) gross sales margin; (7) sales channel (e.g., retail store, outlet store, online); (8) sale date; (9) customer type (e.g., Wholesale or non-Wholesale). Data should be produced for

the narrowest time period maintained in the ordinary course of Your business, but no more aggregated than at the monthly level.

**REQUEST FOR PRODUCTION NO. 8:**

From January 1, 2019 to the present, Documents sufficient to identify Your Handbag sales revenues, cost of goods sold, margins, and marketing (including advertising) spend by month and by year, or in the narrowest time interval that You maintain in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 9:**

From January 1, 2019 to the present, Documents sufficient to identify the amount You paid for Handbag search advertising opportunities, all keywords and negative keywords on which You submitted search advertising bids, and all reports, summaries, or analyses regarding potential Customer engagement with Your search advertisements.

**REQUEST FOR PRODUCTION NO. 10:**

From January 1, 2019 to the present, Documents sufficient to identify each physical store in the United States that You have owned, operated, leased, licensed, or franchised, or that You plan to own, operate, lease, license, or franchise, that sells, has sold, or will sell Handbags, and for each such store the (1) store trade name or brand; (2) type of store (e.g., retail store, outlet store, etc.); (3) address; (4) original opening date or planned opening date; (5) closing date, if applicable; (6) monthly and yearly Handbag sales revenue; (7) monthly and yearly unit sales volume by SKU; and (8) number of retail staff employed.

**REQUEST FOR PRODUCTION NO. 11:**

For each year from January 1, 2019 to the present, documents sufficient to identify Your number of employees, separated by employment title.

**REQUEST FOR PRODUCTION NO. 12:**

From January 1, 2019 to the present, Documents sufficient to identify each Website that you have owned, operated, leased, or licensed that has sold Your Handbags to Customers in the United States and for each such Website: (1) monthly and yearly Handbag sales revenue; (2) monthly and yearly unit sales volume by SKU; and (3) whether the Website sells Handbags full-price or for off-list prices (i.e., is a discount seller).

**REQUEST FOR PRODUCTION NO. 13:**

From January 1, 2019 to the present, Documents and communications sufficient to show any monitoring or analysis of, efforts to combat, or competition with any counterfeit Handbags.

**REQUEST FOR PRODUCTION NO. 14:**

From January 1, 2023, to the present, any Communications with or Documents received from or provided to the FTC or any agency, department, legislative body, or government representative of the United States or any State relating to the Proposed Transaction.

**REQUEST FOR PRODUCTION NO. 15:**

For each Handbag SKU included in any data produced in response to these Requests, Documents sufficient to identify (e.g., a data dictionary) the Handbag name, brand, type (e.g., clutch, cross-body, tote), material, color, size, production year, all

4

Manufacturers, whether in whole or in part, all Manufacturer locations, whether it is categorized as a Men's or Women's Handbag, and other identifying or characteristic information You associate with a Handbag SKU in the normal course of Your business.

## **INSTRUCTIONS**

1. Unless otherwise stated, all Requests are limited to Handbag sales made in or to Customers in the United States.

2. This Subpoena and any documents you produce pursuant to this Subpoena will be subject to a Protective Order entered by the federal court presiding over this Litigation, a copy of which is attached to this Subpoena, or will be sent after it is entered by the Court.

3. Pursuant to the Court's Case Management Order, all discovery taken in this litigation may be used in connection with the Part 3 administrative proceeding before the Federal Trade Commission's Administrative Law Judge, *In the Matter of Tapestry, Inc.*, Docket No. 9429 (F.T.C.). *See* Case Management and Scheduling Order ¶ 16, ECF No. 71.

4. These Requests require You to produce responsive Documents that are within your possession, custody, or control, including Documents in the possession of Your agents or affiliates.

5. In responding to these Requests, You are to produce the responsive Documents requested herein in the form in which they are or were maintained and used in the usual course of business, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).

6. Documents attached to each other shall not be separated.

7. All Documents produced must be sent simultaneously to counsel for the Defendants and to counsel for the Plaintiff.

8. For the purpose of reading, interpreting or construing the scope of the Requests, the terms should be given their most expansive and inclusive interpretation.

9. Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions. Although there may be some overlap, no Request should be understood to limit any other Request.

10. The Definitions provided herein shall apply to the terms defined regardless of capitalization.

11. All Documents produced must bear Bates labels.

12. Electronically Stored Information ("ESI") must be produced in a form or forms that facilitate efficient review of ESI. Produce documents in bates numbered image format (CCITT Group IV single-page TIFF format in black and white and 300 dpi) with standard Concordance/Relativity load files containing metadata, including, but not limited to: BegBates; EndBates; BegAttach; EndAttach; Custodian; Custodians All; To; From; Cc; BCC; Email Subject; Author; Date Created; Date Last Modified; Date Sent; Time Sent; Date Received; Time Received; File Name; File Path; File Extension; Native Link; Text Link. Excel, PowerPoint, and other files that cannot be rendered in image format (e.g., media files, etc.) can be produced in native format. If You cannot meet these requirements, or it would be burdensome to do so, then the we can meet and confer on format. Responsive ESI that has already been produced to any government agency or entity may be produced in the same format in which it was produced to that entity.

13. If Documents are withheld (in whole or in part) under any claim of privilege or other protection from discovery, including attorney-client privilege and/or work product doctrine, You are required to log privilege and identify each such Document and state the specific basis for the claim of privilege for each Document withheld, as well as providing

the following information: (1) the date appearing on the Document, or, if no date appears thereon, the date or approximate date on which the Document was prepared; (2) a description of the general nature of the Document (e.g., whether it is a letter, memorandum, e-mail, etc.); (3) the author of the Document; and (4) the identity of each person to whom the Document was sent (including copy recipients and blind copy recipients).

14. If any Request cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

15. If You object to any Request made herein as unduly broad, identify the categories of Documents within the scope of the Request that you believe are properly discoverable, produce all such Documents, and state, with particularity, your reason for asserting that the remainder of the Request seeks Documents that are beyond the scope of permissible discovery.

16. These Requests are continuing in nature. If further information, evidence, or documentation comes into your possession, custody, or control, or is brought to the attention of you, your attorney, or your agents at any time subsequent to the service of any responses or production of any Documents, prompt and complete supplementation of the responses to these Requests and the corresponding production is required pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

17. The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed either disjunctively or

conjunctively, as necessary by context, to bring within the scope of these Requests all information and Documents that might otherwise be interpreted to be beyond their scope by any other construction.

## **DEFINITIONS**

1. "Capri" means Capri Holdings Limited and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, any predecessor business entities, whether incorporated or not, as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.

2. "Capri Handbag" means any Handbag offered for sale by Michael Kors, Versace, or Jimmy Choo.

3. "Customer" means the direct purchaser of any Handbag, whether a Wholesale Customer (e.g., department store), end-consumer, or otherwise.

4. "Document(s)" means, and is equal in scope to, the term "documents or electronically stored information" as used in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation data files. Each draft or non-identical copy is a separate "Document," as the term is defined herein.

5. "Electronically Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained.

6. "Facility" means any store, distribution center, fulfillment center, manufacturing plants, outlet, or any building related to Handbags.

7. "FTC" means the U.S. Federal Trade Commission, any of its divisions, bureaus, offices, Commissioners, and all its attorneys, including employees, agents, and representatives of the foregoing.

8. "Handbag" means women's and men's bags and cases used for common everyday purposes, such as handbags, backpacks, duffel bags, cross-body bags, business bags, and other small bags.

9. "Litigation" means the federal court proceeding *Federal Trade Commission v. Tapestry, Inc., et al.*, Civil Action No. 24-cv-3109, originally filed in the U.S. District Court for the Southern District of New York, and any subsequent court to which the proceeding may be transferred.

10. "Person(s)" means all natural persons and all entities, including without limitation any organizations, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, legal entities, governmental agencies, legal representatives, trusts, or estates.

11. "Proposed Transaction" means the proposed acquisition of Capri Holdings Limited by Tapestry, Inc.

12. "SKU" means a stock-keeping unit or other product number that You use to track inventory and sales.

13. "Tapestry" means Tapestry, Inc. and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, any predecessor business entities, whether incorporated or not, as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.

14. "Tapestry Handbag" means any Handbag offered for sale by Coach, Kate Spade New York, or Stuart Weitzman.

15. "Website" means any online webpage, account, social media profile, or other online or digital platform through which you engage with potential Customers about Your Handbags.

16. "Wholesale Customer" means any Customer that buys Handbags from You for resale and includes, but is not limited to, department stores and third-party distributors.

17. "You," or "Your," "Cole Haan," or the "Company," refers to Cole Haan LLC and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, predecessor business entities (whether incorporated or not), as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.