# EXHIBIT C



One US Bank Plaza
St. Louis, MO 63101

314 552 6000  main
314 552 7000  fax
thompsoncoburn.com

**Matthew A. Braunel**
314 552 6106 direct
mbraunel@thompsoncoburn.com

May 27, 2024

David L. Johnson                          Nicole Lundquist
Latham & Watkins LLP                       Federal Trade Commission
1271 Avenue of the Americas               600 Pennsylvania Avenue NW
New York, NY 10020-1401                   Washington, DC 20580
Email: djohnson@lw.com                    Email: nlindquist@ftc.gov

RE:    Respective Subpoenas from Tapestry and the Federal Trade Commission in
       *Federal Trade Commission v. Tapestry Inc., and Capri Holdings Limited*, Case No. 1:24-
       cv-03109-JLR (S.D.N.Y.)

Counsel,

Cole Haan received subpoenas from Tapestry and the FTC in the above referenced matter.  This
letter serves as Cole Haan's objections to both subpoenas.  As a third party, Cole Haan is entitled
to the protections of F.R.C.P. 45.  Both Tapestry and the FTC have obligations to take reasonable
steps to avoid creating an undue burden or expense for Cole Haan to respond to the
subpoena.  Neither subpoena provides these protections to Cole Haan.

Tapestry's subpoena places obligations beyond those required by the Federal Rules of Civil
Procedure on Cole Haan.  For instance, Tapestry's subpoena uses broad definitions of entities
that include "related companies . . . subsidiaries, parents, affiliated corporate entities, any
predecessor business entities, whether incorporated or not" including "agents, representatives
and attorneys thereof."  Cole Haan cannot reasonably identify the entities included under these
definitions.  Tapestry's definition of "Litigation" includes *future* courts, which cannot be
reasonably ascertained by Cole Haan and which could place undue burden on Cole
Haan.  Further, much of the information requested by Tapestry is highly confidential business
information that is not shared outside of Cole Haan.  Cole Haan was not afforded the opportunity
to participate in the negotiation of the stipulated protective order, which allows for disclosure of
Cole Haan information to individuals who sign Exhibit A, without providing Cole Haan the
opportunity to object.  Further, Cole Haan is a Delaware entity with its principal place of
business in New Hampshire and does not agree that the parties to this lawsuit can shift the
burden to Cole Haan to file a motion with the Court in the Southern District of New York to
protect its confidential information from disclosure.  Many of Tapestry's requests are overly
broad and unduly burdensome, including, for example, requests with scopes that are not capable
of being reasonably ascertained such as "plans to compete with", "competitive monitoring",
"strengths or weaknesses of Your Handbag business" and "purchasing habits."

May 27, 2024
Page 2

The FTC's subpoena is also overbroad and unduly burdensome, requesting, for instance, for Cole Haan to translate documents into English and identify persons and documents in response to document requests.  Further, the FTC subpoena requests Cole Haan conduct "a complete search of all files of the Company" which is not required by F.R.C.P. 26 or provide a "best estimate" when "exact information" is not available.  The FTC's subpoena also uses broad definitions that are not reasonably ascertainable, including that parties' names include "officers, directors, employees . . . or affiliates" and joint ventures that include a partial ownership in Tapestry.  Cole Haan cannot reasonably know all of Tapestry or the FTC's employees or affiliates, or Tapestry's participation in joint ventures.

As a courtesy, to the best of Cole Haan's knowledge, Cole Haan has not shared documents or information with the FTC, Tapestry or Capri regarding this matter.

Cole Haan expressly reserves all its rights, in both law and equity, in this matter.

Very truly yours,

Thompson Coburn LLP


By *Matt Braunel*

    Matthew A. Braunel
    Partner