# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>    v.<br><br>TAPESTRY, INC.,<br><br>    and<br><br>CAPRI HOLDINGS LIMITED,<br><br>      Defendants. | Case No. 1:24-cv-03109-JLR<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST INTERROGATORY** |

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Local Rules 26.3 and 33.3 of the Southern District of New York, and the Case Management and Scheduling Order, Docket No. 71, Plaintiff Federal Trade Commission ("FTC") submits these Supplemental Objections and Responses to Defendants' First Interrogatory to Plaintiff Federal Trade Commission ("Defendants' Interrogatory").

  The FTC reserves the right to assert additional objections to Defendants' Interrogatory and to amend or supplement these objections and responses as necessary.

      **GENERAL OBJECTIONS TO DEFENDANTS' INTERROGATORY**

  The following General Objections are hereby incorporated by reference into the following response:

  1. These responses are made solely for the purposes of this action. Each response is without waiver or limitation of the FTC's right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the

use of any documents or information in any subsequent proceeding in, or hearing or trial of, this or any other action. The FTC hereby reserves the right to raise and rely upon such other and further objections as may become apparent during the course of responding to discovery.

2.  The FTC objects to Defendants' Interrogatory to the extent it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, attorney work product doctrine, government deliberative process privilege, common-interest privilege, investigative privilege, or any other privilege, doctrine, or protection as provided by any applicable law including those that may be asserted by a government agency, entity, or official. Documents and information covered by such privileges and doctrines are not subject to disclosure. Nothing contained in these responses, including any inadvertent disclosure of privileged information is intended to be, and may not be construed as, a waiver of any applicable privilege or doctrine.

3.  The FTC objects to Defendants' Interrogatory to the extent that it calls for information that is exempted from discovery under the Case Management and Scheduling Order, Docket No. 71.

4.  The FTC objects to Defendants' Interrogatory to the extent it expressly or impliedly seeks proprietary, confidential, financial, trade secret, or commercially sensitive information from third parties that could harm third parties' competitive or business positions or result in a breach of the FTC's obligation to maintain the confidentiality of such information. Any confidential or proprietary information will be produced pursuant to the Protective Order in this action, or any modifications thereto.

5.  The FTC objects to Defendants' Interrogatory to the extent it concerns matters or issues that are beyond the scope of the allegations in the Complaint filed in the above-captioned

matter, to the proposed relief, or to the defenses of Defendants as set forth in their Answers, on the grounds that such discovery is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6. The FTC objects to Defendants' Interrogatory to the extent that it seeks discovery that is available to Defendants from their own files, own employees, or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for the FTC.

7. The FTC objects to Defendants' Interrogatory to the extent it calls for a premature response to contention interrogatories exceeding the scope of Local Civil Rule 33.3(c).

8. The FTC objects to Defendants' Interrogatory to the extent it impermissibly seeks the premature and non-reciprocal disclosure of expert information or requires the FTC to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery, in advance of deadlines set by the Court for such disclosures. The FTC will submit its expert report(s) in accordance with the deadlines set forth in the Case Management and Scheduling Order, Docket No. 71.

9. The FTC objects to each Interrogatory, Definition, and Instruction to the extent it is inconsistent with or purports to require the FTC to take measures above and beyond the requirements of the Local Rules of the Southern District of New York, the Federal Rules of Civil Procedure, applicable case law, any Court Rules, Orders, or Stipulations entered in this case, or any other agreements among the parties in this case. The FTC reserves all rights pursuant to any Stipulations subsequently agreed to or entered by the Court and expressly incorporates all terms herein.

10. The FTC objects to each Definition, Instruction, and Interrogatory to the extent that it is vague, ambiguous, overly broad, unduly burdensome, fails to describe the information sought with the required reasonable particularity, requires unreasonable efforts or expense on behalf of Plaintiff, or uses terms that are undefined or not susceptible to a single meaning. The FTC further objects to each Interrogatory, Definition, and Instruction to the extent that each Interrogatory Definition, and Instruction seeks discovery that is not proportional to the needs of the case.

11. The FTC objects to Defendants' Interrogatory to the extent that it calls for the production of information that the FTC has already provided to Defendants. To the extent that the FTC has provided or will provide documents sufficient to answer any Interrogatory, the FTC will identify those documents as provided for in Federal Rule of Civil Procedure 33(d).

12. The FTC objects to the Definitions to the extent they are inconsistent with Local Rule 26.3, and where there is any inconsistency, the FTC will apply the more narrow definition, pursuant to Local Rule 26.3(a)(3).

13. The FTC objects to the Definition of "Identify" as vague, ambiguous, and inconsistent with Local Rule 26.3(c)(3) and (c)(4).

14. The FTC objects to the Definition of the term "including" as vague and ambiguous.

15. The FTC objects to the Definition of the term "Person(s)" as inconsistent with Local Rule 26.3(c)(6).

16. The FTC objects to the Definition of the terms "Regarding" and "relating to" as vague and ambiguous.

17. The FTC objects to the Definition of the term "Third Party" to the extent it incorporates a definition of "Person" that is inconsistent with Local Rule 26.3(c)(6).

18. The FTC objects to the Definition "You" and "Your" as inconsistent with Local Rule 26.3(c)(5).

19. The FTC objects to Instruction 2 to the extent it calls for information not within the FTC's knowledge.

20. The FTC objects to Instruction 4 to the extent it calls for objections beyond those which controlling case law and the federal rules require.

21. The FTC objects to Instruction 7 to the extent it calls for the FTC's contentions on any issue of fact or law in a manner that is inconsistent with the Case Management and Scheduling Order, Doc. No. 71 or the Federal Rules of Civil Procedure or Local Rules.

22. The FTC, in responding to Defendants' Interrogatory, does not concede to the relevance or admissibility of any information sought through Defendants' Interrogatory, and reserves the right to challenge such relevance or admissibility.

23. No incidental or implied admissions are intended by the responses herein. The fact that the FTC has responded or objected to Defendants' Interrogatory should not be taken as an admission that the FTC accepts or admits the existence of any "facts" set forth or assumed by Defendants' Interrogatory. The fact that the FTC has answered part or all of Defendants' Interrogatory is not intended to be, and shall not be construed to be, a waiver by the FTC of any part of any objection to Defendants' Interrogatory.

24. Each of these General Objections is incorporated into the FTC's response to Defendants' Interrogatory as though fully set forth therein. The FTC will not respond to Defendants' Interrogatory to the extent objected to except as set forth herein.

25. Subject to all General and Specific Objections contained herein, the FTC will answer Defendants' Interrogatory to the best of its knowledge at the present time, based upon its investigation to date, in accordance with the schedule in the Case Management and Scheduling Order, Docket No. 71. The FTC states that discovery is ongoing, and the FTC specifically reserves the right to supplement and amend these responses, including the interposition of additional or different objections, when and if it becomes necessary after further investigation and discovery.

**SPECIFIC OBJECTIONS AND RESPONSE TO DEFENDANTS' INTERROGATORY**

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, the FTC states its specific objections and responses to Defendants' First Interrogatory.

**INTERROGATORY NO. 1**

*Identify each Person You have included as a competitor of Coach, Michael Kors, and Kate Spade in the relevant antitrust market in your Complaint, as You stated at the hearing on May 13, 2024. See Hr'g Tr. 21:5-7 (May 13, 2024).*

**OBJECTIONS TO INTERROGATORY NO. 1**

The FTC incorporates by reference its General Objections. The FTC objects to this Interrogatory to the extent that it seeks information, including but not limited to, mental impressions of counsel, created by, created at the direction of, or held by any participant in the FTC's review of or investigation into the Proposed Transaction that is protected by attorney-client privilege, the work product doctrine, the common interest doctrine, the deliberative process privilege, or any other applicable privilege, protection, doctrine, or immunity. The FTC

6

objects to this Interrogatory to the extent that it requires information about "competitor[s]" on the grounds that this term is vague, ambiguous, and undefined.

The FTC objects to this Interrogatory as premature because it seeks information and evidence subject to ongoing factual discovery, which is not scheduled to close until July 26, 2024, and to the extent it seeks information and evidence which may be the subject of expert discovery, which is not scheduled to close until August 20, 2024. The FTC objects to the extent this interrogatory constitutes a premature contention interrogatory. The FTC notes that fact and expert discovery in this case is ongoing, and objects to the extent that any response may be interpreted as precluding the FTC from making assertions and contentions regarding the alleged relevant market, including but not limited to any participants or competitors therein, during or as a result of the discovery process. The FTC reserves all rights with regard to contention interrogatories served at the appropriate time and with regard to the provision of expert reports appropriately submitted pursuant to the stipulated schedule for expert discovery.

Subject to and without waiving the foregoing General and Specific Objections, the FTC will provide a substantive response to Interrogatory No. 1 on or before June 7, 2024, consistent with the deadlines set forth in the Case Management and Scheduling Order, Docket No. 71.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

The determination as to what competitors are in the alleged relevant market is the subject of ongoing fact and expert discovery. Nevertheless, and subject to and without waiving the General and Specific Objections set forth above and objections incorporated herein, the FTC responds that, in the preliminary market analysis supporting the FTC's Complaint, the brands identified in Attachment A (in addition to Coach, Kate Spade, and Michael Kors) were included in the "accessible luxury" handbags market.

The brands included in this preliminary analysis were based in part on assertions and statements in Defendants' ordinary-course documents with which the FTC does not necessarily agree, and given the early stage of the proceedings, the FTC expressly reserves the right to revise its preliminary analysis and supplement its response to this Interrogatory, including based on ongoing factual discovery, and through the provision of expert reports appropriately submitted in accordance with the schedule for expert discovery as set forth in the Case Management and Scheduling Order, Docket No. 71.

Dated: May 31, 2024                     Respectfully submitted,

<u>S/ Timothy Singer</u>
Timothy Singer
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Phone: 202-326-3154
Email: tsinger@ftc.gov

Abby Dennis (DC Bar No. 994476) (*pro hac*)
Peggy Bayer Femenella (DC Bar No. 472770) (*pro hac*)
Nicole Lindquist (DC Bar No. 975593) (*pro hac*)
Laura Antonini (CA Bar No. 271658) (*pro hac*)
Brandon Boxbaum (DC Bar No. 1615988) (pro hac)
Peter Colwell (DC Bar No. 100287) (*pro hac*)
Kassandra DiPietro (MN Bar No. 0403547) (*pro hac*)
Frances Anne Johnson (MD Bar – No Number) (*pro hac*)
Sarah Kerman (DC Bar No. 90017957) (*pro hac*)
Andrew Lowdon (DC Bar No. 230095) (*pro hac*)
Danielle Quinn (NY Bar No. 5408943)
Blake Risenmay (WA Bar No. 52888) (*pro hac*)
Edmund Saw (DC Bar No. 1658446) (*pro hac*)
Victoria Sims (DC Bar No. 1006974) (*pro hac*)
Timothy Singer (DC Bar No. 1048769) (*pro hac*)

*Counsel for Plaintiff Federal Trade Commission*

8

## ATTACHMENT A

3.1 Phillip Lim, A.L.C., A.P.C., A.W.A.K.E. Mode, Acne Studios, Alexander Wang, Alexis Bittar, Alexis Hudson, All Saints, Altuzarra, American West, Anima Iris, Aranaz, Ashya, Aston, Attico, B. Makowsky, Badgley Mischka, Bao Bao Issey Miyake, BCBG Max Azria, Bed Stu, Behno, Benedetta Bruzziches, Berluti, Botkier, Boyy, Brahmin, Brandon Blackwood, Briggs & Riley, Brighton, Brother Vellies, BruceGlen, Bugatti Bags, By Far, C. Wonder, Cabrelli, Callista, Carla Mancini, Carlos Falchi, Carrie Forbes, Charlotte Olympia, Clare V., Cleobella, CoFi, Cole Haan, Comme Des Garcons, Coperni, Cult Gaia, Cynthia Rowley, D'Estree, D & G, Dagne Dover, Danse Lente, Day & Mood, Deepa Gurnani, DeMellier, Derek Lam, Diane Von Furstenberg, DKNY, DLYP, Dolce Vita, Donna Karan, Dooney & Bourke, Dragon Diffusion, Ecco, Elena Ghisellini, Elie Tahari, Elizabeth and James, Elleme, Elliott Lucca, Emporio Armani, Eric Javits, Etienne Aigner, Eugenia Kim, Filson, Flynn, Foley + Corinna, Frame Denim, Frances Valentine, Frye, Furla Usa, Ganni, Gigi New York, Giorgio Costa, Giulia Massari, Golden Goose, Gryson, Gu De, Halston Heritage, Hammitt Collection, Hartmann Luggage, Hayward, Helen Kaminski, Hobo International, Homage Year, House of Harlow 1960, Hugo Boss, Hunter, Icon, Il Bisonte, Isaac Mizrahi, J. Crew, Jacquemus, Jeff Wan, Jeffrey Levinson, Johnny Was, Jonathan Simkhai, KASSL Editions, Kendall + Kylie, Kenzo, Khaite, Knomo, Kooba, Kooreloo, Kurt Geiger London, L.A.M.B., Lafayette 148, Lancaster Paris, Lauren Merkin, Lauren Ralph Lauren, Liberty of London, Liebeskind, Lisa Minardi, Little Liffner, Lockheart Handbags, Lodis, Loeffler Randall, Longchamp, Louise Et Cie, Luana, M Z Wallace, M2Malletier, Madewell, Maison Margiela, Maje, Mandarina Duck, Mansur Gavriel, Manu Atelier, Marc Jacobs, Marcelo Burlon, Marni, Mary Frances, Massimo Castelli, MAX+min, MCM, McQ Alexander McQueen, Medea, Mehry Mu, MFK, Mia Toro, Milly, Montblanc, Moo Roo Handbags, Nanette Lepore, Nannacay,

Nanushka, Nino Bossi, Nita Suri, Off White, Opening Ceremony, Orla Kiely, Oryany, Paco Rabanne, Palm Angels, Pamela Munson, Peak Design, Perrin Paris, Persaman New York, Piel, Pink Haley, Pinko, Poolside, Pour La Victoire, Rachel Zoe, Radley, Rag & Bone, Rebecca Minkoff, Red Valentino, Ree Projects, Reiss, Rejina Pyo, Rimowa North America, Robert Graham, Romygold, Sacai, Sam Edelman, Sandro, Sandy Lisa, Santoni, Sara Battaglia, See by Chloe, Senreve, Sensi Studio, Serapian, Serpui, Serpui Marie, Shinola, Simone Rocha, Simonetta Ravizza, Skagen, Sofia Cardoni, Stand Studio, Staud, Steven Alan, Strathberry, Stuart Weitzman, Studio Amelia, Susan Alexandra, T Tahari, Ted Baker, Thacker NYC, Themoire, Theory, Thom Browne, Tiffany & Fred, Time's Arrow, Token, Tory Burch, Treesje, Trina Turk, Tumi, UGG, Ulla Johnson, Valentino by Mario Valentino, Vanessa Bruno, Vanina, Via Spiga, Victorinox, Vince, Vince Camuto, Vincenzo Leather, Wandler, WANT Les Essentiels De La Vie, Whistles, Yuzefi, Z Spoke Zac Posen, ZAC Zac Posen, Zadig & Voltaire, Zimmermann.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2024, I served Plaintiff Federal Trade Commission's Supplemental Objections And Responses to Defendants' First Interrogatory on the parties' counsel via electronic mail to the following addresses, in accordance with the Case Management and Scheduling Order (Doc. No. 71):

| *Defendant Tapestry, Inc.* | *Defendant Capri Holdings Limited* |
| --- | --- |
| Sean.Berkowitz@lw.com<br>Chris.Brown@lw.com<br>Lawrence.Buterman@lw.com<br>Mary.Casale@lw.com<br>Lindsey.Champlin@lw.com<br>Ian.Conner@lw.com<br>Jennifer.Giordano@lw.com<br>David.Johnson@lw.com<br>Andrew.Paik@lw.com<br>Al.Pfeiffer@lw.com<br>Amanda.Reeves@lw.com<br>Chris.Yates@lw.com<br>Brian.Nowak@lw.com<br>Patrick.Dezil@lw.com | JMMoses@wlrk.com<br>EPGolin@wlrk.com<br>DGDidden@wlrk.com<br>ALGoodman@wlrk.com<br>KRHaigh@wlrk.com<br>BAFish@wlrk.com<br>JCKaplan@wlrk.com<br>MJSicilian@wlrk.com<br>capriservice@wlrk.com |

Dated: May 31, 2024

*S/ Timothy Singer*
Timothy Singer
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
Phone: (202) 326-3154
Email: tsinger@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*