

**THOMPSON COBURN LLP**

488 Madison Avenue
New York, NY 10022

212 478 7200 main
212 478 7400 fax
thompsoncoburn.com

**Stephen J. Grable**
212 478 7213  direct
sgrable@thompsoncoburn.com

July 8, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:     FTC v. Tapestry, Inc., et al. No. 1:24-cv-03109-JLR
        July 9, 2024 Conference Concerning Tapestry, Inc.'s Subpoena to Cole Haan LLC

Dear Judge Rochon:

We write on behalf of non-party Cole Haan LLC ("Cole Haan"), in further response to Tapestry, Inc.'s ("Tapestry") letter-motion. Tapestry filed the letter-motion on July 1. Motion, ECF 110. On July 2, the Court ordered Cole Haan to respond by July 5. Order, ECF 111. Cole Haan timely filed its letter response on July 5. ECF 113. In its letter response, Cole Haan requested the letter-motion be treated as a request for a pre-motion discovery conference rather than as a motion to compel. *Id.* The Court acknowledged Cole Haan's request, deferring a ruling until the conference and permitted Cole Haan to file an additional letter response by July 8. Order, ECF 115.

Therefore, in the brief time allowed by the Court, please find enclosed a declaration made by Tom Linko, CFO to Cole Haan LLC ("Cole Haan"), supporting Cole Haan's burden and confidentiality concerns.

Respectfully Submitted,

By: */s/ Stephen J. Grable*
**THOMPSON COBURN LLP**
Stephen J. Grable
488 Madison Avenue
New York, NY 10022
Tel.: (212) 478-7200
Fax: (212) 478 7400
sgrable@thompsoncoburn.com
*Attorneys for non-party Cole Haan LLC*

cc: All Counsel of Record (via ECF)

Enclosure: Tom Linko Declaration

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,    )
                             )
         Plaintiff,          )
                             )
    v.                       )        No. 1:24-CV-03109-JLR
                             )
TAPESTRY, INC.,              )
                             )
    and                      )
                             )
CAPRI HOLDINGS LIMITED,      )
                             )
         Defendants.         )

## DECLARATION OF TOM LINKO IN SUPPORT OF COLE HAAN LLC'S LETTER RESPONSE IN OPPOSITION TO MOTION TO COMPEL

I, Tom Linko, pursuant to 28 U.S.C. § 1746, hereby sate and declare as follows under penalty of perjury:

1.      I am over the age of eighteen and the statements contained herein are based on my personal knowledge and are true and correct to the best of my knowledge and belief.

2.      I currently serve as the Chief Financial Officer of Cole Haan LLC ("Cole Haan"). As a result of this position, I am familiar with the operations of Cole Haan. I have reviewed the subpoenas sent to Cole Haan by Tapestry and the FTC that are attached hereto as Exhibits A and B respectively and Tapestry's Letter-Motion. I submit this declaration in support of Cole Haan's Letter Response in Opposition to Tapestry's Letter-Motion (ECF No. 113) because of burden and confidentiality concerns.

3.      Cole Haan considers much of the information responsive to the subpoenas as highly confidential business information.

4.      Cole Haan does not keep responsive information organized in the form requested by Tapestry. The production of responsive information as it was kept in the ordinary course of

business puts Cole Haan at greater risk of disclosing non-responsive, highly-confidential, business information. Redacting the documents will likely result in a higher burden on Cole Haan than assembling the responsive information in a new format.

5.    Thus, Cole Haan will need to devote resources to comply with the requests identified in Tapestry's Letter-Motion.

6.    Further, two Cole Haan directors, specifically the Senior Director of Pricing Strategy & Margin Management and the Director of Strategy & Transformation, who had the most knowledge of this information, and who otherwise would be responsible for compiling this information, have recently departed Cole Haan. Cole Haan will need to divert other resources to comply with Tapestry's requests.

7.    Assembling the responsive information will take approximately 40 person hours and cost Cole Haan as much as $50,000, excluding attorneys' fees.

8.    Cole Haan additionally has confidentiality obligations to certain Cole Haan vendors and third-parties. Responding to the requests will require production of information covered by these confidentiality obligations.

9.    Cole Haan's handbag business is modest compared to the handbag market in general.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2024.

Tom Linko /mvm (with permission)

Tom Linko
Chief Financial Officer
Cole Haan LLC

# EXHIBIT A

# LATHAM&WATKINS LLP

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

May 14, 2024

Cole Haan LLC
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, DE 19801

Re:  *Federal Trade Commission v. Tapestry, Inc.*, No. 1:24-cv-03109-JLR (S.D.N.Y.),
     Subpoena to Produce Documents

To whom it may concern:

Enclosed please find a subpoena for the production of documents that is being served upon Cole Haan LLC ("Cole Haan" or "You") by Tapestry, Inc. ("Tapestry"), a defendant in the above-captioned matter regarding Tapestry's proposed acquisition of Capri Holdings Limited ("Capri"). This subpoena is being served upon You because You are likely to have documents and information relevant to the Federal Trade Commission's allegations and/or Tapestry's and Capri's defenses in the above-captioned civil litigation and the related Federal Trade Commission Part 3 Administrative Proceeding, *In re Matter of Tapestry, Inc.*, Docket No. 9429 (F.T.C.).

A Protective Order governs confidential materials in this case. No. 24-cv-3109 (S.D.N.Y. May 1, 2024), ECF No. 70. Tapestry encloses with this letter a copy of the Stipulated Protective Order.

Please Bates-stamp each document You produce with a production number and any applicable confidentiality designation before producing it. In lieu of producing at the location specified in the subpoena, we encourage You to send the requested documents to any of the below locations:

If electronically, either as attachments or by FTP to the below recipients:

TLSPM_Latham_Sunrise@transperfect.com; David.Johnson@lw.com;
Chris.Brown@lw.com; Kimon.Triantafyllou@lw.com;
Brian.Nowak@lw.com; Patrick.Dezil@lw.com; BAFish@wlrk.com

LATHAM&WATKINS LLP

If physically, at the below address:

> TransPerfect Legal Solutions
> C/O Julia Smith
> 700 6th Street, NW, 2nd Floor
> Washington, DC 20001

We also request that You simultaneously send the requested documents to the Federal Trade Commission attorneys working on this case. If You choose not to do so, we will provide the Federal Trade Commission with a copy of the requested documents within three (3) business days of receiving them.

The Federal Trade Commission contact information is as follows:

| | |
|---|---|
| Abby Lauren Dennis | adennis@ftc.gov |
| Danielle C. Quinn | dquinn@ftc.gov |
| Andrew Lowdon | alowdon@ftc.gov |
| Blake Risenmay | brisenmay@ftc.gov |
| Brandon Boxbaum | bboxbaum@ftc.gov |
| Frances Anne Johnson | fjohnson@ftc.gov |
| Kassandra DiPietro | kdipietro@ftc.gov |
| Laura Antonini | lantonini@ftc.gov |
| Nicole Lindquist | nlindquist@ftc.gov |
| Peggy Femenella | pbayer@ftc.gov |
| Peter Colwell | pcolwell@ftc.gov |
| Sarah Kerman | skerman@ftc.gov |
| Timothy Patrick Singer | tsinger@ftc.gov |
| Victoria Sims | vsims@ftc.gov |
| Federal Trade Commission | |
| 600 Pennsylvania Ave NW | |
| Washington, DC 20580 | |

Tapestry makes the requests for production attached to the accompanying subpoena without prejudice to any additional discovery requests that Tapestry or Capri, may serve upon You in this or other litigation.

Sincerely,

*/s/ David L. Johnson*
David L. Johnson
of Latham & Watkins LLP

Enclosure

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York ☑

| | |
|---|---|
| Federal Trade Commission | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    1:24-cv-03109-JLR |
| Tapestry, Inc., and Capri Holdings Limited | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          Cole Haan LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: Latham & Watkins LLP<br>1271 Avenue of the Americas<br>New York, NY 10020 | Date and Time:<br><br>05/28/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/14/2024

*CLERK OF COURT*

                                  OR      *David L. Johnson*

               *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Tapestry, Inc.
, who issues or requests this subpoena, are:

David L. Johnson, 555 Eleventh Street NW Suite 1000 Washington, D.C. 20004-1304 david.johnson@lw.com

#### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:24-cv-03109-JLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DOCUMENTS REQUIRED TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

From January 1, 2019 to the present, Documents sufficient to show any competition with, plan to compete with, or competitive monitoring of any Capri Handbag, any Tapestry Handbag, any Handbag marketed as "accessible luxury," "affordable luxury," "aspirational luxury," "approachable luxury," "mass market," "true luxury," "European luxury" or any similar segmentation terminology, or any Handbag with a list price of $3,000 or less.

### REQUEST FOR PRODUCTION NO. 2:

From January 1, 2019 to the present, all Documents between or amongst You and Your financial advisors, investment bankers, rating agencies, board of directors, shareholders, owner-members, or other investors relating to competition for the sale or manufacture of Handbags in the United States, the strengths or weaknesses of Your Handbag business, Handbag supply, demand, or market share, or efforts to expand or increase Your Handbag sales, product quality, brand awareness, brand value, price, or market share.

### REQUEST FOR PRODUCTION NO. 3:

From January 1, 2019 to the present, any survey, polling, focus group, study, or analysis of Your Handbag Customers' income demographics, purchasing habits or preferences, path to purchase, purchasing considerations, brand or product loyalty, brand or product preferences, brand awareness, brand valuation, or price sensitivity.

**REQUEST FOR PRODUCTION NO. 4:**

From January 1, 2019 to the present, Documents sufficient to show the percentage of Your customers or customers of any other Handbag brands associated with ranges of household income, including, but not limited to, customers who earn less than $75,000 a year, customers who earn less than $80,000 a year, and customers who earn in excess of $100,000 a year.

**REQUEST FOR PRODUCTION NO. 5:**

From January 1, 2019 to the present, Documents sufficient to show Your strategy, if any, with respect to the frequency, timing, and amount of discounts to Your Handbags and the factors considered in setting discounting strategy, including Handbags sold through disposition, discount, or outlet channels.

**REQUEST FOR PRODUCTION NO. 6:**

From January 1, 2019 to the present, Documents sufficient to identify Your total monthly Handbags sales in volume and in dollars, stated separately for each SKU and separately for sales to Wholesale Customers and non-Wholesale Customers.

**REQUEST FOR PRODUCTION NO. 7:**

From January 1, 2019 to the present, for Your Handbag sales, sales data as maintained in the ordinary course of Your business sufficient to identify: (1) SKU sales; (2) units sold; (3) sale price; (4) value of discounts applied, if applicable; (5) net price; (6) gross sales margin; (7) sales channel (e.g., retail store, outlet store, online); (8) sale date; (9) customer type (e.g., Wholesale or non-Wholesale). Data should be produced for

the narrowest time period maintained in the ordinary course of Your business, but no more aggregated than at the monthly level.

## REQUEST FOR PRODUCTION NO. 8:

From January 1, 2019 to the present, Documents sufficient to identify Your Handbag sales revenues, cost of goods sold, margins, and marketing (including advertising) spend by month and by year, or in the narrowest time interval that You maintain in the ordinary course of business.

## REQUEST FOR PRODUCTION NO. 9:

From January 1, 2019 to the present, Documents sufficient to identify the amount You paid for Handbag search advertising opportunities, all keywords and negative keywords on which You submitted search advertising bids, and all reports, summaries, or analyses regarding potential Customer engagement with Your search advertisements.

## REQUEST FOR PRODUCTION NO. 10:

From January 1, 2019 to the present, Documents sufficient to identify each physical store in the United States that You have owned, operated, leased, licensed, or franchised, or that You plan to own, operate, lease, license, or franchise, that sells, has sold, or will sell Handbags, and for each such store the (1) store trade name or brand; (2) type of store (e.g., retail store, outlet store, etc.); (3) address; (4) original opening date or planned opening date; (5) closing date, if applicable; (6) monthly and yearly Handbag sales revenue; (7) monthly and yearly unit sales volume by SKU; and (8) number of retail staff employed.

**REQUEST FOR PRODUCTION NO. 11:**

For each year from January 1, 2019 to the present, documents sufficient to identify Your number of employees, separated by employment title.

**REQUEST FOR PRODUCTION NO. 12:**

From January 1, 2019 to the present, Documents sufficient to identify each Website that you have owned, operated, leased, or licensed that has sold Your Handbags to Customers in the United States and for each such Website: (1) monthly and yearly Handbag sales revenue; (2) monthly and yearly unit sales volume by SKU; and (3) whether the Website sells Handbags full-price or for off-list prices (i.e., is a discount seller).

**REQUEST FOR PRODUCTION NO. 13:**

From January 1, 2019 to the present, Documents and communications sufficient to show any monitoring or analysis of, efforts to combat, or competition with any counterfeit Handbags.

**REQUEST FOR PRODUCTION NO. 14:**

From January 1, 2023, to the present, any Communications with or Documents received from or provided to the FTC or any agency, department, legislative body, or government representative of the United States or any State relating to the Proposed Transaction.

**REQUEST FOR PRODUCTION NO. 15:**

For each Handbag SKU included in any data produced in response to these Requests, Documents sufficient to identify (e.g., a data dictionary) the Handbag name, brand, type (e.g., clutch, cross-body, tote), material, color, size, production year, all

4

Manufacturers, whether in whole or in part, all Manufacturer locations, whether it is categorized as a Men's or Women's Handbag, and other identifying or characteristic information You associate with a Handbag SKU in the normal course of Your business.

## INSTRUCTIONS

1.      Unless otherwise stated, all Requests are limited to Handbag sales made in or to Customers in the United States.

2.      This Subpoena and any documents you produce pursuant to this Subpoena will be subject to a Protective Order entered by the federal court presiding over this Litigation, a copy of which is attached to this Subpoena, or will be sent after it is entered by the Court.

3.      Pursuant to the Court's Case Management Order, all discovery taken in this litigation may be used in connection with the Part 3 administrative proceeding before the Federal Trade Commission's Administrative Law Judge, *In the Matter of Tapestry, Inc.*, Docket No. 9429 (F.T.C.). *See* Case Management and Scheduling Order ¶ 16, ECF No. 71.

4.      These Requests require You to produce responsive Documents that are within your possession, custody, or control, including Documents in the possession of Your agents or affiliates.

5.      In responding to these Requests, You are to produce the responsive Documents requested herein in the form in which they are or were maintained and used in the usual course of business, pursuant to Federal Rule of Civil Procedure 34(b)(2)(E).

6.      Documents attached to each other shall not be separated.

7.      All Documents produced must be sent simultaneously to counsel for the Defendants and to counsel for the Plaintiff.

8.      For the purpose of reading, interpreting or construing the scope of the Requests, the terms should be given their most expansive and inclusive interpretation.

9.      Each Request shall be construed according to its own terms in accordance with these Definitions and Instructions.  Although there may be some overlap, no Request should be understood to limit any other Request.

10.     The Definitions provided herein shall apply to the terms defined regardless of capitalization.

11.     All Documents produced must bear Bates labels.

12.     Electronically Stored Information ("ESI") must be produced in a form or forms that facilitate efficient review of ESI.  Produce documents in bates numbered image format (CCITT Group IV single-page TIFF format in black and white and 300 dpi) with standard Concordance/Relativity load files containing metadata, including, but not limited to: BegBates; EndBates; BegAttach; EndAttach; Custodian; Custodians All; To; From; Cc; BCC; Email Subject; Author; Date Created; Date Last Modified; Date Sent; Time Sent; Date Received; Time Received; File Name; File Path; File Extension; Native Link; Text Link.  Excel, PowerPoint, and other files that cannot be rendered in image format (e.g., media files, etc.) can be produced in native format. If You cannot meet these requirements, or it would be burdensome to do so, then the we can meet and confer on format.  Responsive ESI that has already been produced to any government agency or entity may be produced in the same format in which it was produced to that entity.

13.     If Documents are withheld (in whole or in part) under any claim of privilege or other protection from discovery, including attorney-client privilege and/or work product doctrine, You are required to log privilege and identify each such Document and state the specific basis for the claim of privilege for each Document withheld, as well as providing

the following information: (1) the date appearing on the Document, or, if no date appears thereon, the date or approximate date on which the Document was prepared; (2) a description of the general nature of the Document (e.g., whether it is a letter, memorandum, e-mail, etc.); (3) the author of the Document; and (4) the identity of each person to whom the Document was sent (including copy recipients and blind copy recipients).

14.    If any Request cannot be responded to completely, respond to it to the extent possible, specify the portion(s) that cannot be responded to, and explain why any such portion(s) cannot be responded to.

15.    If You object to any Request made herein as unduly broad, identify the categories of Documents within the scope of the Request that you believe are properly discoverable, produce all such Documents, and state, with particularity, your reason for asserting that the remainder of the Request seeks Documents that are beyond the scope of permissible discovery.

16.    These Requests are continuing in nature. If further information, evidence, or documentation comes into your possession, custody, or control, or is brought to the attention of you, your attorney, or your agents at any time subsequent to the service of any responses or production of any Documents, prompt and complete supplementation of the responses to these Requests and the corresponding production is required pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

17.    The present tense includes the past and future tenses. The singular includes the plural and the plural includes the singular. The terms "any," "all," "each," "every," "and," "or," and "and/or" as used herein shall be construed either disjunctively or

8

conjunctively, as necessary by context, to bring within the scope of these Requests all information and Documents that might otherwise be interpreted to be beyond their scope by any other construction.

## DEFINITIONS

1.    "Capri" means Capri Holdings Limited and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, any predecessor business entities, whether incorporated or not, as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.

2.    "Capri Handbag" means any Handbag offered for sale by Michael Kors, Versace, or Jimmy Choo.

3.    "Customer" means the direct purchaser of any Handbag, whether a Wholesale Customer (e.g., department store), end-consumer, or otherwise.

4.    "Document(s)" means, and is equal in scope to, the term "documents or electronically stored information" as used in Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation data files. Each draft or non-identical copy is a separate "Document," as the term is defined herein.

5.    "Electronically Stored Information" or "ESI" means all Documents that are stored in any electronic medium from which information can be obtained.

6.    "Facility" means any store, distribution center, fulfillment center, manufacturing plants, outlet, or any building related to Handbags.

7.    "FTC" means the U.S. Federal Trade Commission, any of its divisions, bureaus, offices, Commissioners, and all its attorneys, including employees, agents, and representatives of the foregoing.

8.    "Handbag" means women's and men's bags and cases used for common everyday purposes, such as handbags, backpacks, duffel bags, cross-body bags, business bags, and other small bags.

9.    "Litigation" means the federal court proceeding *Federal Trade Commission v. Tapestry, Inc., et al.*, Civil Action No. 24-cv-3109, originally filed in the U.S. District Court for the Southern District of New York, and any subsequent court to which the proceeding may be transferred.

10.    "Person(s)" means all natural persons and all entities, including without limitation any organizations, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, legal entities, governmental agencies, legal representatives, trusts, or estates.

11.    "Proposed Transaction" means the proposed acquisition of Capri Holdings Limited by Tapestry, Inc.

12.    "SKU" means a stock-keeping unit or other product number that You use to track inventory and sales.

13.    "Tapestry" means Tapestry, Inc. and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, any predecessor business entities, whether incorporated or not, as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.

14.    "Tapestry Handbag" means any Handbag offered for sale by Coach, Kate Spade New York, or Stuart Weitzman.

11

15.    "Website" means any online webpage, account, social media profile, or other online or digital platform through which you engage with potential Customers about Your Handbags.

16.    "Wholesale Customer" means any Customer that buys Handbags from You for resale and includes, but is not limited to, department stores and third-party distributors.

17.    "You," or "Your," "Cole Haan," or the "Company," refers to Cole Haan LLC and any related companies, divisions, subsidiaries, parents, affiliated corporate entities, predecessor business entities (whether incorporated or not), as well as any persons under the control of the foregoing entities, and any past or present directors, officers, employees, agents, representatives and attorneys thereof.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

        Plaintiff,

    v.

TAPESTRY, INC.,

    and

CAPRI HOLDINGS LIMITED,

        Defendants.

Case No. 1:24-cv-03109-JLR

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry, Inc. and Capri Holdings Limited, by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the terms of this Stipulated Protective Order. Discovery in this action may yield documents and information of a sensitive and confidential nature, including business, commercial, financial, and trade secret information of Defendants or third parties. The Court finds that good cause exists for entry of a protective order in this action (the "Litigation") to prevent unauthorized disclosure and use of such sensitive and confidential material during and after the course of the Litigation.

**IT IS HEREBY ORDERED THAT** this Stipulated Protective Order shall govern the handling of all Confidential Material, as hereafter defined.

1.    As used in this Order:

    a.    "Confidential Material" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ.

1

P. 26(c)(1)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available, including Sensitive Personal Information.

b. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records.

c. "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

d. "Parties" shall refer to the Defendants and the Plaintiff.

e. "Protected Person" shall refer to any party or nonparty that produces information designated as Confidential Material.

f. "FTC Administrative Action" means *In the Matter of Tapestry, Inc. and Capri Holdings Limited.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9429, and any related investigation by the Federal Trade Commission.

2.     Any Document or portion thereof submitted by a Defendant or a nonparty during an FTC investigation, the FTC Administrative Action, or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or

2

information that discloses the substance of the contents of any Confidential Materials derived

from a Document subject to this Protective Order, shall be treated as Confidential Material for

purposes of this Protective Order.

3.      The Parties and any nonparties, in complying with informal discovery requests,

disclosure requirements, discovery demands, or subpoenas in this proceeding, may designate any

responsive Document or portion thereof as Confidential Material, including Documents obtained

by them from nonparties pursuant to discovery or as otherwise obtained.

4.      The Parties, in conducting discovery from nonparties, shall provide to each

nonparty a copy of this Stipulated Protective Order so as to inform each such nonparty of their

rights herein.

5.      A designation of confidentiality shall constitute a representation in good faith and

after careful determination that the material is not reasonably believed to be already in the public

domain that counsel believes the material so designated constitutes Confidential Material as

defined in Paragraph 1 of this Order.

6.      Material may be designated as Confidential Material by placing on or affixing to

the Document containing such material (in such manner as will not interfere with the legibility

thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to

that folder or box, the designation "CONFIDENTIAL," "CONFIDENTIAL – FTC v.

TAPESTRY/CAPRI", "CONFIDENTIAL–FTC v. TAPESTRY, et al., Case No. 1:24-cv-

03109", or any other appropriate notice, together with an indication of the portion or portions of

the Document considered to be Confidential Material. Confidential Material contained in

electronic Documents may also be designated as confidential by placing the designation

"CONFIDENTIAL," "CONFIDENTIAL – FTC v. TAPESTRY/CAPRI", "CONFIDENTIAL–

FTC v. TAPESTRY, et al., Case No. 1:24-cv-03109", or any other appropriate notice, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

  7. Confidential Material shall be disclosed only to: (a) the Court presiding over this proceeding and personnel assisting the Court, including its support staff; (b) the Administrative Law Judge presiding over the FTC Administrative Action, and staff and personnel assisting the Administrative Law Judge; (c) Plaintiff and their employees; (d) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter or the FTC Administrative Action; (e) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (f) anyone retained to assist outside counsel of record for any Defendant in the preparation or hearing of this proceeding or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not employees of a Defendant and have signed Exhibit A; (g) anyone retained to assist the FTC  in the preparation or hearing of this proceeding or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they have signed Exhibit A, (h) any witness or deponent who may have authored or received the

4

information in question or who had access to the material in the ordinary course of their employment; and (i) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action. Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or to anyone it deems proper.

8.      Disclosure of Confidential Material to any person described in Paragraph 7 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding and the FTC Administrative Action, or any appeal of either proceeding, and any legitimate law enforcement purpose, and for no other purpose whatsoever; provided, however, that Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by the FTC's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.      In the event that any Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7 or 9. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record a copy of the paper containing redactions,

such that the public version does not reveal Confidential Material within two business days of the sealed filing.

10.     Party Exhibits.  If a Party includes exhibits on its exhibit list that contain or discuss information that has been designated as Confidential Material by a Party, at the time designated in Exhibit A to the Case Management Order, the Party must also provide redacted versions of those exhibits.  At the time designated in Exhibit A to the Case Management Order, each Party must also (a) provide redacted versions of any exhibits on the opposing Party's exhibit list that contain information that the Party previously designated as Confidential Material and (b) exchange objections to the redacted evidentiary hearing exhibits that were provided with the exhibit lists. The Parties must exchange objections to those redactions in accordance with the Case Management Order.  The Parties' joint proposal regarding this Confidential Material and any disputes will be raised to the Court in the Parties' joint submission in accordance with the Case Management Order.

11.     Nonparty Confidential Material at Evidentiary Hearing. If counsel plans to introduce into evidence at the hearing any Document or transcript containing Confidential Material produced by a nonparty, they shall provide advance notice to the nonparty for purposes of allowing that Protected Person to seek an order that the Document or transcript be granted protection from public disclosure. If that Protected Person wishes to obtain protection from public disclosure for the Document or transcript, the Protected Person shall file an appropriate motion with the Court within seven (7) days after it receives such notice. Except where such an order is granted, Documents and transcripts shall be part of the public record. Where such protection is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

6

12.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the Protected Person of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and served to the Protected Person at least fifteen (15) business days before production, and shall include a copy of this Protective Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the Protected Person's efforts to challenge the disclosure of Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13.     At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential material. At the conclusion of this proceeding and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation except as follows: (a) the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12; and (b) Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and evidentiary hearing transcripts, evidentiary hearing exhibits, and work

7

product, as may be required by the Rules of Professional Conduct provided that the Parties and their counsel do not disclose the portions of those materials containing information designated as Confidential Material except pursuant to Court order or an agreement with the party that produced the Confidential Material or as otherwise permitted by this Order.

14.    The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Material, shall, without written permission of the submitter or further order of the Court, continue to be binding after the conclusion of this proceeding.


STIPULATED AND AGREED:

S/ *Abby L. Dennis*_____          May 1, 2024_____
Counsel for Federal Trade Commission          Date


S/ *Alfred C. Pfeiffer*_____          May 1, 2024_____
Counsel for Tapestry, Inc.          Date


S/ *Elaine P. Golin*_____          May 1, 2024_____
Counsel for Capri Holdings Limited          Date


SO ORDERED:

Dated: May 1___, 2024

_____
UNITED STATES DISTRICT JUDGE
The Honorable Jennifer L. Rochon

## EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the

Southern District of New York on [date] in the case of *Federal Trade Commission v. Tapestry,*

*Inc., et al.*, Case No. 1:24-cv-03109. I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order. I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

9

EXHIBIT B



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

May 15, 2024

**VIA FEDEX**
Cole Haan LLC
C/O National Registered Agents, Inc.
28 Liberty St.
New York, NY 10005

**Subject: Subpoena to Cole Haan LLC**

Dear Cole Haan LLC,

Enclosed please find Plaintiff Federal Trade Commission's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action issued to Cole Haan LLC, in connection with *Federal Trade Commission v. Tapestry, Inc., and Capri Holdings Limited*, Case No. 1:24-cv-03109-JLR (S.D.N.Y.).

In accordance with the enclosed Case Management and Scheduling Order (ECF No. 71), please (1) Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it, and (2) provide to Defendants Tapestry, Inc. and Capri Holdings Limited copies of all productions at the same time as they are produced to the requesting party. We also enclosed the Stipulated Protective Order (ECF No. 70).

Thank you for your time and assistance with this matter.

Sincerely,
*S/ Nicole Lindquist*
Nicole Lindquist
600 Pennsylvania Avenue NW
Washington, DC 20580
nlindquist@ftc.gov
(202) 326-3672

*Counsel for Plaintiff Federal Trade Commission*

Enclosures:
1. Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
2. Attachment A to Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action
3. Stipulated Protective Order (ECF No. 70)
4. Case Management and Scheduling Order (ECF No. 71)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| Federal Trade Commission | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:24-cv-03109-JLR |
| Tapestry, Inc. and Capri Holdings Limited | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Cole Haan LLC
               C/O National Registered Agents, Inc., 28 Liberty St., New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Federal Trade Commission | Date and Time: |
|---|---|
|      600 Pennsylvania Ave. NW | |
|      Washington, DC 20580 | Fourteen (14) days from the date of service |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    05/15/2024

       *CLERK OF COURT*
                              OR

                                               S/ Nicole Lindquist

    *Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Federal Trade Commission                             , who issues or requests this subpoena, are:
Nicole Lindquist, 600 Pennsylvania Ave. NW, Washington, DC 20580 nlindquist@ftc.gov (202) 326-3672

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:24-cv-03109-JLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: _____             _____

                                                             *Server's signature*

                                          _____

                                                             *Printed name and title*

                                          _____

                                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**FEDERAL TRADE COMMISSION,**

Plaintiff,

v.

**TAPESTRY, INC., and**
**CAPRI HOLDINGS LIMITED,**

Defendants.

Case No. 1:24-cv-03109-JLR

---

**ATTACHMENT A TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A
CIVIL ACTION ISSUED TO COLE HAAN LLC**

<u>**REQUESTS**</u>

1. All documents produced to Tapestry or Capri in this Litigation or the Administrative Proceeding pursuant to any document or information request, whether voluntarily provided or pursuant to legal process.

2. All documents requested by all Specifications in the subpoena issued to the Company by Tapestry or Capri in this Litigation around May 14, 2024.

3. All documents and/or communications concerning the Proposed Transaction, the Investigation, Administrative Proceeding, or this Litigation.

4. Documents sufficient to show competition in the manufacture or sale of handbags in the United States, including, but not limited to, competition in pricing, discounting, promotions, marketing, product quality, innovation, labor, or other competitive factors.

5.  Documents sufficient to show the Company's pricing, marketing, and business strategy for the manufacture or sale of handbags in the United States.

6.  Documents sufficient to identify the name of the manufacturer(s), manufacturing locations, manufacturing volume by manufacturer, concerning the Company's handbags sold in the United States, separately by each brand of the Company.

7.  Documents sufficient to identify the Company's U.S. handbag sales revenues, cost of goods sold, margins, and marketing (including advertising) spend by month and by year, or in the narrowest time interval that that the Company maintains in the ordinary course of business, separately for each brand of the Company and separately by each sales channel.

8.  From January 1, 2019 to the present, documents sufficient to identify the Company's monthly handbag sales in the United States in dollars and units, stated separately for each SKU by Company store, separately by each physical and each online store.

2

## DEFINITIONS

These Requests incorporate the definitions and rules of construction established in Local Civil Rule 26.3, Uniform Definitions in Discovery Requests, of the United States District Court for the Southern District of New York. The following remaining terms shall have the meanings set forth below whenever used in these Requests.

A. The term "Administrative Proceeding" means the administrative proceeding at the Federal Trade Commission relating to the Proposed Transaction (*In the Matter of Tapestry, Inc., and Capri Holdings Limited*, Docket No. 9429).

B. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

C. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

D. Number. The use of the singular form of any word includes the plural and vice versa.

E. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

F. The term "the Company" means Cole Haan LLC; its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, and representatives of the foregoing. The terms

3

"subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between the Company and any other Person.

G.  Concerning.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

H.  The term "Capri" means Capri Holdings Limited; its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, representatives of the foregoing, and other Persons acting on behalf of Capri Holdings Limited, its divisions, subsidiaries, or affiliates. The terms "subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between the Capri and any other Person. Capri includes the brands Versace, Jimmy Choo, and Michael Kors.

I.  Document.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

J.  Identify (with respect to Persons).  When referring to a Person, "to identify" means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

4

K. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

L. The term "Investigation" means any review, assessment, or investigation of the Proposed Transaction occurring prior to the filing of the Complaint in the Administrative Proceeding.

M. The term "Litigation" means the federal court proceedings (*Federal Trade Commission v. Tapestry, Inc., and Capri Holdings Limited*, Case No. 1:24-cv-03109-JLR) filed in the U.S. District Court for the Southern District of New York, including any subsequent change in court venue for purposes of these proceedings.

N. Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

O. Person. The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

P. The term "Proposed Transaction" means the proposed acquisition of Capri Holdings Limited by Tapestry, Inc., or any other proposed, contemplated, discussed, or related transaction between Tapestry and Capri.

5

Q. The terms "relating to" and "related to" mean in whole or in part constituting, containing, concerning, discussing, showing, explaining, summarizing, describing, analyzing, identifying, addressing, having any legal or factual connection to, or stating the designated subject matter, regardless of the length of the treatment or detail of analysis of the subject matter. A document "relating to" an agreement or contract includes the agreement or contract itself.

R. The term "Tapestry" means Tapestry, Inc.; its domestic and foreign parents, predecessors, successors, divisions, subsidiaries, affiliates, partnerships, and joint ventures; and all directors, officers, employees, agents, representatives of the foregoing, and other Persons acting on behalf of Tapestry, Inc., its divisions, subsidiaries, or affiliates. The terms "subsidiary," "affiliate," and "joint venture" refer to any Person in which there is partial (25% or more) or total ownership or control between Tapestry and any other Person. Tapestry includes the brands Coach, Kate Spade, and Stuart Weitzman.

S. The term "Wholesale Customer" means any customer that buys any handbag from the Company for resale and includes, but is not limited to, department stores and third-party distributors.

T. Any word or term that the Company considers vague or insufficiently defined has the meaning most frequently assigned to it by the Company in the ordinary course of business.

## **INSTRUCTIONS**

For the purpose of these Requests, the following instructions apply:

1. Unless otherwise indicated, these Requests cover any and all documents and data generated, prepared, created, modified, sent, or received during the period from January 1, 2019, to the present.

2. Provide data for the full calendar year if a Request calls for a response separate by each year. If data for the full calendar is unavailable, provide data for the Company's fiscal year and state the period covered by each fiscal year.

3. Unless modified by agreement with the FTC, these document and data requests require a complete search of all files of the Company.

4. Documents or data requested are those in actual or constructive possession, custody, or control of the Company, or its representatives, attorneys, or other agents, including without limitation consultants, accountants, lawyers, or any other Persons retained, consulted by, or working on behalf or under the direction of the Company, wherever they may be located.

5. Produce all documents and data in complete, unredacted form, unless privileged. Submit documents as stored by the Company or individual.

6. If the Company cannot give exact information for the requested figure, so state and give the Company's best estimate thereof.

7. All documents or data responsive to these Requests, regardless of format or form and regardless of whether submitted in hard copy or electronic format:

a.  Shall be produced in complete form, un-redacted unless privileged, and in the order in which they appear in the Company's files.

b.  Shall be marked on each page with corporate identification and consecutive document control numbers.  None of the numbers should be identical to control numbers on documents previously submitted to the FTC in the course of the pre-Complaint Investigation, FTC File No. 231-0133.

c.  If written in a language other than English, shall be translated into English, with the English translation attached to the foreign language document.

d.  Shall be produced in color where necessary to interpret the document if the coloring of any document communicates any substantive information, or if black-and-white photocopying or conversion to TIFF format of any document (e.g., a chart or graph), makes any substantive information contained in the document unintelligible, the Company must submit the original document, a like-colored photocopy, or a JPEG format image.

e.  Shall be accompanied by an affidavit of an officer of the Company stating that the copies are true, correct, and complete copies of the original documents.

f.  Shall be accompanied by an index that identifies: (i) the name of each Person from whom responsive documents are submitted; and (ii) the corresponding consecutive document control number(s) used to identify that Person's documents, and if submitted in paper form, the box number containing such documents.  The FTC will provide a sample index upon request.

8

8. **Form of Production:**  The Company shall submit all documents as instructed below absent written consent from the FTC.

    a.  Documents stored in electronic or hard copy formats in the ordinary course of business shall be submitted in the following electronic format provided that such copies are true, correct, and complete copies of the original documents:

        i.  Submit Microsoft Excel, Access, and PowerPoint files in native format with extracted text and applicable metadata and information as described in subparts (a)(ii), (a)(iii) and (a)(iv).

        ii.  Submit emails in TIFF format with extracted text and the following metadata and information:

| Metadata/Document | Description |
|---|---|
| Beginning Bates number | The beginning Bates number of the document. |
| Ending Bates number | The last Bates number of the document. |
| Custodian | The name of the original custodian of the file. |
| Alternate Custodians | The name(s) of any other custodians of the file, after de-duplication. |
| To | Recipient(s) of the email. |
| From | The Person who authored the email. |
| CC | Person(s) copied on the email. |
| BCC | Person(s) blind copied on the email. |
| Subject | Subject line of the email. |

| Date Sent | Date the email was sent. |
|---|---|
| Time Sent | Time the email was sent. |
| Date Received | Date the email was received. |
| Time Received | Time the email was received. |
| BegAttach | The beginning Bates number of any attachment(s) to the document, including any hyperlinked attachment(s). |
| EndAttach | The last Bates number of any attachment(s) to the document, including any hyperlinked attachment(s). |
| Attachments | The Document ID of attachment(s), including any hyperlinked attachment(s). |
| Mail Folder Path | Location of email in personal folders, subfolders, deleted items or sent items. |
| Message ID | Microsoft Outlook Message ID or similar value in other message systems. |

iii. Submit email attachments in TIFF format other than those identified in subpart (a)(i) with extracted text and the following metadata and information:

| Metadata/Document | Description |
|---|---|
| Beginning Bates number | The beginning Bates number of the document. |
| Ending Bates number | The last Bates number of the document. |
| Custodian | The name of the original custodian of the file. |
| Alternate Custodians | The name(s) of any other custodians of the file, after de-duplication. |
| Parent Email | The Document ID of the parent email. |
| Modified Date | The date the file was last changed and saved. |

10

| | |
|---|---|
| Modified Time | The time the file was last changed and saved. |
| Filename with extension | The name of the file including the extension denoting the application in which the file was created. |
| Originating Path | File path of the file as it resided in its original environment. |
| Production Link | Relative file path to production media of submitted native files. Example:<br><br>FTC-001\NATIVE\001\FTC-00003090.xls. |
| Hash | The Secure Hash Algorithm (SHA) value for the original native file. |

iv. Submit all other electronic documents other than those described in subpart(a)(i) in TIFF format accompanied by extracted text and the following metadata and information:

| Metadata/Document | Description |
|---|---|
| Beginning Bates number | The beginning Bates number of the document. |
| Ending Bates number | The last Bates number of the document. |
| Custodian | The name of the original custodian of the file. |
| Alternate Custodians | The name(s) of any other custodians of the file, after de-duplication. |
| Modified Date | The date the file was last changed and saved. |
| Modified Time | The time the file was last changed and saved. |
| Filename with extension | The name of the file including the extension |
| Originating Path | File path of the file as it resided in its original environment. |

| Production Link | Relative file path to production media of submitted native files. |
|---|---|
| Hash | The Secure Hash Algorithm (SHA) value for |

v.  Submit documents stored in hard copy in TIFF format accompanied by OCR with the following information:

| Metadata/Document | Description |
|---|---|
| Beginning Bates number | The beginning Bates number of the document. |
| Ending Bates number | The last Bates number of the document. |
| Custodian | The name of the original custodian of the file. |
| Alternate Custodians | The name(s) of any other custodians of the file, after de-duplication. |

b.  Submit redacted documents in TIFF format accompanied by OCR with the metadata and information required by relevant document type in subparts (a)(i) through (a)(v) above. For example, if the redacted file was originally an attachment to an email, provide the metadata and information specified in subpart (a)(iii) above. Additionally, please provide a basis for each privilege claim as detailed in Instruction 13.

c.  Submit data compilations in electronic format, specifically Microsoft Excel spreadsheets or delimited text formats, with all underlying data unredacted and all underlying formulas and algorithms intact.

d.  If the Company intends to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in the Company's computer systems or electronic storage media, or if the Company's computer systems

12

contain or utilize such software, the Company must contact the FTC to determine, with the assistance of the appropriate FTC representative, whether and in what manner the Company may use such software or services when producing materials in response to these Requests.

e. Produce electronic file and TIFF submissions as follows:

i. For productions over 10 gigabytes, use IDE, EIDE, and SATA hard disk drives, formatted in Microsoft Windows-compatible, uncompressed data in USB 2.0 external enclosure;

ii. For productions under 10 gigabytes, CD-R CD-ROM optical disks formatted to ISO 9660 specifications, DVD-ROM optical disks for Windows-compatible personal computers, and USB 2.0 Flash Drives are acceptable storage formats;

iii. All documents produced in electronic format shall be scanned for and free of viruses prior to submission; and

iv. Encryption of productions using NIST FIPS-Compliant cryptographic hardware or software modules, with passwords sent under separate cover, is strongly encouraged.

v. If a document cannot be produced in native format, produce the document in the following format:

1. A load file for images;

2.  Delimited load files (.dat, .dii, .lfp, and .opt) containing a field with the full path and filename to native files produced and the metadata fields identified above in subpart (a)(iv);

3.  Document level .txt files for all native documents containing extracted full text or OCR text (OCR only if the extracted text is not available or if the document has been redacted);

4.  Expand, extract, and render in the TIFF file all hidden text (e.g., tracked changes, hidden columns, comments, notes, markups, etc.), including but not limited to notes or comments contained within any PowerPoint slides or presentations produced in TIFF format.

9.  If the Company objects to any part of a Request, set forth the basis for the Company's objection and respond to all parts of the Request to which the Company does not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which the Company intends to rely in response to any motion to compel.

10. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the scope of any search for documents or redacting or withholding any responsive document. If the Company is withholding responsive information pursuant to any general objection, the Company should so expressly indicate. If, in responding to any Request, the Company claims any ambiguity in interpreting either a Request or a

14

definition or instruction applicable thereto, set forth as part of the Company's response the language deemed to be ambiguous and the interpretation used in responding to the Request, and produce all documents that are responsive to the Request as the Company interprets it.

11. Produce entire documents, including all attachments, hyperlinked attachments (e.g., attachments stored on Box or Google drive), cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any respect from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately.

12. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether the Company considers the entire document to be relevant or responsive to these Requests. If the Company has redacted any portion of a document for privilege, stamp the words "redacted - privilege" where the redacted material originally appeared, on each page of the document that the Company has redacted. Privileged redactions must be included in a privilege log prepared pursuant to Instruction 13. If the Company has redacted documents for any other reason, describe the reason for the redaction: for instance, if the Company redacts a document to comply with privacy laws in other jurisdictions, stamp the words "redacted - privacy" where the material originally appeared, on each page of the document that the Company has redacted. Redactions made on a basis other than privilege must be included in a log prepared pursuant to Instruction 13, below and the reason clearly stated.

13. If any document or tangible thing is produced in a redacted form or withheld, provide a log in Microsoft Excel format describing the basis for any claim of privilege or other reason for

15

redacting or withholding the document. Provide in this log all information necessary for the Federal Trade Commission and the Court to assess the basis for the reason for redacting or withholding the document including any claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). For each document withheld or redacted, the log shall include at least the following: (i) the specific grounds for withholding or redacting the document including any claim of privilege; (ii) the title of the document; (iii) the date of the document; (iv) the author of the document; (v) the addressees and recipients of the document or any copy thereof (including Persons "cc'd" or "bcc'd" or "blind cc'd"); (vi) a description of the subject matter of the document in sufficient detail to assess the reasons for withholding or redacting the document including any claim of privilege; and (vii) in separate Excel columns, the beginning Bates number of the document, and the ending Bates number of the document. Additionally, for each document withheld under the attorney work product doctrine, state whether the document was prepared in anticipation of litigation or for trial, and, if so, identify the anticipated litigation or trial upon which the assertion is based. Any attachment to a document withheld under a claim of privilege or immunity shall be produced unless the attachment is also subject to a claim of privilege or immunity and the basis for such claim is described in a log.

14. The FTC does not concede the appropriateness of redacting or withholding information on a basis other than privilege and expressly reserves all rights to challenge the redacting or withholding of documents or information.

15. Do not produce any Sensitive Personally Identifiable Information ("Sensitive PII") or Sensitive Health Information ("SHI") prior to discussing the information with the FTC. If any document

responsive to a particular Specification contains unresponsive Sensitive PII or SHI, redact the unresponsive Sensitive PII or SHI prior to producing the document.

a.  The term "Sensitive PII" means an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following:

    i.  date of birth

    ii.  driver's license number or other state identification number, or a foreign country equivalent

    iii.  passport number

    iv.  financial account number

    v.  credit or debit card number

b.  The term "SHI" includes medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

16. This Subpoena shall be deemed continuing in nature so as to require the prompt disclosure of any additional documents, data, or information that is discovered or created after the Company's responses are tendered, or if any of the Company's responses are subsequently deemed to be incorrect, incomplete, or misleading in any respect. If the Company cannot answer all or part of any Request after exercising due diligence to secure the full information to do so, state and answer to the fullest extent possible, specifying the Company's inability to answer that remainder; stating whatever information or knowledge

17

the Company has concerning the unanswered portion; and detailing what the Company did in attempting to secure the unknown information.

17. For each Request requesting that the Company "state" or "describe" or "specify" the basis for the Company's contentions, decisions, assertions, claims, calculations, or answer, the Company's response shall describe in detail the basis for the Company's contentions, assertions, claims, decisions, calculations, or answer and include (and specifically identify) any related facts, witnesses (name, title, address, and phone number), and Documents (Bates number), including any studies, analyses, models, or other Documents that the Company considered or relied upon as a basis for each contention, decision, assertion, claim, calculation, or answer.

18. Produce documents responsive to this Request separately for each brand of the Company.

19. Unless otherwise stated, construe each request independently and without reference to any other purpose of limitation.

20. Contact Nicole Lindquist (nlindquist@ftc.gov) in advance of submitting any production. For productions smaller than 10 GB, the Company shall submit a response to this subpoena to the Commission through email using secure file transfer protocols ("FTP"). For instructions on submitting through FTP, please contact Steven Powell (spowell1@ftc.gov) and Mary Karikari (mkarikari@ftc.gov). For productions larger than 10 GB, the Company shall contact Steven Powell (spowell1@ftc.gov) and Mary Karikari (mkarikari@ftc.gov), who will provide further instructions on how to submit a response to this subpoena on physical media. A transmittal cover letter shall still be sent via electronic mail to: Nicole Lindquist (nlindquist@ftc.gov),

Steven Powell (spowell1@ftc.gov), and Mary Karikari (mkarikari@ftc.gov).

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-03109-JLR |
| TAPESTRY, INC., | |
| and | [PROPOSED] STIPULATED |
| CAPRI HOLDINGS LIMITED, | PROTECTIVE ORDER |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry,

Inc. and Capri Holdings Limited, by and through their respective counsel, have stipulated,

pursuant to Federal Rule of Civil Procedure 26(c), to the terms of this Stipulated Protective

Order. Discovery in this action may yield documents and information of a sensitive and

confidential nature, including business, commercial, financial, and trade secret information of

Defendants or third parties. The Court finds that good cause exists for entry of a protective order

in this action (the "Litigation") to prevent unauthorized disclosure and use of such sensitive and

confidential material during and after the course of the Litigation.

**IT IS HEREBY ORDERED THAT** this Stipulated Protective Order shall govern the

handling of all Confidential Material, as hereafter defined.

    1.    As used in this Order:

        a.    "Confidential Material" means any trade secret or other confidential research,

            development, or commercial information, as such terms are used in Fed. R. Civ.

P. 26(c)(1)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available, including Sensitive Personal Information.

b. "Sensitive Personal Information" shall refer to, but shall not be limited to, an individual's Social Security number, taxpayer identification number, financial account number, credit card or debit card number, driver's license number, state-issued identification number, passport number, date of birth (other than year), and any sensitive health information identifiable by individual, such as an individual's medical records.

c. "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

d. "Parties" shall refer to the Defendants and the Plaintiff.

e. "Protected Person" shall refer to any party or nonparty that produces information designated as Confidential Material.

f. "FTC Administrative Action" means *In the Matter of Tapestry, Inc. and Capri Holdings Limited.*, before the United States of America Federal Trade Commission Office of Administrative Law Judges, Docket No. 9429, and any related investigation by the Federal Trade Commission.

2.      Any Document or portion thereof submitted by a Defendant or a nonparty during an FTC investigation, the FTC Administrative Action, or during the course of this proceeding that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or

information that discloses the substance of the contents of any Confidential Materials derived from a Document subject to this Protective Order, shall be treated as Confidential Material for purposes of this Protective Order.

3.      The Parties and any nonparties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this proceeding, may designate any responsive Document or portion thereof as Confidential Material, including Documents obtained by them from nonparties pursuant to discovery or as otherwise obtained.

4.      The Parties, in conducting discovery from nonparties, shall provide to each nonparty a copy of this Stipulated Protective Order so as to inform each such nonparty of their rights herein.

5.      A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain that counsel believes the material so designated constitutes Confidential Material as defined in Paragraph 1 of this Order.

6.      Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL," "CONFIDENTIAL – FTC v. TAPESTRY/CAPRI", "CONFIDENTIAL–FTC v. TAPESTRY, et al., Case No. 1:24-cv-03109", or any other appropriate notice, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL," "CONFIDENTIAL – FTC v. TAPESTRY/CAPRI", "CONFIDENTIAL–

3

FTC v. TAPESTRY, et al., Case No. 1:24-cv-03109", or any other appropriate notice, in the

Document metadata, image file, or through another mechanism that clearly identifies the

Document as confidential. Masked or otherwise redacted copies of Documents may be produced

where the portions masked or redacted contain privileged matter, provided that the copy

produced shall indicate at the appropriate point that portions have been masked or redacted and

the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral

testimony as Confidential Material shall do so by stating orally on the record on the day that the

oral testimony is being given or by notifying the Parties in writing of the intention to designate

any or all portions of oral testimony as Confidential Material after the oral testimony is given.

      7.     Confidential Material shall be disclosed only to: (a) the Court presiding over this

proceeding and personnel assisting the Court, including its support staff; (b) the Administrative

Law Judge presiding over the FTC Administrative Action, and staff and personnel assisting the

Administrative Law Judge; (c) Plaintiff and their employees; (d) judges and other court

personnel of any court having jurisdiction over any appellate proceedings involving this matter

or the FTC Administrative Action; (e) outside counsel of record for any Defendant, their

associated attorneys and other employees of their law firm(s), provided they are not employees

of a Defendant; (f) anyone retained to assist outside counsel of record for any Defendant in the

preparation or hearing of this proceeding or the FTC Administrative Action including experts,

consultants, contract attorneys, litigation support services, and their staff, provided they are not

employees of a Defendant and have signed Exhibit A; (g) anyone retained to assist the FTC in

the preparation or hearing of this proceeding or the FTC Administrative Action including

experts, consultants, contract attorneys, litigation support services, and their staff, provided they

have signed Exhibit A, (h) any witness or deponent who may have authored or received the

information in question or who had access to the material in the ordinary course of their employment; and (i) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action. Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material that it has produced to its own employee-witness or to anyone it deems proper.

8.    Disclosure of Confidential Material to any person described in Paragraph 7 of this Protective Order shall be only for the purposes of the preparation and hearing of this proceeding and the FTC Administrative Action, or any appeal of either proceeding, and any legitimate law enforcement purpose, and for no other purpose whatsoever; provided, however, that Plaintiff may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by the FTC's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission.

9.    In the event that any Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material pursuant to Paragraph 7 or 9. Upon or after filing any paper containing Confidential Material, the filing Party shall file on the public record a copy of the paper containing redactions,

such that the public version does not reveal Confidential Material within two business days of the sealed filing.

10.    Party Exhibits.  If a Party includes exhibits on its exhibit list that contain or discuss information that has been designated as Confidential Material by a Party, at the time designated in Exhibit A to the Case Management Order, the Party must also provide redacted versions of those exhibits.  At the time designated in Exhibit A to the Case Management Order, each Party must also (a) provide redacted versions of any exhibits on the opposing Party's exhibit list that contain information that the Party previously designated as Confidential Material and (b) exchange objections to the redacted evidentiary hearing exhibits that were provided with the exhibit lists. The Parties must exchange objections to those redactions in accordance with the Case Management Order.  The Parties' joint proposal regarding this Confidential Material and any disputes will be raised to the Court in the Parties' joint submission in accordance with the Case Management Order.

11.    Nonparty Confidential Material at Evidentiary Hearing. If counsel plans to introduce into evidence at the hearing any Document or transcript containing Confidential Material produced by a nonparty, they shall provide advance notice to the nonparty for purposes of allowing that Protected Person to seek an order that the Document or transcript be granted protection from public disclosure. If that Protected Person wishes to obtain protection from public disclosure for the Document or transcript, the Protected Person shall file an appropriate motion with the Court within seven (7) days after it receives such notice. Except where such an order is granted, Documents and transcripts shall be part of the public record. Where such protection is granted, a duplicate copy of such Document or transcript with the Confidential Material deleted therefrom may be placed on the public record.

6

12.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the Protected Person of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and served to the Protected Person at least fifteen (15) business days before production, and shall include a copy of this Protective Order. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material, to subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the Protected Person's efforts to challenge the disclosure of Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

13.     At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential material. At the conclusion of this proceeding and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall return or destroy Documents obtained in this Litigation except as follows: (a) the Commission's obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of the Rules of Practice, 16 C.F.R. § 4.12; and (b) Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and evidentiary hearing transcripts, evidentiary hearing exhibits, and work

product, as may be required by the Rules of Professional Conduct provided that the Parties and

their counsel do not disclose the portions of those materials containing information designated as

Confidential Material except pursuant to Court order or an agreement with the party that

produced the Confidential Material or as otherwise permitted by this Order.

      14.    The provisions of this Protective Order, insofar as they restrict the communication

and use of Confidential Material, shall, without written permission of the submitter or further

order of the Court, continue to be binding after the conclusion of this proceeding.


STIPULATED AND AGREED:

S/ *Abby L. Dennis*_____     May 1, 2024_____
Counsel for Federal Trade Commission     Date


S/ *Alfred C. Pfeiffer*_____     May 1, 2024_____
Counsel for Tapestry, Inc.     Date


S/ *Elaine P. Golin*_____     May 1, 2024_____
Counsel for Capri Holdings Limited     Date


SO ORDERED:

Dated: May 1____, 2024          *Jennifer Rochon*_____
                        UNITED STATES DISTRICT JUDGE
                      The Honorable Jennifer L. Rochon

## EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *Federal Trade Commission v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

9

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                    Plaintiff,

          v.

TAPESTRY, INC.,

          and

CAPRI HOLDINGS LIMITED,

                    Defendants.

Case No. 1:24-cv-03109-JLR

[PROPOSED] CASE
MANAGEMENT AND
SCHEDULING ORDER

Plaintiff Federal Trade Commission ("FTC" or "Commission") and Defendants Tapestry,

Inc. and Capri Holdings Limited (collectively, "Defendants") respectively submit this Proposed

Case Management and Scheduling Order.

**A.**     **TEMPORARY RESTRAINING ORDER.** The FTC and Defendants stipulated to a

temporary restraining order on April 22, 2024, which the Court so ordered on April 24,

2024. Under that temporary restraining order, the Defendants have agreed not to close

their transaction until after 11:59 PM Eastern Time on the fifth business day after the

Court rules on the Plaintiff's request for a preliminary injunction pursuant to Section

13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), or until after the date set

by the Court, whichever is later.

**B.**     **DISCOVERY**

1.   Initial Disclosures. The parties shall serve upon each other initial disclosures

     pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) by May 7, 2024. The

disclosures shall include the name and, if known, the address and telephone number of each individual likely to have discoverable information (or in the alternative, the relevant information for that individual's counsel, if known)—along with the subjects of that information—that the disclosing party may use to support its claim or defenses in this action. If the parties need to supplement or correct their disclosures during the pendency of this action, they will do so pursuant to Federal Rule of Civil Procedure 26(e).

2. <u>Fact Discovery.</u> The parties shall commence fact discovery upon the filing of this Joint Stipulated Case Management Order and complete it in accordance with Exhibit A.

3. <u>Discovery Conference.</u> This stipulated Order relieves the parties of their duty under Federal Rule of Civil Procedure 26(f) to confer about scheduling and a discovery plan.

4. <u>Third-Party Discovery.</u> The notice requirements of Federal Rule of Civil Procedure 45(a)(4) shall apply. No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven (7) calendar days after service. Every documentary subpoena to a third party shall include a cover letter requesting that (1) the third party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it and (2) the third party provide to the other parties copies of all productions at the same time as they are produced to the requesting party. If a third party fails to provide copies of productions to the other parties, the requesting party shall produce all materials received pursuant to the third-party subpoena, as well as all materials received voluntarily in lieu of a subpoena, including declarations or

2

affidavits obtained from a third party, to all other parties within three (3) business days of receiving those materials.  Production shall occur in the format the materials were received, except that in the event a non-party produces documents or electronic information that are non-Bates-stamped, the party receiving the documents shall promptly Bates-stamp the documents or electronic information and produce them in an appropriate timeframe.  The parties shall serve document requests to third parties by the deadlines in Exhibit A.

5.  <u>Limitations on Party and Third-Party Declarations or Letters</u>.  No party may submit as evidence a declaration, letter, or affidavit from a party or third-party fact witness if such declaration, letter, or affidavit was executed or served less than three (3) business days prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration, letter, or affidavit may be submitted as evidence if it was executed or served fewer than seven (7) calendar days before the close of fact discovery.  Declarations, letters, or affidavits produced after this date shall not be admitted into evidence or used at the preliminary injunction hearing absent agreement of the parties or with leave of the Court for good cause shown.

6.  <u>Document Requests and Production.</u>  No more than 25 requests for production shall be served on any party.  The parties agree to make good faith efforts to produce documents on a rolling basis, prioritizing data requests, and shall make a good-faith effort to substantially comply with requests for production no later than thirty (30) calendar days after the date of service.  The parties shall serve any objections to requests for the production of documents no later than ten (10) calendar days after the date of service of the document requests to which they assert objections.  Within three (3) calendar days of service of any such objections, the parties shall meet and confer

in a good faith attempt to resolve the objections. The parties also agree to make a

good faith effort to substantially produce documents for a deponent three (3) calendar

days before the deponent's deposition, provided the deposition is noticed for a date no

fewer than thirty (30) calendar days after service of objections to the corresponding

document requests. In response to any document requests, the parties need not

produce to each other in discovery in this case any documents previously produced by

Defendants to the FTC in the course of the investigation of Tapestry, Inc.'s proposed

acquisition of Capri Holdings Limited, FTC File No. 231-0133.

   a)  Document Productions shall be sent to the attention of:

      i.   <u>To the FTC:</u>

          Danielle Quinn (dquinn@ftc.gov)
          Nicole Lindquist (nlindquist@ftc.gov)
          Laura Antonini (lantonini@ftc.gov)
          Peter Colwell (pcolwell@ftc.gov)
          Andrew Lowdon (alowdon@ftc.gov)
          Blake Risenmay (brisenmay@ftc.gov)
          Tim Singer (tsinger@ftc.gov)
          Steven Powell (spowell@ftc.gov)
          Mary Karikari (mkarikari@ftc.gov)

      ii.   <u>To Tapestry:</u>

          Andrew.Paik@lw.com
          Mary.Casale@lw.com
          Chris.Brown@lw.com
          David.Johnson@lw.com
          Kimon.Triantafyllou@lw.com
          Ivy.Ziedrich@lw.com
          Charlotte.Yeung@lw.com
          Brian.Nowak@lw.com
          Patrick.Dezil@lw.com
          TLSPM_Latham_Sunrise@transperfect.com

     iii.   <u>To Capri:</u>

          JMMoses@WLRK.com
          EPGolin@WLRK.com

DGDidden@wlrk.com
ALGoodman@wlrk.com
KRHaigh@wlrk.com
BAFish@wlrk.com
JCKaplan@wlrk.com
MJSicilian@wlrk.com
capriservice@wlrk.com

7. <u>Requests for Admission.</u>  The parties shall serve no more than 20 requests for

admission, including subparts, per side, not including those related solely to the

authenticity of a document or the admissibility of documents, data, or other evidence.

8. <u>Interrogatories.</u>  The parties shall serve no more than ten (10) interrogatories per side,

only five (5) of which can be contention interrogatories, served later in the discovery

period pursuant to Local Rule 33.3.  The parties shall serve objections to

interrogatories no later than ten (10) calendar days after the date of service.  Within

three (3) calendar days of service of any such objections, the parties shall meet and

confer in a good faith attempt to resolve the objections.  The parties shall serve

substantive responses no later than fourteen (14) days after service of objections to

the interrogatories.

9. <u>Deadline to Issue Written Discovery to Parties.</u>  Document requests, requests for

admission, and interrogatories must be served no later than the dates as set out in

Exhibit A.

10. <u>Expert Reports.</u>  Plaintiff and Defendants shall serve expert reports, rebuttal expert

reports, and reply expert reports on the dates set forth in Exhibit A.

11. <u>Expert Materials Not Subject to Discovery.</u>  Expert disclosures, including each side's

expert reports, shall comply with the requirements of Federal Rule of Civil Procedure

26(a)(2), except as modified herein:

a)   Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials, and the Parties shall not be obligated to include such information on any privilege log:

   i.   any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves, unless such communications relate to assumptions that the party's counsel provided and that the expert relied on in forming the opinions to be expressed;

   ii.   any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   iii.   expert's notes, unless the expert expressly relies upon and/or cites such notes;

   iv.   drafts of expert reports, affidavit, declaration, exhibits, analyses, or other work product; or

   v.   data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 11(b).

b)   The parties agree that they will disclose the following materials with all expert reports:

   i.   a list by Bates number of all documents relied upon by the testifying expert(s); and copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

6

      ii.    for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial or raw data.

12. Notwithstanding anything to the contrary, the testifying expert may be presented at deposition or the hearing with documents, testimony, or other materials not contained in his or her expert report(s) and questioned about whether the testifying expert saw or considered such documents, testimony, or other materials; the reasons why the testifying expert did or did not consider or rely on such documents, testimony, or other materials in forming his or her opinions; and whether such documents, testimony, or other materials cause the testifying expert to alter his or her opinions in any respect.

13. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing.</u>

    a)   *Preliminary Fact Witness Lists:* The parties shall exchange preliminary fact witness lists in accordance with Exhibit A.  Preliminary fact witness lists shall be limited to twenty-five (25) per side and summarize the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third-party witness.  Only a witness who appears on a party's preliminary witness list may be included on that party's final witness list, unless opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery, absent agreement of the parties or with leave of the Court for good cause shown.

    b)   *Final Fact Witness Lists:* Final fact witness lists shall be exchanged in accordance with Exhibit A.  The final fact witness list shall identify all fact

7

witnesses the producing party expects that it may present at the evidentiary hearing. Final fact witness lists shall be limited to twenty (20) per side and shall summarize the general topics of each witness's anticipated testimony. Each side's final fact witness list shall be limited to witnesses who appeared on either side's preliminary fact witness list and up to ten (10) others, provided that any witness not appearing on a preliminary fact witness list must have otherwise been deposed or the opposing party was provided a reasonable opportunity to take the witness's deposition prior to the close of fact discovery in connection with this federal court preliminary injunction proceeding absent agreement of the parties or with leave of the Court for good cause shown. Additional witnesses may be added to either side's final fact witness list after the date identified in Exhibit A only by agreement of the parties or with leave of the Court for good cause shown.

14. <u>Depositions.</u>

    a)    <u>Number of Fact Depositions.</u> The parties agree that relief from the limitation on the number of depositions set forth in Federal Rule of Civil Procedure 30(a)(2) is necessary and appropriate. Each side may depose a witness who (i) is listed on either side's preliminary fact witness list or (2) provides a declaration, note of support or opposition, or affidavit in connection with this matter. In addition, each side may take a maximum of twenty-five (25) depositions of individuals beyond those listed on either side's preliminary fact witness lists and/or who provide a declaration, note of support or opposition, or affidavit. Each 30(b)(6) deposition notice counts as one deposition for purposes of this paragraph even if the noticed

entity designates multiple individuals to provide testimony. Cross-notices of depositions will not count against the above totals. To the extent a deposition involves a non-party and is not cross-noticed, the party who did not notice the deposition will have 30 minutes available to them and the party seeking the deposition will have 6 hours and 30 minutes. Additional depositions of fact witnesses shall be permitted only by agreement of the parties or by leave of the Court for good cause shown. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

b)    <u>Allocation of time.</u> All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven hours. For the avoidance of doubt, one deposition notice issued pursuant to Rule 30(b)(6) shall last no more than seven hours even if more than one individual is designated to provide testimony. If both Plaintiff and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time evenly between them. For purposes of this Order, former employees, consultants, agents, contractors, or representatives of the parties are considered party witnesses. Unused time in any side's allocation of deposition time shall not transfer to the other side.

c)    <u>Notice.</u> The parties may not serve a deposition notice with fewer than seven (7) calendar days' notice. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the

9

deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.  If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least seven (7) calendar days after the original return date for the document subpoena.

d) <u>Deposition Designations</u>.  The parties agree to work in good faith to reach agreement regarding the need, and, if appropriate, a procedure for deposition designations by the close of fact discovery.

e) <u>Remote Depositions</u>.  All party and non-party depositions in this matter shall be conducted remotely, except that expert witness depositions may be conducted in-person at deposing counsel's option.  The parties agree to meet and confer regarding remote depositions and the protocol that would govern any such depositions.

15. <u>Expert Depositions.</u>  Each side may take one deposition of each of the other side's testifying experts.  Unless the parties agree or the Court orders otherwise, expert depositions must be completed before the close of expert discovery, as set forth in Exhibit A.

16. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with any Part 3 administrative proceeding.  Only discovery obtained by a party in any Part 3 administrative proceeding before the close of fact discovery in this proceeding may be used as part of this litigation, except by agreement of the parties or by leave of the Court for good cause shown.

10

C.    **MOTIONS AND BRIEFING SCHEDULE**

1.  Plaintiff will file its memorandum in support of its motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 35 pages.

2.  Defendants will file their opposition to the Plaintiff's motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 40 pages.

3.  Plaintiff will file its reply memorandum in further support of its motion for a preliminary injunction by the date set in Exhibit A.  This brief is not to exceed 20 pages.

4.  Any motions *in limine* or *Daubert* motions, shall be filed by the date set in Exhibit A. Any responses to any such motions shall be filed by the date set in Exhibit A.  Any briefs in support of, or in opposition to, *motions in limine* shall not exceed 5 pages. Any briefs in support of, or in opposition to, *Daubert* motions shall not exceed 15 pages.

5.  Each side's prehearing proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 50 pages.  Each side's post-hearing proposed findings of fact and conclusions of law will be filed by the date in Exhibit A and shall not exceed 100 pages.

D.    **PRELIMINARY INJUNCTION EVIDENTIARY HEARING**

1.  The parties propose an evidentiary hearing of twenty (20) hours per side on the date set in Exhibit A.  Time spent conducting a direct examination shall count against the side conducting that direct examination; time spent conducting a cross-examination shall count against the side conducting that cross-examination.  Time spent arguing an objection shall count against the side that loses the objection.  Plaintiff and Defendants will each tally the time consumed by each side and confer on a daily basis

on the total time each side has consumed.  Plaintiff may reserve a portion of their

time for rebuttal.  Unused time does not transfer to the other side.

E.    **OTHER MATTERS**

1.  <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery

requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic

mail to the following individuals designated by each party:

      i.    <u>For FTC:</u>

        Abby Dennis (adennis@ftc.gov)
        Peggy Bayer Femenella (pbayerfemenella@ftc.gov)
        Danielle Quinn (dquinn@ftc.gov)
        Nicole Lindquist (nlindquist@ftc.gov)
        Laura Antonini (lantonini@ftc.gov)
        Peter Colwell (pcolwell@ftc.gov)
        Andrew Lowdon (alowdon@ftc.gov)
        Blake Risenmay (brisenmay@ftc.gov)
        Tim Singer (tsinger@ftc.gov)
        Steven Powell (spowell@ftc.gov)
        Mary Karikari (mkarikari@ftc.gov)

      ii.    <u>For Tapestry:</u>

        Sean.Berkowitz@lw.com
        Chris.Brown@lw.com
        Lawrence.Buterman@lw.com
        Mary.Casale@lw.com
        Lindsey.Champlin@lw.com
        Ian.Conner@lw.com
        Jennifer.Giordano@lw.com
        David.Johnson@lw.com
        Andrew.Paik@lw.com
        Al.Pfeiffer@lw.com
        Amanda.Reeves@lw.com
        Chris.Yates@lw.com
        Brian.Nowak@lw.com
        Patrick.Dezil@lw.com

    iii.    <u>For Capri:</u>

        JMMoses@wlrk.com
        EPGolin@wlrk.com
        DGDidden@wlrk.com
        ALGoodman@wlrk.com
        KRHaigh@wlrk.com
        BAFish@wlrk.com
        JCKaplan@wlrk.com
        MJSicilian@wlrk.com
        capriservice@wlrk.com

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

2. <u>Response to Complaint.</u> Defendants shall answer the complaint or file another response pursuant to the Federal Rules on or before the date set in Exhibit A.

3. <u>Nationwide Service of Process.</u> Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties will be allowed nationwide service of process of discovery and evidentiary hearing subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at the evidentiary hearing of a deposition taken in this action.

4. <u>Protective Order Concerning Confidentiality.</u>  The parties anticipate requesting entry

of a Protective Order Concerning Confidentiality.

5. <u>Privilege Logs.</u>  The parties agree to suspend the obligations of Federal Rule of Civil

Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this

case (excluding Defendants' productions made during the course of the FTC's pre-

complaint investigation) for the following categories of documents:

    a) Documents or communications sent solely between or among external counsel

       for the Defendants, including any persons employed by counsel or acting on

       their behalf, on the one hand, and employees or agents of the Defendants, on

       the other hand;

    b) Documents or communications sent solely between or among counsel for

       Plaintiff, including any persons employed by counsel or acting on their behalf,

       on the one hand, and employees or agents of Plaintiff, on the other hand;

    c) Documents or communications sent solely between outside counsel for

       Defendants (or persons employed by or acting on behalf of such counsel) or

       solely between counsel for Plaintiff (or persons employed by or acting on

       behalf of such counsel);

    d) Documents or communications sent solely within Plaintiff's organization

       (including persons employed by or acting on behalf of the Plaintiff);

    e) Documents or communications sent solely between or among experts retained

       for purposes of this matter (including the Federal Trade Commission's

       investigation of this matter), on the one hand, and counsel for any Party or

       Parties, employees of the parties, the experts themselves, or persons acting

14

under the supervision of or on behalf of those experts in connection with the

expert's work on this matter, on the other; and

a) Materials exempted from disclosure under the Expert Materials provision of

Paragraph 11 of this Order.

Defendants may provide a metadata only privilege log for documents or

communications sent solely between or among in-house counsel for the Defendants,

including any persons employed by counsel or acting on their behalf, on the one hand,

and employees or agents of the Defendants, on the other. This Paragraph shall not

alter either party's right to challenge any privilege claims made by either party.

6. **Inadvertent Production of Privileged Material.** In accordance with Federal Rule of

Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent

production of documents or communications containing privileged information or

attorney work product shall not be a basis for loss of privilege or work product of the

inadvertently produced material, provided that the producing party notifies the

receiving party within a reasonable period of time of learning of the inadvertent

production. When a party determines that it has inadvertently produced such

material, it will notify other parties, who will promptly return, sequester, or delete the

protected material from their document management systems. Within two (2)

business days of identifying inadvertently produced information or documents(s), the

party seeking claw-back of such materials shall provide a privilege log entry for the

identified information or documents.

7. **Attorney Work-Product.** The parties will neither request nor seek to compel the

production of any interview notes, interview memoranda, or recitation of information

contained in such notes or memoranda, or recitation of information contained in such

notes or memoranda, created by any party's Counsel, except as specified in Paragraph 11. Nothing in this Order requires the production of any party's attorney work-product; confidential attorney-client communications; communications with or information provided to any potentially or actually retained expert; communications between counsel for the FTC, its Commissioners, and/or persons employed by the FTC; or materials subject to the deliberative-process privilege or any other privilege.

8. <u>Electronically Stored Information.</u>  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

   a) All Parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to ensure that automatic deletion systems will not destroy any potentially relevant information.

   b) All Parties agree that the use of Technology Assisted Review tools may assist in the efficienct production of ESI.  However, if a party desires to use such technologies that materially differ from the technologies used in connection with Defendants' response to the Second Request, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.

   c) All parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.  However, the parties need not produce color images of documents during production.  If a party requests color images of specific

documents, then the receiving party shall provide it within three (3) business days.

9. <u>Evidentiary Presumptions.</u>

    a) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0133, are presumed to be authentic. All documents produced by non-parties from their files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. If a party serves a specific written objection to a document's authenticity, the presumption of authenticity shall no longer apply to that document, and the parties shall promptly meet and confer to attempt to resolve the objection. The Court will resolve any objections that are not resolved through this means or through the discovery process.

    b) Any party may challenge the authenticity or admissibility of a document, and if necessary may take discovery related solely to authenticity or admissibility of documents.

10. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

### EXHIBIT A - PROPOSED SCHEDULE

| Event | Date(s) |
|---|---|
| Discovery Commences | Upon filing of this Proposed Joint Stipulated Case Management Order with the Court |
| Response to Complaint | May 6, 2024 |
| Parties Serve Initial Disclosures | May 7, 2024 |
| Plaintiff Serves Preliminary Fact Witness Lists | May 10, 2024 at 5 p.m. ET |
| Defendants Serve Preliminary Fact Witness List | May 15, 2024, at 5 p.m. ET |
| Deadline to Serve Written Discovery, excluding Contention Interrogatories | May 17, 2024 |
| Deadline to Serve Contention Interrogatories | June 26, 2024 |
| Good-faith Commitment to Complete Party Depositions | July 19, 2024 |
| Close of Fact Discovery | July 26, 2024 |
| Plaintiff Serves Initial Expert Report(s) | July 26, 2024 |
| Plaintiff's Memorandum of Law in Support of Preliminary Injunction Motion | August 6, 2024 |
| Defendants Serve Rebuttal Expert Report(s) | August 7, 2024 |
| Plaintiff Serves Expert Rebuttal/Reply Report(s) | August 14, 2024 |
| Defendants' Opposition to Preliminary Injunction Motion | August 20, 2024 |
| Close of Expert Discovery | August 20, 2024 |
| Exchange of Final Witness Lists | August 21, 2024 at 5 p.m. ET |
| Exchange of Exhibit Lists and Deposition Designations (to the extent necessary) | August 23, 2024 at 5 p.m. ET |

18

| Event | Date(s) |
|---|---|
| Each Party informs each non-party of all documents produced by that non-party that are on that Party's exhibit list and all depositions of that non-party that have been designated by any Party (to the extent necessary) | August 23, 2024 |
| Deadline for Motions *In Limine* and Daubert Motions | August 26, 2024 |
| Plaintiff's Reply to Defendants' Opposition to Preliminary Injunction Motion | August 27, 2024 |
| Each side exchanges its objections to the other side's exhibits and opening deposition designations and provides its deposition counter-designations (to the extent necessary) | August 27, 2024 |
| Each side exchanges its objections to the other side's deposition counter-designations and its counter-counter-designations (to the extent necessary) | August 29, 2024 |
| Deadline for Oppositions to Motions *In Limine* and Daubert Motions | August 30, 2024 |
| Proposed Findings of Fact and Conclusions of Law | August 30, 2024 |
| Non-parties provide notice whether they object to the potential public disclosure at hearing of any non-party documents and depositions, explain the basis for any such objections, and propose redactions where possible | August 30, 2024 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on hearing exhibit lists and deposition designations (to the extent necessary) | August 30, 2024 (and as required thereafter) |
| Parties meet and confer regarding admissibility of hearing exhibits | August 30, 2024 (and as required thereafter) |
| Joint submission regarding disputes about admissibility of hearing exhibits | September 4, 2024 |
| Joint submission regarding disputes about confidentiality of Party and non-party documents on hearing exhibit lists to be filed | September 4, 2024 |
| Evidentiary Hearing Begins | September 9, 2024 |
| Post-Hearing Proposed Findings of Fact and Conclusions of Law | 7 days after the evidentiary hearing concludes |

STIPULATED AND AGREED:

S/ *Abby Dennis*_____        May 1, 2024_____
Counsel for Federal Trade Commission    Date


S/ *Alfred C. Pfeiffer*_____       May 1, 2024_____
Counsel for Tapestry, Inc.              Date


S/ *Elaine P. Golin*_____        May 1, 2024_____
Counsel for Capri Holdings Limited      Date


*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*


**IT IS SO ORDERED,** this   1st  day of ___May_____, 20 24___.


_____
UNITED STATES DISTRICT JUDGE
The Honorable Jennifer L. Rochon

20

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of May 2024, I caused to be served the foregoing on the following entity via mail:

Cole Haan LLC
C/O National Registered Agents, Inc.
28 Liberty St.
New York, NY 10005

Dated:   May 15, 2024                   *S/ Kassandra DiPietro*
                                        Kassandra DiPietro
                                        Federal Trade Commission
                                        600 Pennsylvania Avenue, NW
                                        Washington, D.C. 20580
                                        Phone: (202) 326-3772
                                        Email:  kdipietro@ftc.gov

                                        *Counsel for Plaintiff Federal Trade Commission*