

Richard Brosnick

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 880 3834
richard.brosnick@akerman.com

**VIA ECF**

August 8, 2024

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> **Re:** *Federal Trade Commission v. Tapestry, Inc. and Capri Holdings, Ltd.,*
> *1:24-CV-03109-JLR-BCM*

Dear Judge Rochon:

    This firm represents non-party MZ Wallace Inc. ("MZ Wallace"), and I am writing in support of the Federal Trade Commission's ("FTC") letter motion, filed on August 6, 2024, seeking an order sealing portions of the FTC's Motion for Preliminary Injunction ("Seal Motion"), and to also respectfully request that MZ Wallace's Confidential Material submitted or cited by any party in connection with the FTC's Motion for Preliminary Injunction ("PI Motion") be sealed and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

    Pursuant to the parties' respective subpoenas issued in the referenced litigation, MZ Wallace produced documents on May 31, 2024 and its corporate representative (Kevin Mogyoros) was deposed on July 17, 2024.  Given the highly confidential, proprietary and competitively sensitive nature of the documents and information produced by MZ Wallace, such documents and testimony were designated by MZ Wallace on the record as Confidential Material pursuant to the Stipulated Protective Order entered in this litigation (Dkt. 70) ("Protective Order").  On August 1, 2024, counsel for the FTC contacted me to provide notice that the FTC's PI Motion would include the transcript of MZ Wallace's deposition as one of its exhibits, and that its memorandum of law would cite portions of such competitively sensitive testimony.  It is anticipated that defendants will likely also cite competitively sensitive information from MZ Wallace's testimony and documents in their opposition to the FTC's PI Motion, and that the parties may seek to introduce MZ Wallace's competitively sensitive information at the hearing of that motion.

    MZ Wallace's testimony and documents produced in this litigation consist almost entirely of confidential, proprietary and competitively sensitive information, including, *inter alia*, MZ Wallace's recent, current and future marketing expenditures, sales data and trends, pricing, costs, margins, evaluation of competitors, product design and detailed strategic competition, distribution and growth plans.  MZ Wallace would suffer irreparable competitive injury and other harm if its competitors or the public were given access to such highly confidential and competitively sensitive

Honorable Jennifer L. Rochon, U.S.D.J.
August 8, 2024
Page 2

_____

financial and strategic information. Accordingly, I am writing pursuant to the Protective Order and in support of the FTC's Seal Motion to file the transcript of the deposition of MZ Wallace and citations to or subsequent filing of MZ Wallace's testimony and produced Confidential Material under seal for purposes of the FTC's PI Motion, and, further, to respectfully seek *in camera* treatment of any evidentiary use of MZ Wallace's testimony, documents or the confidential and competitively sensitive information contained therein at such hearing or at any subsequent proceedings in this matter.

The FTC's Seal Motion and MZ Wallace's instant request are consistent with precedent in the Second Circuit and this District concerning sealing of such Confidential Material. *See e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("privacy interests of those resisting disclosure" are balanced against a presumption of public access to filed documents); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) ("privacy interests of innocent third parties . . . should weigh heavily when balancing the presumption of disclosure" (internal citations and quotations omitted)). Moreover, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents" such that "the public's right of access [to certain exhibits] . . . is outweighed by non-parties' interests in privacy and the protection of proprietary business information." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (documents and information that could aid "[c]ommercial competitors seeking an advantage over rivals" are also properly sealed).

Here, public access to the MZ Wallace testimony and documents at issue would provide insight into MZ Wallace's proprietary finances, competitive process and marketing strategy, causing irreparable harm to MZ Wallace. As a non-party, MZ Wallace is therefore entitled to protection of such Confidential Material pursuant to the Protective Order and as sought by the FTC's Seal Motion.

For the foregoing reasons, MZ Wallace respectfully requests that the Court grant the FTC's Seal Motion, and "So Order" this request that non-party MZ Wallace's filed, referenced or cited documents and testimony remain confidential and under seal, and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

Respectfully submitted,

Richard Brosnick

cc:   Counsel of Record via ECF

77520708;1