

August 9, 2024

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    *Federal Trade Commission v. Tapestry, Inc., et al.,*
                Case No. 1:24-cv-03109-JLR

Dear Judge Rochon:

      We are counsel for non-party Dagne Dover (18th and Walnut LLC) (hereinafter "Dagne Dover") in connection with the above-referenced matter. During discovery, Dagne Dover produced information that it designated as "Confidential Material" pursuant to the Stipulated Protective Order signed by Your Honor (Doc. 70). Dagne Dover's co-founder and COO, Deepa Gandhi, also sat for a Rule 30(b)(6) deposition on July 17, 2024, which was also designated as "Confidential Material" pursuant to the Stipulated Protective Order. On August 1, 2024, counsel for the Federal Trade Commission (hereinafter "FTC") notified Dagne Dover that they may seek to include portions of Dagne Dover's "Confidential Material" in their Motion for Preliminary Injunction filed on August 6, 2024 (hereinafter "Motion").

      Pursuant to Paragraph 9 of the Stipulated Protective Order and this Court's Rule of Individual Practice 4(B)(iii), we respectfully submit this letter motion seeking an order sealing and redacting Dagne Dover's "Confidential Material" contained in the Motion and accompanying exhibits. Specifically, Dagne Dover respectfully requests:

    (i)    the redaction of specific references to Dagne Dover and Deepa Gandhi's July 17, 2024 deposition testimony within the FTC's Memorandum of Law in Support of their Motion (Doc. 126);

    (ii)    the sealing of the July 17, 2024 deposition testimony of Deepa Gandhi, which is attached as an exhibit to the FTC's Memorandum of Law in Support of their Motion (Doc. 125, #42); and

    (iii)    *in camera* treatment of any evidentiary use of Dagne Dover's testimony or documents designated as "Confidential Material" at any hearing or subsequent proceedings in this matter.

**Scott S. Allen, Jr.** | Partner | sallen@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202  **Phone:** 716.853.5100  **Fax:** 716.853.5199  lippes.com

**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs  //  **Florida:** Jacksonville  //  **Illinois:** Chicago
**Ohio:** Cleveland  //  **Oklahoma:** Oklahoma City  //  **Ontario:** Greater Toronto Area  //  **Texas:** San Antonio  //  **Washington, D.C.**



The deposition testimony at issue arises from questions posed to Ms. Gandhi, who testified in her personal capacity and as Dagne Dover's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). Ms. Gandhi testified extensively about the contents of Dagne Dover's "Confidential Material", including, a breakdown of Dagne Dover's annual, quarterly, and monthly revenue from 2019 to the present, and what portions of Dagne Dover's revenue is attributable to particular activities, for example, marketing and branding research. As a result, the deposition testimony contains highly confidential information consisting of Dagne Dover's annual revenue and projected revenue for the years 2019 to the present, as well as a detailed analysis of these figures across the various product lines in which Dagne Dover offers. The testimony also contains thoughts and opinions throughout that reflect Dagne Dover's assessment of these figures and the market at large, any of which would cause irreparable harm to Dagne Dover should the testimony be made public.

The document and testimony redactions and seal that Dagne Dover seeks are consistent with precedent in the Second Circuit and this District concerning the sealing of confidential materials. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure, such as trade secrets and sources of business information that might harm a litigant's competitive standing." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-155 (S.D.N.Y. July 30, 2015). Further, "[t]he privacy interests of 'innocent third parties. . . should weigh heavily in a court's balancing equation.'" *Wiav Sols. Inc. v. HTC Corp.*, 2021 WL 871415, at *1 (S.D.N.Y. Mar. 9, 2021) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted)).

Here, while the subject document and testimony indeed constitute "judicial documents", "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records that could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). Public access to the testimony cited in the Motion would provide insight into Dagne Dover's financial strength, competitive process, position in the market, and mental impressions concerning its potential business going forward. As a non-party, Dagne Dover is entitled to the protection of this "Confidential Material" pursuant to the Stipulated Protective Order (Doc. 70) and as sought by the FTC in their letter motion to seal (Doc. 120).

We have conferred with counsel for the FTC regarding this matter, and they have represented that they do not oppose Dagne Dover's request for redaction and sealing of information designated as "Confidential Material".



      For the foregoing reasons, Dagne Dover respectfully requests that the Court grant the FTC's letter motion to seal, and "So Order" this request to seal Dagne Dover's cited and referenced documents and testimony, and only review *in camera* if admitted at any hearing or subsequent proceedings in this matter.

                                          Respectfully submitted,

                                          LIPPES MATHIAS LLP

                                          */s/ Scott Allen*

                                          Scott S. Allen Jr.

cc: All counsel of record via ECF