# Arnold & Porter

Margaret A. Rogers
+1 212.836.7830 Direct
margaret.rogers@arnoldporter.com

August 9, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Federal Trade Commission v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109-JLR – Motion by Third Party Chanel, Inc. to Seal

Dear Judge Rochon:

    I serve as counsel for non-party Chanel, Inc. ("Chanel"), which has provided declarations and produced discovery as a third party in the above-captioned case. Plaintiff's Memorandum of Law in Support of Its Motion for Preliminary Injunction, Dkt. No. 126, cited to a declaration executed by a Chanel employee and attached that declaration as PX4002. Chanel designated the declaration as Confidential pursuant to the Stipulated Protective Order, ECF No. 70 and the FTC redacted references to the declaration in the publicly-filed version of its Motion for Preliminary Injunction.

    The FTC's Letter Motion to Seal, Dkt. No. 120, sought clarification from the Court regarding whether Paragraph 9 of the Stipulated Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii). In an abundance of caution pending clarification from the Court, Chanel submits this letter motion to seal PX4002, Dkt. No. 125 #23, and all references to and quotations from PX4002 in the Memorandum of Law in Support of FTC's Motion for Preliminary Injunction, Dkt. No. 126. Chanel requests that its information remain redacted in the public version of that motion and that its information only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter. Counsel for the FTC and counsel for the defendants consent to this request.

    "[B]usiness information that might harm a litigant's competitive standing" is among the narrow categories of information traditionally protected by courts from disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts may seal information that would aid "[c]ommercial competitors seeking an advantage over

**Arnold & Porter**

August 9, 2024
Page 2

rivals." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

Further, the Second Circuit has repeatedly opined that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" for sealing, recognizing that these interests "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050–51 (alterations in original). Third party information may be sealed if disclosure would put the disclosing party "at an unfair disadvantage by allowing its competitors to use the information in pitching their own services." *Vellali v. Yale Univ.*, No. 3:16-cv-1345(AWT), 2021 WL 4520159 at *2 (D. Conn. Sept. 30, 2021).

PX4002 contains confidential and competitively-sensitive information from third party Chanel regarding Chanel's pricing and distribution strategies and the manufacturing of Chanel handbags. Chanel would suffer irreparable harm if its competitors or the public were given access to this competitively sensitive information which could be used by rivals and customers to undermine Chanel's competitive position.

Accordingly, Chanel respectfully requests that the Court grant this letter motion to seal PX4002, Dkt. No. 125 #23, and the references to[1] and quotations from PX4002 in the Motion for Preliminary Injunction, Dkt. No. 126. Chanel further seeks *in camera* treatment of any evidentiary use of Chanel's confidential and competitively sensitive information contained in PX4002 at any hearing or subsequent proceedings in this matter.

Respectfully submitted,

By: /s/ Margaret A. Rogers
Margaret A. Rogers
*Counsel for Non-Party Chanel, Inc.*

cc: All counsel (via ECF)

---

[1] The way the arguments in support of the Motion for Preliminary Injunction are drafted, the citations themselves to PX4002 would reveal Chanel's competitively sensitive information. Therefore, the citations along with the quoted material should be sealed.