**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3415
qdisa@foley.com

August 9, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Federal Trade Commission v Tapestry, Inc.,* et al.*,* Case No. 1:24-cv-03109-JLR

Dear Judge Rochon:

This firm represents non-party Steven Madden, Ltd. ("Steve Madden") in connection with the above-referenced matter. On July 22, 2024, a corporate representative of Steve Madden was deposed pursuant to Federal Rule of Civil Procedure 30(b)(6), and "Confidential" treatment was requested for Steve Madden's testimony pursuant to the Stipulated Protective Order in this matter. (Dkt. 70). On August 6, 2024, counsel for the Plaintiff Federal Trade Commission ("FTC") filed a Memorandum of Law in Support of its Motion for Preliminary Injunction and, as an exhibit to the Memorandum, included: (i) a redacted copy of this deposition transcript filed in the public docket and (ii) an unredacted copy of this deposition transcript ("Unredacted PX5040") filed under seal.

Pursuant to Paragraph 9 of the Stipulated Protective Order and this Court's Rule of Individual Practice 4(B)(iii), Steve Madden respectfully submits this letter in support of the FTC's letter-motion seeking that Unredacted PX5040 remain under seal for purposes of all future proceedings in this matter and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter. Specifically, the following portions of Unredacted PX5040 contain confidential and proprietary business information of Steve Madden regarding, among other things, Steve Madden's business processes, sales channels, and competitive intelligence, the public disclosure of which would cause commercial injury to Steve Madden:

- Page 20, Line 8 through Page 21, Line 6;
- Page 23, Lines 1-15;
- Page 32, Line 21 through Page 33, Line 3;
- Page 34, Lines 9-12;
- Page 36, Lines 10-13;
- Page 49, Lines 10-15;
- Page 49, Line 20 through Page 50, Line 10;

**FOLEY**

FOLEY & LARDNER LLP

Hon. Jennifer L. Rochon
August 9, 2024
Page 2

- Page 56, Lines 15-18;
- Page 57, Lines 1-13;
- Page 83, Line 14 through Page 84, Line 4;
- Page 88, Line 18 through Page 89, Line 9;
- Page 99, Line 10 through Page 101, Line 16;
- Page 103, Line 17 through Page 104, Line 1.

Accordingly, the foregoing portions were redacted from the version of PX5040 that the Federal Trade Commission filed on the public docket. These redactions were narrowly tailored to protect Steve Madden's legitimate business interests.

Steve Madden's and the FTC's request to seal Unredacted PX5040 comports with the standards for sealing set forth by the U.S. Court of Appeals for the Second Circuit. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id*. at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id*. at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Importantly, "[t]he privacy interests of innocent third parties ... should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

Here, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also*, *U.S. v. Amodeo*, 71 F.3d at 1051 (explaining that records that can aid "[c]ommercial competitors seeking an advantage over rivals" may properly be sealed). Public access to the testimony at issue in Unredacted PX5040 would provide insight into Steve Madden's confidential business processes and competitive intelligence. As a non-party, Steve Madden is entitled to the protection of this confidential information.

For the foregoing reasons, Steve Madden respectfully requests that the FTC's letter-motion be granted in its entirety and an Order be issued placing Unredacted PX5040 under seal.



Hon. Jennifer L. Rochon
August 9, 2024
Page 3

Respectfully submitted,

*/s/ Quinn N. D'Isa*

Quinn N. D'Isa, Esq.

cc: Counsel of Record (via ECF)