# Morgan Lewis

**R. Brendan Fee**
Partner
+1.215.963.5136
brendan.fee@morganlewis.com

**VIA ECF**

August 9, 2024

The Honorable Jennifer L. Rochon
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re:   *FTC v. Tapestry*, No. 1:24-cv-03109-JLR (S.D.N.Y.)
      <u>Request for Maintain Seal As to PX3210 by Burberry Limited</u>

Dear Judge Rochon:

I represent non-party Burberry Limited ("Burberry") and write pursuant to paragraph 4(B) of Your Honor's Individual Rules of Practice to request that Exhibit PX3120 (ECF No. 125-16), which Burberry produced in discovery and which is attached to the Declaration of Abby L. Dennis in Support of Plaintiff's Memorandum of Law in Support of its Motion for Preliminary Injunction, remain under seal. Neither the Federal Trade Commission nor Defendants oppose this request.[1]

In analyzing a request to seal judicial records, the Second Circuit has made clear that, "interests of innocent third parties" such as Burberry, "should weigh heavily" in the court's calculus. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). And there is well-established exception to the presumption of access for sensitive information that, if disclosed to the public "might harm [the producing party's] competitive standing." *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig*.,

---

[1] Defense counsel advised that, while they do not object to this request, they believe it is unnecessary because the Protective Order states that: "In the event that any Confidential Material contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. Confidential Material contained in the papers shall remain under seal until further order of the Court." ECF No. 70 at ¶ 9. Nevertheless, in light of the sensitivity of PX3120, Burberry submits this letter request in an abundance of caution.

**Morgan, Lewis & Bockius** LLP

2222 Market Street
Philadelphia, PA  19103-2921
United States
   T +1.215.963.5000
   F +1.215.963.5001

August 8, 2024
Page 2

258 F.R.D. 236, 244 (S.D.N.Y. 2009)). Courts in this Circuit thus routinely seal sensitive financial information, including "internal pricing strategies and competitive pricing data" and other similar discovery material. *See, e.g., In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data [are] sufficiently sensitive to warrant redaction"); *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) ("[T]he Court finds it appropriate to seal the ... content identified ... as sensitive proprietary or financial information..."); *Hesse v. SunGard Systems Intern.*, No. 12 Civ.1990 (CM) (JLC), 2013 WL 174403 at *2-3 (S.D.N.Y. 2013) (permitting the sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients").

PX3120, which Burberry produced as an "innocent third party" in this case, fits squarely within this category and meets the standard for sealing under controlling law. This document is a confidential pricing and competitive strategy document that would not have been shared outside of Burberry were it not for the subpoenas served by the parties to this action and the protections afforded by this Court's Protective Order. Disclosure of PX3120 to the public—and, by extension, to Burberry's competitors—would provide insight into Burberry's pricing strategies and competitive positioning, which would result in clear and irreparable harm to Burberry. The Court should, therefore, maintain the seal over PX3120.

Burberry appreciates Your Honor's attention to this request.

Respectfully,

*/s/ Brendan Fee*

R. Brendan Fee
*Counsel for Non-Party Burberry Limited*