# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Telephone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Shawn R. Fox**
Direct: 212.548.2165
Email: sfox@mcguirewoods.com
Fax: 212.548.2150

August 9, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
Room 1920
New York, NY 10007

      **RE:**   *Federal Trade Commission v. Tapestry, Inc. et al.,* **Case No. 1:24-cv-03109-JLR**

Dear Judge Rochon:

      My firm represents non-party Brahmin Leather Works, LLC ("Brahmin") in relation to *Federal Trade Commission v. Tapestry, Inc. et al.*, Case No. 1:24-cv-03109-JLR. Brahmin submits this letter motion in support of the Federal Trade Commission's ("FTC") motion for an order to seal portions of the FTC's Motion for Preliminary Injunction and accompanying exhibits. Braham also respectfully requests that any Brahmin material submitted or cited by any party in this matter moving forward be sealed and any Brahmin material admitted into evidence be provided *in camera* treatment.

      Brahmin submitted business documents and data in response to subpoenas from both parties in this litigation and its Chief Executive Officer, Susan Thacker, was deposed in this matter. The submitted documents and data and the deposition testimony contain highly confidential, proprietary, commercially sensitive, and competitively sensitive information that would cause irreparable harm to Brahmin if publicly disclosed. Brahmin designated its documents and data as Confidential Material pursuant to Paragraph 6 of the Protective Order entered in this matter [Dkt. 70]. Counsel for Brahmin also designated Ms. Thacker's testimony as Confidential Material on the record during the deposition, also pursuant to Paragraph 6 of the Protective Order.

      Ms. Thacker's deposition testimony covered highly confidential, proprietary, commercially sensitive, and competitively sensitive information of Brahmin on many topics, the public disclosure of which would cause irreparable harm to Brahmin. Examples of such topics include past and future revenue figures and projections, information on manufacturing of Brahmin products, findings of a proprietary market study, and many others. These areas are among

August 9, 2024
Page 2

Brahmin's most sensitive information.  Brahmin's status as a non-party to this litigation further weighs in favor of protection, when balanced against the presumption of disclosure.  *See Sec. & Exch. Comm'n. v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("Protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents."); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) ("The privacy interests of innocent third parties . . . should weigh heavily when balancing the presumption of disclosure." (internal citations and quotations omitted)).

Counsel for Brahmin have conferred with counsel for the FTC and for Tapestry and counsel for both parties have represented that they do not oppose this request.

For the foregoing reasons, Brahmin requests that the FTC's motion to seal portions of the FTC's Motion for Preliminary Injunction and accompanying exhibits be granted.  Brahmin further requests that any Brahmin material cited or submitted in any motion, filing, or other document or proceeding moving forward be sealed and any Brahmin information or documents admitted into evidence be provided *in camera* treatment.

Respectfully submitted,

/s/ _____
Shawn R. Fox