

151 WEST 42ND STREET   49TH FLOOR   NEW YORK, NY 10036
T 212.307.5500  F 212.307.5598  www.Venable.com

August 9, 2024

Leonard L. Gordon

t 212.370.6252
f 212.307.5598
LLGordon@Venable.com

**VIA ECF**

Honorable Jennifer L. Rochon
Daniel Patrick Moynihan U.S. Courthouse
U.S. District Court for the Southern District of New York
500 Pearl St.
New York, NY 10007

      Re:   *Fed. Trade Comm'n v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109-JLR (S.D.N.Y.)

Dear Judge Rochon:

      This firm represents non-party LVMH Moet Hennessy Louis Vuitton Inc. ("LVMH US") and respectfully requests that the Court maintain under seal certain limited portions of the Memorandum of Law in Support of Motion for Preliminary Injunction (ECF No. 126) ("Memorandum") and supporting declaration filed by the Federal Trade Commission ("FTC") on August 6, 2024, as those materials contain LVMH's confidential and competitively sensitive business information. This letter is submitted in further support of the FTC's letter-motion (ECF No. 120) that seeks an order sealing portions of its Memorandum including those that are subject of LVMH US's current request.

      In response to subpoenas served by the parties to this litigation, on July 19, 2024, LVMH US produced a corporate representative, its CEO Anish Melwani, who provided several hours of deposition testimony that included confidential and competitively sensitive business information.[1] On August 1, 2024, the FTC notified LVMH US that the FTC's forthcoming Memorandum and supporting declaration would contain three references to LVMH US's deposition testimony and include the complete deposition transcript as an exhibit. Given the confidential and competitively sensitive nature of the testimony, LVMH US requested that the references in the Memorandum to LVMH US's deposition testimony and the complete deposition transcript be filed under seal.

---

[1] Given the confidential and sensitive nature of the deposition testimony, counsel for LVMH US designated the deposition transcript as "Confidential" on the record during the deposition pursuant to the terms of the Protective Order entered in this case.

**VENABLE** LLP

Hon. Jennifer L. Rochon
August 9, 2024
Page 2

On August 6, 2024, the FTC filed its Memorandum with redactions to the three references to the LVMH US deposition testimony, and the deposition transcript under seal. A copy of the email from the FTC detailing the three highlighted redactions and confirming the filing of the deposition transcript as an exhibit under seal is attached hereto as Exhibit A (filed under seal).

LVMH US reviewed the three references redacted by the FTC in its Memorandum and the full deposition transcript. Based on that review, LVMH US requests that the three references to LVMH US's deposition testimony as described by the FTC in Exhibit A remain redacted on the public docket to protect LVMH US's confidential and competitively sensitive business information. LVMH US does not object to the public filing of certain portions of the deposition transcript but requests that the Court maintains certain portions under seal and permits the filing of that transcript with redactions. To that end, attached as Exhibit B (filed under seal) is a copy of the deposition transcript with the portions highlighted in yellow that LVMH US requests be redacted to protect its confidential and competitively sensitive business information.

The Second Circuit has adopted a three-part test to determine whether to grant motions to file documents under seal. *See Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006). First, the court must determine whether the document at issue is a judicial document – a filed document "'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Next, the court must determine the amount of weight to be afforded to the presumption of public access. *Id.* "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Such countervailing factors may include, *inter alia*, the privacy interests of the parties resisting disclosure. *Id.*

Notably, the Second Circuit has recognized that the "privacy interests of innocent third parties…weigh heavily" against disclosure and has held that that records that could aid "[c]ommercial competitors seeking an advantage over rivals" may properly be sealed. *United States v. Amodeo*, 71 F.3d at 1050–51. In fact, "[c]ourts in this District also routinely seal documents to prevent the disclosure of confidential business information." *News Corp. v. CB Neptune Holdings, LLC*, No. 21 CIV. 04610 (VSB), 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021).

The privacy interests of non-party LVMH US and the fact that the disclosure of its information could aid its competitors outweigh any presumption of public access to such information. LVMH US seeks to maintain under redaction only the three references to LVMH US deposition testimony that are set forth in the FTC's Memorandum (as highlighted in Exhibit A) as well as select portions of the deposition transcript (as highlighted in Exhibit B). These narrowly tailored redactions contain confidential and competitively sensitive business information that

Hon. Jennifer L. Rochon
August 9, 2024
Page 3

relate to the following categories of information: 1) pricing, sales and marketing strategies and analyses; 2) financial information including revenue and profit; 3) product manufacturing and sourcing information; and 4) internal assessments and strategic considerations regarding sales channels and store locations.

If revealed, the foregoing categories of information would provide LVMH US's "competitors with an unearned advantage" and "harm [its] competitive standing in the market." *W.J. Deutsch & Sons Ltd. v. Diego Zamora S.A.*, 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) (citations and internal quotation marks omitted). Courts have routinely permitted sealing of similar categories of information. *See News Corp.*, 2021 WL 3409663, at *2 (noting that courts have sealed "sales and revenue," "analytical testing[,]" "qualitative market research," "confidential proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" as well as "rates or planning information" and the "research and development for new products" (citations and internal quotation marks omitted)); *W.J. Deutsch & Sons Ltd.*, 2022 WL 890184, at *2 ("courts will commonly grant a company's request for sealing of proprietary business information, such as internal analyses, business strategies, or customer negotiations when disclosure of that information could provide competitors with an unearned advantage." (citation and internal quotations omitted)); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (sealing exhibits consisting "largely of 'highly confidential sales information, including pricing information,' which is not available to the public[]") (internal citation omitted); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal exhibits that "contain[ed] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting.").

We have conferred with counsel for the FTC and Defendants concerning this matter. The FTC has indicated that it does not oppose LVMH US's request. Defendants have represented that they have no objection to the relief sought by LVMH US.

Accordingly, LVMH US respectfully requests that this letter-motion be granted in its entirety and an Order be issued prescribing that the three references to LVMH US's deposition testimony in the FTC's Memorandum remain redacted and that the transcript of the LVMH US deposition testimony be filed publicly with the redactions as proposed in Exhibit B.

Respectfully submitted,

*/s/ Leonard L. Gordon*
Leonard L. Gordon

cc: All Counsel of Record (via ECF)