

**Baker & McKenzie LLP**

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

August 9, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re: *FTC v. Tapestry, Inc. et al.*, 1:24-cv-03109-JLR**

Dear Judge Rochon:

      We are counsel for non-party Ralph Lauren Corporation ("Ralph Lauren"), and we write in support of the Federal Trade Commission's ("FTC") letter motion, filed on August 6, 2024, seeking an order sealing portions of the FTC's Motion for Preliminary Injunction ("PI Motion"), and to also respectfully request that Ralph Lauren's Confidential Material submitted or cited by any party in connection with the FTC's PI Motion be sealed and only be reviewed in camera if admitted into evidence at any hearing or subsequent proceeding in this matter.

      Pursuant to subpoenas issued in the above-referenced case, Ralph Lauren produced documents and its corporate representative was deposed on July 16, 2024. Given the highly confidential, proprietary, and competitively sensitive nature of the documents and information produced by Ralph Lauren, such documents and testimony were designated by Ralph Lauren on the record as Confidential Material pursuant to the Stipulated Protective Order entered in this case (Dkt. No. 70).

      On August 1, 2024, counsel for the FTC contacted us to provide notice that the FTC's PI Motion would include the transcript of Ralph Lauren's deposition and one Ralph Lauren produced document (PX3201) as two of its exhibits, and that its memorandum of law would cite portions of the competitively sensitive testimony and one produced document.

      The FTC's Letter Motion to Seal (Dkt. No. 120) sought clarification from the Court regarding whether Paragraph 9 of the Stipulated Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii). In an abundance of caution pending clarification from the Court, Ralph Lauren submits this letter motion to seal Ralph Lauren's deposition transcript, Ralph Lauren's one produced document (PX3201), and all references to and quotations from these two documents in the Memorandum of Law in Support of FTC's PI Motion. Ralph Lauren requests that its information remain redacted in the public version of that motion and that its information only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

Ralph Lauren's deposition transcript and one produced document (PX3201) contain extensive discussion of non-public, trade secret information concerning Ralph Lauren's handbag business, including Ralph Lauren's confidential business strategy, sales and marketing channels, pricing, manufacturing, and distribution strategies, and revenue and sales data. Ralph Lauren would suffer irreparable harm and serious competitive and commercial injury if its competitors or the public were given access to this highly confidential strategic information.

"[B]usiness information that might harm a litigant's competitive standing" is among the narrow categories of information traditionally protected by courts from disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts may seal information that would aid "[c]ommercial competitors seeking an advantage over rivals." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co*., 184 F.R.D. 504, 506 (E.D.N.Y. 1999). Indeed, this court has stated: "[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc*., 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information.").

Here, public access to the testimony at issue in Ralph Lauren's deposition transcript and one produced document (PX3201) would provide insight into Ralph Lauren's confidential business processes and information. Ralph Lauren would suffer irreparable harm if its competitors or the public were given access to this competitively sensitive information which could be used by rivals and customers to undermine Ralph Lauren's competitive position. As a non-party, Ralph Lauren is entitled to the protection of this confidential information.

We have conferred with counsel for the FTC and Tapestry regarding this matter, and they have represented that they do not oppose Ralph Lauren's sealing requests.

For the foregoing reasons, Ralph Lauren respectfully requests that the FTC's letter motion be granted in its entirety and an Order be issued placing Ralph Lauren's deposition transcript and one produced document (PX3201) under seal.

Respectfully submitted,

*/s/ Creighton J. Macy*

Graham Cronogue (NYS Reg. No. 5387733)
Creighton J. Macy (*pro hac vice* pending)
**BAKER MCKENZIE LLP**
815 Connecticut Ave., NW
Washington, DC 20006
(202) 835-6260



graham.cronogue@bakermckenzie.com
creighton.macy@bakermckenzie.com

*Counsel for Non-Party Ralph Lauren Corporation*

cc: All counsel of record via ECF