

NORTH AMERICA SOUTH AMERICA EUROPE ASIA

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

**Eva W. Cole**
Partner
+1 212-294-4609
EWCole@winston.com

August 9, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
United States District judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re**: *FTC v. Tapestry, Inc., et al.* No. 1:24-cv-03109-JLR (S.D.N.Y.)

Dear Judge Rochon:

I write on behalf of non-party Tory Burch LLC ("Tory Burch") in connection with the above-referenced matter to ensure that Tory Burch's highly confidential information filed by Plaintiff Federal Trade Commission ("FTC") with its recent Motion for Preliminary Injunction (Dkt. 121) ("Motion") remains under seal.

During discovery in this matter, Tory Burch produced information that it designated as "Confidential" pursuant to Paragraph 3 of the May 1, 2024 Stipulated Protective Order (Dkt. 70) (the "Protective Order") in response to subpoenas from the FTC and Defendant Tapestry, Inc. ("Tapestry"). Pursuant to the Protective Order, "Confidential Material" is defined to include "any trade secret or other confidential research, development, or commercial information. . . or any Document. . . that has not been published or otherwise made publicly available." Protective Order, ¶ 1(a).

On August 1, 2024, pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice, the FTC notified Tory Burch that it would be citing to, and attaching, certain of Tory Burch's confidential information in its Motion. Specifically, the FTC indicated that it would cite and file PX3150 (attached hereto as Exhibit A) in connection with its Motion. On August 2, 2024, counsel for Tory Burch met and conferred with the FTC concerning its filing, and Tory Burch confirmed that the cited information should remain "Confidential," as designated pursuant to the Protective Order, and therefore should be filed under seal. The FTC confirmed that it would do so.

The FTC also informed Tory Burch that Tory Burch would need to follow this Court's Individual Rules of Practice for sealing, including filing a letter explaining the need to seal the materials within three days of the FTC's August 6, 2024 Motion. The FTC indicated that it was not certain whether the Protective Order obviated the need to follow the procedure set out in this Court's Rule 4(B)(iii). On August 6, the FTC filed a letter notifying the Court of the Confidential Material contained in and attached to the Motion (Dkt. 120). In its letter, the FTC requested

"guidance from the Court as to whether Paragraph 9 of the Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii)."

Pursuant to Paragraph 9 of the Protective Order, if "any Confidential Material is contained in any. . . motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal." Accordingly, it is Tory Burch's understanding that no further request is necessary from Tory Burch to maintain the confidentiality of the submitted material at this time.

Nonetheless, in an abundance of caution, and pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice, we respectfully submit this letter-motion requesting that PX3150 remain confidential and under seal. The document cited at PX3150 is a non-public, internal record of non-party Tory Burch which contains highly confidential information consisting of Tory Burch's competitive business strategy and analysis, including pricing considerations.

Tory Burch's and the FTC's request to seal PX3150 comports with the standards for sealing set forth by the U.S. Court of Appeals for the Second Circuit. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Importantly, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted); *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050).

Indeed, Tory Burch would suffer irreparable commercial harm if its competitors or the public were given access to this highly confidential business information. *See, e.g.*, *In re Golden Unicorn Enters.*, 2023 U.S. Dist. LEXIS 6035, at *4 (S.D.N.Y. Jan. 9, 2023) (finding that "documents containing confidential business information, including [] business strategies, internal projects, [and] internal analyses. . . is the type of sensitive business information that, if open to the public, could potentially cause competitive harm"). Because PX3150 shows Tory Burch's competitive strategy and analysis, the information contained in this document is sufficiently material to Tory Burch's business that disclosure would result in serious competitive injury. *See, e.g.*, *Zesty Paws LLC v. Nutramax Labs., Inc.*, 2024 U.S. Dist. LEXIS 124548, at *5 (S.D.N.Y. July 10, 2024) (documents containing "marketing and business strategies . . . are the type of sensitive business information that courts routinely seal"). And because Tory Burch is a non-public company, these interests are even more pronounced. *See, e.g., North Star IP Holdings, LLC v. Icon Trade Services, LLC*, 2024 U.S. Dist. LEXIS 2234, at *55 (S.D.N.Y Jan. 3, 2024) (explaining that "information concerning a privately held business, not previously disclosed to the public, will in most cases warrant confidential treatment" particularly "where revelation of specific business information and strategies may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (citations omitted).



For the foregoing reasons, Tory Burch respectfully requests that this letter-motion be granted in its entirety and that Tory Burch's confidential information, cited at PX3150 in the Motion, remain under seal for purposes of this Motion and all future proceedings in this matter and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

Respectfully submitted,

/s/*Eva W. Cole*

Eva W. Cole

cc: All Counsel of Record (via ECF)