

NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

200 Park Avenue
New York, NY 10166-4193
+1 212-294-6700
+1 212-294-4700

Eva W. Cole
Partner
+1 212-294-4609
EWCole@winston.com

August 9, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
United States District judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re:   *FTC v. Tapestry, Inc., et al.* No. 1:24-cv-03109-JLR (S.D.N.Y.)

Dear Judge Rochon:

    I write on behalf of non-party Prada USA Corp. ("Prada USA") in connection with the above-referenced matter to ensure that Prada USA's highly confidential information filed by Plaintiff Federal Trade Commission ("FTC") with its recent Motion for Preliminary Injunction (Dkt. 121) ("Motion") remains under seal.

    During discovery in this matter, Prada USA produced information that it designated as "Confidential" pursuant to Paragraph 3 of the May 1, 2024 Stipulated Protective Order (Dkt. 70) (the "Protective Order") in response to subpoenas from the FTC and Defendant Tapestry, Inc. ("Tapestry"). Pursuant to the Protective Order, "Confidential Material" is defined to include "any trade secret or other confidential research, development, or commercial information. . . or any Document. . . that has not been published or otherwise made publicly available." Protective Order, ¶ 1(a).

    On August 1, 2024, pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice, the FTC notified Prada USA that it would be citing to, and attaching, certain of Prada USA's confidential information in its Motion. Specifically, the FTC indicated that it would cite and file PX3309 (attached hereto as Exhibit A) in connection with its Motion. On August 2, 2024, counsel for Prada USA met and conferred with the FTC concerning its filing, and Prada USA confirmed that the cited information should remain "Confidential," as designated pursuant to the Protective Order, and therefore should be filed under seal. The FTC confirmed that it would do so.

    The FTC also informed Prada USA that Prada USA would need to follow this Court's Individual Rules of Practice for sealing, including filing a letter explaining the need to seal the materials within three days of the FTC's August 6, 2024 Motion. The FTC indicated that it was not certain whether the Protective Order obviated the need to follow the procedure set out in this Court's Rule 4(B)(iii). On August 6, the FTC filed a letter notifying the Court of the Confidential Material contained in and attached to the Motion (Dkt. 120). In its letter, the FTC requested



"guidance from the Court as to whether Paragraph 9 of the Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii)."

Pursuant to Paragraph 9 of the Protective Order, if "any Confidential Material is contained in any. . . motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal."  Accordingly, it is Prada USA's understanding that no further request is necessary from Prada USA to maintain the confidentiality of the submitted material.

Nonetheless, in an abundance of caution, and pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice, we respectfully submit this letter-motion requesting that PX3309 remain confidential and under seal.  The document cited at PX3309 is a non-public, internal record of non-party Prada USA which contains highly confidential information consisting of Prada USA's competitive business strategy and analysis, including customer analysis and brand positioning.

Prada USA's and the FTC's request to seal PX3309 comports with the standards for sealing set forth by the U.S. Court of Appeals for the Second Circuit.  Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations.  *Id.* at 119–20.  Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  Importantly, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted); *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3d at 1050).

Indeed, Prada USA would suffer irreparable commercial harm if its competitors or the public were given access to this highly confidential business information. *See, e.g.*, *In re Golden Unicorn Enters.*, 2023 U.S. Dist. LEXIS 6035, at *4 (S.D.N.Y. Jan. 9, 2023) (finding that "documents containing confidential business information, including [] business strategies, internal projects, [and] internal analyses. . . is the type of sensitive business information that, if open to the public, could potentially cause competitive harm").  Because PX3309 shows Prada USA's competitive strategy and analysis, the information contained in this document is sufficiently material to Prada USA's business that disclosure would result in serious competitive injury. *See, e.g.*, *Zesty Paws LLC v. Nutramax Labs., Inc.*, 2024 U.S. Dist. LEXIS 124548, at *5 (S.D.N.Y. July 10, 2024) (documents containing "marketing and business strategies . . . are the type of sensitive business information that courts routinely seal").

For the foregoing reasons, Prada USA respectfully requests that this letter-motion be granted in its entirety and that Prada USA's confidential information, cited at PX3309 in the Motion, remain under seal for purposes of this Motion and all future proceedings in this matter and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

August 9, 2024
Page 3

Respectfully Submitted,

/s/*Eva W. Cole*

Eva W. Cole

cc: All Counsel of Record (via ECF)