

**Manteau Downes LLP**

Manteau Downes LLP
740 Lexington Avenue, 26th floor
New York, NY  10174

T 366.375.1675

manteaudownes.com

**Marie-Sophie Revault**
Associate
(366) 375.1675
mrevault@manteaudownes.com

August 12, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

      Re:    *FTC v. Tapestry, Inc., et al.* No. 1:24-cv-03109-JLR (S.D.N.Y.)

Dear John Rochon:

My firm Manteau Downes LLP represents Sunrise Brands, LLC ("Sunrise"), a non-party in the above-referenced matter, and I write on Sunrise's behalf in support of plaintiff Federal Trade Commission's ("FTC") letter motion filed on August 6, 2024, requesting to keep under seal certain portions and exhibits of the FTC's Motion for Preliminary Injunction ("Motion") (Dkt. 121), and relatedly respectfully request that Sunrise's Confidential Material submitted or cited in the Motion remain under seal.

In response to subpoenas served by the FTC and defendant Tapestry Inc. ("Tapestry") in the above-referenced matter, Sunrise produced documents, and one of its representatives was deposed on August 5, 2024. Given that these documents and information produced by Sunrise included confidential, proprietary and competitively sensitive information, Sunrise designated them as "Confidential Material" pursuant to the May 1, 2024 Stipulated Protective Order (the "Protective Order") (Dkt. 70).

On August 1, 2024, pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice, the FTC notified Sunrise that it would be citing to, and attaching, certain of Sunrise's Confidential Material in its Motion. Specifically, the FTC indicated that it would cite and file PX4000 (a declaration of an executive of one of Sunrise's brands), in connection with its Motion. On August 2, 2024, counsel for Sunrise met and conferred with the FTC concerning its filing, and Sunrise confirmed that the cited information should remain "Confidential," as designated pursuant to the Protective Order, and therefore should be filed under seal. On August 7, 2024, the FTC notified Sunrise that it had filed its Motion, and that it had additionally cited and filed PX5058 (a deposition transcript of an executive of one of Sunrise's brands), PX3163 and



**Manteau Downes LLP**
August 12, 2024
Page 2

PX3175 (internal communications on Sunrise business strategy), information which had been produced by Sunrise as Confidential under the Protective Order and therefore filed under seal by the FTC.

The FTC further informed Sunrise that in connection with the filing of its Motion, Sunrise may need to file a letter motion with this Court explaining the need to seal materials pursuant to Rule 4(B)(iii) of this Court's Individual Rules of Practice. However, the FTC indicated that it was not sure whether such filing was necessary in light of Paragraph 9 of the Protective Order stating that if "any Confidential Material is contained in any […] motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal." The FTC explained that as a result of this uncertainty, the FTC filed a letter notifying the Court of the situation and seeking "guidance from the Court as to whether Paragraph 9 of the Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii)." (Dkt. 120).

It is Sunrise's understanding that pursuant to Paragraph 9 of the Protective Order, no further request is necessary from Sunrise to maintain the confidentiality of its produced Confidential Material. However, as there has currently been no confirmation from this Court on this issue, in an abundance of caution, we respectfully submit this letter motion requesting that PX4000, PX5058, PX3163 and PX3175, remain confidential and under seal, as well as any and all references to and quotations from these documents in the Motion. These documents contain non-public information consisting of non-party Sunrise's Confidential Material, including competitive business strategy, sales data, and market positioning and analysis.

Courts may seal information that would aid "[c]ommercial competitors seeking an advantage over rivals." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999). Here, Sunrise would suffer irreparable commercial harm if its competitors were given access to its competitive business strategy, sales data, and market positioning and analysis. *In re Golden Unicorn Enters.*, 2023 U.S. Dist. LEXIS 6035, at *4 (S.D.N.Y. Jan. 9, 2023) (finding that "documents containing confidential business information, including […] business strategies, internal projects, [and] internal analyses. . . is the type of sensitive business information that, if open to the public, could potentially cause competitive harm"). As a non-party, Sunrise is entitled to the protection of this Confidential Material. *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.").

For the foregoing reasons, Sunrise respectfully requests that this letter motion be granted and that Sunrise's Confidential Material included in PX4000, PX5058, PX3163 and PX3175, remain under seal in



**Manteau Downes LLP**
August 12, 2024
Page 3

this matter and only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

        Respectfully submitted,

        /s/ Marie-Sophie Revault
        Marie-Sophie Revault