**FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3415
qdisa@foley.com

August 22, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Federal Trade Commission v Tapestry, Inc.,* et al*.,* Case No. 1:24-cv-03109-JLR

Dear Judge Rochon:

This firm represents non-party, affiliated companies Samsonite LLC and Tumi, Inc. (collectively, "Samsonite") in connection with the above-referenced matter. On July 23, 2024, a corporate representative of Samsonite was deposed in this matter pursuant to Federal Rule of Civil Procedure 30(b)(6). "Confidential" treatment of Samsonite's testimony was requested pursuant to the Stipulated Protective Order (Dkt. 70).

On August 20, 2024, Defendants Tapestry, Inc. and Capri Holdings Limited (collectively, "Defendants") filed an Opposition to the Federal Trade Commission's Motion for Preliminary Injunction (Dkt. 161). Included as an exhibit to the Defendants' brief was a copy of the Samsonite deposition transcript ("Defense Exhibit 12"), which Defendants properly filed under seal pursuant to the Stipulated Protective Order (Dkt. 160, Exh. 12).

Pursuant to Paragraph 9 of the Stipulated Protective Order, Samsonite respectfully submits this letter in support of Defendants' letter-motion (Dkt. 155) seeking "an order granting [Defendants' letter] motion and sealing … Exhibits containing Confidential Material." Particularly, Samsonite respectfully requests that Defense Exhibit 12 remain under seal for purposes of all future proceedings in this matter and that it only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter. Defense Exhibit 12 contains confidential and proprietary business information of Samsonite regarding, among other things, Samsonite's market strategies, business intelligence, competitive analysis, sales volumes, and confidential business processes, the public disclosure of which would cause commercial injury to Samsonite.

Samsonite's and Defendants' request to seal Defense Exhibit 12 comports with the standards for sealing set forth by the U.S. Court of Appeals for the Second Circuit. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial

AUSTIN
BOSTON
CHICAGO
DALLAS
DENVER
DETROIT
HOUSTON
JACKSONVILLE
LOS ANGELES
MADISON
MEXICO CITY
MIAMI
MILWAUKEE
NEW YORK
ORLANDO
SACRAMENTO
SALT LAKE CITY
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE
TAMPA
WASHINGTON, D.C.
BRUSSELS
TOKYO



**FOLEY & LARDNER LLP**

Hon. Jennifer L. Rochon
August 22, 2024
Page 2

process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance any competing considerations. *Id.* at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Importantly, "[t]he privacy interests of innocent third parties ... should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

Here, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also U.S. v. Amodeo*, 71 F.3d at 1051 (records that can aid "[c]ommercial competitors seeking an advantage over rivals" may properly be sealed). Public access to the contents of Defense Exhibit 12 would provide insight into Samsonite's market strategies, business intelligence, competitive analysis, sales volumes, and confidential business processes. As a non-party, Samsonite is entitled to the protection of this confidential information.

For the foregoing reasons, Samsonite respectfully requests that the Court grant Defendants' letter-motion and that an Order be issued placing Defense Exhibit 12 under seal for purposes of all future proceedings in this matter and directing that Defense Exhibit 12 only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter.

    Respectfully submitted,

    */s/ Quinn N. D'Isa*

    Quinn N. D'Isa, Esq.

cc: Counsel of Record (via ECF)