# Arnold & Porter

Margaret A. Rogers
+1 212.836.7830 Direct
margaret.rogers@arnoldporter.com

August 23, 2024

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Federal Trade Commission v. Tapestry, Inc., et al.*, Case No. 1:24-cv-03109-JLR – Motion by Third Party Chanel, Inc. to Seal

Dear Judge Rochon:

I serve as counsel for non-party Chanel, Inc. ("Chanel"), which has provided declarations and produced discovery as a third party in the above-captioned case. Defendants' Opposition to the Federal Trade Commission's Motion for Preliminary Injunction, Dkt. No. 161, attached a declaration executed by a Chanel employee as Exhibit 57 (Dkt. No. 157-30). Chanel designated the declaration as Confidential pursuant to the Stipulated Protective Order, ECF No. 70 and the Defendants redacted references to the declaration in the publicly-filed version of their Opposition.

The FTC's Letter Motion to Seal, Dkt. No. 120, sought clarification from the Court regarding whether Paragraph 9 of the Stipulated Protective Order obviates the need for compliance with this Court's Rule of Individual Practice 4(B)(iii). In an abundance of caution pending clarification from the Court, Chanel submits this letter motion to seal Exhibit 57, Dkt. No. 157-30. Chanel requests that its information remain redacted in the public version Defendants' Opposition and that its information only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter. Counsel for the FTC and counsel for the defendants consent to this request.

"[B]usiness information that might harm a litigant's competitive standing" is among the narrow categories of information traditionally protected by courts from disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, courts may seal information that would aid "[c]ommercial competitors seeking an advantage over rivals." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). "Documents falling into categories commonly sealed are those containing trade secrets, confidential research and

**Arnold & Porter**

August 23, 2024
Page 2

development information, marketing plans, revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

Further, the Second Circuit has repeatedly opined that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" for sealing, recognizing that these interests "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050–51 (alterations in original). Third party information may be sealed if disclosure would put the disclosing party "at an unfair disadvantage by allowing its competitors to use the information in pitching their own services." *Vellali v. Yale Univ.*, No. 3:16-cv-1345(AWT), 2021 WL 4520159 at *2 (D. Conn. Sept. 30, 2021).

Exhibit 57, Dkt. No. 157-30, contains confidential and competitively-sensitive information from third party Chanel regarding Chanel's pricing strategies. Chanel would suffer irreparable harm if its competitors or the public were given access to this competitively sensitive information, which could be used by rivals and customers to undermine Chanel's competitive position.

Accordingly, Chanel respectfully requests that the Court grant this letter motion to seal Exhibit 57, Dkt. No. 157-30. Chanel further seeks *in camera* treatment of any evidentiary use of Chanel's confidential and competitively sensitive information contained in the declaration at any hearing or subsequent proceedings in this matter.

Respectfully submitted,

By: /s/ Margaret A. Rogers
Margaret A. Rogers
*Counsel for Non-Party Chanel, Inc.*

cc: All counsel (via ECF)