

August 23, 2024

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

      Re:    *Federal Trade Commission v. Tapestry, Inc., et al.*,
             Case No. 1:24-cv-03109-JLR

Dear Judge Rochon:

      We are counsel for non-party Dagne Dover (18th and Walnut LLC) (hereinafter "Dagne Dover") in connection with the above-referenced matter. On August 9, 2024, Dagne Dover filed a letter motion (Doc. 129) in response to the Federal Trade Commission's (hereinafter "FTC") Motion for Preliminary Injunction requesting: (i) the redaction of specific references to Dagne Dover and Deepa Gandhi's July 17, 2024 deposition testimony within the FTC's Memorandum of Law in Support of their Motion (Doc. 126); (ii) the sealing of the July 17, 2024 deposition testimony of Deepa Gandhi, which is attached as an exhibit to the FTC's Memorandum of Law in Support of their Motion (Doc. 125, #42); and (iii) *in camera* treatment of any evidentiary use of Dagne Dover's testimony or documents designated as "Confidential Material" at any hearing or subsequent proceedings in this matter. This Court has not yet ruled on these requests.

      On August 20, 2024, Defendants Tapestry, Inc. and Capri Holdings Limited (hereinafter collectively referred to as "Defendants") filed an Opposition to the FTC's Motion for Preliminary Injunction (Doc. 161). Included as an exhibit to the Defendants' opposition was an unredacted copy of the same Dagne Dover deposition transcript (Doc. 156, #8; Exhibit 7 – Third Party 2). The Defendants also concurrently filed a letter motion to seal those portions of the opposition and accompanying exhibits containing "Confidential Material" (Doc. 155).

      Pursuant to Paragraph 9 of the Stipulated Protective Order (Doc. 70) and in further support of Defendants' letter motion to seal exhibits containing "Confidential Material", Dagne Dover respectfully renews its request that the deposition transcript filed by the FTC and Defendants (Doc. 125, #42 / Doc. 156, #8) be kept under seal and only reviewed *in camera* if admitted into evidence at any hearing or subsequent proceedings in this matter. As explained in its August 9, 2024 letter motion to seal (Doc. 129), which Dagne Dover hereby incorporates by reference, these requests are consistent with precedent in the Second Circuit and this District concerning the sealing of confidential materials. Public access to the testimony at issue would provide insight into Dagne Dover's financial strength, competitive processes, and market impressions, any of which would

Scott S. Allen, Jr. | Partner | sallen@lippes.com

50 Fountain Plaza, Suite 1700, Buffalo, NY 14202   **Phone:** 716.853.5100   **Fax:** 716.853.5199   lippes.com

**New York:** Albany, Buffalo, Clarence, Long Island, New York City, Rochester, Saratoga Springs // **Florida:** Jacksonville // **Illinois:** Chicago
**Ohio:** Cleveland // **Oklahoma:** Oklahoma City // **Ontario:** Greater Toronto Area // **Texas:** San Antonio // **Washington, D.C.**



cause irreparable harm to Dagne Dover. As a non-party, Dagne Dover is entitled to the protection of this "Confidential Material" pursuant to the Stipulated Protective Order (Doc. 70) and as sought by the Defendants in their letter motion to seal (Doc. 155).

We have conferred with counsel for Defendants regarding this matter, and they have represented that they do not oppose Dagne Dover's request for redaction and sealing of information designated as "Confidential Material".

For the foregoing reasons, Dagne Dover respectfully requests that the Court grant both the FTC's and Defendants' letter motions to seal, and "So Order" this request to seal Dagne Dover's cited and referenced documents and testimony, and only review *in camera* if admitted at any hearing or subsequent proceedings in this matter.

Respectfully submitted,

LIPPES MATHIAS LLP

*/s/ Scott Allen*

Scott S. Allen Jr.

cc: All counsel of record via ECF