# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>TAPESTRY, INC.,<br><br>   and<br><br>CAPRI HOLDINGS LIMITED.<br><br>                Defendants. | Case No. 1:24-cv-03109-JLR |

**STIPULATED AND PROPOSED PRE-HEARING ORDER**

In advance of the preliminary injunction hearing scheduled for September 9, 2024, Plaintiff Federal Trade Commission ("FTC" or "Plaintiff") and Defendants Tapestry, Inc. ("Tapestry") and Capri Holdings Limited ("Capri"), jointly submit, and stipulate to, this Proposed Pre-Hearing Order.

    A. **Opening Statements**.  The parties respectfully request the opportunity to present opening statements of no more than 45 minutes per side, with any time used by a party during its opening statement not counting against the time allocated to that side.  The FTC takes no position as to whether or how Defendants shall allocate their time between each Defendant.

1

B. **Witness Sequestering**. Fact witnesses shall be sequestered and not listen to other fact testimony, except for one party representative per Defendant who may attend the entire hearing. Expert witnesses will not be sequestered and may listen to fact witness testimony.

C. **Party Representative**. On or before Friday September 6, 2024, at 5:00 PM ET, Defendants will identify one officer or employee per Defendant whom they propose to serve as that party's representative at counsel table for the duration of the hearing. Defendants may substitute their respective party representatives during the hearing and shall give notice no later than 5:00 PM ET the day before.

D. **Video Deposition Designations**. The parties will exchange their designations for any video deposition testimony that they wish to present during the evidentiary hearing by the dates provided in the Case Management and Scheduling Order (the "CMSO"), Dkt. No. 71. After the exchange of those designations, the parties will meet and confer to minimize any disputes for the Court to resolve. Subject to the Court's preferences, the parties propose submitting any remaining objections or disputes regarding the designations each side intends to play during its case by letter to the Court no later than 5:00 PM ET two days before the date on which they are anticipated to be presented.

E. **Witnesses Called by All Parties**. If both sides intend to call a witness live, that witness will testify only once and will be fully examined by both sides. Live witnesses on both sides' witness lists will testify during Plaintiff's case-in-chief. They will first testify in response to Plaintiff's questions and then in response to Defendants' questions. Witnesses testifying by video deposition designations will

be played once, with witnesses on both side's witness lists testifying during Plaintiff's case-in-chief. The video deposition designations from both sides will be played in the order that the testimony was provided.

F. **Sealing of Hearing Exhibits and the Courtroom During the Hearing**. The parties agree to the following process:

1. As set forth in the CMSO, Dkt. 71, the parties shall exchange exhibit lists and designations on August 23, 2024. The parties shall advise non-parties on August 23, 2024 of any exhibits on their respective exhibit lists containing information designated as Confidential Information.

2. To facilitate sealing discussions and to avoid unnecessary burden on the parties, non-parties, and the Court, the parties will identify by August 26, 2024 up to 300 exhibits from their respective exhibit lists that each side has a good faith basis to believe are likely to be used during direct examinations at the preliminary injunction hearing ("Potential Examination List"). The parties agree to meet and confer and attempt to resolve all confidentiality and evidentiary disputes with respect to the Potential Examination List in advance of the hearing by the deadlines set forth in the CMSO, Dkt. 71, and to jointly submit to the Court any remaining disputes about admissibility and confidentiality of the Potential Examination List by 5:00 PM ET on September 4, 2024.

3. During the hearing, each party will identify the sequence of anticipated witnesses 48 hours before each hearing day at 9:00 AM ET.

4. To the extent any party expects to use exhibits containing Confidential Information during direct examinations not previously disclosed on their side's Potential Examination Lists, the parties must disclose those exhibits to the other side and to any impacted nonparties no later than 40 hours before each hearing day, at 5:00 PM ET, two days before the witness's anticipated testimony day. If any exhibits containing Confidential Information of a non-party are identified, the party proposing to use the exhibit shall notify the non-party at the same time to the extent notification was not previously provided.

5. After disclosures in F.4 have been made, if the parties are not able to reach agreement, the party or nonparty seeking sealing must file a motion by 5:00 PM ET the day prior to the witness being called.

6. All parties will also identify any demonstratives to be used with its witnesses by 5 PM ET the day before the witness's anticipated testimony.

**SO ORDERED**, this ___ day of August, 2024.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　HON. JENNIFER L. ROCHON

Dated: August 26, 2024                     Respectfully submitted,

*S/ Abby L. Dennis*
Abby L. Dennis (DC Bar No. 994476) (*pro hac*)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Phone: (202) 326-2381
Email: adennis@ftc.gov

Peggy Bayer Femenella (DC Bar No. 472770) (*pro hac*)
Nicole Lindquist (DC Bar No. 975593) (*pro hac*)
Laura Antonini (CA Bar No. 271658) (*pro hac*)
Brandon Boxbaum (DC Bar No. 1615988) (*pro hac*)
Peter Colwell (DC Bar No. 100287) (*pro hac*)
Kassandra DiPietro (MN Bar No. 0403547) (*pro hac*)
Frances Anne Johnson (MD Bar – No Number) (*pro hac*)
Sean Hughto (DC Bar No. 421224) (*pro hac*)
Sarah Kerman (DC Bar No. 90017957) (*pro hac*)
Andrew Lowdon (DC Bar No. 230095) (*pro hac*)
Danielle Quinn (NY Bar No. 5408943)
Blake Risenmay (WA Bar No. 52888) (*pro hac*)
Edmund Saw (DC Bar No. 1658446) (*pro hac*)
Victoria Sims (DC Bar No. 1006974) (*pro hac*)
Timothy Singer (DC Bar No. 1048769) (*pro hac*)

*Counsel for Plaintiff Federal Trade Commission*

*S/Alfred C. Pfeiffer*
Alfred C. Pfeiffer (*pro hac*)
Christopher S. Yates (*pro hac*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Phone: (415) 395-8240
Email: al.pfeiffer@lw.com

*Counsel for Defendant Tapestry, Inc.*

*S/Jonathan Moses*
Jonathan M. Moses
Elaine P. Golin

5

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Phone: (212) 403-1000
Email: jmmoses@wlrk.com

*Counsel for Capri Holdings Limited*