IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TAPESTRY, INC.,<br><br>　　and<br><br>CAPRI HOLDINGS LIMITED.<br><br>　　　　　　　Defendants. | **REDACTED VERSION**<br><br>Case No. 1:24-cv-03109-JLR |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO EXCLUDE TESTIMONY OF KAREN GIBERSON**

**TABLE OF CONTENTS**

I.   Background .................................................................................................................. 1

II.  Legal Standard ............................................................................................................ 2

III. Argument ..................................................................................................................... 3

    A.   Ms. Giberson bases her opinions on ████████ and ██████████████
          ██████████, not reliable principles or methods. ............................................ 3

    B.   Ms. Giberson offers sweeping and unhelpful opinions on antitrust economics wholly
          outside of her expertise. ................................................................................. 6

    C.   Ms. Giberson's remaining opinions do not reflect a helpful reliable application of
          methods or principles to the facts of the case. ............................................. 8

IV.  Conclusion ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*AXIS Specialty Ins. Co. v. New Hampshire Ins. Co.*, No. 15-0809-CV-W-ODS,
   2017 WL 445746 (W.D. Mo. Feb. 2, 2017) .................................................................... 13

*Castagna v. Newmar Corp.*, No. 3:15-cv-249 JD, 2020 WL 525936 (N.D. Ind. Feb. 3, 2020)..... 5

*Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10 (2d Cir. 2021) ............................................................ 3

*Daniels-Feasel v. Forest Pharms., Inc.*, No. 17 CV 4188-LTS-JLC, 2021 WL 4037820
   (S.D.N.Y. Sept. 3, 2021)................................................................................................... 4

*Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ....................................................... 2

*Dominion Res. SVC, Inc. v. Alstom Power, Inc.*, No. 3:16-CV-544, 2018 WL 3752878
   (D. Conn. Aug. 8, 2018) ................................................................................................... 4

*E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ. 8383 (LAP), 2010 WL 3466370
   (S.D.N.Y. Aug. 31, 2010).......................................................................................... *passim*

*FTC v. IQVIA Holdings Inc.*, No. 23 Civ. 06188 (ER), 2024 WL 81232
   (S.D.N.Y. Jan. 8, 2024).................................................................................................... 14

*FTC v. Staples, Inc.*, 190 F. Supp. 3d 100 (D.D.C. 2016) ........................................................... 12

*FTC v. Tronox Ltd.*, 332 F. Supp. 3d 187 (D.D.C. 2018) .............................................................. 8

*FTC v. Vyera Pharms., LLC*, 20cv00706 (DLC), 2021 WL 5403749
   (S.D.N.Y. Nov. 18, 2021) ............................................................................................ 9, 14

*In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*,
   No. 2:18-cv-01320, 2021 WL 4931996 (S.D. Ohio Oct. 22, 2021) ................................. 5

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 32 F. Supp. 3d 453 (S.D.N.Y. 2014) ........................... 3

*In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531 (S.D.N.Y. 2004) ................................. 9, 14

*Klaczak v. Consol. Med. Transp.*, 458 F. Supp. 2d 622 (N.D. Ill. 2006)....................................... 3

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ............................................................... 2, 11

*LinkCo, Inc. v. Fujitsu Ltd.*, No. 00 Civ. 7242 (SAS), 2002 WL 1585551

   (S.D.N.Y. July 16, 2002) ................................................................................... 5, 6, 10, 13

*Mason v. AmTrust Fin. Servs., Inc.*, No. 19 Civ. 8364 (DLC), 2020 WL 7425254

   (S.D.N.Y. Dec. 18, 2020) ....................................................................................................... 3

*ProMedica Health Sys., Inc. v. FTC*, 749 F.3d 559 (6th Cir. 2014) ............................................. 12

*Saltzman v. United States*, 750 F. Supp. 61 (E.D.N.Y. 1988) ........................................................ 4

*SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107 (2d Cir. 2006) .............. 3, 4

*Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2022 WL

   2757643 (S.D.N.Y. July 14, 2022) ....................................................................................... 3

*United States v. Wexler*, 522 F.3d 194 (2d Cir. 2008) .................................................................... 9

*Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420 (E.D. Tex. 1986), *aff'd*, 826 F.2d 420

   (5th Cir. 1987) ....................................................................................................................... 6

*Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416 (7th Cir. 2005) ............................. 4, 5

**Rules**

Fed. R. Evid. 702 ................................................................................................... 2, 3, 5, 11

**Treatises**

Philip Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles

   and Their Application (2022) ............................................................................................... 8

Plaintiff Federal Trade Commission ("FTC") moves to exclude the testimony, opinions, and report of Defendants' purported industry expert, Karen Giberson, the president and CEO of the ▮▮▮ Accessories Council. The Court should exclude Ms. Giberson's testimony and opinions because, according to Ms. Giberson herself, she formed her opinions based on her ▮▮▮ ▮▮▮ ▮▮▮ ")—rather than applying any reliable expertise, methods, or principles. Ms. Giberson's opinions include pronouncements on topics wholly outside of her experience and knowledge, such as the economic methodology of the FTC's economic expert. Ms. Giberson also fails to even superficially draw a connection between her purported expertise and many of her opinions. Finally, much of Ms. Giberson's report is simply a lopsided recitation of facts, which is not an appropriate role for an expert witness and is unhelpful to the Court under Federal Rule of Evidence 702. For these reasons, the Court should exclude Ms. Giberson's testimony and opinions.

**I.   Background**

Karen Giberson is the President and CEO of the Accessories Council, ▮▮▮ ▮▮▮. Johnson Dec., Ex. A ("Giberson Rpt.") at 1. The Accessories Council is a ▮▮▮ ▮▮▮ Johnson Dec., Ex. B (▮▮▮") 7:12-22. The Accessories Counsel is ▮▮▮ ▮▮▮. Giberson Dep. 12:12-19, 17:14-22. Tapestry is ▮▮▮ ▮▮▮ Giberson Dep. 10:2-4.[1]

---

[1] ▮▮▮ ▮▮▮ Giberson Dep. 23:22-23, 89:7-16, 259:4-18.

On August 7, 2024, Ms. Giberson submitted an expert report in this case. *See generally* Ex. A. As a basis for her expertise, Ms. Giberson cites the ████████████ ████████████ Giberson Rpt. ¶¶ 4, 16. In her report, Ms. Giberson offers a slew of opinions on ████████████████████████████████████████████████ ████████████████████████████████████████████████ *Id.* ¶ 16.

## II.    Legal Standard

Under Federal Rule of Evidence 702, the party offering expert testimony has the burden of establishing that (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (2) "the testimony is based on sufficient facts or data," (3) "the testimony is the product of reliable principles and methods," and (4) "the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

This Court has the gatekeeping responsibility to bar conjecture and speculation by witnesses who may be unqualified to render expert opinions on the matter or issue, or whose proposed testimony is not supported by reliable principles or methods. *See, e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (clarifying that "gatekeeping" function applies not only to testimony based on scientific knowledge, but also testimony based on other specialized knowledge). Although the *Daubert* analysis may differ in the context of a bench hearing, the Court "still must perform a Rule 702 and *Daubert* analysis before it relies on expert testimony." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2022 WL 2757643, at *3 & *17 (S.D.N.Y. July 14, 2022) (excluding expert testimony pretrial that "will not be helpful" or that is "devoid of any reasoning").

The proponent of expert testimony must show how the witness's experience reliably led to their conclusions or provided a basis for their opinions. *Mason v. AmTrust Fin. Servs., Inc.*, No. 19 Civ. 8364 (DLC), 2020 WL 7425254, at *3 (S.D.N.Y. Dec. 18, 2020) (citing *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 132 (2d Cir. 2006)). Further, expert testimony admitted under Rule 702 "must be relevant, meaning it must help the trier of fact to understand the evidence or to determine a fact in issue." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 20 (2d Cir. 2021) (internal quotation marks omitted). An expert may not offer testimony that simply "constructs a factual narrative based on record evidence" or "summariz[es] facts and documents in the record that the [trier of fact] is capable of understanding on its own." *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 32 F. Supp. 3d 453, 460, 462 (S.D.N.Y. 2014) (internal quotation marks omitted).

### III. Argument

#### A. Ms. Giberson bases her opinions on ▮▮▮▮▮ and ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ not reliable principles or methods.

The Court should exclude Ms. Giberson's testimony because she bases her opinions on considerations that should have no role in guiding the Court's decision on the FTC's request for a preliminary injunction. An expert opinion, even one drawing on experience rather than a scientific technique, must be based on the application of reliable principles and methods to specific data. Fed. R. Evid. 702 (b)-(d); *Klaczak v. Consol. Med. Transp.*, 458 F. Supp. 2d 622, 667 (N.D. Ill. 2006). The expert must also show how their experience led to their conclusions. *Dominion Res. SVC, Inc. v. Alstom Power, Inc.*, No. 3:16-CV-544, 2018 WL 3752878, at *9 (D. Conn. Aug. 8, 2018) (citing *SR Int'l*, 467 F.3d at 132). On the other hand, expert testimony is not admissible if it is based on gut intuition or feelings. *E.g.*, *Zenith Elecs. Corp. v. WH-TV Broad. Corp.*, 395 F.3d 416, 418 (7th Cir. 2005); *Daniels-Feasel v. Forest Pharms., Inc.*, No. 17 CV

3

4188-LTS-JLC, 2021 WL 4037820, at *17 (S.D.N.Y. Sept. 3, 2021) (quoting *Zenith Elecs. Corp.*, 395 F.3d at 419), *aff'd*, 2023 WL 4837521 (2d Cir. July 28, 2023); *accord Saltzman v. United States*, 750 F. Supp. 61, 66 (E.D.N.Y. 1988). Such a "because I said so" opinion does not satisfy the requirements of Rule 702 or provide anything of value to the factfinder. *E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ. 8383 (LAP), 2010 WL 3466370, at *15 (S.D.N.Y. Aug. 31, 2010).

When asked during her deposition whether she applied any reliable principles or methods in reaching her opinions, Ms. Giberson testified: "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" Giberson Dep. 104:21-25. When asked about the documents in the "▓▓▓▓▓▓▓▓▓▓" appendix to her report, Ms. Giberson similarly said: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "▓▓▓▓▓" Giberson Dep. 62:13-20.

Perhaps sensing that Ms. Giberson's testimony had placed her opinions on shaky ground, defense counsel sought to rehabilitate Ms. Giberson at the end of her deposition. It went poorly:



Giberson Dep. 265:21-266:12 (emphasis added).

Ms. Giberson's candid admissions make clear that her opinions do not begin to fit within the rubric of expert testimony that satisfies Federal Rule of Evidence 702. *See, e.g., Zenith Elecs. Corp.*, 395 F.3d at 418. An expert must "show their work," to demonstrate how their opinions are grounded in the reliable application of principles to facts. *E.g., Castagna v. Newmar Corp.*,

4

No. 3:15-cv-249 JD, 2020 WL 525936, at *3 (N.D. Ind. Feb. 3, 2020); *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, No. 2:18-cv-01320, 2021 WL 4931996, at *6 (S.D. Ohio Oct. 22, 2021). Ms. Giberson's testimony that she had reached her opinions and conclusions ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ demonstrates that her opinions are the sort of conclusory *ipse dixit*, untethered to any reliable principles or facts, that the Court should exclude as unhelpful and unreliable under Rule 702. *See LinkCo, Inc. v. Fujitsu Ltd.*, No. 00 Civ. 7242 (SAS), 2002 WL 1585551, at *3-4 (S.D.N.Y. July 16, 2002). That Ms. Giberson only spent ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Giberson Dep. 25:10-20, 28:15-30:7.

Ms. Giberson's testimony also shows that her opinions are undermined by actual bias: In arriving at her conclusions, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Giberson Dep. 266:3-4; Giberson Rpt., Ex. A at 4. Ms. Giberson also ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Giberson Dep. 266:5-7. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ results in an opinion that does not assist the Court through the application of reliable principles to the facts, but rather is lopsided advocacy by a biased industry insider in the guise of expertise. Rule 702 does not support the admission of conclusions so lacking in foundation and which offer little more than what counsel may offer in argument. *See LinkCo, Inc.*, 2002 WL 1585551, at *2-4.

5

Finally, it does not salvage Ms. Giberson's opinions that she ███████████ ████████████████████████████████████████ In Ms. Giberson's own words, ████████████████████████████████████████

████████████████████████████████████████

█████████" Giberson Dep. 266:9-10. An expert who forms their opinion before evaluating the relevant facts "lacks the objectivity needed" to provide a reliable conclusion. *Viterbo v. Dow Chem. Co.*, 646 F. Supp. 1420, 1424-25 (E.D. Tex. 1986), *aff'd*, 826 F.2d 420 (5th Cir. 1987).

Nor does later reviewing and citing ████████████████████████ ██████ make Ms. Giberson's otherwise unreliable opinions trustworthy. Indeed, the court in *E.E.O.C. v. Bloomberg L.P.* addressed an analogous situation where an expert cited his experience in support of an opinion he had reached at the very outset of the case. 2010 WL 3466370, at *15. The expert sought to buttress his opinion by later flagging documents that he believed supported his conclusions. *Id.* ███████████████, the expert in *Bloomberg* reviewed only documents that were provided by the party who retained him and did not seek to verify whether the information was representative of the rest of the record. *Id.*; *see, e.g.*, Giberson Dep. 61:4-22, 71:23-72:24, 266:8-17. The *Bloomberg* court flatly rejected the expert's attempt to retroactively fortify his opinions by citing to corroborating documents. 2010 WL 3466370 at *15. The court reasoned that the expert's use of documents as window dressing for his conclusions underscored, rather than remedied, the unreliability of the initial opinion. *Id.* The court excluded his testimony altogether. *Id.* at *18. The same result is proper here.

    **B.**    **Ms. Giberson offers sweeping and unhelpful opinions on antitrust economics wholly outside of her expertise.**

According to Ms. Giberson's report, her conclusions are based on her ███████████ ██████████████ Rep. ¶ 16. Ms. Giberson testified that she is not aware of ███████████

6

Giberson Dep. 24:17-21. She is not an ▮▮▮▮▮ (*id.* 107:18-20) or ▮▮▮▮▮ (*id.* 118:23-24) and has never ▮▮▮▮▮ (*id.* 32:7-9).

Nonetheless, Ms. Giberson offers broad conclusions about the economic effects of the acquisition: ▮▮▮▮▮" Giberson Rpt. ¶ 16(e); *see also id.* ¶¶ 76-80, 104.

Ms. Giberson's report makes clear that her opinions on this point do not stem from any relevant expertise. Quite to the contrary. Plaintiff's economic expert, Dr. Loren Smith, ▮▮▮▮▮ Johnson Dec., Ex. C ("Smith Rpt.") ¶ 266. Ms. Giberson writes that she does not understand ▮▮▮▮▮" Rep. ¶ 76.

Ms. Giberson instead reasons that if ▮▮▮▮▮? Giberson Rpt. ¶ 80. But basic antitrust economics recognize that one way market power manifests is that companies gain the ability to profitably raise prices even when the higher price results in fewer sales; this is the essence of an anticompetitive output reduction. *E.g.*, Philip Areeda & Herbert Hovenkamp, Antitrust Law: An Analysis of Antitrust Principles and Their Application § 100a (2022) (monopolist "maximizes its own profits by

7

reducing marketwide output below the competitive level"); *FTC v. Tronox Ltd.*, 332 F. Supp. 3d 187, 208-10 (D.D.C. 2018) (antitrust harm where "producers recognize the benefits of strategically withholding supply from consumers to maintain higher prices"). Ms. Giberson's conclusion that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ *E.g.*, Smith Rpt. ¶¶ 229, 232, 263.

Federal Rule of Evidence 702(a) requires that an expert's specialized knowledge help the trier of fact. Ms. Giberson's disagreement with Dr. Smith's conclusions does not invoke any specialized knowledge or expertise Ms. Giberson may possess. Ms. Giberson's opinion on the antitrust economics at issue in this case, which appears to rest in large part on Ms. Giberson's unfamiliarity with antitrust economics, does nothing to further the Court's own understanding of the issues, and should be excluded under Rule 702(a).

### C. Ms. Giberson's remaining opinions do not reflect a helpful reliable application of methods or principles to the facts of the case.

Compounding Ms. Giberson's acknowledgment that she formed her opinions based on her ▆▆▆▆▆▆ and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, Ms. Giberson fails to apply reliable principles or methods to the facts of the case with respect to each of her individual opinions, which she summarizes in paragraph 16 of her report, rendering each of her opinions unhelpful to the Court and inadmissible under Federal Rule of Evidence 702.

**Paragraph 16(a), (b) & section III.** In paragraph 16(a) and (b) of her report, Ms. Giberson writes that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

8

▮▮▮▮▮▮ *See also* Giberson Rpt. § III. But Ms. Giberson ▮▮▮▮▮▮ ▮▮▮▮▮▮ Giberson Dep. 107:7-109:13. When asked about the basis for her assertions, Ms. Giberson merely reiterated that ▮▮▮ ▮▮▮▮▮▮ *Id.*; *see also* Giberson Dep. 104:21-105:5.

Ms. Giberson's opinions as summarized in paragraph 16(a) and (b) and further discussed in section III of her report, such as "▮▮▮▮▮▮" (Rep. at 34), are not the sort of complex issues which the Court requires an expert's assistance to understand. *Cf. United States v. Wexler*, 522 F.3d 194, 204 (2d Cir. 2008). Nor do they involve the application of any expertise. They are nothing more than a recitation of facts and the record as Defendants would characterize them. Courts in this district have rejected similar attempts to use experts to present "a summary of facts that the Defendants wish to argue are relevant to the decisions the fact finder must make at trial. This is not proper expert testimony." *FTC v. Vyera Pharms., LLC*, 20cv00706 (DLC), 2021 WL 5403749, at *2 (S.D.N.Y. Nov. 18, 2021); *see also*, *e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004). The sort of general background information about the ▮▮▮▮▮▮ that Ms. Giberson provides, "to the extent it is admissible, is properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d at 551 (rejecting attempt to provide factual "background" through expert testimony and report).

**Paragraph 16(c) & section IV.** In paragraph 16(c), Ms. Giberson ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9

███" *See also* Giberson Rpt. § IV.[2] But these assertions rest on Ms. Giberson's *ipse dixit* rather than the reliable application of any expertise. When asked for the basis of her opinion that ███

███" Giberson Dep. 113:15-23. She continued, ███

███" *Id.* 114:5-9.

Ms. Giberson's professed ignorance as to what ███ is the opposite of applied expertise on this point. As amply addressed in the FTC's Memorandum of Law in Support of Motion for Preliminary Injunction (ECF 122 at 8-9, 16-17), references to "accessible luxury" within the fashion industry are ubiquitous, including in Tapestry's own SEC filings. Johnson Dec. Ex. D PX7104 (Tapestry) at 004 (2022 10-K: "Tapestry, Inc. is a leading New York-based house of accessible luxury accessories and lifestyle brands."); *accord, e.g.,* Johnson Dec Ex. E ███

███). Ms. Giberson's opinion regarding the term ███

███" Giberson Dep. 114:10-115:12. Ms. Giberson does not rely on ███

---

[2] Throughout her report, Ms. Giberson also makes assertions regarding ███ *See, e.g.,* Giberson Rpt. ¶¶ 27, 55, 69, 74. Ms. Giberson ███ Giberson Dep. 117:2-7, 157:22-158:3, 204:18-20, 211:8-14. The Court should reject these conclusory assertions as inadequately tethered to any expertise or the facts of the case. *See, e.g., LinkCo, Inc.,* 2002 WL 1585551, at *3-4.

Giberson Dep. 115:18-116:1. Ms. Giberson does not explain why

" Ms. Giberson merely touts her own time in the industry and asks the Court to rely on her unsupported say-so. This is precisely the sort of opinion evidence tethered only to the *ipse dixit* of the expert that is routinely rejected as unreliable and unhelpful under Rule 702. *See, e.g., Bloomberg L.P.*, 2010 WL 3466370, at *15-16 (citing *Kumho Tire Co.*, 526 U.S. at 157).

**Paragraph 16(d) & sections V, VI.** In Paragraph 16(d) and sections V and VI of her report, Ms. Giberson contends However, this opinion is far outside of (Giberson Dep. 118:23-24), (*id.* 159:12-15), or (*id.* 107:18-20). Ms. Giberson does not explain Instead, Ms. Giberson offers

Ms. Giberson's further argues that ¶¶ 31 & 34. Ms. Giberson notes that *Id.* ¶ 31. Ms. Giberson fails to note that *E.g.*, Johnson Dec. Ex. F PX1334 ( ) at 001, 004, 006. To the extent Ms. Giberson's critiques are relevant, she does not apply any expertise in arriving

11

at her opinions and ignores contrary evidence, rendering her conclusions unreliable. *See Bloomberg L.P.*, 2010 WL 3466370, at *16.

  Ms. Giberson also criticizes ███████████████████████████████ ███████████████ Ms. Giberson says that ███████████████████████ ████████████████████████████████████████████████████████████ ███████" Giberson Rpt. ¶ 35. Ms. Giberson is correct in one sense, that she does not understand the basis for the categories of ████████████████████████████ ████████████████████████████████████████████ Giberson Dep. 154:6-11. As explained in Dr. Smith's report, ████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████ Smith Rpt. ¶ 42. This clustering does not require all products in the product market to be reasonably interchangeable, and indeed it can include quite diverse products, such as paperclips and pens in the context of office supplies, *id.* ¶ 42 (citing *FTC v. Staples, Inc.*, 190 F. Supp. 3d 100 (D.D.C. 2016)), or shoulder surgeries and knee replacements in the context of health care, *ProMedica Health Sys., Inc. v. FTC*, 749 F.3d 559, 566 (6th Cir. 2014). What is required for clustering is that the competitive circumstances for the products in the cluster be sufficiently similar to facilitate analysis of competitive effects. *ProMedica Health Sys., Inc.*, 749 F.3d at 566. Ms. Giberson's critique, which boils down to an argument that there are ████████████ ████████████████████████████████████ (Giberson Rpt. ¶ 36), is inapposite and unhelpful to the Court.

  But further, Ms. Giberson's comments that Dr. Smith's conclusions "████████████" or are "████████████" are opinions by Defendants' expert on the credibility of the FTC's

12

expert. Determining the credibility of an expert is squarely within the role of the factfinder. One expert witness may not opine on the credibility of another, and in doing so Ms. Giberson impinges on the Court's factfinding role. *See, e.g.*, *AXIS Specialty Ins. Co. v. New Hampshire Ins. Co.*, No. 15-0809-CV-W-ODS, 2017 WL 445746, at *3 (W.D. Mo. Feb. 2, 2017).

Many of Ms. Giberson's other critiques of Dr. Smith's ███████████████ lack any support whatsoever. For example, Ms. Giberson writes: ███████████████

███████████████

███████████████

███████████████████████████████ Giberson Rpt. ¶ 34; *see also id.* ¶¶ 32, 45-46, 63. Ms. Giberson—who is not herself an ███████████—cites no basis whatsoever for these sweeping assertions. No documents, no testimony, no studies, no consumer surveys, no analysis—little aside from ███████████████. Even were Ms. Giberson an expert on the use of industry data in evaluating market size or shares, she would need to do more to show her analysis and facts that support it. *See, e.g.*, *LinkCo, Inc.*, 2002 WL 1585551, at *3-4. But she is not, and this non-expert *ipse dixit* should be excluded.

To round out this section of her report, Ms. Giberson takes an opportunity for another lengthy discourse of ███████████████, riddled with conclusory factual assertions and unsupported by any surveys or analysis of her own. Giberson Rpt. ¶¶ 38-75; *see also, e.g.*, *id.* ¶ 71 (stating without support: "███████████████

███████████████

██"); *id.* ¶ 67 (stating without support: "███████████████

███████████████

███████████████"); Giberson Dep. 210:16-212:4. For the

13

reasons discussed at III.A, supra, expert testimony is an inappropriate vehicle for factual recitations such as this. *See Vyera Pharms., LLC*, 2021 WL 5403749, at *2.

**Paragraph 16(e) & section VII.** As discussed at III.B *supra*, the sweeping opinions in paragraph 16(d) and section VII of Ms. Giberson's report regarding the economic effects of the acquisition are far outside of Ms. Giberson's area of expertise. However, in section VII of her report, Ms. Giberson also spends pages listing what she contends are "▮▮▮▮▮▮▮" of handbag brands ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Giberson Rpt. ¶¶ 81-103. In addition to being yet another inappropriate recitation of facts by a purported expert, *see In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d at 551, Ms. Giberson's testimony is unhelpful to the factfinder. The relevant question is not whether there have been any new handbag firms in the recent past, but whether entry will be "timely, likely, and sufficient" to address concerns about the anticompetitive effects of the acquisition. *FTC v. IQVIA Holdings Inc.*, No. 23 Civ. 06188 (ER), 2024 WL 81232, at *46 (S.D.N.Y. Jan. 8, 2024) (quoting *New York v. Deutsche Telekom AG*, 439 F. Supp. 3d 179, 226 (S.D.N.Y. 2020)). That Ms. Giberson may be aware of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, *see* Smith Rpt. ¶¶ 272-83—does not speak to the question of whether entry would be timely, likely, and sufficient to counter the effects of the acquisition. Indeed, during her deposition, Ms. Giberson testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮t. Giberson Dep. 253:24-257:4. Ms. Giberson's testimony ▮▮▮▮▮▮▮▮▮▮ brands neither relies on specialized knowledge nor assists the Court in resolving the issues in this case and should not be admitted under Rule 702.

IV. **Conclusion**

The sum total of Ms. Giberson's report and deposition show that her testimony must not be relied upon in this case. Ms. Giberson has offered opinions on antitrust economics far beyond

14

the scope of knowledge she has gained through the course of her career ███████████

Even where the topics of Ms. Giberson's opinions relate to her profession, she has wholly failed to show how her experience supports her conclusions. Nor should this be a surprise, given that Ms. Giberson testified that ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████ Ms. Giberson's opinions are therefore unreliable and unhelpful to the Court in resolving the legal issues in this case. In the interest of an efficient hearing and to avoid an outcome based on unreliable expert testimony, the Court should exclude Ms. Giberson's testimony, opinions, and report in this matter.

Dated: August 26, 2024

Respectfully submitted,

*S/ Frances Anne Johnson*
Frances Anne Johnson (MD Bar - No Number) (*pro hac*)
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Phone: (202) 326-3221
Email: fjohnson@ftc.gov

Abby L. Dennis (DC Bar No. 994476) (*pro hac*)
Peggy Bayer Femenella (DC Bar No. 472770) (*pro hac*)
Nicole Lindquist (DC Bar No. 975593) (*pro hac*)
Laura Antonini (CA Bar No. 271658) (*pro hac*)
Brandon Boxbaum (DC Bar No. 1615988) (*pro hac*)
Peter Colwell (DC Bar No. 100287) (*pro hac*)
Kassandra DiPietro (MN Bar No. 0403547) (*pro hac*)
Sean Hughto (DC Bar No. 421224) (*pro hac*)
Sarah Kerman (DC Bar No. 90017957) (*pro hac*)
Andrew Lowdon (DC Bar No. 230095) (*pro hac*)
Danielle Quinn (NY Bar No. 5408943)
Blake Risenmay (WA Bar No. 52888) (*pro hac*)
Edmund Saw (DC Bar No. 1658446) (*pro hac*)
Victoria Sims (DC Bar No. 1006974) (*pro hac*)
Timothy Singer (DC Bar No. 1048769) (*pro hac*)

*Counsel for Plaintiff Federal Trade Commission*