

Squire Patton Boggs (US) LLP
1120 Avenue of the Americas, 13th Floor
New York, NY  10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Adam R. Fox
T   +1 212 872 9864
adam.fox@squirepb.com

August 27, 2024

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re:** *FTC v. Tapestry Inc. & Capri Holdings Ltd.*
      Case No. 1:24-CV-03109-JLR

Dear Judge Rochon:

      This firm represents non-party Lululemon USA ("Lululemon"), which was subpoenaed to produce documents and provide deposition testimony as a third party in the above-captioned matter. During the course of this third-party discovery, Lululemon produced documents and gave verbal testimony on topics designated as "Confidential Material" pursuant to the Stipulated Protective Order (D.E. 70) entered in this matter. As such, pursuant to the Court's Individual Rule of Practice 4(B)(iii) and Paragraph 11 of the Stipulated Protective Order, Lululemon respectfully seeks an order that its Confidential Materials maintain protection from public disclosure. Specifically, Lululemon requests the following materials remain confidential and under seal, and that it only be reviewed *in camera* if admitted into evidence:

- Bates LULULEMON_CONFIDENTIAL_000001 to LULULEMON_CONFIDENTIAL_000008 consisting of Lululemon's internal evaluation of its forward-looking growth opportunities;

- Bates LULULEMON_CONFIDENTIAL_000009 containing Lululemon's internal sales and margin figures;

- Bates LULULEMON_CONFIDENTIAL_000094 to LULULEMON_CONFIDENTIAL_000152 containing details of its unreleased Winter 2024 accessories line; and

- Deposition transcript of Lululemon's corporate witness, Philip Hamilton.

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

August 27, 2024

These materials – designated as "Confidential Material" when produced – contain highly confidential information consisting of sensitive information including, *inter alia*, Lululemon's annual revenue, projected revenue, breakdown of margins, internal analysis of its competitors and their commercial activities, product analysis, plans to expand certain portions of its business, evaluation of growth opportunities, and details of its unreleased Winter 2024 accessories collection. The related deposition testimony of Mr. Hamilton, deposed in his capacity as Lululemon's corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6), further delves into the contents of these confidential documents, as well as discussing competitively sensitive topics, such as current and future business plans for its products, internal competitor evaluations, and product development strategies that could be used to injure Lululemon if it were made publicly available. Lululemon would suffer irreparable harm if its competitors or the public were given access to this highly private financial information, internal analysis, and future plans and projections. This information is not publicly known outside the business and is only internally disseminated to a very limited group of persons in positions of high trust. Accordingly, we respectfully request that the Court order that the materials be admitted only *in camera* if offered into evidence at the upcoming hearing.

"[B]usiness information that might harm a litigant's competitive standing" is among the narrow categories of information traditionally protected by courts from disclosure. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The materials for which Lululemon seeks *in camera* treatment is consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id*. at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id*. at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Additionally, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

Here, while the subject materials constitute "judicial documents," "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records which could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). Public access to the documents and testimony at issue would provide insight into Lululemon's financial strength, competitive process, mental impressions concerning its potential business, and its future plans and projections, including its unreleased Winter 2024 line. As a non-party, Lululemon is entitled to the protection of this narrowly-tailored confidential information.

Squire Patton Boggs (US) LLP

**VIA ECF**

August 27, 2024

      On August 23, 2024, Lululemon received notification from counsel for the FTC and counsel for Tapestry/Capri that both parties in the current litigation may introduce documents designated by Lululemon as Confidential Material as exhibits at an upcoming hearing. We have conferred with counsel for the FTC and Tapestry/Capri regarding this matter, and they have represented that they do not oppose Lululemon's request for *in camera* treatment of the information at issue.

      Accordingly, Lululemon respectfully requests that this letter motion be granted in its entirety and an Order be issued that the materials discussed herein remain confidential and under seal, and that it only be reviewed *in camera* if admitted into evidence.

Sincerely,

Squire Patton Boggs (US) LLP

Adam R. Fox

cc: All counsel (via ECF)