Al Pfeiffer
Direct Dial: +1.415.395.8898
al.pfeiffer@lw.com

**LATHAM & WATKINS LLP**

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |

August 28, 2024

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

RE: *FTC v. Tapestry, Inc.*, No. 1:24-cv-03109-JLR: Defendants' Motion For Conference Seeking Guidance On The Admissibility Of Undesignated Transcripts And Documents Without Sponsoring Witnesses

Dear Judge Rochon:

We write on behalf of Defendants Tapestry, Inc. and Capri Holdings Limited to respectfully request a conference regarding the scope of evidentiary materials that the Court will permit as exhibits in this matter. Specifically, Defendants seek guidance from the Court on (1) whether transcripts that are not designated as hearing testimony will be admissible, and (2) whether exhibits that are not admitted through a sponsoring hearing witness will be admissible. Defendants believe it would promote administrative efficiency, fair play under the Case Management & Scheduling Order ("CMSO"), ECF 71, and an informed review of the evidentiary record if the answers to both questions above were "no." Because Plaintiff has made clear that it intends to move for the admission of both categories of evidence described, and because the Court's preferences on this issue affect how the parties will prepare and present their cases, Defendants seek guidance on these questions at a conference at the Court's earliest convenience.

## I. BACKGROUND

On April 29, 2024, the parties appeared before the Court to discuss the procedure that would govern the September 9, 2024 evidentiary hearing. During that initial conference, the Court stated that "it might be helpful to hear the direct[ examinations] in this case instead of having them by affidavit," and that "presenting the witnesses to the Court" would be the "better process for this particular procedure." Ex. 1, Apr. 29, 2024 Hg. Tr. 9:7-9, 19:18-21. All parties agreed to that process of oral witness testimony and stated that they would present their hearing testimony in an allotted 20 hours per side. *Id.* at 8:10-17, 16:14-21. The Court then entered the parties' stipulated CMSO memorializing a limitation of 20 fact witnesses and 20 hours per side, with time spent conducting examinations counting against the side doing the questioning. CMSO ¶¶ B.13(b), D.1.

In the course of discovery, Plaintiff conducted 37 depositions of Defendants' current or former employees, in addition to the 5 "investigative hearings" ("IH") it conducted under its administrative rules before filing this lawsuit. On August 2, 2024, Plaintiff stated that it intended to submit the deposition and IH transcripts as exhibits without designating the testimony to be played in Court and without counting those witnesses against Plaintiff's 20-witness or 20-hour

1

hearing limit. Defendants objected to that proposal in writing on August 2. On August 15, Plaintiff provided a draft pre-hearing order proposing that expert reports and all evidence filed in pre-hearing submissions "be considered as evidence by this Court, irrespective of its introduction as evidence at the hearing." Ex. 2 at 6, Aug. 15, 2024 email from D. Quinn. For avoidance of doubt, that proposal would include full undesignated transcripts and documents lacking a hearing witness. Defendants objected to that language, and it was not included in the Stipulated Pre-Hearing Order. ECF 172. However, Plaintiff maintained that the "Court can and should consider that evidence," and that the FTC "reserve[s] all rights to seek to move in this evidence before the Court closes the final record." Ex. 3 at 7, Aug. 25, 2024 email from D. Quinn. And on August 27, Plaintiff again refused to commit not to move for the admission of full undesignated transcripts and documents that are not introduced through a sponsoring hearing witness. *Id.* at 5-6. At the same time that Plaintiff is seeking to admit paper records of non-hearing testimony and documents, it has moved to exclude actual hearing testimony from two knowledgeable industry experts. *See* ECF 170, 175.

## II.   DEFENDANTS' POSITION

For the sake of administrative efficiency, compliance with the CMSO, and to ensure the Court receives reliable interpretations of evidence, Defendants' position is that witness testimony should be presented through in-hearing testimony—live or by designated deposition—and exhibits should have sponsoring witnesses. Defendants address both points below.

From the outset of this case, Defendants conducted discovery in good faith based on the 20-hour and 20-witness procedure the parties agreed to in the CMSO and at the Initial Status Conference. It would completely undermine that procedure to permit the wholesale submission of deposition and IH transcripts as exhibits, as Plaintiff has proposed. Plaintiff has included **54** transcripts from 47 witnesses on its exhibit list, **20** of whom do not appear on either side's witness list. *See* Ex. 4 (summarizing Plaintiff's transcript exhibits). Plaintiff would effectively more than double its agreed-upon allotment of fact witnesses and time if the Court were to admit these nearly 12,000 pages and more than 70 hours of testimony. This violates the CMSO, runs counter to the Court's stated preference for oral testimony, and is unfair to Defendants, who—since the start of this case—have understood that the Court would hear testimony from 20 witnesses per side who would all be subject to robust direct and cross-examination.

As to exhibits, Plaintiff has repeatedly presented interpretations of documents to the Court that (1) the evidentiary record does not support, or (2) the evidentiary record directly refutes. This type of attorney mischaracterization is a known risk with exhibits being presented without a witness. This risk applies to evidentiary proceedings of all types, including federal merger challenges. For example, in *United States v. AT&T*, the court "instructed the parties to introduce documents through sponsoring witnesses" because "[w]itnesses would be able to contextualize and explain the . . . documents at issue, which might otherwise be misunderstood or selectively cited in post-trial briefs." 310 F. Supp. 3d 161, 186-87 (D.D.C. 2018). And in *United States v. UnitedHealth*, the government moved to preclude third-party documents without sponsoring witnesses, arguing that "the Court will not be able to hear from anyone with personal knowledge about these documents to explain their relevance to this case." Ex. 5 at 1, Pls.' Mot., *UnitedHealth*, No. 22-cv-0481 (D.D.C. 2022). The same concerns apply here. Documents should be admitted through knowledgeable witnesses, not through attorney argument.

In addition to promoting a more fair and reasoned evidentiary-hearing process, following the processes courts applied in these cases will have the added benefit of facilitating a faster resolution of this matter. From the start of this case, the Court has correctly acknowledged that time is of the essence, and set a discovery and pre-trial schedule accordingly. It would burden the Court and slow down that process on the back end to introduce nearly 12,000 transcript pages and untold numbers of exhibits devoid of any witness testimony for context.

**III.    PLAINTIFF'S POSITION IS INEFFICIENT AND UNDULY PREJUDICIAL**

In correspondence, Plaintiff has opposed Defendants' positions by arguing that (1) hearsay (like the transcripts) is admissible in evidentiary hearings, and (2) the FTC Part 3 evidentiary standards (or lack thereof) should apply in this hearing. Neither argument has merit.

First, regardless of whether hearsay testimony *may* be admissible in a preliminary injunction hearing, "motions for preliminary injunctions should not be resolved on the basis of [witness] affidavits which evince disputed issues of fact," because that puts the court in a position of "merely showing a preference for 'one piece of paper to another.'" *Forts v. Ward*, 566 F.2d 849, 851-52 (2d Cir. 1977) (quotation omitted). Instead, when the preliminary injunction proceeding requires "[r]esolution of [ ] factual questions, most of which present credibility issues," then "cross-examination and the opportunity to observe the witnesses' demeanor on the stand, is essential." *Id.* at 854; *Espiritu Santo Holdings v. L1bero Partners*, 789 F. App'x 288, 289 (2d Cir. 2020) ("[W]hen a factual issue is disputed, oral testimony is preferable to affidavits."). These principles reflect the importance of hearing both sides of a witness's testimony, which will not come across in deposition transcripts where Plaintiff was the questioner 95% of the time or more. Further, the transcripts are riddled with improper questions to which Defendants objected, but which objections would not be resolved if Plaintiff submits entire transcripts as exhibits. In the IHs the FTC conducted before filing this lawsuit, Defendants did not even have the full right to object, cross-examine, or attend the IHs of the other's employees. Moreover, in this case, all parties and the Court agreed to a hearing of oral testimony of 20 hours and 20 fact witnesses.

Second, the fact that an administrative Part 3 hearing has extremely loose evidentiary standards (if any) should not alter the procedures used in this proceeding. The constitutionality of the FTC's administrative proceedings is currently in question, with the Supreme Court expressing "grave doubts about the[ir] constitutional propriety." *Axon Enter. v. FTC*, 598 U.S. 175, 196 (2023) (Thomas, J., concurring); *see also* Ex. 6, Compl. ¶ 55, *Kroger Co. v. FTC*, No. 24-cv-438 (S.D. Ohio Aug. 19, 2024) (challenging FTC administrative proceeding as "unlawful and unconstitutional"); *see also Axon Enter. v. FTC*, 986 F.3d 1173, 1192 (9th Cir. 2021) ("[T]he FTC's administrative hearings do not trigger the protections of the Federal Rules of Civil Procedure or Evidence."), *rev'd and remanded on other grounds*, 598 U.S. 175 (2023).

*    *    *

Defendants are confident in the evidentiary record and look forward to presenting their case at the hearing. To facilitate an efficient hearing process and resolution, Defendants request that the Court clarify at a conference (1) whether transcripts that are not being designated as trial testimony will be admissible; and (2) whether exhibits that lack a sponsoring witness will be admissible. Defendants contend that the answer to both question should be "no."

LATHAM & WATKINS LLP

          Respectfully submitted,

          */s/ Alfred C. Pfeiffer*
          Alfred C. Pfeiffer (admitted *pro hac vice*)
          of LATHAM & WATKINS LLP

          *Counsel for Defendant Tapestry, Inc.*

          */s/ Jonathan M. Moses*
          Jonathan M. Moses[1]
          of WACHTELL, LIPTON, ROSEN & KATZ

          *Counsel for Capri Holdings Limited*

CC:
- All Counsel of Record (via ECF)

Enclosures:
- Ex. 1: Apr. 29, 2024 Initial Status Conference Transcript
- Ex. 2: Aug. 15, 2024 email from D. Quinn with attachment
- Ex. 3: Aug. 27, 2024 email from D. Quinn
- Ex. 4: Summary of Deposition Transcripts on Plaintiff's Exhibit List
- Ex. 5: Pls.' Mot. in Limine, United States v. UnitedHealth Grp., Inc., No. 22-cv-0481 (D.D.C. July 13, 2022), ECF No. 75
- Ex. 6: Compl., The Kroger Co. v. FTC, No. 24-cv-438 (S.D. Ohio Aug. 19, 2024)

---

[1] Electronic signatures used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.