

Richard Brosnick

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 880 3834
richard.brosnick@akerman.com

**VIA ECF**

August 28, 2024

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    **Re:**    *Federal Trade Commission v. Tapestry, Inc. and Capri Holdings, Ltd.,*
            *1:24-CV-03109-JLR-BCM*

Dear Judge Rochon:

      This firm represents non-party MZ Wallace Inc. ("MZ Wallace").  Pursuant to this Court's Rule of Individual Practice 4(B)(iii), Paragraph 11 of the Stipulated Protective Order, Dkt No. 70 (the "Protective Order"), and the Case Management and Scheduling Order, Dkt No. 71, Ex. A ("CMO"), MZ Wallace respectfully submits this letter motion to object to the potential public disclosure of its Confidential Material documents and deposition testimony and, accordingly, to seek an order sealing MZ Wallace's Confidential Material that has been included in the parties' respective exhibit lists and may be utilized as part of their upcoming preliminary injunction motion hearing ("PI Motion Hearing") in order to prevent such public disclosure.

      On August 23, 2024, I received notices from the FTC and Defendants that they each included MZ Wallace's competitively sensitive Confidential Material on their respective exhibit lists for the PI Motion Hearing.  For example, the FTC's notice indicated that it included MZ Wallace's confidential income statement of non-public margins and other financial information (MZW00392), manufacturing process and partners (MZW00390), internal analysis of contemporary brand assortment (MZW00085), and emails revealing MZ Wallace's pricing and distribution strategy (MZW00400-401 and MZW00079-80), along with MZW's deposition testimony concerning the foregoing and other confidential, proprietary and competitively sensitive matters.  The Defendants' notice similarly included MZ Wallace's same confidential income statement (MZW00392), confidential sales data (MZW00391), internal presentations providing analysis of MZ Wallace's marketing strategy and strategic growth plan (MZW00393 and MZW00405), and confidential presentations and emails revealing MZ Wallace's distribution strategy and priorities (MZW00091 and MZW00155), along with MZW's deposition testimony concerning the foregoing and other confidential, proprietary and competitively sensitive matters.

      As detailed in my earlier letter, dated August 8, 2024 and filed in support of the FTC's Motion to Seal certain Confidential Material, Dkt. No. 128, the foregoing documents and testimony produced by MZ Wallace pursuant to the parties' respective subpoenas in this litigation

Honorable Jennifer L. Rochon, U.S.D.J.
August 28, 2024
Page 2

_____

are highly confidential, proprietary and competitively sensitive, and so were all designated as Confidential Material pursuant to the Protective Order. Specifically, public access to the MZ Wallace testimony and documents at issue would provide insight into MZ Wallace's proprietary finances, competitive process and marketing strategy, causing irreparable competitive injury to MZ Wallace. As a non-party, MZ Wallace is entitled to protection and sealing of such Confidential Material in order to avoid such irreparable harm.

This motion and the grant of such relief is consistent with precedent in the Second Circuit and this District concerning sealing of such Confidential Material. *See e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("privacy interests of those resisting disclosure" are balanced against a presumption of public access to filed documents); *In re SunEdison, Inc. Sec. Litig.*, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) ("privacy interests of innocent third parties . . . should weigh heavily when balancing the presumption of disclosure" (internal citations and quotations omitted)). Moreover, "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents" such that "the public's right of access [to certain exhibits] . . . is outweighed by non-parties' interests in privacy and the protection of proprietary business information." *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (documents and information that could aid "[c]ommercial competitors seeking an advantage over rivals" are also properly sealed).

Accordingly, for the foregoing reasons, pursuant to Protective Order and CMO, MZ Wallace objects to the potential public disclosure of its Confidential Material documents and deposition testimony designated by the parties as potential exhibits at the PI Motion Hearing, and respectfully moves for an order sealing such competitively sensitive Confidential Material in order to prevent such public disclosure.

Both the FTC's and Defendants' counsel have indicated that they do not oppose MZ Wallace's motion to seal.

                                                Respectfully submitted,

                                                Richard Brosnick

cc:     Counsel of Record via ECF

77782439;1