

301 East Fourth Street, Suite 3500
Great American Tower
Cincinnati, Ohio 45202

513.723.4000 | vorys.com

Founded 1909

Brent D. Craft
Direct Dial   (513) 723-4072
Direct Fax   (513) 723-4072
Email bdcraft@vorys.com

June 26, 2024

**<u>VIA E-MAIL</u>**

Nicole Lindquist, Esq.
600 Pennsylvania Avenue NW
Washington, DC 20580
<u>nlindquist@ftc.gov</u>

Re:    *Federal Trade Commission v. Tapestry, Inc., et al.*,
       Case No. 1:24-cv-03109-JLR (S.D.N.Y.)
       **Subpoena to R.G. Barry Corporation**

Dear Ms. Lindquist:

As you are aware, I represent R.G. Barry Corporation ("R.G. Barry"), and am in receipt of the subpoena *duces tecum* you, on behalf of the Federal Trade Commission ("FTC"), purportedly served upon R.G. Barry on May 15, 2024 (the "Subpoena").  As an initial matter, as discussed on our June 20, 2024 call, R.G. Barry has no record of being served with the subpoena on or around May 15, 2024; the first instance R.G. Barry or my law firm Vorys, Sater, Seymour and Pease LLP became aware of the Subpoena was on June 18, 2024, when I received a copy of the subpoena via email from you.

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), R.G. Barry hereby objects to the Subpoena.  We briefly discussed R.G. Barry's objections to the Subpoena on our June 20, 2024 call, and said objections are set forth in more detail below.  While our June 20, 2024 call included discussion of certain limited and narrowed document requests, R.G. Barry in no way waives the following objections to the Subpoena and hereby expressly reserves the right to supplement its objections.

**<u>The Documents Requested Are Irrelevant to this Litigation</u>**

As an initial matter, the above-referenced suit stems from the Proposed Transaction,[1] which concerns the "accessible luxury" handbag market.  R.G. Barry's offerings, which are largely comprised of nylon totes, backpacks, and similar bags, however, do not fall within the "accessible luxury" handbag market.  The U.S. handbag market is a very large market,

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Subpoena.

PX0023-001

**VORYS**

June 26, 2024
Page 2

and the sector in which R.G. Barry sells (comprised of nylon construction bags) represents a very small portion of that market.  This sector in the overall handbag market is very distinct from the "accessible luxury" handbag market, which is at issue in this litigation.  Indeed, for the 12 month period ending in March 2024, ███████████████████████████████████████████ ███████████████████████████████████████████████████.  Moreover, ██████████████ ██████████████████████████████████████.

In contrast to "accessible luxury" brand handbags such as Kate Spade, Coach, and Michael Kors, which retail for hundreds of dollars, the average price for R.G. Barry's handbag offerings is ██████, and it is therefore plainly evident that R.G. Barry does not operate in the "affordable luxury" space.  (*See* Ex. A).  Thus, R.G. Barry objects to the Subpoena on the grounds that the information sought in the Subpoena is irrelevant to the case.  *See, e.g., In re Application of Evenstar Master Fund SPC*, No. 20 Misc. 00418 (CS)(JCM), 2021 U.S. Dist. LEXIS 162773, at *19 (S.D.N.Y. Aug. 27, 2021) ("[A] subpoena that pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous.") (internal quotations omitted); *Campinas Found. v. Simoni*, No. 02 Civ. 3965 (BSJ)(KNF), 2004 U.S. Dist. LEXIS 1637, at *3 (S.D.N.Y. Feb. 10, 2004) ("Documents sought via subpoena must be relevant to the subject matter of the action; a subpoena which calls for the production of irrelevant material should not be enforced."); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("[T]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.") (internal quotations omitted).

## Specific Objections

R.G. Barry objects to the definition of "the Company" as improperly purporting to require R.G. Barry to produce documents outside of its possession, custody, or control by vaguely referring to "all directors, officers, employees, agents, and representatives of the foregoing."  R.G. Barry will not produce documents outside of its possession, custody, or control.

R.G. Barry objects to the Subpoena as overbroad and unduly burdensome to the extent that it requests documents from January 1, 2019 to the present, and therefore is not appropriately and narrowly limited in scope.

R.G. Barry objects to Request Nos. 1 and 2 on the grounds that R.G. Barry has objected to the subpoena issued to R.G. Barry by Tapestry, Inc. on May 14, 2024 (the "Tapestry Subpoena") and has yet to produce any documents in response to the Tapestry Subpoena.  R.G. Barry in no way waives any objections previously raised with regard to the Tapestry Subpoena, and expressly reserves its right to supplement said objections.

**VORYS**

June 26, 2024
Page 3

R.G. Barry objects to Request No. 2 as vague and ambiguous to the extent it seeks "documents requested by all Specifications in the subpoena issued to the Company by Tapestry or Capri," as it is unclear what is meant by the undefined term "Specifications."

R.G. Barry objects to Request No. 3 to the extent it seeks "documents and/or communications concerning the Proposed Transaction, the Investigation, [*sic*] Administrative Proceeding, or this Litigation" on the grounds that R.G. Barry is a non-party to, and not otherwise involved in, the Proposed Transaction, the Investigation, the Administrative Proceeding, or this Litigation, except to the extent it is the recipient of subpoena(s) concerning the above-referenced litigation.

R.G. Barry objects to Request No. 4 as vague and ambiguous to the extent it requests documents "sufficient to show competition in the manufacture or sale of handbags in the United States." Further, R.G. Barry objects to Request No. 4 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the undefined term "handbag." R.G. Barry also objects to Request No. 4 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the phrases "competition in pricing," "discounting," "promotions," "marketing," "product quality," "innovation," "labor," or "other competitive factors." R.G. Barry objects to Request No. 4 on the grounds that it seeks the production of confidential and/or proprietary business information.

R.G. Barry objects to Request No. 5 as vague and ambiguous to the extent it requests documents "sufficient to show" information concerning R.G. Barry's manufacture or sale of handbags. Further, R.G. Barry objects to Request No. 5 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the undefined term "handbag." R.G. Barry also objects to Request No. 5 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the phrase "pricing, marketing, and business strategy." R.G. Barry objects to Request No. 5 on the grounds that it seeks the production of confidential and/or proprietary business information.

R.G. Barry objects to Request No. 6 as vague and ambiguous to the extent it requests documents "sufficient to identify" certain manufacturing information concerning R.G. Barry's handbags. Further, R.G. Barry objects to Request No. 6 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the undefined term "handbag." R.G. Barry also objects to Request No. 6 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the phrases "manufacturing locations" and "manufacturing volume by manufacturer." R.G. Barry objects to Request No. 6 on the grounds that it seeks the production of confidential and/or proprietary business information.

R.G. Barry objects to Request No. 7 as vague and ambiguous to the extent it requests documents "sufficient to identify" certain sales information concerning R.G. Barry's handbags. Further, R.G. Barry objects to Request No. 7 as overbroad, vague, and ambiguous on

**VORYS**

June 26, 2024
Page 4

the grounds that is unclear what is meant by the undefined term "handbag." R.G. Barry also objects to Request No. 7 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the phrases "sales revenue," "cost of goods sold," "margins," "marketing," and "sales channel." R.G. Barry objects to Request No. 7 on the grounds that it seeks the production of confidential and/or proprietary business information.

R.G. Barry objects to Request No. 8 as vague and ambiguous to the extent it requests documents "sufficient to identify" certain sales information concerning R.G. Barry's handbags. Further, R.G. Barry objects to Request No. 8 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the undefined phrase "handbag." R.G. Barry also objects to Request No. 8 as overbroad, vague, and ambiguous on the grounds that it is unclear what is meant by the phrases "monthly handbag sales" and "Company store." R.G. Barry objects to Request No. 8 on the grounds that it seeks the production of confidential and/or proprietary business information.

R.G. Barry also objects to the Subpoena on the grounds that the time identified by the FTC for responding to the Subpoena—within fourteen (14) days from the date of service of the Subpoena—is unreasonably and unworkably brief. As explained herein, the requests set forth in the Subpoena are impermissibly broad and unduly burdensome in scope. A production in response to the Subpoena as currently drafted would require significant document review and analysis efforts by R.G. Barry personnel and counsel. Such efforts within the time period identified by the FTC are unduly burdensome and expensive. Because R.G. Barry is a non-party to the action, the FTC must take reasonable steps to avoid imposing undue burden or expense on R.G. Barry. With the Subpoena, the FTC has failed to do so, and R.G. Barry objects to the Subpoena on that basis.

## General Objections

R.G. Barry objects to the Subpoena to the extent that it seeks information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable privileges or doctrines. R.G. Barry will not be providing any such information or producing any such protected documents. Any disclosure by R.G. Barry of any such information here or elsewhere is inadvertent and is not to be construed as a waiver of any such privilege. R.G. Barry reserves the right to retract the production of any document or information that is produced inadvertently and later found to fall within a general or specific objection or privilege.

R.G. Barry also asserts the following objections to the Subpoena:

1. R.G. Barry objects to the Subpoena and its "Definitions" and "Instructions" on the grounds that they seek to impose undue burdens and obligations or duties that are inconsistent with and greater than those authorized by the Federal Rules of Civil Procedure.

PX0023-004

**VORYS**

June 26, 2024
Page 5

2.  R.G. Barry objects to the Subpoena requests on the grounds that they are vague, ambiguous, confusing, compound, and/or incomprehensible because of undefined, insufficiently defined, or ill-defined terms.

3.  R.G. Barry objects to the Subpoena requests on the grounds that they are overly broad, oppressive, and unduly burdensome.

4.  R.G. Barry objects to the Subpoena on the grounds that it imposes undue burden, expense, or oppression on R.G. Barry, a non-party to the above-referenced matter.

5.  R.G. Barry objects to the Subpoena requests on the grounds that they call for documents and information that are not relevant to the claims in the action, are not proportional to the needs of the case, and/or call for information whose likely benefit to the action is outweighed by the burden and/or expense imposed on R.G. Barry for their production.

6.  R.G. Barry objects to the Subpoena requests on the grounds that they require R.G. Barry to undertake time-consuming and expensive searches and reviews which impose an unreasonably burdensome and costly expenditure of time, effort, and resources.

7.  R.G. Barry objects to the Subpoena requests on the grounds that the Subpoena seeks the production of confidential and/or proprietary business information.

8.  R.G. Barry objects to the Subpoena requests to the extent that they seek the production of documents that are already in the possession, custody, or control of the requesting party or a party to the litigation.

R.G. Barry reserves the right to assert additional objections and supplement its objections and responses as necessary.

Very truly yours,

Brent D. Craft

BDC/cbk
Attachments

cc:    Michael F. Soder, Esq.