

Squire Patton Boggs (US) LLP
1120 Avenue of the Americas, 13th Floor
New York, NY  10036

O   +1 212 872 9800
F   +1 212 872 9815
squirepattonboggs.com

Adam R. Fox
T   +1 212 872 9864
adam.fox@squirepb.com

September 6, 2024

**VIA ECF**

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

**Re:** *FTC v. Tapestry Inc. & Capri Holdings Ltd.*
        Case No. 1:24-CV-03109-JLR

Dear Judge Rochon:

  This firm represents non-party Lululemon USA ("Lululemon") which was subpoenaed to produce documents and provide deposition testimony as a third party in the above-captioned matter. During the course of this third-party discovery, Lululemon produced documents and gave verbal testimony on topics designated as "Confidential Material" pursuant to the Stipulated Protective Order (D.E. 70). Lululemon previously submitted letter motions to seal its Confidential Materials included in Defendants' Opposition to the FTC's Preliminary Injunction (D.E. 193), the FTC and Defendants' Exhibit Lists (D.E. 194), and the FTC's Reply Memorandum in Support of Motion for Preliminary Injunction (D.E. 216). Subsequently, Defendants notified Lululemon on August 30, 2024, that their Proposed Findings of Fact and Conclusions of Law (D.E. 290 & 293) also reference to Lululemon's Confidential Materials – specifically, DX-0750 and DX-0752.

  Pursuant to Paragraph 9 of the Stipulated Protective Order, Lululemon respectfully requests its Confidential Materials (DX-0750 and DX-0752) remain under seal in connection with Defendants' Proposed Findings of Fact and Conclusions of Law and all future proceedings in this matter, and that it only be reviewed *in camera* if admitted into evidence at any hearing or subsequent proceeding in this matter. These materials – designated as "Confidential Material" when produced – contain highly confidential information consisting of sensitive information including, *inter alia*, Lululemon's annual revenue, projected revenue, breakdown of margins, internal analysis of its competitors and their commercial activities, product analysis, plans to expand certain portions of its business, evaluation of growth opportunities, and details of its unreleased Winter 2024 accessories collection. This information is highly confidential, not publicly available, and disseminated internally to a limited group of trusted individuals.

Over 40 Offices across 4 Continents

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

Squire Patton Boggs (US) LLP

**VIA ECF**

September 6, 2024

      The protection of business information that could harm a party's competitive standing is among the limited categories of information typically shielded from public access. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). The materials for which Lululemon seeks protection is consistent with precedent in the Second Circuit and this District concerning sealing. Pursuant to the Second Circuit's three-step process, courts first assess whether the documents at issue are "judicial documents" of the type relevant to the performance of the judicial function and useful in the judicial process. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). If so, courts assess the weight of the presumption of public access to the documents, and then balance competing considerations. *Id*. at 119–20. Competing interests include "the privacy interests of those resisting disclosure." *Id*. at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Additionally, "[t]he privacy interests of innocent third parties. . . should weigh heavily when balancing the presumption of disclosure." *In re SunEdison, Inc. Sec. Litig*., 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019) (internal citations and quotations omitted).

      Here, while the subject materials constitute "judicial documents," "protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp. Inc*., 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (holding that "the public's right of access [to certain exhibits] ... is outweighed by non-parties' interests in privacy and the protection of proprietary business information."); *see also, United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (explaining that records which could aid "[c]ommercial competitors seeking an advantage over rivals" may also properly be sealed). Public access to the documents at issue would provide insight into Lululemon's financial strength, competitive process, mental impressions concerning its potential business, and its future plans and projections, including its unreleased Winter 2024 line. As a non-party, Lululemon is entitled to the protection of this narrowly-tailored confidential information.

      For these reasons, Lululemon respectfully requests that the Court grant its motion to maintain the confidentiality of DX-0750 and DX-0752 in Defendants' Proposed Findings of Fact and Conclusions of Law (D.E. 290 & 293), and that they only be reviewed *in camera* if admitted into evidence.

Sincerely,

Squire Patton Boggs (US) LLP

Adam R. Fox

cc: All counsel (via ECF)