UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

                    Plaintiff,

          -against-

TAPESTRY, INC. and CAPRI HOLDINS
LIMITED,

                    Defendants.

Case No. 1:24-cv-03109 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

The Court previously ordered all transcripts for the preliminary injunction hearing,

which took place from September 9 through September 17, to be filed temporarily under seal.

The Court now orders that the transcripts from the hearing are to be UNSEALED, with the

exception of the following lines, which are to be REDACTED in the public versions of the

transcripts and maintained under seal:

- 15:20-22
- 257:16-24
- 682:17
- 689:23-24
- 691:3-6
- 694:4-6
- 696:1-25
- 699:11
- 709:3-20
- 718:2-4
- 942:2-6
- 944:5-8
- 944:17-952:15
- 1312:8-1314:16

The Second Circuit applies a three-part test to evaluate whether a document should be

made available to the public under the common law right of public access. *Lugosch v.*

*Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  First, the Court determines

whether the information to be sealed is a "judicial document" to which the presumption of

public access applies.  Second, the Court determines the "weight of that presumption."  Third,

"after determining the weight of the presumption of access, . . . [the Court] balance[s]

competing considerations against it."  *Id.*  The "privacy in interests of innocent third parties

should weigh heavily in a court's balancing equation."  *U.S. v. Amodeo*, 71 F.3d 1044, 1050

(2d Cir. 1995) (citation, brackets, and ellipses omitted).  Additionally, "[t]he need to protect

sensitive commercial information from disclosures to competitors seeking an advantage may"

merit sealing.  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-md-

02542 (VSB) et al, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (quotation mark and

citation omitted).  An individual's privacy interest in their medical history may also merit

sealing.  *See e.g.*, *Dabiri v. Federation of States Medi. Boards of the United States, Inc.*, 08-

cv-04718 (EK), 2023 WL 3741978, at *3 (E.D.N.Y. May 31, 2023).

The lines that the Court has ordered must remain under seal contain either confidential

information of third-parties and commercially sensitive information or references to certain

witness's private health information (which is not at issue in this case), thereby overcoming

any presumption of public access.

Dated:  September 23, 2024
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge