

UNITED STATES OF AMERICA
Federal Trade Commission
Washington, D.C. 20580

April 17, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: <u>Federal Trade Commission v. Tapestry, Inc., et al., Case No. 1:24-cv-03109-JLR</u>

Dear Judge Rochon:

  I write on behalf of the Federal Trade Commission ("FTC") in response to Andrew Entwistle's letter of April 11, 2025 (Dkt. No. 350).

  On March 21, 2025, counsel for the FTC received a letter from counsel for the lead plaintiff in *In re Capri Holdings Ltd. Sec. Litig.*, Case No. 24-cv-1410-MN (D. Del.) (the "Delaware Action")—a case to which the FTC is not a party—requesting production from the FTC of certain documents used as exhibits during the hearing on the FTC's motion for a preliminary injunction in this matter. In response to this request, the FTC directed counsel to the subpoena procedure outlined in FTC Rule 4.11(e), 16 C.F.R. § 4.11(e), which provides, among other things, the processes for obtaining materials from the FTC in cases in which the FTC is not a party. Counsel for the FTC received no reply to that correspondence, and, to date, the agency has not received any subpoena under FTC Rule 4.11(e) for materials from this matter.

  Subsequent to the aforementioned correspondence, on April 7, 2025, counsel for lead plaintiff in the Delaware Action submitted a Freedom of Information Act ("FOIA") request to the FTC. This request sought the same exhibits identified in Attachment A of Mr. Entwistle's letter (Dkt. No. 350), all of which are either documents produced to the FTC by Tapestry, Inc. ("Tapestry") or Capri Holdings Limited ("Capri") or transcripts of deposition testimony of their witnesses. When producing these documents and providing this testimony, Tapestry and Capri initially requested confidential treatment, entitling these materials to protections from disclosure under the FTC Act, 15 U.S.C. § 57b-2, and/or the protective order entered in this matter. Tapestry and Capri, through negotiations with counsel for the FTC throughout the preliminary injunction proceedings, later de-designated in full or in part certain of these materials, enabling them to be used in open court. Due to the *ad hoc* nature of those negotiations, however, the FTC maintains no comprehensive records regarding that process and cannot say definitively (1) what exhibits have been de-designated in full and which ones have been de-designated only in part, and (2) for those exhibits de-designated in part, what portions remain confidential.

  Nevertheless, on April 10, 2025, in response to the FOIA request, the FTC provided

Tapestry and Capri with a list of exhibits that the FTC believed, based on the information available to it, had been de-designated in full by Tapestry or Capri and thus were potentially subject to disclosure under FOIA. Counsel confirmed receipt of the FTC's correspondence and stated that they would review. With respect to the remainder of the exhibits requested, it is the FTC's understanding that Tapestry and Capri continued to assert confidentiality over at least certain portions of these documents such that the documents could not be disclosed in full publicly during the preliminary injunction proceedings, and thus the FTC cannot produce them in response to the FOIA request. *See Stonehill v. IRS*, 558 F.3d 534, 539 (D.C. Cir. 2009) (explaining that, under FOIA, "the stakes of disclosure" are different from civil discovery, because "[d]ocuments released in a FOIA action must be made available to the public as a whole" and "there is no opportunity to obtain a protective order").

Sincerely,

*S/ Abby L. Dennis*
Abby L. Dennis

cc: All Counsel of Record (via ECF)